FINKELSTEIN & KRINSK LLP
JEFFREY R. KRINSK (109234)
jrk@classactionlaw.com
MARK L. KNUTSON (131770)
mlk@classactionlaw.com
C. MICHAEL PLAVI II (217153)
cmp@classactionlaw.com
501 West Broadway, Suite 1250
San Diego, CA 92101
Telephone: 619/238-1333
Facsimile: 619/238-5425

*Attorneys for Proposed*
*Lead Plaintiff Keith Johnson*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| FRED JEAN, <br> Plaintiff(s), <br> vs. <br> STEC, INC. ET AL, <br> Defendant(s). | Case No. 8:09-cv-01304-JVS-MLG <br><br> **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF KEITH JOHNSON FOR APPOINTMENT AS LEAD PLAINTIFF; APPROVAL OF LEAD COUNSEL AND CONSOLIDATION OF ACTIONS** <br><br> Date: N/A <br> Time: N/A <br> Place: Courtroom 10-C <br> Before: The Honorable James V. Selna |

## TABLE OF CONTENTS

**PAGE**

I. INTRODUCTION .................................................... 1

II. STATEMENT OF FACTS............................................ 1

III. ARGUMENT......................................................... 3

    A. THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES...................................................3

    B. PSLRA STANDARDS FOR APPOINTING LEAD PLAINTIFF .. 4

    C. MOVANT KEITH JOHNSON SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS ........................... 6

        1. Movant Satisfies the PSLRA's Procedural Requirements... 7

        2. Movant Possesses the Largest Known Financial Interest in the Relief Sought by the Class .............................. 8

        3. Movant Meets Rule 23's Typicality and Adequacy Requirements ............................................... 9

    D. THE COURT SHOULD APPROVE SELECTION OF COUNSEL 11

IV. CONCLUSION....................................................12

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Constance Sczesny Trust v. KPMG LLP*
    223 F.R.D. 319, 324 (S.D.N.Y. 2004) .................................................. 11

*Glauser v. EVCI Career Colls. Holding Corp.*
    236 F.R.D. 184 (S.D.N.Y. 2006) ........................................................ 6

*In Re Cavanaugh,*
    306 F.3d 726 (9th Cir. 2002) ........................................................... 5,9

*In re Drexel Burnham Lambert Group, Inc.*
    960 F.2d 285 (2d Cir. 1992) ............................................................. 9

*In re Fuwei Films Sec. Litig.*
    247 F.R.D. 432 (S.D.N.Y. 2008) ................................................ *passim*

*In re Initial Pub. Offering Sec. Litig.*
    214 F.R.D. 117 (S.D.N.Y. 2002) ..................................................... 10

*In re Olsten Corp. Sec. Litig.*
    3 F. Supp. 2d 286 (E.D.N.Y. 1998) ................................................... 4

*In re Prudential Sec. Inc. Ltd. P'Ships Litig.*
    163 F.R.D. 200 (S.D.N.Y. 1995) ..................................................... 10

*In Re Ribozyme Pharmaceuticals, Inc. Sec. Litig.*
    192 F.R.D. 656 (D. Colo. May 01, 2000) .............................. 6,9,10,11

*Strougo v. Brantley Capital Corp.,*
    243 F.R.D. 100 (S.D.N.Y. 2007) ....................................................... 9

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*
    216, F.R.D. 248 (S.D.N.Y. 2003) .................................................. 9,10

## STATUTES

15 U.S.C. § 77-1(a)(3)(B) .......................................................................... 1

15 U.S.C. §78u-4(a)(3)(B)(i) ..................................................................... 5

15 U.S.C. §78u-4(a)(3)(B)(iii)(I) ............................................................... 6

15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb) ........................................................ 8

15 U.S.C. § 77z-1(a)(3) ............................................................................. 4

15 U.S.C. § 77z-1(a)(3)(A) ........................................................................ 4

15 U.S.C. § 77z-1(a)(3)(A)(i) .................................................................... 4

15 U.S.C. § 77z-1(a)(3)(B) ........................................................................ 9

STATUTES

15 U.S.C. § 77z-1(a)(3)(B)(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,6

15 U.S.C. § 77z-1(a)(3)(B)(ii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

15 U.S.C. § 77z-1(a)(3)(B)(iii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,7

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

15 U.S.C. § 77z-1(a)(3)(B)(v) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

15 U.S.C. § 77l-4(a)(3)(B)(iii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

F.R.C.P 42(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## I. INTRODUCTION

