Jordan L. Lurie (130013)
jlurie@weisslurie.com
Leigh A. Parker (170565)
lparker@weisslurie.com
**WEISS & LURIE**
10940 Wilshire Boulevard
Suite 2300
Los Angeles, CA 90024
Telephone: (310) 208-2800
Facsimile: (310) 209-2348

**Counsel for Plaintiff Jonathan Fischer and [Proposed] Co-Lead Counsel for Plaintiffs**

[Additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

FRED JEAN, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

STEC, INC., MANOUCH MOSHAYEDI and MARK MOSHAYEDI,

Defendants.

CASE NO. SACV 09-1304 JVS(MLGx)

CLASS ACTION

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JONATHAN FISCHER FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF HIS SELECTION OF CO-LEAD COUNSEL**

Date: February 22, 2010
Time: 1:30 p.m.
Ctrm: 10C
Judge: Honorable James V. Selna

## I. PRELIMINARY STATEMENT

Plaintiff Jonathan Fischer ("Movant"), respectfully submits this memorandum of law in support of his motion to (i) appoint Movant as Lead Plaintiff in this action; (ii) approve Movant's selection of the law firms of Weiss & Lurie and Stull, Stull & Brody to serve as Co-Lead Counsel; and (iii) grant such other and further relief as the Court may deem just and proper.

At least six securities fraud class actions have been filed in this District on behalf of persons who purchased or otherwise acquired the publicly traded securities of STEC, Inc. ("STEC" or the "Company") between June 16, 2009 and November 3, 2009 (the "Class Period"). The parties currently are negotiating a stipulation to consolidate these related actions:

| CASE NAME | CASE NO. | DATE FILED |
|---|---|---|
| *Jean v. STEC, Inc., et al.* | SACV-09-1304 JVS (MLGx) | November 6, 2009 |
| *Sakhai v. STEC, Inc., et al.* | SACV 09-1306 JVS (MLGx) | November 6, 2009 |
| *Greenwald v. STEC, Inc., et al.* | SACV 09-1315 JVS (MLGx) | November 9, 2009 |
| *Munter v. STEC, Inc., et al.* | SACV 09-1320 JVS (MLGx) | November 10, 2009 |
| *Fischer v. STEC, Inc., et al.* | CV 09-8536 JVS (MLGx) | November 19, 2009 |
| *Weinberger v. STEC, Inc., et al.* | SACV 09-1460 JVS (MLGx) | December 11, 2009 |

Movant, who suffered losses of approximately $68,530 as a result of his purchases of STEC securities, has the largest financial interest in the outcome of this litigation based on Movant's current knowledge, and is well-qualified to vigorously prosecute this action on behalf of his fellow class members. Movant also has selected the law firms of Weiss & Lurie and Stull, Stull & Brody, firms experienced and capable in securities class action litigation, to serve as Co-Lead Counsel.

Accordingly, Movant should be appointed as Lead Plaintiff and his chosen counsel should be appointed as Co-Lead Counsel.

## II. SUMMARY OF PENDING ACTION

This is a securities fraud class action brought on behalf of all persons who purchased or otherwise acquired the publicly traded securities of STEC during the Class Period.[1] The first complaint in this action was filed on November 6, 2009 and seeks to recover damages caused by defendants' violations of §§10(b) and 20(a) of the Securities Exchange Act (the "Exchange Act"), 15 U.S.C. §78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5. The complaints filed in the related actions allege that defendants violated the federal securities laws by issuing a series of false and misleading statements during the Class Period about the Company's financial condition, products, customers, competitive position and prospects, or omitted material adverse facts required to be disclosed in order to make defendants' statements not misleading. The complaints further allege that defendants' materially false and misleading statements caused STEC shares to trade at artificially inflated prices during the Class Period, and members of the class, who acquired the Company's publicly traded securities at artificially inflated prices, were damaged thereby.

