MILBERG LLP
JEFF S. WESTERMAN (SBN 94559)
jwesterman@milberg.com
SABRINA S. KIM (SBN 186242)
skim@milberg.com
One California Plaza
300 South Grand Avenue, Suite 3900
Los Angeles, California 90071
Telephone: (213) 617-1200
Facsimile: (213) 617-1975

MILBERG LLP
ANNE MARIE VU (SBN 238771)
avu@milberg.com
One Pennsylvania Plaza, 48th Floor
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

Proposed Lead Counsel

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| FRED JEAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>STEC, INC., MANOUCH MOSHAYEDI, and MARK MOSHAYEDI,<br><br>Defendants. | Case No. SACV09-01304 JVS (MLGx)<br><br>CLASS ACTION<br><br>THE HESTER FAMILY'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL SELECTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>DATE:    February 8, 2010<br>TIME:    1:30 p.m.<br>CTRM:   10C<br>JUDGE:  HON. JAMES V. SELNA |

[Caption continued on next page]

THE HESTER FAMILY'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF AND
APPROVAL OF LEAD COUNSEL SELECTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
DOCS\499839v1



HADI SAKHAI, Individually and on Behalf of All Others Similarly Situated,

                Plaintiff,

                vs.

STEC, INC., MANOUCH MOSHAYEDI, MARK MOSHAYEDI, RAYMOND D. COOK, J.P. MORGAN SECURITIES INC., DEUTSCHE BANK SECURITIES INC., BARCLAYS CAPITAL INC. and OPPENHEIMER & CO. INC.,

                Defendants.

Case No. SACV09-01306 JVS (MLGx)

FRED GREENWALD, Individually and on Behalf of All Others Similarly Situated,

                Plaintiff,

                vs.

STEC, INC., MANOUCH MOSHAYEDI and MARK (MERHDAD) MOSHAYEDI,

                Defendants.

Case No. SACV09-1315 JVS (MLGx)

DANIEL MUNTER, Individually and on Behalf of All Others Similarly Situated,

                Plaintiff,

                vs.

STEC, INC., MANOUCH MOSHAYEDI, MARK MOSHAYEDI and RAYMOND D. COOK,

                Defendants.

Case No. SACV09-1320 JVS (MLGx)

1

2   JONATHAN FISCHER, Individually and   ) Case No. SACV09-8536 JVS
   on Behalf of All Others Similarly Situated,  ) (MLGx)

3                  Plaintiff,   )

4      vs.   )

5   STEC, INC., MANOUCH MOSHAYEDI,  )
   MARK MOSHAYEDI and RAYMOND D. )

6   COOK,   )

7                  Defendants.  )

8   MARCEL WEINBERGER, Individually  ) Case No. SACV09-1460 JVS
   and on Behalf of All Others Similarly   ) (MLGx)

9   Situated,   )

10               Plaintiff,   )

11      vs.   )

12   STEC, INC., MANOUCH MOSHAYEDI,  )
   MARK MOSHAYEDI and RAYMOND D. )

13   COOK,   )

14               Defendants.  )

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Table of Contents

**Page**

NOTICE OF MOTION............................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES...........................................2

PRELIMINARY STATEMENT ...........................................................................2

PROCEDURAL BACKGROUND .......................................................................3

FACTUAL BACKGROUND................................................................................3

ARGUMENT........................................................................................................6

I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED ..................6

II.     THE HESTER FAMILY SHOULD BE APPOINTED LEAD
        PLAINTIFF .........................................................................................7

        A.      THE PROCEDURAL REQUIREMENTS PURSUANT TO THE
                PSLRA ....................................................................................7

        B.      THE HESTER FAMILY IS "THE MOST ADEQUATE
                PLAINTIFF"............................................................................8

                1.      The Hester Family Has Complied With the PSLRA and
                        Should Be Appointed Lead Plaintiff ...................................8

