1   Kim E. Miller (SBN 178370)
    E-mail:  kim.miller@ksfcounsel.com
2   KAHN SWICK & FOTI, LLC
3   500 5th Ave., Suite 1810
    New York, NY 10110
4   Telephone: (212) 696-3730
    Fascimile: (504) 455-1498
5

6   *Counsel for Arman Rashtchi and*
7   *Proposed Lead Counsel for the Class*

8   Lewis S. Kahn                              William J. Doyle II (SBN 188069)
    E-mail:  lewis.kahn@ksfcounsel.com         Email:  bill@doylelowther.com
9   KAHN SWICK & FOTI, LLC                     John Lowther (SBN 207000)
10  650 Poydras Street, Ste. 2150              Email:  john@doylelowther.com
    New Orleans, LA  70130                      DOYLE LOWTHER LLP
11  Telephone:  (504) 455-1400                 9466 Black Mountain Road, Suite 210
12  Facsimile:  (504) 455-1498                 San Diego, California 92126
                                               Telephone:  (619) 573-1700
13                                             Facsimile:  (619) 573-1701
    *Counsel for Arman Rashtchi and*
14  *Proposed Lead Counsel for the Class*
                                               *Counsel for Arman Rashtchi and Proposed*
15                                             *Liaison Counsel for the Class*
16

17              UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA
18

19  FRED JEAN, On Behalf Of Himself     )   CIVIL ACTION NO. 09-CV-1304-JVS-
    and All Others Similarly Situated,  )   MLG
20        Plaintiff,                     )
                                         )
21                                       )   NOTICE OF MOTION AND MOTION
           vs.                           )   OF ARMAN RASHTCHI TO
22                                       )   CONSOLIDATE FUTURE RELATED
                                         )   ACTIONS; TO BE APPOINTED LEAD
23  STEC, Inc., MANOUCH                  )   PLAINTIFF; AND TO APPROVE
    MOSHAYEDI, and MARK                  )   PROPOSED LEAD PLAINTIFF'S
24  MOSHAYEDI                            )   CHOICE OF COUNSEL; AND
          Defendants.                    )   MEMORANDUM OF POINTS AND
25                                       )   AUTHORITIES IN SUPPORT
                                         )
26                                       )   Judge:   James V. Selna
                                         )   Date:    February 8, 2010
27                                       )   Time:    1:30 p.m.
                                         )   CTRM: 10C
28  _____     )

| | | |
|---|---|---|
| 1 | HADI SAKHAI, On Behalf Of | CIVIL ACTION NO. 09-CV-1306-JVS- |
| 2 | Himself and All Others Similarly | MLG |
| | Situated, | |
| 3 | Plaintiff, | |
| 4 | | |
| 5 | vs. | |
| 6 | STEC, INC., MANOUCH | |
| 7 | MOSHAYEDI, MARK | |
| | MOSHAYEDI, RAYMOND D | |
| 8 | COOK, J P MORGAN | |
| 9 | SECURITIES INC., DEUTSCHE | |
| | BANK SECURITIES INC., | |
| 10 | BARCLAYS CAPITAL INC., and | |
| 11 | OPPENHEIMER & CO, INC. | |
| | Defendants. | |
| 12 | _____ | |
| 13 | | |
| | FRED GREENWALD, On Behalf Of | CIVIL ACTION NO. 09-CV-01315-JVS- |
| 14 | Himself and All Others Similarly | MLG |
| 15 | Situated, | |
| | Plaintiff, | |
| 16 | | |
| 17 | vs. | |
| 18 | STEC, INC., MANOUCH | |
| 19 | MOSHAYEDI, and MARK | |
| | MERHDAD MOSHAYEDI | |
| 20 | Defendants. | |
| 21 | _____ | |
| 22 | DANIEL MUNTER, On Behalf Of | CIVIL ACTION NO. 09-CV-01320-JVS- |
| 23 | Himself and All Others Similarly | MLG |
| | Situated, | |
| 24 | Plaintiff, | |
| 25 | | |
| 26 | vs. | |
| 27 | STEC, INC., MANOUCH | |
| | MOSHAYEDI, MARK | |
| 28 | MOSHAYEDI, AND RAYMOND | |

