BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP
BLAIR A. NICHOLAS (Bar No. 178428)
(blairn@blbglaw.com)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:   (858) 793-0323
        -and-
GERALD SILK
(jerry@blbglaw.com)
AVI JOSEFSON
(avi@blbglaw.com)
1285 Avenue of the Americas, 38th Floor
New York, NY 10019
Tel:   (212) 554-1400
Fax:   (212) 554-1444

*Attorneys for Proposed Lead Plaintiff
Keith A. Ovitt and Proposed Lead Counsel for the Class*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| FRED JEAN, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>  v.<br><br>STEC, INC., MANOUCH MOSHAYEDI and MARK MOSHAYEDI,<br><br>                Defendants. | Case No. 09-CV-1304 JVS (MLGx)<br><br><u>CLASS ACTION</u><br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION BY KEITH A. OVITT FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL, AND CONSOLIDATION OF ALL RELATED ACTIONS**<br><br>Date:        February 8, 2010<br>Time:       1:30 p.m.<br>Courtroom: 10C<br>Judge:      Hon. James V. Selna |

(caption continued on subsequent page)

| | | |
|---|---|---|
| 1 | HADI SAKHAI, Individually and on Behalf of All Others Similarly Situated, | Case No. 09-CV-1306 JVS (MLGx) |
| 2 | | |
| 3 | Plaintiff, | |
| 4 | | |
| 5 | v. | |
| 6 | STEC, INC., MANOUCH MOSHAYEDI, MARK MOSHAYEDI, RAYMOND D. COOK, J.P. MORGAN SECURITIES INC., DEUTSCHE BANK SECURITIES INC., BARCLAYS CAPITAL INC., and OPPENHEIMER & CO. INC., | |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | Defendants. | |
| 12 | FRED GREENWALD, Individually and on Behalf of All Others Similarly Situated, | Case No. 09-CV-1315 JVS (MLGx) |
| 13 | | |
| 14 | | |
| 15 | Plaintiff, | |
| 16 | v. | |
| 17 | STEC, INC., MANOUCH MOSHAYEDI, and MARK (MERHDAD) MOSHAYEDI, | |
| 18 | | |
| 19 | Defendants. | |
| 20 | DANIEL MUNTER, Individually and on Behalf of All Others Similarly Situated, | Case No. 09-CV-1320 JVS (MLGx) |
| 21 | | |
| 22 | | |
| 23 | Plaintiff, | |
| 24 | v. | |
| 25 | STEC, INC., MANOUCH MOSHAYEDI, MARK MOSHAYEDI and RAYMOND D. COOK, | |
| 26 | | |
| 27 | | |
| 28 | Defendants. | |

| | |
|---|---|
| MARCEL WEINBERGER, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>STEC, INC., MANOUCH MOSHAYEDI, MARK MOSHAYEDI and RAYMOND D. COOK,<br><br>                    Defendants. | Case No. 09-CV-1460 JVS (MLGx) |
| JONATHAN FISCHER, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>STEC, INC., MANOUCH MOSHAYEDI, MARK MOSHAYEDI and RAYMOND D. COOK,<br><br>                    Defendants. | Case No. 09-CV-8536 JVS (MLGx) |

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................ ii

I.    PRELIMINARY STATEMENT ................................................................. 1

II.   FACTUAL AND PROCEDURAL BACKGROUND ........................................................................................ 2

III.  ARGUMENT ............................................................................................... 4

    A.    Keith A. Ovitt Should Be Appointed Lead Plaintiff ........................................................................................ 4

        1.    Mr. Ovitt Believes That He Has The Largest Financial Interest In The Relief Sought By The Class .............................................................. 5

        2.    Mr. Ovitt Otherwise Satisfies The Requirements Of Rule 23 ............................................................. 5

    B.    The Court Should Approve Mr. Ovitt's Selection Of Bernstein Litowitz As Lead Counsel ............................................................................... 7

    C.    The Court Should Consolidate The Related Actions ................................................................................ 8

