COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DARREN J. ROBBINS (168593)
HENRY ROSEN (156963)
TRICIA L. McCORMICK (199239)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@csgrr.com
henryr@csgrr.com
triciam@csgrr.com

[Proposed] Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| FRED JEAN, Individually and on Behalf of All Others Similarly Situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> STEC, INC., et al., ) <br> ) <br> Defendants. ) <br> _____ ) | No. SACV-09-01304-JVS(MLGx) <br><br> <u>CLASS ACTION</u> <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE PENSION FUND GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL <br><br> DATE:     February 8, 2010 <br> TIME:     1:30 p.m. <br> COURTROOM:  10C |

# TABLE OF CONTENTS

Page

I. PRELIMINARY STATEMENT ................................................................ 1

II. STATEMENT OF FACTS .......................................................................... 2

III. ARGUMENT ............................................................................................... 3

    A. The Pension Fund Group Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff ....................................................... 3

        1. The PSLRA's Lead Plaintiff Provisions ..................................... 3

        2. The Pension Fund Group Satisfies the "Lead Plaintiff" Requirements of the PSLRA ....................................................... 4

            a. The Pension Fund Group's Motion Is Timely ................. 4

            b. The Pension Fund Group Has the Largest Financial Interest in the Relief Sought by the Class ........ 5

            c. The Pension Fund Group Satisfies Rule 23 ..................... 5

    B. The Court Should Approve the Pension Fund Group's Selection of Counsel ............................................................................................ 7

IV. CONCLUSION ........................................................................................... 9

## I. PRELIMINARY STATEMENT

Presently pending before the Court are six securities class actions (the "Related Actions") brought on behalf of all those who purchased or otherwise acquired the common stock of STEC, Inc. ("STEC" or the "Company") between June 16, 2009 and November 3, 2009 (the "Class Period"). The six Related Actions are as follows:

| CASE NAME | CASE NUMBER | DATE FILED |
|---|---|---|
| *Jean v. STEC, Inc., et al.* | 09-01304 JVS (MLGx) | November 6, 2009 |
| *Sakhai v. STEC, Inc., et al.* | 09-01306 JVS (MLGx) | November 6, 2009 |
| *Greenwald v. STEC, Inc., et al.* | 09-01315 JVS (MLGx) | November 9, 2009 |
| *Munter v. STEC, Inc., et al.* | 09-01320 JVS (MLGx) | November 10, 2009 |
| *Fischer v. STEC, Inc., et al.* | 09-08536 JVS (MLGx) | November 19, 2009 |
| *Weinberger v. STEC, Inc., et al.* | 09-01460 JVS (MLGx) | December 11, 2009 |

The Related Actions allege violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78(j)(b) and 78(t)(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5). In addition, the *Sakhai* action also alleges violations of §§11 and 15 of the Securities Act of 1933 ("Securities Act"). Pursuant to the PSLRA, the Court must decide whether to consolidate the Related Actions prior to selecting a plaintiff to lead this litigation on behalf of the putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).[1] Building Trades United Pension Pension Trust Fund and Electrical Workers Pension Fund, Local 103 I.B.E.W. (together the "Pension Fund Group") understands that the parties have negotiated a stipulation which, subject to the Court's approval, consolidates the Related Actions.

---

[1] The PSLRA's lead plaintiff provisions in the Exchange and Securities Act are virtually identical. *Compare* 15 U.S.C. §77z-1(a)(3)(B) *with* 15 U.S.C. §78u-4(a)(3)(B). For consistency, only the Exchange Act provisions are cited herein.

The Pension Fund Group now submits this memorandum of law in support of the Pension Fund Group's motion for an order: (i) appointing the Pension Fund Group as Lead Plaintiff; and (ii) approving the Pension Fund Group's selection of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") as Lead Counsel for the class. 15 U.S.C. §78u-4(a)(3)(B).[2]

This Motion is made on the grounds that the Pension Fund Group is the "most adequate plaintiff" as defined by the PSLRA. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). The Pension Fund Group suffered losses exceeding $336,000.00 during the Class Period and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See id.* at 729; Robbins Decl., Ex. C.[3] Finally, the Pension Fund Group has selected counsel with the experience necessary to vigorously and efficiently prosecute this litigation on behalf of the class. *See* Robbins Decl., Ex. D.

