LIONEL Z. GLANCY (#134180)
MICHAEL GOLDBERG (#188669)
GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone:  (310) 201-9150
Facsimile:  (310) 201-9160
E-mail:  info@glancylaw.com

*Attorneys for Plaintiffs, and
Proposed Co-Lead Counsel*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRED JEAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STEC, INC., MANOUCH MOSHAYEDI and MARK MOSHAYEDI,<br><br>Defendants. | No. 09-cv-01304-JVS-MLG<br><br><u>CLASS ACTION</u><br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE STEC INC. INVESTOR GROUP FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL**<br><br>Date: February 8, 2010<br>Time: 1:30 p.m.<br>Courtroom: 10C<br>Honorable James V. Selna |

*[Captions Continue on Following Pages]*

| | | |
|---|---|---|
| 1 | HADI SAKHAI, Individually and on Behalf of All Others Similarly Situated, | No. 09-cv-01306-JVS-MLG |
| 2 | | |
| 3 | Plaintiff, | |
| 4 | v. | |
| 5 | STEC INC., MANOUCH MOSHAYEDI, MARK MOSHAYEDI, RAYMOND D. COOK, J.P. MORGAN SECURITIES INC., DEUTSCHE BANK SECURITIES INC., BARCLAYS CAPITAL INC. and OPPENHEIMER & CO. INC., | |
| 6 | | |
| 7 | | |
| 8 | Defendants. | |
| 9 | FRED GREENWALD, Individually and on Behalf of All Others Similarly Situated, | No. 09-cv-01315-JVS-MLG |
| 10 | | |
| 11 | Plaintiff, | |
| 12 | v. | |
| 13 | STEC INC., MANOUCH MOSHAYEDI and MARK (MERHDAD) MOSHAYEDI, | |
| 14 | | |
| 15 | Defendants. | |
| 16 | DANIEL MUNTER, Individually and on Behalf of All Others Similarly Situated, | No. 09-cv-01320-JVS-MLG |
| 17 | | |
| 18 | Plaintiff, | |
| 19 | v. | |
| 20 | STEC INC., MANOUCH MOSHAYEDI, MARK MOSHAYEDI and RAYMOND D. COOK, | |
| 21 | | |
| 22 | Defendants. | |

*[Captions Continue on Following Page]*

| | |
|---|---|
| MARCEL WEINBERGER, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>    v.<br><br>STEC INC., MANOUCH MOSHAYEDI, MARK MOSHAYEDI and RAYMOND D. COOK,<br><br>                Defendants. | No. 09-cv-01460-JVS-MLG |
| JONATHAN FISCHER, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>    v.<br><br>STEC INC., MANOUCH MOSHAYEDI, MARK MOSHAYEDI and RAYMOND D. COOK,<br><br>                Defendants. | No. 09-cv-08536-JVS-MLG |

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Proposed lead plaintiffs Jesus Tudela, Emilio Gerov, Mark Patel and Garrett Nishihara (collectively hereinafter, the "STEC Inc. Investor Group" or "Movants") respectfully submit this memorandum of points and authorities in support of their motion for consolidation of related actions, appointment as lead plaintiff and approval of co-lead counsel.

## I.    FACTUAL BACKGROUND

This is a securities class action on behalf of purchasers of the securities of STEC, Inc. ("STEC" or the "Company") between June 16, 2009 and November 3, 2009, inclusive (the "Class Period"), seeking to pursue remedies under the

Securities Exchange Act of 1934 (the "Exchange Act").[1]

STEC designs, manufactures and markets enterprise-class solid state drives ("SSD") for use in high performance storage and server systems, and high-density dynamic random access memory modules for networking, communications and industrial applications. STEC's ZeusIOPS SSD product family offers of options for enterprise system architects.

The complaints on file allege that, throughout the Class Period, defendants made false and/or misleading statements and failed to disclose material adverse facts about the Company's business, operations and prospects. Specifically, defendants misrepresented and/or failed to disclose that: (1) the Company oversold its largest customer more inventory than it required; (2) as such, the Company overstated the demand for its ZeusIOPS SSD products; (3) the Company's subsequent revenue and financial results for the following year would be negatively impacted; and (4), as a result of the above, Defendants' statements during the Class Period lacked a reasonable basis.