STEC, Inc., shareholder Keith Johnson ("Movant"), on behalf of himself and the class defined herein, hereby respectfully submits this memorandum of law pursuant to Section 27(a)(3)(B) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 77-1(a)(3)(B), in support of his motion (the "Motion") for the entry of an order: (i) appointing Keith Johnson as lead plaintiff for a class consisting of all purchasers of STEC, Inc. ("STEC") securities between June 16, 2009 and November 3, 2009, inclusive, and who were damaged thereby (the "Class"); (ii) approval of his selection of Finkelstein & Krinsk LLP as lead counsel for the class; and (iii) consolidation of actions identified in Part II below.[1]

## II. STATEMENT OF FACTS

Before the Court are the following related securities class actions (the "Actions"):

- *Fred Jean v. STEC, Inc., et al.*, Civil Case No. 09-cv-01304 (JVS)(MLG) (Filed November 6, 2009);

- *Hadi Sakhai v. STEC, Inc., et al.*, Civil Case No. 09-cv-01306 (DOC)(MLG) (Filed November 6, 2009);

- *Fred Greenwald v. STEC, Inc., et al.*, Civil Case No. 09-cv-01315 (CJC)(RNB) (Filed November 9, 2009);

---

[1] Given the inability to identify all lead plaintiff movants and the nature of these proceedings, compliance with L.R. 7-3 pre-motion meet and confer requirement is impracticable at the time of filing this motion. Once timely lead plaintiff motions have been filed pursuant to the PSLRA, the parties will be in a better position to evaluate and meaningfully discuss the substance and potential resolution of lead plaintiff motions.

1

- *Daniel Munter v. STEC, Inc., et al.*, Civil Case No. 09-cv-01320 (DOC)(RNB)
  (Filed November 10, 2009);

- *Jonathan Fischer v. STEC, Inc., et al.*, Civil Case No. 09-cv-8536 (CAS)(MLG)
  (Filed November 19, 2009);

- *Marcel Weinberger v. STEC, Inc., et al.*, Civil Case No. 09-cv-01460 (CJC)(RNB) (Filed December 11, 2009).[2]

STEC designs, manufactures and markets enterprise-class solid state drives, for use in high performance storage and server systems, and high density dynamic random access memory, modules for networking, communications and industrial applications. The Complaint alleges that throughout the Class Period defendants knew or recklessly disregarded that their public statements concerning STEC's business, operations and prospects were materially false and misleading.

Specifically, the Complaint(s) allege, *inter alia*, that defendants made false and/or misleading statements and/or failed to disclose: (1) that the Company over sold its largest customer more inventory than it required; (2) that, as such, the Company overstated the demand for its ZeusIOPS SSD products; (3) that the Company's subsequent revenue and financial results for the following year would be negatively impacted; and (4) that, as a result of the above, Defendants' statements during the Class Period lacked a reasonable basis.

---

[2] All subsequently filed cases identified herein have been noticed as related cases and/or transferred to this Court.

2

On November 3, 2009, STEC shocked investors when it announced that its largest customer EMC Corp., who accounts for 90 percent of STEC's ZeusIOPS SSD business and which had placed a $120 million order for the second half of 2009, would carry 2009 inventory into 2010, placing STEC's entire 2010 first quarter results at risk. As a result of this news, shares of STEC declined $9.01 per share, more than 38%, to close on November 4, 2009, at $14.14 per share, on unusually heavy volume causing substantial damage to shareholders.

### III.  ARGUMENT

#### A.  THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

F.R.C.P 42(a) of the Federal Rules of Civil Procedure allows the Court to consolidate actions that involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 435 (S.D.N.Y. 2008); *see also* 15 U.S.C. § 77z-1(a)(3)(B)(ii) (the PSLRA recommends courts to make the decision regarding the appointment of lead plaintiffs for the consolidated action "as soon as practicable after [the consolidation] decision is rendered").

The Actions at issue here clearly involve common questions of fact and law. All of the Actions assert claims under the federal securities laws on behalf of investors who allege that they were misled by common misrepresentations and omissions. The Actions allege substantially the same wrongdoing: the Defendants issued materially

3

false and misleading statements and omissions that artificially inflated the price of STEC securities during the Class Period thereby damaging those purchasers when the truth emerged on November 3, 2009 and the price of STEC securities declined precipitously. Therefore, it is appropriate for the Actions to be consolidated. *See In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 294 (E.D.N.Y. 1998) (consolidating shareholder class actions often benefits both the court and the parties by expediting pretrial proceedings, reducing case duplication, and minimizing the expenditure of time and money by all persons concerned).

### B.  PSLRA STANDARDS FOR APPOINTING LEAD PLAINTIFF

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee securities class actions brought pursuant to the federal securities laws. *See* 15 U.S.C. § 77z-1(a)(3). First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(A)(i). Within 60 days after publication of the required notice, any member or members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in this action. 15 U.S.C. § 77z-1(a)(3)(A) and (B).