STEC designs, manufactures and markets enterprise-class Flash solid state drives ("SSDs") designed to increase the performance of large scale computer storage systems and servers. During the Class Period, defendants' alleged false and misleading statements represented to investors that STEC had no competition in the enterprise-class SSD field and anticipated substantial increases in sales of its Flash SSDs despite a worldwide downturn in the disk-drive business. Fueled by

---

[1]The class periods alleged in the *Sakhai, Greenwald, Munter, Fischer* and *Weinberger* complaints begin on June 16, 2009. The class period alleged in the *Jean* complaint begins on August 3, 2009. All alleged class periods end on November 3, 2009. The variation in the alleged class periods may be resolved in an amended consolidated complaint to be filed after the appointment of lead plaintiff.

defendants' statements, the price of STEC stock traded at artificially inflated prices during the Class Period and reached a high of $41.84 per share on September 10, 2009.

While the price of STEC stock was artificially inflated by defendants' statements, STEC conducted a secondary stock offering in August 2009. Defendants Manouch Moshayedi and Mark Moshayedi sold approximately 9 million of their STEC shares into the secondary offering for proceeds of approximately $268 million. The August 2009 secondary stock offering benefitted only defendants Manouch Moshayedi and Mark Moshayedi, who were the only selling shareholders. The Company sold no stock and received no proceeds from the offering.

After the securities markets closed on November 3, 2009, defendants announced the Company's third quarter 2009 financial results and outlook for the fourth quarter of 2009. Defendants shocked the market by announcing that one of the Company's largest customers, EMC Corp., would carry 2009 inventory into 2010. On this news, the price of STEC stock plummeted more than $9.00 per share from $23.15 per share to close at $14.14 on extraordinarily high trading volume on November 4, 2009. As a result of defendants' alleged false and misleading statements and omissions, Movant and the other members of the class suffered significant losses and were damaged thereby. The price of STEC stock has not recovered, and as of this date trades at approximately $19.00 per share.

## III. ARGUMENT

### A. Movant and His Chosen Counsel Should be Appointed to Lead This Litigation

#### 1. Movant Satisfies All Three Requirements of §21D(a)(3)(B) of the PSLRA and Should be Appointed Lead Plaintiff

The PSLRA governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i). The Ninth Circuit has interpreted Section 21D of the Exchange Act, as

amended by the PSLRA, to set forth a three-step procedure to select a lead plaintiff or plaintiffs to oversee class actions brought under the federal securities laws. *See In re Cavanaugh*, 306 F.3d 726, 729-730 (9th Cir. 2002); *see also Apple v. LJ Int'l, Inc.*, 2008 U.S. Dist. LEXIS 12618, at *5 (C.D. Cal. Feb. 8, 2008).

First, within twenty (20) days after the date on which a class action is filed pursuant to the PSLRA, the plaintiff must publish notice advising class members of the pendency of the action and of their right to move within sixty (60) days of the publication of the notice to be appointed lead plaintiff. *See* §21D(a)(3)(A)(i); 15 U.S.C. §78u-4(a)(3)(A)(i).

Second, any member or members of the class may move the Court to serve as lead plaintiff no later than sixty (60) days after the notice is published. *See* 15 U.S.C. §78u-4(a)(3)(A)(i)(II). The PSLRA provides that the court "must consider the losses allegedly suffered by the various plaintiffs before selecting . . . the 'presumptively most adequate plaintiff.'" *See Cavanaugh*, 306 F.3d at 730.

Third, the court must determine whether the presumptively most adequate plaintiff also otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. §78u-4(a)(3)(B). Moreover, the court must "give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Cavanaugh*, 306 F.3d at 730; *see also* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

As demonstrated below, Movant satisfies all three requirements and should be appointed Lead Plaintiff.

**a. Notice was Properly Published**

Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, provides in relevant part that the plaintiff must publish, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported class of the pendency of the action, the claims asserted therein and the purported class period, and further advise that any member of the purported class

may move for appointment as lead plaintiff not later than sixty (60) days after publication of the notice. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). Only the plaintiff in the first-filed action must publish notice. *See* 15 U.S.C. §78u-4(a)(3)(A)(ii).