                2.      The Hester Family Has the Largest Financial Interest ..............8

                3.      The Hester Family Satisfies the Requirements of Rule 23.........9

                        a.      The Hester Family's Claims Are Typical of the
                                Claims of All the Class Members...................................10

                        b.      The Hester Family Will Adequately Represent
                                the Class.......................................................................11

                4.      The Hester Family Is a Related, Close-Knit Group..................12

III.    THE COURT SHOULD APPROVE THE HESTER FAMILY'S
        CHOICE OF LEAD COUNSEL .................................................................13

IV.     CONCLUSION ............................................................................................14

# Table of Authorities

Page(s)

**FEDERAL CASES**

*Aronson v. McKesson HBOC, Inc.*,
  79 F. Supp. 2d 1146 (N .D. Cal . 1999)............................................................12

*Crossen v. CV Therapeutics*,
  No. 03-03709, 2005 U.S. Dist. LEXIS 41396 (N.D. Cal. Aug. 9, 2005)..........11

*Ferrari v. Gisch*,
  225 F.R.D. 599 (C.D. Cal. 2004)....................................................................2, 8

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ..........................................................................11

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ....................................................................*passim*

*In re Equity Funding Corp. of Am. Sec. Litig.*,
  416 F. Supp. 161 (C.D. Cal. 1976) ......................................................................6

*In re Gemstar - TV Guide International, Inc . Sec. Litig.*,
  209 F.R.D. 447 (C.D. Cal., 2002).......................................................................12

*In re Lucent Techs., Inc., Sec. Litig.*,
  No. 00-CV-621 (D.N.J.) .....................................................................................14

*In re Microstrategy Inc. Sec. Litig.*,
  110 F. Supp. 2d 427 (E.D. Va. 2000) ..................................................................6

*In re NASDAQ Market-Makers Antitrust Litig.*,
  187 F.R.D. 465 (S.D.N.Y. 1998).......................................................................14

*In re Nortel Networks Corp., Sec. Litig.*,
  No. 01-CV-1855 (S.D.N.Y.)...............................................................................14

*In re Raytheon Sec. Litig.*,
  99-CV-12142 (E.D. Mass.)................................................................................14

*In re Royal Ahold N.V. Sec. & Erisa Litig.*,
  219 F.R.D. 343 (D. Md. 2003) ............................................................................6

*In re Sears, Roebuck & Co. Sec. Litig.*,
    No. 02-CV-7527 (N.D. Ill.) ................................................................14

*In re Tyco International Ltd., Sec. Litig.*,
    MDL Docket No. 02-1335-B (D.N.H. 2002) ....................................14

*In re Waste Management, Inc. Securities Litig.*,
    128 F. Supp. 2d 401 (S.D. Tex . 2000)...............................................13

*Miller v. Ventro Corp.*,
    No. C01-01287, 2001 U.S. Dist. LEXIS 26027 (N.D. Cal. Nov. 28, 2001)......12

*Richardson v. TVIA, Inc.*,
    2007 U.S. Dist. LEXIS 28406 (N.D. Cal. 2007) ...................................9

*Schriver v. Impac Mortgage Holdings, Inc.*,
    No. SACV-06-31, 2006 U.S. Dist. LEXIS 40607 (C.D. Cal. May 1, 2006) .....10

*Siegall v. Tibco Software, Inc.*,
    No. 05-2146, 2006 U.S. Dist. LEXIS 26780 (N.D. Cal. Feb. 24, 2006)............10

*Taubenfeld v. Career Educ. Corp.*,
    No. 03 C 8884, 2004 U.S. Dist. LEXIS 4363 (N.D. Ill. Mar. 19, 2004)..............6

*Yousefi v. Lockheed Martin Corp.*,
    70 F. Supp. 2d 1061 (C.D. Cal. 1999) ..................................................6

**FEDERAL: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS**

15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i) ................................................7