D. COOK )
      Defendants. )
_____ )
 )
JONATHAN FISCHER, On Behalf )
Of Himself and All Others Similarly )
Situated, )
      Plaintiff, )
 )
     vs. )
 )
STEC, INC., MANOUCH )
MOSHAYEDI, MARK )
MOSHAYEDI, AND RAYMOND )
D. COOK )
      Defendants. )
_____ )
 )
MARCEL WEINBERGER, On )
Behalf Of Himself and All Others )
Similarly Situated, )
      Plaintiff, )
 )
     vs. )
 )
STEC, INC., MANOUCH )
MOSHAYEDI, MARK )
MOSHAYEDI, AND RAYMOND )
D. COOK )
      Defendants. )
_____ )

CIVIL ACTION NO. 09-CV-08536-JVS-MLG

CIVIL ACTION NO. 09-cv-01460-CJC-RNB

1

## <u>TABLE OF CONTENTS</u>

NOTICE OF MOTION ...........................................................................................ii

PRELIMINARY STATEMENT ............................................................................1

PROCEDURAL BACKGROUND..........................................................................2

STATEMENT OF FACTS.....................................................................................3

ARGUMENT ..........................................................................................................4

   I.    THE COURT SHOULD CONSOLIDATE ALL RELATED ACTIONS ....4

   II.    Mr. Rashtchi Should Be Appointed Lead Plaintiff.................................5

  A.  The Procedural Requirements of the PSLRA .............................................5

  B.  Mr. Rashtchi Is "The Most Adequate Plaintiff".........................................7

    1.   Mr. Rashtchi Has Complied With the PSLRA and Should Be
Appointed Lead Plaintiff ............................................................................7

    2.   Mr. Rashtchi Has the Largest Financial Interest....................................7

    3.   Mr. Rashtchi Satisfies the Requirements of Rule 23................................8

     a)  Mr. Rashtchi's Claims Are Typical of the Claims of All Class
Members......................................................................................................9

     b)  Mr. Rashtchi Will Adequately Represent the Class .............................9

   III.    The Court Should Approve Mr. Rashtchi's Choice of Lead Counsel .....11

CONCLUSION .....................................................................................................11

1

2

## <u>TABLE OF AUTHORITIES</u>

3

**Cases**

4

*In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002) ..........................................................7

5

*Crossen v. CV Therapeutics,* 2005 U.S. Dist. LEXIS 41396, *13 (N.D. Cal. August 9, 2005) ....9

6

7

*Ferrari v. Gisch*, 225 F.R.D. 599 (C.D. Cal. 2004) .........................................................7

8

*Garber v. Randell*, 477 F.2d 711 (2d Cir. 1973) ............................................................5

9

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1988) .................................................9

10

*Miller v. Ventro Corp.*, 2001 U.S. Dist. LEXIS 26027, *44 (N.D. Cal. November 28, 2001)  10

11

*In re Olsten Corp. Securities Litigation*, 3 F. Supp. 2d 286 (E.D.N.Y. 1998) ........................5

12

*Primavera Familienstiftung v. Askin*, 173 F.R.D. 115 (S.D.N.Y. 1997) ...............................5

13

14

*Schriver v. Impac. Mortg. Holdings, Inc.*, 2006 Dist. LEXIS 40607, *16 (C.D. Cal. May 1, 2006) ..............................................................................................................8

15

16

*Siegall v. Tibco Software, Inc.*, 2006 U.S. Dist. LEXIS 26780, *15 (N.D. Cal. February 24, 2006) ..............................................................................................................8

17

*Takeda v. Turbodyne Techs.*, 67 F.Supp. 2d 1129 (C.D. Cal. 1999) ................................. 10

18

*Weltz v. Lee*, 199 F.R.D. 129 (S.D.N.Y. 2001) ............................................................5

19

*Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061 (C.D. Cal. 1999)..............................5

20

**Statutes**

21

22

15 U.S.C. § 77z-1(a)(3) ..............................................................................ii, 1, 6

23

15 U.S.C. § 77z-1(a)(3)(A) and (B) ..........................................................................6

24

15 U.S.C. § 77z-1(a)(3)(A)(i) ..................................................................................6

25

15 U.S.C. § 77z-1(a)(3)(B) ............................................................................. 8, 10

26

15 U.S.C. § 77z-1(a)(3)(B)(i) ..................................................................................6

27

15 U.S.C. § 77z-1(a)(3)(B)(iii) ............................................................................ 6, 7

28

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) ................................................................................. 10

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa) ...........................................................................7

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II) .................................................................................7

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa) ........................................................................ 11