IV.  CONCLUSION .......................................................................................... 10

# TABLE OF AUTHORITIES

**CASES**                                                        **Page(s)**

*Armour v. Network Assoc., Inc.*,
   171 F. Supp. 2d 1044 (N.D. Cal. 2001) ............................................................. 5

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ......................................................................... 4, 5

*Cunha v. Hansen Natural Corp.*,
   2009 WL 2029797 (C.D. Cal. July 13, 2009) ................................................... 4

*Eichenholtz v. Verifone Holdings, Inc.*,
   2008 WL 2095767 (N.D. Cal. May 14, 2008) .................................................. 9

*In re Equity Funding Corp. of Am. Sec. Litig.*,
   416 F. Supp. 161 (C.D. Cal. 1976) .................................................................... 9

*Erikson v. Cornerstone Propane Partners LP*,
   2003 WL 22232387 (N.D. Cal. Sept. 15, 2003) ................................................ 5

*Ferrari v. Gisch*,
   225 F.R.D. 599 (C.D. Cal. 2004) ...................................................................... 5

*Fischler v. AmSouth Bancorp.*,
   1997 WL 118429 (M.D. Fla. Feb. 6, 1997) ...................................................... 5

*Miller v. Ventro Corp.*,
   2001 WL 34497752 (N.D. Cal. Nov. 28, 2001) ................................................ 9

*Mohanty v. BigBand Networks, Inc.*,
   2008 WL 426250 (N.D. Cal. Feb. 14, 2008) .................................................... 9

*Richardson v. TVIA, Inc.*,
   2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) .................................................. 9

*Ruland v. InfoSonics Corp.*,
   2006 WL 3746716 (S.D. Cal. Oct. 23, 2006) ................................................... 6

*Tanne v. Autobytel, Inc.*,
   226 F.R.D. 659 (C.D. Cal. 2005) ......................................................... 4, 5, 6, 7

**STATUTES, RULES & REGULATIONS**

15 U.S.C. § 77z-1 ........................................................................................ 1, 4, 7, 9

15 U.S.C. § 78u-4 ..................................................................................................1, 4, 7, 9

Federal Rules of Civil Procedure

    Rule 23 ..............................................................................................................2, 4, 5, 6

    Rule 42 ..............................................................................................................1, 2, 8, 9

1  Keith A. Ovitt respectfully submits this memorandum of law in support of
2  his motion for: (i) appointment as Lead Plaintiff pursuant to Section 27(a)(3)(B) of
3  the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B) and
4  Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"),
5  15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation
6  Reform Act of 1995 ("PSLRA"); (ii) approval of his selection of Bernstein
7  Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") as Lead Counsel for the
8  Class; and (iii) consolidation of all related securities class actions pursuant to Rule
9  42(a) of the Federal Rules of Civil Procedure.

## I.   PRELIMINARY STATEMENT

These class action lawsuits arise from violations of the federal securities laws by STEC, Inc. ("STEC" or the "Company"), certain of its officers and directors and the underwriters of the Company's August 6, 2009 stock offering (the "Offering") (collectively, "Defendants"). During the period from June 16, 2009 through November 3, 2009, inclusive ("Class Period"), Defendants disseminated materially false and misleading information to investors related to the Company's business and operations, specifically relating to the sales of and demand for STEC's solid-state hard drive ("SSD") and the ZeusIOPS SSD ("Zeus"), in particular. Defendants' misstatements and omissions during the Class Period artificially inflated the price of STEC's publicly traded securities and enabled the Defendants to complete the Offering. When the true facts about Zeus and the Company's SSD business were revealed, the price of those securities plummeted, causing substantial damage to the Class.

Mr. Ovitt purchased STEC stock on the open market during the Class Period and on the Offering. By virtue of his substantial investment in STEC during the Class Period and the loss of approximately $1.7 million he suffered as a result of Defendants' misconduct, Mr. Ovitt believes that he has the largest financial interest

in the relief sought in these actions.[1]  Mr. Ovitt is, therefore, presumptively the "most adequate plaintiff" as defined by the PSLRA and should be appointed Lead Plaintiff for these actions.