## II.  STATEMENT OF FACTS[4]

The complaint alleges that during the Class Period, defendants issued materially false and misleading statements regarding STEC's customers, its competitive position and its prospects. STEC once had the solid-state drive market to itself. However, the Company specifically failed to disclose looming threats of competition from other high technology companies, such that STEC would not be the only company to gain design wins. Defendants assured investors that STEC had no competition at that

---

[2] Local Rule 7-3 requires a conference of counsel previous to filing motions. The Pension Fund Group, however, does not know if any other class member plans to move for appointment as lead plaintiff. Therefore, the Pension Fund Group respectfully requests that the conferral requirement of Local Rule 7-3 be waived.

[3] References to the "Robbins Decl." are to the exhibits attached to the accompanying Declaration of Darren J. Robbins in Support of the Pension Fund Group's Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel, submitted concurrently herewith.

[4] The Statement of Facts is derived from the allegations in the *Munter* action, filed November 10, 2009.

stage. As a result of defendants' false and misleading statements, STEC stock traded at artificially inflated prices during the Class Period, reaching a high of $41.84 per share on September 10, 2009. This inflated stock price permitted the top STEC officers to sell 9 million shares of their STEC stock in a secondary stock offering in August 2009.

On September 17, 2009, WedBush Morgan published an analyst report on STEC stating that one of STEC's customers was in final qualification stages with one of STEC's competitors and that the Company's competitors would be gaining design wins much earlier than previously expected. As a result of this report, STEC's stock fell $6.37 per share to close at $31.53 per share on September 17, 2009 – a one-day decline of over 16%, on volume of more than 21.2 million shares.

Then, on November 3, 2009, after the market closed, STEC reported its third quarter 2009 financial results and its fourth quarter 2009 outlook, announcing that one of its customers would carry 2009 inventory into 2010, impacting the Company's first quarter 2010. On this news, STEC's stock fell $9.01 per share to close at $14.14 per share on November 4, 2009, a one-day decline of over 38%, on volume of more than 31.9 million shares.

### III. ARGUMENT

#### A. The Pension Fund Group Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

##### 1. The PSLRA's Lead Plaintiff Provisions

The PSLRA governs the appointment of a lead plaintiff in "each private action arising under [the Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§78u-4(a)(1) and (a)(3)(B)(i). First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Here, the first notice regarding the pendency of this action was published on *Business Wire*, a national,

business-oriented newswire service, on November 6, 2009.[5] *See* Robbins Decl., Ex. A. Within 60 days after publication of the notice, any person who is a member of the proposed class may seek to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
>  (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
>  (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
>  (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

### 2. The Pension Fund Group Satisfies the "Lead Plaintiff" Requirements of the PSLRA

#### a. The Pension Fund Group's Motion Is Timely

The Pension Fund Group has timely filed its motion, within 60 days of the November 6, 2009, publication of notice, and both members of the Pension Fund

---

[5] *Business Wire* is "a national, business oriented newswire service, as required by 15 U.S.C. §78u-4(a)(3)(A)(i)." *Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 314 (S.D.N.Y. 2005).

Group have signed and filed certifications evidencing, among other things, their willingness to serve as a representative party on behalf of the class. *See* Robbins Decl., Ex. A. In addition, the Pension Fund Group has submitted herewith a Joint Declaration which sets forth how the members of the group conferred prior to filing this motion, why they joined together as a group and how they intend to jointly oversee the case going forward. *See id*, Ex. C. Accordingly, the Pension Fund Group has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have its application for appointment as lead plaintiff considered by the Court.

### b. The Pension Fund Group Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, the Pension Fund Group purchased 18,398 shares of STEC common stock and suffered losses exceeding $336,000 in connection therewith. *See* Robbins Decl., Ex. D. To the Pension Fund Group's knowledge, this represents the largest financial interest in the relief sought by the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

### c. The Pension Fund Group Satisfies Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

*Id.*

While the PSLRA dictates that a lead plaintiff meet the requirements of Rule 23(a), "[a]t this stage of the litigation, 'nothing more than a preliminary showing is required' with respect to typicality and adequacy." *Apple v. LJ Int'l, Inc.*, No. CV 07-6076-GAF(JWJx) 2008 U.S. Dist. LEXIS 12618, at *16 (C.D. Cal. Feb. 8, 2008) (citation omitted). Consequently, in deciding a motion to serve as lead plaintiff, the court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Cavanaugh*, 306 F.3d at 730.

Rule 23(a)(3) requires that the claims or defenses of the representative parties are typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same event or course of conduct and are based on the same legal theories as the claims of all the class members. *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1136-37 (C.D. Cal. 1999). The questions of law and fact common to the members of the class which predominate over questions which may affect individual class members include, among others, the following:

- Whether defendants violated the Exchange and Securities Acts;

- Whether defendants omitted and/or misrepresented material facts;

- Whether defendants' statements omitted material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading; and

- Whether defendants knew or recklessly disregarded that their statements were false and misleading.