On November 3, 2009, STEC announced that one of its largest customers, which accounts for 90 percent of STEC's ZeusIOPS SSD business and which had placed a $120 million order for the second half of 2009, would carry 2009 inventory into 2010, placing at risk STEC's 2010 first quarter results.

On this news, shares of STEC declined $9.01 per share, or more than 38%, to close on November 4, 2009, at $14.14 per share, on unusually heavy volume.

---

[1] The *Sakhai* complaint, No. 09-1306, alleges violations of the Securities Act of 1933 (the "Securities Act"), and also names as defendants the underwriters of a secondary public offering conducted by STEC on August 6, 2009. Because the lead plaintiff provisions of the Exchange Act and the Securities Act, as amended by the PSLRA, are identical, *see* 15 U.S.C. §77z-1 and 15 U.S.C. §78u-4, for ease of reference only the Exchange Act provisions are cited herein.

## II. PROCEDURAL HISTORY

Plaintiff Fred Jean commenced the instant action on November 6, 2009, and on that day counsel for plaintiff published a notice of the pendency of plaintiff's case on *Business Wire,* a widely circulated national business-oriented wire service. *See* Declaration of Michael Goldberg In Support of Motion of The STEC Inc. Investor Group For Consolidation of Related Actions, Appointment As Lead Plaintiff and Approval of Lead Counsel (the "Goldberg Declaration") at Exhibit A.

In addition to the *Jean* action, five related actions subsequently were filed in this District (collectively, the "Related Actions"), and each of the Related Actions is reflected above in the caption of this document.

Movants bring the instant motion pursuant to plaintiff Fred Jean's complaint and published notice of pendency, and file this motion prior to expiration of the 60-day period from publication of the November 6, 2009, notice.

## III. ARGUMENT

### A. The Related Actions Should Be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure Rule 42(a) is proper when actions involve common questions of law and fact. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2nd Cir. 1990). The Court has broad discretion under this Rule to consolidate cases pending within its District. *Id.*

The actions pending before this Court present similar factual and legal issues, as they all involve the same subject matter, and present the same legal issues. Each alleges violations of federal securities laws, and is based on the same wrongful course of conduct. Each names the Company and certain of its officers and/or directors as defendants. Because the actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all Related Actions. Accordingly,

No. 09-cv-01304-JVS-MLG
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE STEC INC. INVESTOR GROUP FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL

3

consolidation under Rule 42(a) is appropriate.

### B. Movants Should Be Appointed Lead Plaintiff

Section 21D(a)(3)(B) of the PSLRA provides the procedure for selecting lead plaintiff in class actions brought under the Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice. . . ;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002)

As set forth herein, the STEC Inc. Investor Group satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate lead plaintiff for the Class.

#### 1. Movants Are Making A Motion In Response To A Notice

On November 6, 2009, pursuant to §21D(a)(3)(A)(I) of the PSLRA, counsel for plaintiff Fred Jean published a notice of pendency of plaintiff's case on *Business Wire* – a widely circulated national business-oriented wire service – announcing that a securities class action had been filed against defendants herein,

and advising purchasers of STEC securities that they had until January 5, 2010, to file a motion to be appointed as lead plaintiff.

Movants file the instant motion pursuant to plaintiff Fred Jean's published notice, and submit herewith Movants' sworn certifications attesting that they are willing to serve as representatives of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Goldberg Declaration, Exhibit B. Movants therefore satisfy the requirement of either filing a complaint or making a motion in response to a published notice.

### 2. Movants Have The Largest Financial Interest In This Action

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii). *In re Cavanaugh*, 306 F.3d at 730.

Here, Movants purchased 95,205 shares of STEC during the Class Period, and as a result have suffered collective losses of $483,763.87. *See* Goldberg Declaration, Exhibit C. To the best of their knowledge, Movants believe they have the largest financial interest in this case among Class members who filed timely applications for appointment as lead plaintiff, and accordingly are presumed to be the "most adequate plaintiff." *See In re Cavanaugh*, 306 F.3d at 730.