Under 15 U.S.C. § 77z-1(a)(3)(B)(i), the Court is to consider any motion made by class members and is to appoint as Lead Plaintiff the movant that the Court determines to be "*most capable of adequately representing the interests of class*

4

*members.*" *See id.* (emphasis added). As part of the Court's adequacy determination, the PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the one that:

> (i) has either filed the complaint or made a motion in response to the aforementioned notice;
>
> (ii) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (iii) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*See* 15 U.S.C. § 77z-1(a)(3)(B)(iii); *In Re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

The PSLRA further provides that this Court shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B)(i).

Moreover, the statute requires this Court to adopt a rebuttable presumption that:

> [T]he most adequate plaintiff in any private action arising under this title is the person or group of persons that -
>
>         \*   \*   \*
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Once the Court has identified the most adequate plaintiff, the presumption may only be rebutted by proof from a class member that the "most adequate plaintiff" (1) will not fairly and adequately protect the interests of the class or (2) is subject to unique defenses that render such plaintiff incapable of adequately representing the class. 15 U.S.C. § 77l-4(a)(3)(B)(iii); *In Re Ribozyme Pharmaceuticals, Inc. Sec. Litig.*, 192 F.R.D. 656, 659 (D. Colo. May 01, 2000); *Fuwei Films*, 247 F.R.D. at 436; *Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 187 (S.D.N.Y. 2006).

As discussed below, Movant is presumptively the most adequate plaintiff because he has satisfied all PSLRA's procedural hurdles, as far as he is aware, holds the largest financial interest of any movant, and there is no impediment to it satisfying Rule 23's typicality and adequacy requirements.

### C.  MOVANT KEITH JOHNSON SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS

Pursuant to the PSLRA, this Court is required to appoint the "most adequate plaintiff" to serve as lead plaintiff in the action. 15 U.S.C. § 77z-1(a)(3)(B)(i). The most adequate plaintiff is the movant that demonstrates the largest financial interest in the litigation and that also meets the typicality and adequacy prerequisites of Federal Rule of Civil Procedure 23. 15 U.S.C. § 77z-1(a)(3)(B)(iii). Movant Johnson purchased 300 STEC shares during the expanded class period, have suffered estimated losses of $3,525.00 and, to the best of his knowledge, has the largest known financial

6

interest of any proposed Lead Plaintiff. *See* Declaration of Jeffrey R. Krinsk filed concurrently herewith ("Krinsk Decl."), Exs. A and B. In addition, Movant satisfies each of the requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and, therefore, is fully qualified for appointment as lead plaintiff in this Action.

### 1. Movant Satisfies the PSLRA's Procedural Requirements

Pursuant to 15 U.S.C. § 77z-1(a)(3)(A)(i), the first plaintiff to file a complaint in the Actions caused notice regarding the pending nature of this case to be published on a national, business-oriented news service, on November 6, 2009. Krinsk Decl., Ex. C. This notice indicated that applications for appointment as lead plaintiff were to be made no later than sixty days from that date, which is January 5, 2010. Movant has filed this motion to serve as lead plaintiff in a timely manner.

In addition, pursuant to Section 27(a)(2)(A) of the Securities Act, movant has signed and submitted a certification identifying movant's transactions in STEC securities during the Class Period, therein detailing his suitability to serve as class representative. Krinsk Decl., Ex. A.

### 2. Movant Possesses the Largest Known Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the entity or entities with the largest financial interest in the relief sought by the class, so long as the movant meets the

7

requirements of Rule 23. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb). Movant Johnson suffered damages of approximately $3,525.00 on purchases of 300 shares of STEC common stock during the Class Period all of which were held through the end of the Class Period. Krinsk Decl., Exs. A and B.[3] Movant is presently unaware of any other Lead Plaintiff movant with a larger financial interest in the outcome of this litigation as it is unclear at this time whether any of the named plaintiffs in the presently filed actions (or any other STEC shareholders) will move for appointment as lead plaintiff.

Here, Movant Johnson has suffered damages and has no impediment to serving as lead plaintiff which entitles him to the statutory presumption to be the most adequate Plaintiff under the PSLRA. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb). Movant also satisfies Rule 23's typicality and adequacy requirements.

### 3.     Movant Meets Rule 23's Typicality and Adequacy Requirements

15 U.S.C. § 77z-1(a)(3)(B) requires that a Lead Plaintiff satisfy Rule 23(a) of the Federal Rules of Civil Procedure. *In Re Cavanaugh*, 306 F.3.d at 730. Rule 23(a) allows members of a class to sue as representative parties on behalf of the class provided that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the

---

[3] These loss calculations reflected in Krinsk Decl., Ex. B, are solely for purposes of this Motion.