Plaintiff Jean, through his counsel, published notice of this action over *Business Wire*, a national business-oriented wire service on November 6, 2009.[2] The notice advised class members of the pendency of the securities class action lawsuit against STEC and the individual defendants, the claims asserted therein, the class period and their right to move for lead plaintiff within sixty (60) days from the date of the notice. This motion is timely filed within sixty (60) days from publication of the notice on November 6, 2009 and the statutory timing requirement of the PSLRA is satisfied. *See* 15 U.S.C. §78u-4(a)(3)(A)(i).

Moreover, the PSLRA directs the court to consider any motions filed in response to the required notice no later than ninety (90) days after the date of publication of the notice or as soon as practicable after the court decides any pending motion to consolidate actions asserting substantially the same claims. *See* 15 U.S.C. §78u-4(a)(3)(B)(i)-(ii).

**b. Movant Possesses the Largest Financial Interest in the Litigation and Should be Presumed Lead Plaintiff**

The PSLRA further provides that the court shall appoint as lead plaintiff the "member or members of the purported plaintiff class that the court determines to be most capable of representing the interests of class members (hereinafter in this paragraph referred to as the 'most adequate plaintiff')." 15 U.S.C. §78u-4(a)(3)(B)(i). The PSLRA specifically authorizes any class member, regardless whether the class member has filed a complaint, to move for appointment as lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(i).

---

[2] *See* Declaration of Leigh A. Parker in Support of Motion of Jonathan Fischer for Appointment as Lead Plaintiff and for Approval of His Selection of Co-Lead Counsel ("Parker Decl."), filed concurrently, Ex. A.

During the Class Period, Movant purchased STEC securities at prices inflated by defendants' materially false and misleading statements. As a result, Movant possesses a significant financial interest in the outcome of this litigation.

The PSLRA's "most adequate plaintiff" provision also requires this Court to adopt a rebuttable presumption that "the most adequate plaintiff in any private action arising under this title is the person or group of persons" that "in the determination of the court, has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

To the best of his current knowledge, Movant has the largest financial interest in the relief sought in this case. *See* Parker Decl., Ex. B.

Movant suffered losses of approximately $68,530 in connection with his purchases of STEC securities and expended approximately $109,090 in purchasing STEC securities during the Class Period as a result of defendants' materially false and misleading statements and omissions. *See id.* Movant submitted a signed, sworn certification as required by §21D(a)(2)(A)(i)-(vi) of the Exchange Act with the complaint Movant filed in this action, *Fischer v. STEC, Inc., et al.*, Case No. CV-09-8536 JVS (MLGx), filed on November 19, 2009. *See* Parker Decl., Ex. C.

To Movant's current knowledge, this financial interest makes him the proposed lead plaintiff with the largest financial stake in this action, a fact which warrants a presumption that he is the "most adequate plaintiff" in this case pursuant to §21D of the Exchange Act. *Cavanaugh*, 306 F.3d at 730 ("[T]he district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit."); *see also Apple*, 2008 U.S. Dist. LEXIS 12618, at *7.

///

///

///

### c. Movant Meets the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the Exchange Act further provides that, in addition to possessing a significant financial interest in the relief sought by the class, the lead plaintiff must also "otherwise satisf[y]" the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).

With respect to the qualifications of the class representatives, Rule 23(a) requires generally that their claims be typical of the claims of the class and that the representatives will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a). As detailed below, Movant satisfies the typicality and adequacy requirements of Rule 23(a) and is qualified to be appointed Lead Plaintiff.