15 U.S.C. § 78u-4(a)(3)(A)(i)................................................................7

15 U.S.C. § 78u-4(a)(3)(A) and (B) ...............................................7, 8

15 U.S.C. § 78u-4(a)(3)(B)(i) ...............................................................7

15 U.S.C. § 78u-4(a)(3)(B)(ii) ..............................................................6

15 U.S.C. § 78u-4(a)(3)(B)(iii) .............................................................8

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) .................................................13

15 U.S.C § 78u-4(a)(3)(B)(v) ..............................................................13

17 C.F.R. § 240.10b-5 .............................................................................................3

Fed. R. Civ. P. 23 ...........................................................................................*passim*

Fed. R. Civ. P. 42 ..................................................................................................2

Fed. R. Civ. P. 42(a) ......................................................................................1, 2, 6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 8, 2010, at 1:30 p.m., or as soon as this matter may be heard in Courtroom 10C of the Honorable James V. Selna, in the United States District Court for the Central District of California, Ronald Reagan Federal Building and U.S. Courthouse, 411 West Fourth Street, Santa Ana, CA 92701-4516, Cebron W. Hester, Judy W. Hester and Justin Black (collectively the "Hester Family" or "Movant"), will, and hereby does, move for an order: (1) consolidating any related actions filed in or transferred to this District for all purposes pursuant to Fed. R. Civ. P. 42(a); (2) appointing Movant as Lead Plaintiff pursuant to the PSLRA; (3) approving Movant's selection of Milberg LLP ("Milberg") as lead counsel in this action and in any subsequently filed and/or related cases; and (4) granting such other and further relief as the Court may deem just and proper.

This motion is based on the attached Memorandum of Points and Authorities, the Declaration of Jeff S. Westerman in support thereof, all pleadings, records and files in this action, any evidence presented at or before the hearing, including any written or oral argument as may be presented to the Court, and all other matters of which the Court may take judicial notice.

## MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

Cebron W. Hester, Judy W. Hester and Justin Black (the "Hester Family" or "Movant"), respectfully submit this Memorandum of Law in support of its motion, pursuant to Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for an order: (1) consolidating the above-captioned actions pursuant to Fed. R. Civ. P. 42; (2) appointing the Hester Family as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B); (3) approving Movant's selection of Milberg LLP ("Milberg") as Lead Counsel in this action and in any subsequently filed and/or related cases; and (4) granting such other and further relief as the Court may deem just and proper. The Hester Family is comprised of Cebron and Judy Hester, who are husband and wife, and Justin Black, their adult grandson.

The Actions should be consolidated because they each involve substantially similar issues of law and fact. *See* Fed. R. Civ. P. 42(a). Next, pursuant to the PSLRA, the Court should appoint as lead plaintiff the movant with the largest financial interest in the relief sought by the class that also meets the adequacy and typicality prongs of Fed. R. Civ. P. 23. *See In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002); *Ferrari v. Gisch*, 225 F.R.D. 599, 602 (C.D. Cal. 2004). The Hester Family expended over $600,000 to acquire the shares of corporate defendant STEC and incurred losses of approximately $353,991 due to defendants' conduct. Movant believes that it has the largest financial interest of any other movant, is typical, and will more than adequately represent the interests of the Class.[1] The Hester Family's

---

[1] Local Rule 7-3 requires a conference of counsel prior to filing motions. Movant's counsel has contacted some of the law firms that filed actions in this matter. However, Movant cannot know which Class members intend to move for appointment as lead plaintiff, because the PSLRA allows non-party class members to file motions. In addition, Movant submits that Local Rule 7-3 may be inapplicable to motions for selection of lead plaintiff and approval of its selection of lead counsel because such motions and the timing of such motions are mandated by federal statute.

selection of Milberg as Lead Counsel should be approved by the Court because Milberg has extensive experience in spearheading securities class actions, including many within this District, and will adequately represent the Class.