15 U.S.C. § 77z-1(a)(3)(B)(v) ..................................................................................... 11

15 U.S.C. § 78u-4(a)(3) ....................................................................................... ii, 1, 6

15 U.S.C. § 78u-4(a)(3)(A) ...........................................................................................6

15 U.S.C. § 78u-4(a)(3)(A)(i) .................................................................................... 2, 6

15 U.S.C. § 78u-4(a)(3)(B) ..................................................................................... 8, 10

15 U.S.C. § 78u-4(a)(3)(B)(i) ........................................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(iii) ................................................................................. 6, 7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ............................................................................... 10

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) ...........................................................................7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ....................................................................... 11

15 U.S.C. § 78u-4(a)(3)(B)(v) .................................................................................... 11

15 U.S.C. §78u-4(a)(3)(B)(iii)(II) ..................................................................................7

**Rules**

Fed. R. Civ. Pr. 23 ................................................................................................... ii, 9

Fed. R. Civ. Pr. 23(a) ....................................................................................................8

Fed. R. Civ. Pr. 23(a)(3) ...............................................................................................9

Fed. R. Civ. Pr. 23(a)(4) ............................................................................................. 10

Fed. R. Civ. Pr. 42(a) ............................................................................................... 4, 5

## NOTICE OF MOTION AND MOTION

**TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that on February 17, 2010, at 1:30 P.M., or as soon thereafter as the matter may be heard, before the Honorable Judge James V. Selna, United States District Court, Central District of California, Santa Ana Division, Courtroom 10C, 411 West Fourth Street, Santa Ana, CA 92701-4516, Arman Rashtchi ("Movant" or "Mr. Rashtchi") will and hereby does move for consolidation of these actions; to be appointed Lead Plaintiff in the consolidated action pursuant to the lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), codified as Section 27(a)(3) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77z-1(a)(3) (2007), and/or Section 21D(a)(3) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3) (2007); and for approval of Movant's selection of the law firms of Kahn Swick & Foti, LLC ("KSF") as Lead Counsel and Doyle Lowther LLP as Liaison Counsel in this action.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support thereof, the Declaration of Kim E. Miller in Support thereof, the pleadings on file in this action, oral argument, and such other matters as the Court may consider in hearing this motion. Mr. Rashtchi makes this Motion on the belief he is the most "adequate plaintiff" as defined in the PSLRA because:

1. Movant has the largest financial interest in the relief sought by the Class and has incurred substantial losses in the amount of $1,914,484.32 as a result of Movant's purchase and/or acquisition of shares of STEC, Inc. securities between June 16, 2009 and November 3, 2009, inclusive; and

2. Movant satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure ("Rule") 23.

Mr. Rashtchi further requests that the Court approve his selection of KSF as Lead Counsel for the Class and Doyle Lowther LLP as Liaison Counsel for the Class.

NOTICE OF MOTION AND MOTION OF ARMAN RASHTCHI TO CONSOLIDATE
RELATED ACTIONS; TO BE APPOINTED LEAD PLAINTIFF; AND TO APPROVE
PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL; AND MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT

ii

1   KSF is a nationally recognized law firm with significant class action, securities fraud,
2   and complex litigation experience, and possess the resources to effectively and
3   properly pursue this action.
4       For the foregoing reasons and those stated more fully herein below, Mr.
5   Rashtchi respectfully requests that this Court: (1) appoint him to serve as Lead
6   Plaintiff in this action; (2) approve his selection of Counsel for the Class; and (3) grant
7   such other and further relief as the Court may deem just and proper.

**PRELIMINARY STATEMENT**

Mr. Rashtchi hereby moves: to consolidate all related securities fraud class actions and all future related securities fraud class actions filed against STEC, Inc.[1] ("STEC" or the "Company") and other defendants ("Defendants"); to be appointed Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Exchange Act of, 15 U.S.C. § 78u-4(a)(3)(B), and/or Section 27(a)(3) of the Securities Act, 15 U.S.C. § 77z-1(a)(3), as amended by Section 101(a) of the PLSRA; and for approval of his selection of the law firms of KSF as Lead Counsel for the Class and Doyle Lowther LLP as Liaison Counsel for the Class in this case.