Mr. Ovitt satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as an adequate class representative with claims typical of the other Class members.  Indeed, because he purchased STEC stock on the Offering and on the open market during the Class Period, Mr. Ovitt has standing to assert all the claims that have been pleaded in these cases, under both the Securities Act and the Exchange Act, and he is therefore able to represent the interests of the entire Class. Mr. Ovitt fully understands the Court-appointed Lead Plaintiff's duties and responsibilities to the Class under the PSLRA, and is willing and able to undertake the responsibility and work entailed in being Lead Plaintiff to ensure the vigorous prosecution of this action.  Mr. Ovitt is, moreover, a sophisticated investor and is fully capable of supervising counsel in complex securities litigation.  Accordingly, Mr. Ovitt respectfully submits that he should be appointed Lead Plaintiff.

Mr. Ovitt also moves to consolidate all related actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure as each action involves common questions of law or fact relating to Defendants' untrue statements about STEC's business and operations and, in particular, Zeus and SSD, during the Class Period.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

STEC, based in Santa Ana, California, designs and manufactures computer memory solutions, including SSDs.  The Company's products are sold to manufacturers, known as original equipment manufacturers or "OEMs," which

---

[1] A copy of Mr. Ovitt's Certification is attached as Exhibit A to the Declaration of Blair A. Nicholas ("Nicholas Decl."). This Certification sets forth Mr. Ovitt's transactions in STEC securities during the Class Period. In addition, a chart setting forth Mr. Ovitt's losses in STEC securities is attached as Exhibit B to the Nicholas Decl.

incorporate STEC components into products sold to end users. STEC specializes in SSDs, which are faster and use less power than traditional hard drives. During the Class Period, STEC and its senior officers, Defendants Manouch Moshayedi, the Company's founder and Chief Executive Officer, Mark Moshayedi, the Company's Chief Operating Officer, and Raymond D. Cook, the Company's Chief Financial Officer, misled investors about the prospects for STEC's SSD products, and Zeus in particular.

Specifically, these defendants represented that the Company's SSD products, including Zeus, were quickly being adopted by end-users and that those STEC products did not face competition. Those misrepresentations propelled the price of STEC stock above $41 per share during the Class Period, and allowed the Defendants to conduct the Offering on August 6, 2009. On the Offering, defendants Manouch and Mark Moshayedi sold 9 million shares of STEC stock at $31 per share, pursuant to a registration statement and prospectus that contained those same untrue statements about the Company's business and operations.

On November 3, 2009, the Company revealed the truth about the demand for Zeus, when it disclosed that the largest customer for that product – EMC – held so much inventory that STEC would be unable to meet expectations. This disclosure shocked investors, and caused the price of STEC stock to fall over 30% to close near $14 per share on November 4, 2009.

On November 6, 2009, two class action complaints were filed in this District on behalf of STEC investors. The first filed action, *Jean v. STEC, Inc.*, No. 09 Civ. 1304, asserts claims under the Exchange Act against STEC, Manouch Moshayedi and Mark Moshayedi, on behalf of investors who purchased STEC securities during the period from August 3, 2009 through November 3, 2009. The second filed action, *Sakhai v. STEC, Inc.*, No. 09 Civ. 1306, also asserts claims under the Exchange Act against STEC, Manouch Moshayedi, Mark Moshayedi as well as Raymond D. Cook, but expanded the proposed class period to begin on

June 16, 2009. In addition, the *Sakhai* complaint asserts claims under the Securities Act against those defendants as well as the underwriters of the Offering: J.P. Morgan Securities Inc., Deutsche Bank Securities Inc., Barclays Capital Inc. and Oppenheimer & Co. Inc. Subsequently, four additional complaints were filed in this District asserting substantially similar claims under the Exchange Act. On November 6, 2009, a notice was published alerting the Class to the pendency of the *Jean* case and the January 5, 2010 deadline to seek appointment as Lead Plaintiff. On November 9, 2009, a second notice was published alerting the Class to the pendency of the *Sakhai* case, the longer class period for Exchange Act claims asserted therein, and the fact that claims had been asserted under the Securities Act on behalf of investors who purchased on the Offering. Consistent with the requirements of the PSLRA, Mr. Ovitt has timely filed this motion for appointment as Lead Plaintiff within 60 days from the publication of the first notice of pendency.