There is a well-defined community of interest in the questions of law and fact involved in this case, of which the Pension Fund Group is a part. The Pension Fund Group, in concert with the other members of the class, alleges that defendants violated the securities laws by publicly disseminating materially false and misleading statements, as well as statements which omitted material facts, about STEC during the Class Period. As a result of defendants' fraudulent representations and omissions, the

Pension Fund Group, as well as all other members of the class, purchased STEC common stock at artificially inflated prices and were damaged thereby. Because the claims asserted by the Pension Fund Group are premised on the same legal and remedial theories and are based on the same types of misrepresentations and omissions as the class's claims, typicality is satisfied. *See* 7 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* §22.24, at 107-08 (4th ed. 2002) ("The majority of class action decisions support the view that when it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is met.").

Under Rule 23(a)(4), a representative party must also "fairly and adequately protect the interests of the class." *Id*. A lead plaintiff is adequate when there exist both "'common interests between the proposed lead plaintiffs and the class, and a willingness on the part of the proposed lead plaintiff[s] to vigorously prosecute the action.'" *Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004) ) (citation omitted) (alteration in original). The Pension Fund Group is an adequate representative. As evidenced by its injuries, the Pension Fund Group's interests are clearly aligned with the members of the class who also suffered damages due to defendants' wrongdoing and there is no evidence of any antagonism between the Pension Fund Group's interests and those of the other members of the class. Moreover, the Pension Fund Group's substantial losses motivate it to pursue this case with vigor and it has retained competent and experienced counsel to assist in this process.

**B.    The Court Should Approve the Pension Fund Group's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to court approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The court should not disturb lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). The Pension Fund Group has selected Coughlin Stoia as lead counsel for the class.

Coughlin Stoia is a 190-lawyer law firm that is actively engaged in complex litigation, emphasizing securities, consumer, and antitrust class actions. *See Cortese v. Radian Group, Inc.*, No. 07-3375, 2008 U.S. Dist. LEXIS 6958, at *18 (E.D. Pa. Jan. 30, 2008) ("'The firm is comprised of probably the most prominent securities class action attorneys in the country.'") (citation omitted); Robbins Decl., Ex. E. Coughlin Stoia possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, including *In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 308 (S.D. Ohio 2005) ("the Court finds that [Coughlin Stoia] will represent deftly the class's interests") and *In re Enron Corp.*, *Sec. Litig.*, 206 F.R.D. 427 (S.D. Tex. 2002). Coughlin Stoia's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. *See* Robbins Decl., Ex. E.

Thus, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from Coughlin Stoia. *See Schriver v. Impac Mortgage Holdings, Inc.*, No. SACV 06-31-CJC(RNBx) 2006 U.S. Dist. LEXIS 40607, at *36 (C.D. Cal. May 1, 2006) ("There is no real dispute among the movants regarding [Firm's] qualifications to prosecute this action."); *Borochoff v. Glaxosmithkline PLC*, 246 F.R.D. 201, 205 (S.D.N.Y. 2007) (Coughlin Stoia is "a firm which is well qualified and has successfully served as lead counsel or co-lead counsel in numerous complex securities class actions."). Accordingly, the Court should approve the Pension Fund Group's selection of counsel.

## IV. CONCLUSION

For all the foregoing reasons, the Pension Fund Group respectfully requests that the Court: (i) appoint the Pension Fund Group as Lead Plaintiff; and (ii) approve the Pension Fund Group's selection of Coughlin Stoia as Lead Counsel.

DATED: January 5, 2010

Respectfully submitted,

COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
HENRY ROSEN
TRICIA L. McCORMICK

s/DARREN J. ROBBINS
DARREN J. ROBBINS

655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiffs

S:\CasesSD\STEC\Lead Plantiff\BRF00063903_LP.doc

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Service List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 5, 2010.

   s/ DARREN J. ROBBINS  
DARREN J. ROBBINS

COUGHLIN STOIA GELLER  
   RUDMAN & ROBBINS LLP  
655 West Broadway, Suite 1900  
San Diego, CA 92101-3301  
Telephone: 619/231-1058  
619/231-7423 (fax)

E-mail: e_file_sd@csgrr.com

## Mailing Information for a Case 8:09-cv-01304-JVS-MLG

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Lionel Z Glancy**
  lglancy@glancylaw.com

- **Michael M Goldberg**
  mmgoldberg@glancylaw.com,dmacdiarmid@glancylaw.com,rmaniskas@glancylaw.com,info@glancylaw.com,rprongay@glancylaw.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`