### 3. Movants Satisfy The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

No. 09-cv-01304-JVS-MLG
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE STEC INC. INVESTOR GROUP FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL

5

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. A *prima facie* showing that a PSLRA movant satisfies the requirements of Rule 23 is sufficient. *In re Cavanaugh*, 306 F.3d at 731. Courts thus limit their inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until class certification. *See Gluck v. CellStar Corp.*, 976 F.Supp. 542, 546 (N.D.Tex.,1997).

### a.  Movants' Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d. 1129, 1137 (C.D. Cal. 1999). Here, Movants' claims are typical of the claims asserted by Class. Movants, like all members of the Class, allege that defendants violated federal securities laws by publicly disseminating false and misleading statements concerning STEC financial performance and prospects. Movants, like all members of the Class, purchased STEC securities at prices artificially inflated by defendants' misrepresentations and omissions, and were damaged thereby. Thus,

No. 09-cv-01304-JVS-MLG
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE STEC INC. INVESTOR GROUP FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL

6

the interests of Movants are closely aligned with other Class members', and they are, therefore, typical of the other members of the Class. *Id.*

### b. Movants Are Adequate Representatives

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party "will fairly and adequately protect the interest of the class." Accordingly:

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda,* 67 F. Supp. 2d at 1137 (citation omitted). The class representative must also have "a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Id*.

Movants have demonstrated their adequacy as lead plaintiff by evincing a strong desire to prosecute this action on behalf of the Class. Movants have communicated with competent, experienced counsel concerning this case, and have made this motion to be appointed lead plaintiff. Movants also sustained significant financial losses from their investments in STEC securities and are, therefore, extremely motivated to pursue the claims in this action. *See* Goldberg Declaration, Exhibit C. Moreover, *"*no evidence exists to suggest that [movants are] antagonistic to other members of the class or [their] attorneys.*" Yousefi v. Lockheed Martin Corp.*, 70 F.Supp.2d 1061, 1071 (C.D.Cal. 1999).

### 4. Movants Are Presumptively The Most Adequate Plaintiff

The presumption in favor of appointing Movants as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

No. 09-cv-01304-JVS-MLG
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE STEC INC. INVESTOR GROUP FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL

7

(aa)  will not fairly and adequately protect the interest of the class; or

(bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78 u-4(a)(3)(b)(iii)(I).

The presumption that the STEC Inc. Investor Group is the most adequate plaintiff is not, therefore, subject to rebuttal. Movants have suffered substantial financial losses – in excess of $483,000 – and believe they have the largest financial interest in this case of any timely lead plaintiff movant. The ability of Movants to fairly and adequately represent the Class is discussed above. Movants are not aware of any unique defenses defendants could raise against them that would render Movants inadequate to represent the Class. Accordingly the STEC Inc. Investor Group is presumptively the "most adequate plaintiff" and should be appointed lead plaintiff for the Class. *In re Cavanaugh* 306 F.3d at 730 ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff.").

### C. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* §21D(a)(3)(B)(v) of the Exchange Act. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to protect the interest of the plaintiff class. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cavanaugh,* 306 F.3d at 733. In the present case, Movants have retained Saxena White P.A. and Glancy Binkow & Goldberg LLP to pursue this litigation on Movant's behalf, and will retain these firms as plaintiff's co-lead counsel, in the event Movants are appointed lead plaintiff.

No. 09-cv-01304-JVS-MLG
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE STEC INC. INVESTOR GROUP FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL

8

Saxena White P.A. and Glancy Binkow & Goldberg LLP possesses extensive experience in the area of securities litigation and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firms' résumés attached to the Goldberg Declaration as Exhibits D and E. Thus, the Court may be assured that, by granting Movants' motion, the Class will receive the highest caliber of legal representation.

## IV. CONCLUSION

For the foregoing reasons, Movants respectfully ask the Court to grant their motion and enter an Order (a) consolidating the Related Actions (b) appointing movants Jesus Tudela, Emilio Gerov, Mark Patel and Garrett Nishihara as lead plaintiff, and (c) approving Movants' selection of Saxena White P.A. and Glancy Binkow & Goldberg LLP as co-lead counsel for the Class, and granting such other relief as the Court may deem just and proper.