8

claims of the representative parties are typical of the claims of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Only Rule 23's typicality and adequacy requirements are relevant when determining class representatives. *See, e.g., Ribozyme Pharmaceuticals.*, 192 F.R.D. at 658; *Fuwei Films*, 247 F.R.D. at 436; *Strougo v. Brantley Capital Corp.*, 243 F.R.D. 100, 105 (S.D.N.Y. 2007); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216, F.R.D. 248, 252 (S.D.N.Y. 2003). In addition, when ruling on a motion to serve as lead plaintiff, the Court need only determine whether the movants have made a preliminary showing that the typicality and adequacy requirements of Rule 23 have been met. *Ribozyme Pharmaceuticals.*, 192 F.R.D. at 658; *Fuwei Films*, 247 F.R.D. at 436.

Typicality is demonstrated where "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Fuwei Films*, 247 F.R.D. at 436 (citing, *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992), *cert. denied*, 506 U.S. 1088 (1993)); *Ribozyme Pharmaceuticals.*, 192 F.R.D. at 658; *See also, In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y. 2002) (the movant's claims must "arise from the same conduct from which the other class members' claims and injuries arise."). The movant's claims do not, however, need to be identical to the other class members' claims. *Ribozyme Pharmaceuticals.*, 192 F.R.D.

at 658; *Fuwei Films*, 247 F.R.D. at 436; *Weinberg*, 216 F.R.D. at 253; *see also In re Prudential Sec. Inc. Ltd. P'Ships Litig.*, 163 F.R.D. 200, 208 (S.D.N.Y. 1995) ("The typicality requirement of Rule 23(a)(3) is liberally construed; and 'typical' does not mean 'identical.'").

Movant's claims are typical of the claims of the Class. Movant purchased STEC common stock during the Class Period at prices inflated by Defendants' misrepresentations and omissions and suffered damages as the truth was publicly revealed. Because the factual and legal bases of Movant's claims are substantially the same – if not identical to – those of the Class, the Movant necessarily satisfies the typicality requirement. *Ribozyme Pharmaceuticals.*, 192 F.R.D. at 658.

Adequacy is demonstrated where the movant (1) selects class counsel that is qualified, experienced, and generally able to conduct the litigation; (2) does not have any interests that are antagonistic to the Class; and (3) possesses sufficient interest to pursue vigorous prosecution of the claims. *Ribozyme Pharmaceuticals.*, 192 F.R.D. at 658-659; *Fuwei Films*, 247 F.R.D. at 436; *Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004) (citations omitted).

Movant will adequately represent the Class. Movant has selected and retained highly competent counsel to litigate the claims on behalf of themselves and the Class. Finkelstein & Krinsk LLP is highly regarded for their experience, knowledge, and ability to conduct complex securities class action litigation and have been appointed

lead counsel in numerous securities class actions before and since the PSLRA was enacted. Krinsk Decl. Ex. D. Lastly, Movant's interests are directly aligned with – and by no means antagonistic to – the Class and Movant has every incentive to maximize the Class's recovery.

### D. THE COURT SHOULD APPROVE SELECTION OF COUNSEL

Pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v), a Lead Plaintiff is entitled to select and retain Lead Counsel for the Class, subject to the Court's approval. *Ribozyme Pharmaceuticals.*, 192 F.R.D. at 662. Movant has selected Finkelstein & Krinsk LLP to be Lead Counsel for the Class. Finkelstein & Krinsk LLP possesses extensive experience in litigating securities class actions, having successfully prosecuted numerous securities class actions and other complex litigation matters. Krinsk Decl., Ex. D (firm resume). Accordingly, the Court should approve the selection of Finkelstein & Krinsk LLP as Lead Counsel for the Class.

## IV. CONCLUSION

For the foregoing reasons, the Movant respectfully requests that the Court: (1) appoint Keith Johnson as Lead Plaintiff for the Class, (2) approve its selection of Finkelstein & Krinsk LLP as Lead Counsel for the Class, (3) consolidate related Actions identified herein, and (4) grant such other relief as the Court may deem just and proper.

Dated: January 5, 2010　　　　　　　　　　　FINKELSTEIN & KRINSK LLP

　　　　　　　　　　　　　　　　　　　　　　/s/ Jeffrey R. Krinsk

　　　　　　　　　　　　　　　　　　　　FINKELSTEIN & KRINSK LLP
　　　　　　　　　　　　　　　　　　　　JEFFREY R. KRINSK (109234)
　　　　　　　　　　　　　　　　　　　　MARK L. KNUTSON (131770)
　　　　　　　　　　　　　　　　　　　　C. MICHAEL PLAVI II (217153)
　　　　　　　　　　　　　　　　　　　　501 West Broadway, Suite 1250
　　　　　　　　　　　　　　　　　　　　San Diego, CA 92101
　　　　　　　　　　　　　　　　　　　　Telephone: 619/238-1333
　　　　　　　　　　　　　　　　　　　　619/238-5425 (fax)

　　　　　　　　　　　　　　　　　　　　*Attorneys for Keith Johnson*