#### 1. Movant's Claims are Typical of the Claims of the Class

The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise out of the same event or course of conduct as do the other class members' claims, and are based on the same legal theories. *See Apple,* 2008 U.S. Dist. LEXIS 12618, at *16-*17. The threshold typicality and commonality requirements are not high. Rule 23(a) requires only that resolution of the common questions affect all or a substantial number of class members. *Id*. The questions of law and fact common to the members of the class which predominate over questions which may affect individual class members include, *inter alia*, the following:

1. whether defendants' alleged acts or omissions violated the federal securities laws:

2. whether defendants' public statements during the Class Period misrepresented material facts about the Company;

3. whether defendants knew, had reason to know, or recklessly disregarded that their statements were false and misleading;

4. whether the price of STEC securities was artificially inflated during the Class Period; and

5. to what extent the members of the class have sustained damages and the proper measure of such damages.

There is a well-defined community of interest in the questions of law and fact involved in this case, of which Movant is a part. Movant, as well as the other members of the class, alleges that defendants violated the Exchange Act and SEC Rule 10b-5 by publicly disseminating materially false and misleading statements, as well as omitting material facts about the Company required to make those statements not misleading, during the Class Period. As a result of defendants' alleged fraudulent representations and omissions, Movant, and the other members of the class, purchased STEC securities at artificially inflated prices and were damaged thereby. Because the claims asserted by Movant are premised on the same legal and remedial theories and are based on the same types of alleged misrepresentations and omissions as the claims of the class, typicality is satisfied here. *See* 7 Herbert Newberg & Alba Conte, Newberg on Class Actions, §22.24 at 107-108 (4th ed. 2002) ("[t]he majority of class action decisions support the view that when it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is met").

**2. Movant Will Fairly and Adequately Represent the Interests of the Class**

Movant's interests clearly are aligned with those of the other members of the class and there is no antagonism between his interests and the interests of the other members of the class. Movant amply has demonstrated his adequacy as class representative by filing a complaint in this action and by signing a sworn certification affirming his willingness to serve as, and assume the responsibilities of, class representative. *See* Parker Decl., Ex. C.

In addition, Movant has selected counsel highly experienced in prosecuting securities class actions to represent himself and the class. *See* Parker Decl., Exs. D and E. Accordingly, Movant, as well as his counsel, satisfies the requirements of Rule 23 and all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action, and, accordingly, should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B). *See Apple*, 2008 U.S. Dist. LEXIS 12618, at *17-*18.

### 2. This Court Should Approve Movant's Choice of Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to court approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also Cohen v. District Court,* 586 F.3d 703, 712 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-33 n.11 ("the district court must approve the lead plaintiff's choice of counsel, but Congress gave the lead plaintiff, and not the court, the power to select a lawyer for the class").

Movant has selected the law firms of Weiss & Lurie and Stull, Stull & Brody to serve as Co-Lead Counsel for the class. Movant's chosen counsel possess extensive experience in litigating securities class actions and have successfully prosecuted numerous securities class actions on behalf of injured investors. *See* Parker Decl., Exs. D and E. As a result, this Court may be assured that the members of the class will receive the highest caliber of legal representation available.

## IV. CONCLUSION

For all the foregoing reasons, Movant respectfully requests that this Court: (i) appoint Movant as Lead Plaintiff in this action; (ii) approve Movant's selection

///

///

///

of the law firms of Weiss & Lurie and Stull, Stull & Brody to serve as Co-Lead Counsel for the class; and (iii) grant other such relief as the Court may deem just and proper.

DATED: January 5, 2010

/s/ - Leigh A. Parker

Jordan L. Lurie
Leigh A. Parker
**WEISS & LURIE**
10940 Wilshire Boulevard, Suite 2300
Los Angeles, CA 90024
Tel: (310) 208-2800
Fax: (310) 209-2348

Timothy J. Burke
tburke@ssbla.com
**STULL STULL & BRODY**
10940 Wilshire Boulevard
Suite 2350
Los Angeles, California 90024
Tel: (310) 209-2468
Fax: (310) 209-2087

**Counsel for Plaintiff Jonathan Fischer and [Proposed] Co-Lead Counsel for Plaintiffs**