## PROCEDURAL BACKGROUND

The above-captioned actions ("Actions") are brought pursuant to §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Securities Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. § 240.10b-5. Defendants include STEC and certain of its officers and directors.[2] One Action, the *Sakhai* action, is additionally brought pursuant to §§ 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77k and 77o, and Defendants in the Action include underwriters.[3] The first-filed action, the *Jean* action, was filed on November 6, 2009.

## FACTUAL BACKGROUND[4]

STEC is a Santa Ana, California-based leading global provider of solid-state technologies and solutions tailored to meet the high-performance, high-reliability needs of original equipment manufacturers ("OEMs"). STEC designs, develops, manufactures and markets custom memory solutions based on flash memory and dynamic random access memory ("DRAM") technologies. The Company makes solid-state drives ("SSDs") that store data using flash memory chips instead of

---

The PSLRA sets forth the procedure that must be followed for the selection of lead plaintiff and lead counsel, and mandates a deadline of January 5, 2010. *See infra* at 8.

[2] Individual defendants to this action include Manouch Moshayedi ("CEO" or "Defendant"), the Company's Chief Executive Officer and Chairman of the Board, Mark Moshayedi ("COO" or "Defendant"), the Company's Chief Operating Officer, President, Chief Technical Officer, and a director of the company, and Raymond D. Cook ("Cook" or "Defendant"), the Company's Chief Financial Officer.

[3] The underwriter defendants named in this related action are J.P. Morgan Securities, Inc., Deutsche Bank Securities Inc., Barclays Capital Inc., and Oppenheimer & Co., Inc.

[4] The factual summary is taken from allegations common to all of the actions.

spinning disks.  The drives, known as solid state because they have no moving parts, are found in servers used by companies, banks, governments and others.

Throughout the Class Period, defendants represented that STEC was effectively growing its business and that the growth would continue.[5]  Such statements presented the Company's historical results, its customers, its competitive position and its prospects, in a very favorable light, causing the Company's stock to trade at inflated levels.  Such statements were materially false and misleading because, contrary to the picture painted by defendants and assurances to investors that STEC had no competition at that stage, the Company was facing looming threats of competition from other high-technology companies.  Defendants further assured investors that enterprise end-users were quickly adopting SSD devices over traditional hard disk drive ("HDD") devices.  As a result of defendants' false and misleading statements, STEC stock traded at artificially inflated prices during the Class Period, reaching a high of $41.84 per share on September 10, 2009.  This inflated stock price permitted top STEC officers/directors to sell 9 million shares of their STEC stock at inflated prices in a secondary stock offering in August 2009.

On September 17, 2009, WedBush Morgan analyst Betsy Van Hees published an analyst report on STEC, identifying important adverse information, stating in part:

• Our industry checks indicate that one of STEC's Tier I OEM enterprise customers is in final qualification stages with Toshiba for its Single Level Cell (SLC) NAND-based serial attached SCSI (SAS) interface SSD.  While we had expected STEC's competitors to gain design wins at

---

[5] Here, five of the related actions allege the same class period of June 16, 2009, to November 3, 2009, while one action, the *Jean* Action, alleges a shorter class period of August 3, 2009, to November 3, 2009. Typically, when faced with differing class periods, courts utilize the longest period for purposes of calculating the financial interests of the movants. *See Takeda v. Turbodyne Techs.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999) (finding slightly different class periods do not preclude a finding of typicality because varying class periods may be harmonized).  And *see, e.g., In re Century Aluminum Co. Sec. Litig.*, No. C 09-1001, 2009 U.S. Dist. LEXIS 81205 (N.D. Cal. 2009) (utilizing the largest alleged class period when consolidating actions that allege different class periods).

its OEMs, we believed this would likely not occur until 1H:1 OE.

- Industry checks lead us to believe a leading Hard Disk Drive (HDD) OEM is likely set to introduce a SLC SATA/SAS SSD and possibly a Multi-Level-Cell (MLC) SSD drive in Q4.