As described in his Certification, attached to the Declaration of Kim E. Miller in Support of the Motion Of Arman Rashtchi For Consolidation Of Future Related Cases, To Be Appointed Lead Plaintiff and To Approve Proposed Lead Plaintiff's Choice of Counsel ("Miller Decl.") at Exhibit A, Mr. Rashtchi fully understands his duties and responsibilities to the Class and is willing and able to oversee the vigorous prosecution of this action.  Mr. Rashtchi has suffered losses of $1,914,484.32 as a result of his purchases of shares of STEC securities between the dates of June 16, 2009 and November 3, 2009, inclusive (the "Class Period").  To the best of his

---

[1] The related securities fraud class actions include: *Jean v. STEC, Inc. et al.*, 8:09-cv-01304-JVS-MLG (filed November 6, 2009), pending before the Honorable James V. Selna; *Sakhai v. STEC, Inc. et al.*, 8:09-cv-01306-JVS-MLG (filed November 6, 2009), pending before the Honorable James V. Selna; *Greenwald* v. *STEC, Inc. et al.*, 8:09-cv-01315-JVS-MLG (filed November 9, 2009), pending before the Honorable James V. Selna; *Munter v. STEC, Inc. et al.*, 8:09-cv-01320-JVS-MLG (filed on November 10, 2009), pending before the Honorable James V. Selna; *Fischer v. STEC, Inc. et al.*, 2:09-cv-08536-JVS-MLG (filed on November 19, 2009), pending before the Honorable James V. Selna; *Weinberger* v. *STEC, Inc. et al.*, 8:09-cv-01460-CJC-RNB (filed on December 11, 2009), pending before the Honorable Cormac J. Carney. In addition to Exchange Act violations, *Sakhai v. STEC, Inc. et al.*, 8:09-cv-01306-JVS-MLG (filed November 6, 2009), also alleges violations of the Securities Act in connection with the Company's August 2009 secondary offering.

1  knowledge, Mr. Rashtchi has sustained the largest loss of any investor seeking to be

2  appointed as Lead Plaintiff.

3  In addition to having the largest financial interest in the outcome of this

4  litigation, Mr. Rashtchi's Certification demonstrates his intent to serve as Lead

5  Plaintiff in this litigation, including his cognizance of the duties of serving in that

6  role.[2]  Miller Decl. at Exhibit A.  Moreover, Mr. Rashtchi satisfies the applicable

7  requirements of the PSLRA and FRCP 23 and is presumptively the "most adequate

8  plaintiff."

9  Accordingly, Mr. Rashtchi respectfully submits this memorandum of law in

10  support of his motion, pursuant to Section 21D of the Exchange Act, 15 U.S.C. § 78u-

11  4(a)(3)(B), and/or Section 27(a)(3) of the Securities Act, as amended by the PSLRA,

12  for an order: (1) consolidating all related and future related actions concerning the

13  subject matters of this action pursuant to Fed. R. Civ. P. 42(a); (2) appointing Mr.

14  Rashtchi as Lead Plaintiff in this action pursuant to the Exchange Act and the

15  Securities Act; and (3) approving Mr. Rashtchi's selection of the law firms of KSF as

16  Lead Counsel and Doyle Lowther LLP as Liaison Counsel for the Class.

17  ## **PROCEDURAL BACKGROUND**

18  The first lawsuit of six[3] related lawsuits against Defendants, *Jean v. STEC, Inc.*

19  *et al.*, 8:09-cv-01304-JVS-MLG, was filed in the Central District of California on

20  November 6, 2009, alleging violations of the Exchange Act. Pursuant to 15 U.S.C. §

21  78u-4(a)(3)(A)(i), on November 6, 2009, the first notice that a class action had been

22  initiated against Defendants was published on *Business Wire*, a widely-circulated

23

24  [2] The relevant federal securities laws specifically authorize any Class Members

25  seeking to be appointed Lead Plaintiffs to either file a complaint or move for

26  appointment as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); 15 U.S.C. § 77z-

   1(a)(3)(A)(II).

27  [3] *See supra* fn. 1.

28  NOTICE OF MOTION AND MOTION OF ARMAN RASHTCHI TO CONSOLIDATE
   RELATED ACTIONS; TO BE APPOINTED LEAD PLAINTIFF; AND TO APPROVE          2
   PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL; AND MEMORANDUM OF
   POINTS AND AUTHORITIES IN SUPPORT

national business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than January 5, 2010. *See* Miller Decl. at Exhibit B.

Mr. Rashtchi is a Class Member (*see* Miller Decl. at Exhibit A) who has timely filed this motion within the 60 day period following publication of the November 6, 2009 notice.

## STATEMENT OF FACTS

According to the Company's website, STEC is a Santa Ana, California based global engineering and manufacturing company, offering high-reliability original equipment manufacturer (OEM) memory and storage solutions with extensive value-added services to satisfy the needs of any application.  To this end, the Company designs, develops, and markets custom memory solutions including STEC Flash Solutions, high-density dynamic random access memory ("DRAM") modules, and solid state drive ("SSD") products.  The Company's enterprise-class SSD products include the ZeusIOPS SSD. Such flash SSD drives are faster than traditional spinning hard-disk drives ("HDD") and use less power.