### III. ARGUMENT

#### A. Keith A. Ovitt Should Be Appointed Lead Plaintiff

Mr. Ovitt respectfully submits that he should be appointed Lead Plaintiff because he is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 77z-1(a)(3)(B)(i), 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002); *Cunha v. Hansen Natural Corp.*, No. 08 Civ. 01249, 2009 WL 2029797, at *1 (C.D. Cal. July 13, 2009); *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659 (C.D. Cal. 2005).

### 1. Mr. Ovitt Believes That He Has The Largest Financial Interest In The Relief Sought By The Class

Mr. Ovitt is presumptively the most adequate plaintiff for the reasons set forth below and because he believes that he has the largest financial interest in the relief sought by the Class. As a result of the Company's corrective disclosures and the consequential stock price decline, Mr. Ovitt suffered approximately $1.7 million in losses. *See Autobytel*, 226 F.R.D. at 666 (comparing losses of competing lead plaintiff movants). Given the magnitude of his losses, Mr. Ovitt believes that he has the largest financial interest of any proposed Lead Plaintiff.

### 2. Mr. Ovitt Otherwise Satisfies The Requirements Of Rule 23

Mr. Ovitt should be appointed Lead Plaintiff because he also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. On a motion to serve as Lead Plaintiff, the movant need only make "a preliminary showing of typicality and adequacy." *Ferrari v. Gisch*, 225 F.R.D. 599, 606 (C.D. Cal. 2004) (citing *Erikson v. Cornerstone Propane Partners LP*, No. 03-2522, 2003 WL 22232387, at *3 (N.D. Cal. Sept. 15, 2003); *see also Cavanaugh*, 306 F.3d at 730; *Autobytel*, 226 F.R.D. at 666 ("'A wide ranging analysis is not appropriate' to determine whether [the movant] has made a prima facie showing that he satisfies the requirements of Rule 23, and 'should be left for consideration on a motion for class certification.'"), quoting *Fischler v. AmSouth Bancorp.*, No. 96 civ. 1567, 1997 WL 118429, at *2 (M.D. Fla. Feb. 6, 1997). Mr. Ovitt satisfies both requirements in this case.

Mr. Ovitt's claims are typical of the claims of other Class members. The typicality requirement is satisfied when the proposed Lead Plaintiff has (i) suffered the same injuries as class members; (ii) as a result of the same course of conduct; and (iii) its claims are based on the same legal issues. *See Armour v. Network Assoc., Inc.*, 171 F. Supp. 2d 1044, 1050 (N.D. Cal. 2001). Mr. Ovitt's claims and

injuries in this action arise from the very same course of misconduct by Defendants as those of the other Class members – *i.e.*, the artificial inflation caused by Defendants' false and misleading statements and consequent market correction of the price of STEC's publicly traded securities in response to the corrective disclosures. *See Autobytel*, 226 F.R.D. at 667. Significantly, because Mr. Ovitt purchased STEC stock on the Offering as well as on the open market during the Class Period, he is typical of *all* members of the Class and can therefore represent the entire Class.