Dated: January 5, 2010

GLANCY BINKOW & GOLDBERG LLP

  /s/ *Michael Goldberg*
Michael Goldberg
Lionel Z. Glancy
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

**SAXENA WHITE P.A.**
Maya S. Saxena
Joseph E. White III
2424 N. Federal Highway, Suite 257
Boca Raton, Florida 33431
Telephone: (561) 394-3399
Facsimile: (561) 394-3382

*Attorneys for Movants and Proposed Co-Lead Counsel*

No. 09-cv-01304-JVS-MLG
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE STEC INC. INVESTOR GROUP FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL
9

**PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO CENTRAL DISTRICT OF CALIFORNIA LOCAL RULES AND ECF GENERAL ORDER NO. 08-02**

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action. My business address is 1801 Avenue of the Stars, Suite 311, Los Angeles, California 90067.

On January 5, 2010, I caused to be served the following document:

| | |
|---|---|
| 1 | **NOTICE OF MOTION AND MOTION OF THE STEC INC. INVESTOR GROUP FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL** |
| 2 | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE STEC INC. INVESTOR GROUP FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL** |
| 3 | **DECLARATION OF MICHAEL GOLDBERG IN SUPPORT OF MOTION OF THE STEC INC. INVESTOR GROUP FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL** |
| 4 | **[PROPOSED] ORDER GRANTING MOTION OF THE STEC INC. INVESTOR GROUP FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL** |

By posting this document to the ECF Website of the United States District Court for the Central District of California, for receipt electronically by the following parties:

[SEE ATTACHED SERVICE LIST]

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 5, 2010, at Los Angeles, California.

*s/Michael Goldberg*
Michael Goldberg

*Jean v. STEC, Inc., et al.*, No. 09-cv-01304-JVS-MLG

**SERVICE LIST**

**Electronically To All ECF-Registered Entities**

John A. Lowther, IV
William James Doyle, II
Doyle Lowther LLP
9466 Black Mountain Road
Suite 210
San Diego, CA 92126

Arthur N. Abbey
Nancy Kaboolian
Abbey Spanier Rodd and Abrams
212 East 39th Street
New York, NY 10016

Darren J. Robbins
David C. Walton
Coughlin Stoia Geller
   Rudman & Robbins LLP
655 West Broadway Suite 1900
San Diego, CA 92101

Hamilton Lindley
Joe Kendall
Kendall Law Group LLP
3232 McKinney Avenue
Suite 700
Dallas, TX 75204

Jordan L. Lurie
Leigh A. Parker
Weiss and Lurie
10940 Wilshire Boulevard
Suite 2300
Los Angeles, CA 90024

Jeffrey R. Krinsk
Finkelstein and Krinsk LLP
501 West Broadway
Suite 1250
San Diego, CA 92101-3579

Timothy J. Burke
Stull Stull & Brody
10940 Wilshire Boulevard
Suite 2350
Los Angeles, CA 90024

Anne Marie Vu
Milberg LLP
One Pennsylvania Plaza
49th Floor
New York, NY 10119

Kim Miller
Kahn Swick & Foti, LLC
12 East 41st Street
12th Floor
New York, NY 10007

Lewis Kahn
Kahn Swick & Foti, LLC
650 Poydras Street
Suite 2150
New Orleans, LA 70130

Jeff S. Westerman
Sabrina S. Kim
Milberg LLP
One California Plaza
300 South Grand Avenue
Suite 3900
Los Angeles, CA 90071

1  Stephen R. Basser
   Barrack Rodos and Bacine
2  600 West Broadway Suite 900
   San Diego, CA 92101
3

4  **By US Mail To All Known Non-ECF-Registered Entities**

5  Maya S. Saxena
   Joseph E. White III
6  Saxena White P.A.
   2424 N. Federal Highway, Suite 257
7  Boca Raton, FL 33431

8  Michele D. Johnson
   Carolyn A. Dawes
9  Latham & Watkins LLP
   650 Town Center Drive, Suite 2000
10 Costa Mesa, CA 92626

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE

ECF POS Sasha.wpd

Page 3