In a note issued on September 17, 2009, Stifel Nicolaus analyst Aaron C. Rakers also cautioned investors on the "meaningful increase in competitive noise," stating in part:

- While we do not believe this announcement changes Stec's fundamental picture over the next few quarters [i.e., still believe upside potential exists to September and December quarter expectations], we believe this does support our cautious thesis ahead of what looks to be the potential for a meaningful increase in competitive noise over the coming quarters.

As a result of these reports, which contradicted defendants' prior statements, STEC's stock collapsed $6.37 per share to close at $31.53 per share on September 17, 2009 – a one-day decline of over 16%, on unusually high volume of more than 21.2 million shares. STEC's stock price continued to be inflated, however, until the Company announcement on November 3, 2009.

After the market closed on November 3, 2009, STEC reported its third quarter 2009 financial results and its fourth quarter 2009 outlook, announcing an inventory warning that one of its customers would carry 2009 inventory into 2010, impacting the Company's first quarter 2010. STEC identified the customer as EMC Corporation ("EMC"), a company that accounts for 90% of the Company's ZeusIOPS SSD business.

On this news, STEC's stock plummeted $9.01 per share to close at $14.14 per share on November 4, 2009, a one-day decline of over 38%, on volume of more than 31.9 million shares. Defendants' materially false and misleading statements during the Class period resulted in Movant and other members of the Class purchasing the Company's common stock at artificially inflated prices, thus causing the damages to

1    the Class.

2                                **ARGUMENT**

3    **I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

4           Pursuant to the PSLRA, the Court should first rule on motions to consolidate

5    before addressing the lead plaintiff/lead counsel issues. See 15 U.S.C. §78u-

6    4(a)(3)(B)(ii).  Consolidation is appropriate where there are actions involving

7    common questions of law or fact.  Fed. R. Civ. P. 42(a) ; *Yousefi v. Lockheed Martin*

8    *Corp.*, 70 F. Supp. 2d 1061, 1064 (C.D. Cal. 1999); *In re Equity Funding Corp. of*

9    *Am. Sec. Litig.*, 416 F. Supp. 161, 175 (C.D. Cal. 1976).

10          The six related actions pending before this Court are suited for consolidation.

11   The class action complaints are all brought by purchasers of STEC common stock.

12   The complaints allege near identical class periods and contain similar allegations

13   charging Defendants with making false and misleading statements concerning the

14   Company's financials and the adoption of its products by customers; and

15   misrepresenting the extent to which competition would harm STEC's business. *See*

16   *Jean* Action ¶¶ 19-22, *Sakhai* Action ¶¶ 34-60, *Greenwald* Action ¶¶ 33-37, *Munter*

17   Action ¶¶ 25-40, *Fischer* Action ¶¶ 25-51, *Weinberger* Action ¶¶ 30-45.

18          District courts have recognized that consolidation is particularly appropriate in

19   the context of securities class actions if the complaints are based on the same public

20   statements and/or reports.  *See Taubenfeld v. Career Educ. Corp.*, No. 03 C 8884,

21   2004 U.S. Dist. LEXIS 4363, at *3-4 (N.D. Ill. Mar. 19, 2004); *In re Royal Ahold*

22   *N.V. Sec. & Erisa Litig.*, 219 F.R.D. 343, 348 (D. Md. 2003).  Differences between

23   particular defendants, damages, and/or class periods do *not* defeat the appropriateness

24   of consolidation for federal securities cases based upon the same underlying facts.

25   *See In re Microstrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 431 (E.D. Va. 2000).

26   Therefore, although the Actions are not identical, their common factual bases,

27   overlapping legal claims and defendants warrant their consolidation.