Throughout the Class Period, Defendants issued a series of materially false and misleading statements regarding STEC and its financial condition, future business prospects, products, customers, and competition.   Through these misstatements, Defendants led investors to believe that STEC lacked an enterprise-class SSD competitor, that the Company's ZeusIOPS SSDs were developing according to plan, and that the Company's ZeusIOPS SSDs sales were increasing.   Defendants' misstatements had the intended effect of artificially inflating the price of STEC stock, which, from June 2009 to September 2009, more than doubled in price from approximately $20.00 to over $40.00 per share.  As a result, Defendants were able to cash out over $320 million of their privately held STEC common stock in a secondary offering in August 2009 and thereafter, during the remainder of the Class Period.

1    Notwithstanding Defendants' positive Class Period misstatements regarding the

2    Company's competition, on September 17, 2009, WedBush Morgan analyst Betsy

3    Van Hees published an analyst report, which disclosed, among other things, that "one

4    of STEC's Tier I OEM enterprise customers is in final qualification stages with

5    Toshiba for its Single Level Cell (SLC) NAND-based serial attached SCSI (SAS)

6    interface  SSD" and that "a leading Hard Disk Drive (HDD) OEM is likely set to

7    introduce a SLC SATA/SAS SSD and possibly a Multi-Level-Cell (MLC) SSD drive

8    in Q4."  As a result of these reports and their contradiction of Defendants' prior Class

9    Period misstatements, STEC's share price collapsed $6.37 per share to close at

10    $31.53, on an unusually high trading volume of more than 21.2 million shares.

11    Thereafter, on November 3, 2009, Defendants further revealed, in direct

12    contradiction of their Class Period misstatements, that: STEC would come nowhere

13    near achieving guidance previously sponsored and/or endorsed by Defendants;

14    STEC's largest customer, which accounted for at least 90% of its ZIOS solid state

15    drives, had so much excess inventory that it would be impossible for the Company to

16    meet earnings expectations for 3Q:09 or 4Q:09; and that STEC's largest customer

17    would probably be unable to work off inventory until well into 2010. These belated

18    disclosures had an immediate adverse impact on the price of STEC shares, which

19    plummeted an additional $9.01 to close at $14.14 per share, on a high trading volume

20    of over 31.9 million shares.

21    ## ARGUMENT

22    ## I.    THE COURT SHOULD CONSOLIDATE ALL RELATED ACTIONS

23    Consolidation pursuant to Rule 42(a) is proper and routinely granted in actions

24    such as this, where there are common questions of law and fact.[4] *See Yousefi v.*

25    _____

26    [4] If additional securities cases are filed alleging the same course of conduct and
similar or identical claims against the same or similar defendants, consolidation would

27    be proper. *See* Rule 42(a).

28    NOTICE OF MOTION AND MOTION OF ARMAN RASHTCHI TO CONSOLIDATE
RELATED ACTIONS; TO BE APPOINTED LEAD PLAINTIFF; AND TO APPROVE          4
PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL; AND MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT

1   *Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1064 (C.D. Cal. 1999).[5] Courts have

2   recognized that securities class actions, in particular, are ideally suited to

3   consolidation pursuant to Rule 42(a) because their unification expedites pretrial

4   proceedings, reduces case duplication, avoids contacting of parties and witnesses for

5   inquiries in multiple proceedings, and minimizes the expenditure of time and money

6   by all concerned persons. *See e.g.*, *Primavera Familienstiftung v. Askin*, 173 F.R.D.

7   115, 129 (S.D.N.Y. 1997). Indeed, "[i]n securities actions where the complaints are

8   based on the same 'public statements and reports,' consolidation is appropriate if there

9   are common questions of law and fact" and the parties will not be prejudiced. *Garber*

10  *v. Randell*, 477 F.2d 711, 714 (2d Cir. 1973); *Weltz v. Lee*, 199 F.R.D. 129, 131

11  (S.D.N.Y. 2001). Consolidating shareholder class actions streamlines and simplifies

12  pre-trial and discovery proceedings, including motions, class action issues, clerical

13  and administrative duties, and generally reduces the confusion and delay that result

14  from prosecuting related actions separately before two or more judges. *Id. See also In*

15  *re Olsten Corp. Securities Litigation*, 3 F. Supp. 2d 286 (E.D.N.Y. 1998).