Mr. Ovitt likewise satisfies the adequacy requirement of Rule 23. "Representation is 'adequate' when the representative's interests are not antagonistic to the interests of absent class members, it is unlikely that the action is collusive, and counsel for the class is qualified and competent." *Ruland v. InfoSonics*, No. 06-cv-1231, 2006 WL 3746716, at *6 (S.D. Cal. Oct. 23, 2006). Mr. Ovitt is adequate to represent the Class because his interests are perfectly aligned with those of the other Class members and are not antagonistic in any way. *See Autobytel*, 226 F.R.D. at 667. As an investor who purchased STEC stock at artificially inflated prices and who suffered substantial losses upon the Company's corrective disclosures, Mr. Ovitt has an identity of interest with his fellow Class members. There are no facts suggesting that any actual or potential conflict of interest or other antagonism exists between Mr. Ovitt and other Class members.

Mr. Ovitt also has a significant interest in the outcome of the case to ensure vigorous advocacy. *See, e.g., Ruland*, 2006 WL 3746716, at *6 (finding adequate a proposed Lead Plaintiff that "has [adequate] incentive to prosecute this action vigorously and states that he is willing to serve as a representative on behalf of the class"). As set forth above, Mr. Ovitt suffered substantial losses on his investment in STEC sufficient to ensure a commitment to the vigorous prosecution of this lawsuit. Mr. Ovitt has submitted a Certification affirming his understanding of the duties owed to Class members through his commitment to oversee the prosecution

of this Class action. *See* Nicholas Decl., Exhibit A. Through that Certification, Mr. Ovitt accepts the fiduciary obligations he will assume if appointed Lead Plaintiff in this action. *See Autobytel*, 226 F.R.D. at 668.

### B. The Court Should Approve Mr. Ovitt's Selection Of Bernstein Litowitz As Lead Counsel

The Court should approve Mr. Ovitt's choice of the law firm of Bernstein Litowitz to serve as Lead Counsel. Pursuant to Section 27(a)(3)(B)(v) of the Securities Act, 15 U.S.C. § 77z-1(a)(3)(B)(v), and Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff is to select and retain lead counsel to represent the Class, subject to Court approval. Mr. Ovitt has selected and retained the law firm of Bernstein Litowitz.

Bernstein Litowitz is among the preeminent securities class action law firms in the country, having been appointed sole or co-lead counsel in numerous complex securities class actions in this District and around the country. *See, e.g.*, Bernstein Litowitz's Firm Biography attached as Exhibit D to the Nicholas Decl. Bernstein Litowitz served as co-lead counsel in *In re WorldCom, Inc. Securities Litigation* (S.D.N.Y.), in which settlements totaling in excess of $6 billion – one of the largest recoveries in securities class action history – were obtained for the class. Bernstein Litowitz also served as co-lead counsel in *In re McKesson HBOC, Inc. Securities Litigation* (N.D. Cal.), in which Bernstein Litowitz helped obtain a $960 million settlement from the issuer defendant – the single largest settlement of any securities class action within the courts of the Ninth Circuit – and an additional $72 million from the defendant auditor and $10 million from the investment banking defendant. Bernstein Litowitz is currently serving as lead counsel in the *New Century* securities class action and, since the enactment of the PSLRA, Bernstein Litowitz has served as lead or co-lead counsel in numerous other successful securities class actions in federal district courts within the Ninth Circuit, including *In re International Rectifier Corp. Securities Litigation* (C.D. Cal.); *In re*

*Gemstar-TV Guide Int'l Securities Litigation* (C.D. Cal.), *In re Legato Systems Inc. Securities Litigation* (N.D. Cal.), and *In re Network Assoc. Securities Litigation* (N.D. Cal.). Other recent cases in which Bernstein Litowitz has been recognized as an appropriate lead or co-lead counsel since the passage of the PSLRA include, for example, *In re Bank of America Securities Litigation* (S.D.N.Y.) and *In re Refco, Inc. Securities Litigation* (S.D.N.Y.). Accordingly, the Court should approve Mr. Ovitt's selection of Bernstein Litowitz as Lead Counsel for the Class.