28

---

## II. THE HESTER FAMILY SHOULD BE APPOINTED LEAD PLAINTIFF

### A. The Procedural Requirements Pursuant to the PSLRA

The PSLRA establishes a procedure that governs the appointment of a Lead Plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i). This procedure is further detailed by the Ninth Circuit's decision in *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff in the first-filed *Jean* action caused notice to be published through *Business Wire* on November 6, 2009.[6] This notice indicated that applications for appointment as Lead Plaintiff were to be made no later than 60 days from the date of the press release, which would be January 5, 2010. Within 60 days after publication of the required notice, any member or members of the proposed Class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in these Actions. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Next, the PSLRA requires that within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be the most capable of adequately representing the interests of Class Members. 15 U.S.C. § 78u-4(a)(3)(B)(i). In making this determination, the statute directs the Court to the following objective criteria:

[T]he court shall adopt a presumption that the most adequate plaintiff in any

---

[6] *See* Westerman Decl. Ex. C. National news wire services have been recognized as suitable vehicles for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchs. Acceptance Corp.*, No. 97-C-2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 6, 1997).

private action arising under this title [] is the person or group of persons that --

        (aa)   has either filed the complaint or made a motion in response to a notice…;

        (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

        (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

    **B.**    **The Hester Family Is "The Most Adequate Plaintiff"**

        **1.**    **The Hester Family Has Complied With the PSLRA and Should Be Appointed Lead Plaintiff**

The time period in which class members may move to be appointed Lead Plaintiff in this case, under 15 U.S.C. § 78u-4(a)(3)(A) and (B), expires on January 5, 2010.  Movant's application, filed January 5, 2010, is thus timely.  Movant has reviewed a complaint against STEC and is willing to serve as a representative party on behalf of the Class.  *See* Westerman Decl. Ex. A (Certifications of Cebron W. Hester, Judy W. Hester and Justin Black).  In addition, Movant has selected and retained competent counsel to represent it and the Class. *See* Westerman Decl. Ex. D (attaching firm résumé of Milberg).

Accordingly, Movant has satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and is entitled to have its application for appointment as Lead Plaintiff, and its selection of Milberg as Lead Counsel, approved by the Court.

        **2.**    **The Hester Family Has the Largest Financial Interest**

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants who have the largest financial interest in the relief sought by the action.  *See Ferrari v. Gisch,* 225 F.R.D. 599, 602 (C.D. Cal. 2004) (citing *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002)).

Because the PSLRA does not provide a method for determining the relative

financial interests of lead plaintiff movants, courts have adopted various methodologies, the most popular one being the "four factor" methodology that looks at: (1) the number of shares purchased; (2) the number of net shares purchased; (3) the net expenditure and (4) the approximate loss.  *See Richardson v. TVIA, Inc.*, No. C-06-6304, 2007 U.S. Dist. LEXIS 28406 *11 (N.D. Cal. 2007) (citing *Lax v. First Merchs. Acceptance Corp.*, No. 97-C-2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 11, 1997)).

|  | Shares Purchased During Class Period | Net Class Period Shares | Net Value Expended During Class Period | Approx. Loss.[7] |
|---|---|---|---|---|
| **The Hester Family** | 19,647 | 19,647 | $607,145.37 | ($353,991) |

*See* Westerman Decl. Ex. B (further detailing Movant's transactions).

As demonstrated herein, Movant has a large financial interest in this case. Movant bought 19,647 shares during the class period at a cost of $607,145, did not sell any shares during the class period, and lost $353,991.  Therefore, Movant satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B). *See* Westerman Decl. Ex. B.