16  Accordingly, this Court should enter an Order that consolidates all related actions and

17  any future filed cases.

18  ## II.    Mr. Rashtchi Should Be Appointed Lead Plaintiff

19  ### A. The Procedural Requirements of the PSLRA

20      The PSLRA sets forth a detailed procedure for the selection of a Lead Plaintiff

21  to oversee securities class actions brought pursuant to the Federal Rules of Civil

---

23  [5] Rule 42(a) of the Federal Rules of Civil Procedure allows this Court to order

24  consolidation of separate actions:

25      When actions involving a common question of law or fact are pending before
        the court, it may order a joint hearing or trial of any or all of the matters in issue

26      in the actions; it may order all of the actions consolidated; and it may make
        such orders concerning proceedings therein as may tend to avoid unnecessary

27      costs of delay.

28

1  Procedure. *See* 15 U.S.C. § 78u-4(a)(3), 15 U.S.C. § 77z-1(a)(3).

2       First, the plaintiff who files the initial action must, within 20 days of filing the

3  action, publish a notice to the Class informing Class Members of their right to file a

4  motion for appointment as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i), 15 U.S.C. §

5  77z-1(a)(3)(A)(i). Plaintiff in the first-filed action published a notice on *Business Wire*

6  on November 6, 2009. *See* Miller Decl. Exhibit B. This notice announced that

7  applications for appointment as Lead Plaintiff were to be made no later than January

8  5, 2010. Within 60 days after publication of the required notice, any member or

9  members of the proposed Class may apply to the Court to be appointed as Lead

10  Plaintiff, whether or not they have previously filed a complaint in this action. 15

11  U.S.C. § 78u-4(a)(3)(A) and (B), 15 U.S.C. § 77z-1(a)(3)(A) and (B).

12       Next, according to the PSLRA, within 90 days after publication of the initial

13  notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant

14  or movants that the Court determines to be most capable of adequately representing

15  the interests of Class Members. 15 U.S.C. § 78u-4(a)(3)(B)(i), 15 U.S.C. § 77z-

16  1(a)(3)(B)(i). In determining the "most adequate plaintiff," the act provides that:

17       [T]he court shall adopt a presumption that the most adequate plaintiff in any

18       private action arising under this title is the person or group of persons that—

19            (aa)   has either filed the complaint or made a motion in response to a

20       notice…

21            (bb)   in the determination of the court, has the largest financial interest

22       in the relief sought by the class; and

23            (cc)   otherwise satisfies the requirements of Rule 23 of the Federal

24       Rules of Civil Procedure [pertaining to class actions].

25  15 U.S.C. § 78u-4(a)(3)(B)(iii), 15 U.S.C. § 77z-1(a)(3)(B)(iii).

26       Only by a showing that a Lead Plaintiff will not fairly and adequately represent

27  the Class or is subject to unique defenses – that will render such plaintiff incapable of

28

1  adequately representing the Class – will this presumption be overcome. 15 U.S.C.

2  §78u-4(a)(3)(B)(iii)(II), 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).  Accordingly, this Court

3  should enter an Order appointing Mr. Rashtchi as Lead Plaintiff.

**B. Mr. Rashtchi Is "The Most Adequate Plaintiff"**

### 1. Mr. Rashtchi Has Complied With the PSLRA and Should Be Appointed Lead Plaintiff

Mr. Rashtchi moves this Court to be appointed Lead Plaintiff and has timely filed the instant motion within the 60-day period.  Accordingly, Mr. Rashtchi meets the requirement of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) and 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa) by timely filing his motion on January 5, 2010.

Moreover, Mr. Rashtchi has sustained a substantial loss from his investment in STEC stock and has shown his willingness to represent the Class by signing a Certification detailing his STEC transaction information during the Class Period. *See* Miller Decl. Exhibit A. As demonstrated by his Declaration, Mr. Rashtchi is prepared to consult with counsel on a regular basis, prior to every major litigation event, and to direct the course of litigation, with the benefit of counsel's advice. In addition, Mr. Rashtchi has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class. The firm biography of proposed Lead Counsel for the Class, KSF, is attached as Exhibit C to the Miller Declaration.