### C. The Court Should Consolidate The Related Actions

Six related actions are presently pending before this Court. The related actions involve claims on behalf of Class members who purchased STEC securities on the open market during the Class Period, or on the Offering. All of the related actions assert essentially the same claims brought on behalf of purchasers of STEC securities for alleged violations of Sections 10(b) and 20(a) of the Exchange Act and Sections 11, 12(a)(2) and 15 of the Securities Act. All of the related actions name essentially the same defendants and allege substantially identical factual and legal issues. Specifically, the pending actions are:

| CASE | NUMBER | DATE FILED |
|---|---|---|
| *Jean v. STEC, Inc. et al.* | 09-cv-01304 | 11/6/2009 |
| *Sakhai v. STEC, Inc. et al.* | 09-cv-01306 | 11/6/2009 |
| *Greenwald v. STEC, Inc. et al.* | 09-cv-01315 | 11/9/2009 |
| *Munter v. STEC, Inc. et al.* | 09-cv-01320 | 11/10/2009 |
| *Weinberger v. STEC, Inc. et al.* | 09-cv-08536 | 11/19/2009 |
| *Fischer v. STEC, Inc. et al.* | 09-cv-01460 | 12/11/2009 |

Rule 42 of the Federal Rules of Civil Procedure provides that "if actions pending before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). The PSLRA requires that the question of consolidation be decided prior to the determination of the

1 appointment of Lead Plaintiff. *See*, *e.g.*, *Mohanty v. BigBand Networks, Inc.*, No.
2 07-5101, 2008 WL 426250, at *2 (N.D. Cal. Feb. 14, 2008). Under the PSLRA:

>  If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [of appointment of lead plaintiff under §21D(a)(3)(B)] until after the decision on the motion to consolidate is rendered.

15 U.S.C. § 77z-1(a)(3)(B)(ii) and 15 U.S.C. § 78u-4(a)(3)(B)(ii).

Consolidation pursuant to Rule 42 is proper and routinely granted in actions such as this, where there are common questions of law and fact. *See*, *e.g.*, *Eichenholtz v. Verifone Holdings, Inc.*, No. 07-6140, 2008 WL 2095767, at *2 (N.D. Cal. May 14, 2008); *Mohanty*, 2008 WL 426250, at *2; *Richardson v. TVIA, Inc.*, No. 06-6304, 2007 WL 1129344, at *2 (N.D. Cal. Apr. 16, 2007). Courts have recognized that class action shareholder suits are particularly suited to consolidation pursuant to Rule 42 because their unification expedites pretrial proceedings, reduces case duplication, avoids the harassment of parties and witnesses from inquiries in multiple proceedings, and minimizes the expenditure of time and money by all persons concerned. *See*, *e.g.*, *Miller v. Ventro Corp.*, No. 01-1287, 2001 WL 34497752, at *2 (N.D. Cal. Nov. 28, 2001); *In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976). Consolidating multi-shareholder class action suits not only simplifies pretrial and discovery motions, class action issues, and clerical and administrative management duties, but also reduces the confusion that may result from prosecuting related class actions separately. *Id*.

Accordingly, the Court should enter an Order that consolidates the related cases and all future related cases with the instant action.

## IV. CONCLUSION

For all of the foregoing reasons, Mr. Ovitt respectfully requests that the Court: (i) appoint Mr. Ovitt as Lead Plaintiff pursuant to the PSLRA; (ii) approve his selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel for the Class; (iii) consolidate all related actions; and (iv) grant such other and further relief as the Court may deem just and proper.

Dated: January 5, 2010

Respectfully submitted,

BERNSTEIN LITOWITZ BERGER
 & GROSSMANN LLP

*/s/ Blair A. Nicholas*
BLAIR A. NICHOLAS

BLAIR A. NICHOLAS
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:  (858) 793-0323
   -and-
GERALD SILK
AVI JOSEFSON
1285 Avenue of the Americas, 38th Floor
New York, NY 10019
Tel:   (212) 554-1400
Fax:  (212) 554-1444

*Attorneys for Proposed Lead Plaintiff Keith A. Ovitt and Proposed Lead Counsel to the Class*