### 3.    The Hester Family Satisfies the Requirements of Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  *See In re Cavanaugh*, 306 F.3d. at 730.  Rule 23(a) provides that a party

---

[7] The loss factor can be determined using either  the First-In-First-Out methodology to offset purchases and sales or the Last-in-First-Out method. Because the Hester Family did not sell any shares during the Class Period, both methodologies yield the same result, a loss of $353,991.

may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. *Siegall v. Tibco Software, Inc.*, No. 05-2146, 2006 U.S. Dist. LEXIS 26780, *15 (N.D. Cal. Feb. 24, 2006) ("In the context of determining the appropriate lead plaintiff . . . , the requirements of 'typicality' and adequacy of representation are the key factors."). Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *Schriver v. Impac Mortgage Holdings, Inc.*, No. SACV-06-31, 2006 U.S. Dist. LEXIS 40607, *16 (C.D. Cal. May 1, 2006) ("At the lead plaintiff appointment stage, the Rule 23 inquiry is not as searching as it would be on a motion for class certification; the prospective lead plaintiff need only make a prima facie showing that it meets the typicality and adequacy factors."). As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff. The Hester Family has claims that are typical of those of other Class Members and it can adequately serve as Lead Plaintiff.

### a.    The Hester Family's Claims Are Typical of the Claims of All the Class Members

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." The typicality

requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members, and when the claims are based on the same legal theory. *See Crossen v. CV Therapeutics*, No. 03-03709, 2005 U.S. Dist. LEXIS 41396, *13 (N.D. Cal. Aug. 9, 2005). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. See *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998); *Pirelli Armstrong Tire Corp. Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 412 (S.D.N.Y. 2004).

In this case, the typicality requirement is met because the claims of the Hester Family are identical to, and non-competing and non-conflicting with, the claims of the other Class members.  Movant satisfies the typicality requirement because, just like all other Class members, it: (1) purchased or otherwise acquired STEC securities during the Class Period; (2) purchased or otherwise acquired STEC securities at prices artificially inflated as a result of the allegedly materially false and misleading statements and/or omissions; and (3) suffered economic loss thereby when the price of STEC common stock declined when the misrepresentations made to the market, and/or the information alleged in the complaint to have been concealed from the market, were revealed, removing the inflation from STEC's stock price.  Therefore, the Hester Family's claims are like the claims of each member of the class and "arise from the same event or course of conduct that gives rise to the claims of other class members."  *Crossen*, 2005 U.S. Dist. LEXIS 41396, at *13-14.  The Hester Family is not subject to any unique or special defenses.  Thus, the Hester Family meets the typicality requirement of Fed. R. Civ. P. Rule 23 because its claims are the same as the claims of the other Class members

**b.    The Hester Family Will Adequately Represent the Class**

Under Rule 23(a)(4), the representative party must "fairly and adequately

protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B). *See also Miller v. Ventro Corp.*, No. C01-01287, 2001 U.S. Dist. LEXIS 26027, *44 (N.D. Cal. Nov. 28, 2001) (citing *Takeda v. Turbodyne Techs.*, 67 F. Supp. 2d 1129, 1132 (C.D. Cal. 1999)).

The Hester Family's interests are clearly aligned with those of the other members of the Class.  Not only is there no evidence of antagonism between the Hester Family and the other Class members, but Movant has a significant, compelling interest in prosecuting these Actions to a successful conclusion based upon the very large financial loss of approximately $353,991 that the Hester Family has suffered as a result of the wrongful conduct alleged in these Actions.  This motivation, combined with the Hester Family's identical interests with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class.  In addition, the Hester Family has selected a law firm that is highly experienced in prosecuting securities class actions to represent Movant and the Class.

### 4.    The Hester Family Is a Related, Close-Knit Group

The majority of courts acknowledge that the PSLRA expressly provides that the lead plaintiff may be a "group of persons," but many refuse to appoint a group composed of members with no pre-litigation relationship formed for the purpose of aggregating financial interest. *See, e.g., In re Gemstar - TV Guide Int'l, Inc . Sec. Litig.*, 209 F.R.D. 447 (C.D. Cal., 2002).  *See also Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1153-54 (N .D. Cal . 1999) (expressing a preference that a group of movants be "a close-knit 'group of persons.'").