### 2. Mr. Rashtchi Has the Largest Financial Interest

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii) and 15 U.S.C. § 77z-1(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants who have the largest financial interest in the relief sought by the action. "So long as the plaintiff with the largest losses satisfies the adequacy requirements, he is entitled to lead plaintiff status..." *Ferrari v. Gisch*, 225 F.R.D. 599, 602 (C.D. Cal. 2004) (*citing In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002)). As demonstrated herein, Mr. Rashtchi (with losses of $1,914,484.32) has the largest known financial interest in the

relief sought by the Class. *See* Miller Decl. Exhibit A.

### 3. Mr. Rashtchi Satisfies the Requirements of Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B) and 15 U.S.C. § 77z-1(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. Pr. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. *Siegall v. Tibco Software, Inc.*, 2006 U.S. Dist. LEXIS 26780, *15 (N.D. Cal. February 24, 2006) ("In the context of determining the appropriate lead plaintiff, the requirements of 'typicality' and adequacy of representation are key factors."). Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *Schriver v. Impac. Mortg. Holdings, Inc.*, 2006 Dist. LEXIS 40607, *16 (C.D. Cal. May 1, 2006) ("At the lead plaintiff appointment stage, the Rule 23 inquiry is not as searching as it would be on a motion for class certification; the prospective lead plaintiff need only make a prima facie showing that it meets the typicality and adequacy factors."). As detailed below, Mr. Rashtchi satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead

1  Plaintiff, as Mr. Rashtchi has claims that are typical of those of other Class Members

2  and can adequately serve as Lead Plaintiff.

3  ### a) Mr. Rashtchi's Claims Are Typical of the Claims of All Class Members

4

5  Under Rule 23(a)(3), typicality exists where "the claims…of the representative

6  parties" are "typical of the claims…of the class." The typicality requirement of Rule

7  23(a)(3) is satisfied when the representative plaintiff's claims arise from the same

8  event or course of conduct that gives rise to claims of other Class Members, and when

9  the claims are based on the same legal theory. *See Crossen v. CV Therapeutics,* 2005

10 U.S. Dist. LEXIS 41396, *13 (N.D. Cal. August 9, 2005). The requirement that the

11 proposed class representative's claims be typical of the claims of the Class does not

12 mean, however, that the claims must be identical. *See Hanlon v. Chrysler Corp.*, 150

13 F.3d 1011, 1020 (9th Cir. 1988).

14 In this case, the typicality requirement is met because Mr. Rashtchi's claims are

15 identical, non-competing, and non-conflicting with the claims of the other Class

16 Members. Mr. Rashtchi and all of the Class Members purchased STEC securities

17 during the Class Period when the stock prices were artificially inflated as a result of

18 the Defendants' fraudulent misrepresentations and omissions, and thus, Mr. Rashtchi

19 and the Class Members suffered damages as a result of these purchases. Simply put,

20 Mr. Rashtchi, like all other Class Members: (1) purchased STEC stock during the

21 Class Period; (2) purchased STEC stock at artificially-inflated prices as a result of

22 Defendants' misrepresentations and omissions; and (3) suffered damages thereby. Mr.

23 Rashtchi's claims and injuries "arise from the same conduct from which the other

24 class members' claims and injuries arise[,]" *Crossen*, at *13, and Mr. Rashtchi is not

25 subject to any unique or special defenses. Thus, Mr. Rashtchi meets the typicality

26 requirement of Rule 23 because his claims are the same as the claims of the other

27 Class Members.

### b) Mr. Rashtchi Will Adequately Represent the Class

28

1    Under Rule 23(a)(4), the representative party must "fairly and adequately
2    protect the interests of the class." The PSLRA directs the Court to limit its inquiry
3    regarding the adequacy of the movant to: (1) whether there are any conflicts between
4    the interests of the movant and the members of the Class; (2) whether the movant is an
5    adequate representative of the Class; (3) whether the interests of the movant are
6    clearly aligned with the members of the putative Class; and (4) whether there is
7    evidence of any antagonism between their respective interests. 15 U.S.C. § 78u-
8    4(a)(3)(B), 15 U.S.C. § 77z-1(a)(3)(B). *See also Miller v. Ventro Corp.*, 2001 U.S.
9    Dist. LEXIS 26027, *44 (N.D. Cal. November 28, 2001) (*citing Takeda v. Turbodyne*
10   *Techs.*, 67 F.Supp. 2d 1129, 1132 (C.D. Cal. 1999)).