The Hester Family is a "close-knit group" whose members have a pre-litigation relationship.   It is comprised of a husband and wife, Cebron and Judy Hester, and their grandson, Justin Black.  All three reside in Stanley, NC.  As such, the Hester

Family has a "pre-litigation relationship based on more than their losing investment" and is well-positioned to provide vigorous and adequate class representation. *See In re Waste Mgmt., Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 413 (S.D. Tex . 2000) (stating that a group must be "at maximum a small group with the largest financial interest in the outcome of the litigation and a pre-litigation relationship based on more than their losing investment.").

In sum, because of the Hester Family's common interests with the Class members, its clear motivation and ability to vigorously pursue these Actions, and its competent counsel, the Hester Family meets the adequacy requirement of Fed. R. Civ. P. Rule 23.

## III.    THE COURT SHOULD APPROVE THE HESTER FAMILY'S CHOICE OF LEAD COUNSEL

Movant's choice of Lead Counsel satisfies the requirements of the PSLRA. Pursuant to 15 U.S.C § 78u-4(a)(3)(B)(v), the Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the Class.  The Court should not disturb the Lead Plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  *See also In re Cavanaugh*, 306 F.3d 726.  Movant has selected and retained Milberg to serve as Lead Counsel for the Class.  Milberg possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities class actions on behalf of injured investors.  *See* Westerman Decl. Ex. D (firm résumé of Milberg).

Milberg is ideally suited to serve as lead counsel in this litigation.  Milberg has extensive experience handling shareholder class actions and other complex litigation, and claims of the type asserted in this action.  Further, Milberg possesses vast resources, in terms of both financial ability and expertise, and has committed to put these resources to use for the benefit of stockholders like the Proposed Lead Plaintiff here.

Milberg has served as Lead or Co-Lead Counsel in many high-profile class actions, recovering billions of dollars for investors and others harmed by corporate mismanagement, forcing a number of important corporate reforms. Milberg currently serves as Lead Counsel or as chair of plaintiffs' executive committees in many high-profile securities actions pending throughout the country. Milberg has been appointed as Lead or Co-Lead Counsel in landmark class actions, including *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465 (S.D.N.Y. 1998), where plaintiffs' recovery was the largest ever in an antitrust case. Other cases in which Milberg was responsible for obtaining outstanding recoveries for investors include *In re Tyco International Ltd., Sec. Litig.*, MDL No. 02-1335-B (D.N.H. 2002) ($3.2 billion); *In re Nortel Networks Corp., Sec. Litig.*, No. 01-CV-1855 (S.D.N.Y.) ($1.1 billion); *In re Lucent Techs., Inc., Sec. Litig.*, No. 00-CV-621 (D.N.J.) ($600 million settlement); *In re Raytheon Sec. Litig.*, 99-CV-12142 (E.D. Mass.) ($460 million settlement); and *In re Sears, Roebuck & Co. Sec. Litig.*, No. 02-CV-7527 (N.D. Ill.) ($215 million settlement).

## IV.    CONCLUSION

For the reasons stated above, Movant satisfies the requirements of the PSLRA for appointment as the most adequate plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B). As the most adequate plaintiff, Movant respectfully requests that the Court: (1) consolidate the related actions; (2) appoint Movant as Lead Plaintiff pursuant to the PSLRA; (3) approve Movant's selection of Milberg as lead counsel in this action and in any subsequently filed and/or related cases; and (4) grant such other and further relief as the Court may deem just and proper.

1  DATED: January 5, 2010

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILBERG LLP
JEFF S. WESTERMAN
SABRINA S. KIM

_____
        JEFF S. WESTERMAN

One California Plaza
300 S. Grand Avenue, Suite 3900
Los Angeles, CA  90071
Telephone: (213) 617-1200
Facsimile: (213) 617-1975
E-mail: jwesterman@milberg.com
        skim@milberg.com

**MILBERG LLP**
ANNE MARIE VU
One Pennsylvania Plaza, 48th Floor
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229
E-mail:  avu@milberg.com

Attorneys for Plaintiffs