11   Mr. Rashtchi's interests are clearly aligned with the members of the Class
12   because their claims are identical. There is no evidence of antagonism between his
13   interests and those of the proposed Class Members. Furthermore, Mr. Rashtchi has a
14   significant, compelling interest in prosecuting this action to a successful conclusion
15   based upon the very large financial loss he incurred as a result of the wrongful
16   conduct alleged in this Action. This motivation, combined with Mr. Rashtchi's
17   identical interest with the members of the Class, clearly shows that he will adequately
18   and vigorously pursue the interests of the Class. In addition, Mr. Rashtchi has selected
19   a law firm that is highly experienced in successfully prosecuting securities class
20   actions and complex litigation as Proposed Lead Counsel.

21   In sum, because of Mr. Rashtchi's common interests with the Class Members,
22   his clear motivation and ability to vigorously pursue this action, and his competent
23   counsel, the adequacy requirement of Fed. R. Civ. P. Rule 23(a) is met. Therefore,
24   since Mr. Rashtchi not only meets both the typicality and adequacy requirements of
25   Fed. R. Civ. P. Rule 23(a) and has sustained the largest amount of losses at the hands
26   of the Defendants, he is, in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) and 15
27   U.S.C. § 77z-1(a)(3)(B)(iii)(I), presumptively the most adequate plaintiff to lead this

28

1  action.

2  **III.    The Court Should Approve Mr. Rashtchi's Choice of Lead Counsel**

3       The PSLRA vests authority in the Lead Plaintiff to select and retain counsel to

4  represent the Class, subject to the Court's approval. *See* 15 U.S.C. § 78u-

5  4(a)(3)(B)(v), 15 U.S.C. § 77z-1(a)(3)(B)(v). Thus, this Court should not disturb the

6  Lead Plaintiff's choice of counsel unless necessary to "protect the interests of the

7  class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa), 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

8       Mr. Rashtchi has selected KSF to serve as Lead Counsel for the Class. KSF has

9  successfully prosecuted complex securities fraud actions and has successfully

10  prosecuted many other types of complex class actions. *See* Miller Decl. Exhibit C.

11  This Court may be assured that in the event this motion is granted, the members of the

12  Class will receive the highest caliber of legal representation.

13                              **<u>CONCLUSION</u>**

14       For the foregoing reasons, Mr. Rashtchi respectfully requests that this Court: (1)

15  consolidate all related actions and all future related actions; (2) appoint Mr. Rashtchi

16  to serve as Lead Plaintiff in this action; (3) approve Mr. Rashtchi's selection of Lead

17  Counsel and Liaison Counsel for the Class; and (4) grant such other and further relief

18  as the Court may deem just and proper.

19  DATED: January 5, 2010          KAHN SWICK & FOTI, LLC

20
                                    ____/s/ Kim E. Miller____
21                                  Kim E. Miller (SBN 178370)
22                                  500 5th Ave., Suite 1810
                                    New York, NY 10110
23                                  Telephone: (212) 696-3730
                                    Facsimile: (504) 455-1498
24                                  E-mail: kim.miller@ksfcounsel.com
25
                                    Lewis S. Kahn
26                                  KAHN SWICK & FOTI, LLC
27                                  650 Poydras Street, Ste. 2150

28
NOTICE OF MOTION AND MOTION OF ARMAN RASHTCHI TO CONSOLIDATE
RELATED ACTIONS; TO BE APPOINTED LEAD PLAINTIFF; AND TO APPROVE        11
PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL; AND MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT

New Orleans, LA  70130
Telephone:  (504) 455-1400
Facsimile:  (504) 455-1498
E-mail: lewis.kahn@ksfcounsel.com

*Counsel for Arman Rashtchi and Proposed
Lead Counsel for the Class*

- and -

William J. Doyle II (SBN 188069)
John Lowther (SBN 207000)
DOYLE LOWTHER LLP
9466 Black Mountain Road, Suite 210
San Diego, California 92126
Telephone:  (619) 573-1700
Facsimile:  (619) 573-1701
Email:  bill@doylelowther.com
Email:  john@doylelowther.com

*Counsel for Arman Rashtchi and Proposed
Liaison Counsel for the Class*

NOTICE OF MOTION AND MOTION OF ARMAN RASHTCHI TO CONSOLIDATE
RELATED ACTIONS; TO BE APPOINTED LEAD PLAINTIFF; AND TO APPROVE
PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL; AND MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT

12

## CERTIFICATE OF SERVICE

I hereby certify that this Motion was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on January 5, 2010.

_____/s/ Kim E. Miller_____
Kim E. Miller (SBN 178370)
500 5th Ave., Suite 1810
New York, NY 10110
Telephone: (212) 696-3730
Facsimile: (504) 455-1498
E-mail: kim.miller@ksfcounsel.com