UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-1304 JVS (MLGx) Consolidated with SACV 09-01306-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx); and CV09-08536-JVS(MLGx) | Date | February 8, 2010 |
|---|---|---|---|

| Title | Fred Jean, et al. v. STEC, Inc., et al. |
|---|---|

| Present: The Honorable | James V. Selna | |
|---|---|---|
| Karla J. Tunis | | Not Present |
| Deputy Clerk | | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

| **Proceedings:** | (In Chambers) | Order Granting Plaintiffs Arman Rashtchi and Keith Ovitt's Motions for Appointment of Lead Plaintiff and Lead Counsel and Denying All Other Motions for Appointment of Lead Counsel |
|---|---|---|

The Court, having been informed by the parties in the consolidated actions that they submit on the Court's tentative ruling, hereby GRANTS plaintiffs Arman Rashtchi and Keith Ovitt's motions (docket #18 and #20) for Appointment of Lead Plaintiff and Lead Counsel and rules in accordance with the tentative ruling as follows:

This case is a putative securities class action lawsuit on behalf of STEC, Inc. investors. Before the Court are seven motions for appointment of lead plaintiff and lead counsel brought by different prospective class members.[1]

I.   Legal Standard

---

[1] Ten parties filed motions seeking appointment as lead plaintiff. (Docket Nos. 5, 13, 16, 18, 20, 22, 25, 31; 09-1306 Docket No. 4.) The State of Nebraska filed an identical motion in all six cases that have since been consolidated. Three movants, STEC, Inc. Investor Group, Keith Johnson, and Building Trades United Pension Pension Trust Fund and Electrical Workers Pension Fund, Local 103 I.B.E.W., have withdrawn their motions. (Docket Nos. 45, 47, 53.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-1304 JVS (MLGx) Consolidated with SACV 09-01306-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx); and CV09-08536-JVS(MLGx) | Date | February 8, 2010 |
|---|---|---|---|

| Title | Fred Jean, et al. v. STEC, Inc., et al. |
|---|---|

      The Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, provides procedures for selecting lead plaintiffs in a securities class action. The plaintiff in the first lawsuit to be filed must publish a notice in a widely circulated business publication within twenty days of filing the complaint that includes a description of the claim and notifies prospective class members that they may move within sixty days of the notice to be named lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). The PSLRA directs courts to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." Id.

      In the Ninth Circuit, In re Cavanaugh, 306 F.3d 726, 729-30 (9th Cir. 2002), governs lead plaintiff selection and establishes a three-step process. First, as discussed above, timely and complete notice of the action must be published. Id. at 729. Second, the district court considers the losses suffered by potential lead plaintiffs and selects "the one who 'has the largest financial interest in the relief sought by the class' and 'otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.'" Id. at 730 (citing 15 U.S.C. § 78u-4(a)(3)(B) (iii)(I)). Thus, the Court must determine which plaintiff "has the most to gain from the lawsuit." Id. Finally, the court focuses on that plaintiff to ensure that the proposed lead plaintiff "satisfies the requirements of [Fed. R. Civ. P.] 23(a), in particular those of 'typicality' and 'adequacy.'" Id. A plaintiff who satisfies the first two steps becomes the "presumptively most adequate plaintiff." Id. Other plaintiffs have the opportunity to rebut the presumptive lead plaintiff's showing of typicality and adequacy. Id. (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).

      Once the Court has designated a lead plaintiff, the lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "[T]he district court does not select class counsel at all." Cavanaugh, 306 F.3d at 732. "The district court should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently." Cohen v. U.S. Dist. Court, 586 F.3d 703, 711 (9th Cir. 2009). Rather, "if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." Id. at 712.

II.    Discussion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-1304 JVS (MLGx) Consolidated with SACV 09-01306-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx); and CV09-08536-JVS(MLGx) | Date | February 8, 2010 |
| Title | Fred Jean, et al. v. STEC, Inc., et al. | | |

  Of the seven remaining motions, four movants have indicated that they effectively do not oppose the competing motions.[2] One movant, the Firefighters' Pension System of the City of Kansas City, Missouri Trust, has submitted no response to the competing motions. The Court treats this non-opposition as consent to the granting of a competing motion. Local Rule 7-12.

  The remaining two movants are Arman Rashtchi ("Rashtchi") and Keith A. Ovitt ("Ovitt"). Rashtchi and Ovitt initially filed separate motions, but after conferring have since joined together and now seek appoint as co-lead plaintiffs. (Docket Nos. 50, 51.) Rashtchi and Ovitt oppose all of the competing motions. (Docket No. 50.) No movant has opposed the appointment of Rashtchi and Ovitt as co-lead plaintiffs.[3]

  Prior to joining together, Rashtchi and Ovitt had, respectively, the first and second highest financial interest. Rashtchi has declared he lost approximately $1.9 million on his investments in STEC securities. (Docket No. 51 ¶ 2.) Ovitt has declared he lost approximately $1.7 million on his investments in STEC securities. (Id. ¶ 3.) The State of Nebraska has the next highest financial interest with a declared loss of $957,252. (Docket Nos. 34, 35.)

  The PSLRA provides for the appointment of multiple class members or a group of

---

 [2] The Hester Family, Jonathan Fischer, the State of Nebraska, and the Port Authority of Allegheny County Retirement and Disability Allowance Plan for Employees Represented by Local 85 of the Amalgamated Transit Union and the New Orleans Employees' Retirement System have conceded that they do not claim the largest financial interest in the litigation and are not the presumptive lead plaintiff. (Docket Nos. 42, 43, 49, 55.)

```
     3 The State of Nebraska states that it "has reason to
believe" that Rashtchi may be subject to unique defenses and
conflicts of interest, but admits that it lacks positive proof
that would rebut any presumption that he is the lead plaintiff.
(Docket No. 49.) The Court deems the State of Nebraska's
statements as not constituting an opposition to Rashtchi's
motion. Moreover, any substantiated concerns may be subject to
consideration during the class certification stage.
```

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-1304 JVS (MLGx)<br>Consolidated with SACV 09-01306-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx); and CV09-08536-JVS(MLGx) | Date | February 8, 2010 |
|---|---|---|---|
| Title | Fred Jean, et al. v. STEC, Inc., et al. | | |

persons as lead plaintiffs. See 15 U.S.C. § 78u-4(a)(3)(B)(i) (directing courts to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members" (emphasis added)); 15 U.S.C. § 78u-4(a)(3)(B)(iii) ("[T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons." (emphasis added)). Numerous district courts have appointed co-lead plaintiffs in securities class actions. See, e.g., Hodges v. Akeena Solar, Inc., No. C 09-02147, 2009 WL 3398922 (N.D. Cal. Oct. 21, 2009); Gerin v. Aegon USA, Inc., No. C 06-5407, 2007 WL 108451 (N.D. Cal. Jan. 10, 2007); Yousefi v. Lockheed Martin Corp., 70 F. Supp. 2d 1061 (C.D. Cal. 1999); In re Oxford Health Plans, Inc. Sec. Litig., 182 F.R.D. 42 (S.D.N.Y. 1998).

However, the Ninth Circuit recently cast doubt upon the practice of appointing co-lead plaintiffs in securities class actions. See Cohen, 586 F.3d at 711 n.4. In a footnote, the court observed that "while the PSLRA allows a group to serve as lead plaintiff, it also consistently refers to the lead plaintiff and most adequate plaintiff in the singular, suggesting that the district court should appoint only one lead plaintiff, whether an individual or a group." Id. (citing 15 U.S.C. § 78u-4(a)(3); In re Cendant Corp. Litig., 264 F.3d 201, 223 n.3 (3d Cir. 2001)). The court also noted that "[t]he appointment of multiple lead plaintiffs would also tend to run counter to the sequential inquiry we outlined for selection of lead plaintiff." Id. (citing Cavanaugh, 306 F.3d at 730-31). Accordingly, the court suggested that district courts may err in appointing co-lead plaintiffs. Id. (citing Yousefi, 70 F. Supp. 2d at 1070; Oxford Health Plans, 182 F.R.D. at 47). The Cohen panel's discussion of this issue is clearly dicta that is not law in the Ninth Circuit, as "none of the parties raise[d] the issue" and therefore the it was neither presented for review or decided. Id.; see also Barapind v. Enomoto, 400 F.3d 744, 750-51 (9th Cir. 2005) (en banc).

The Court does not believe that appointing Rashtchi and Ovitt as lead plaintiffs in this case is inconsistent with either the text or purpose of the PSLRA. Effectively, Rashtchi and Ovitt have voluntarily formed a group after the filing of their individual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-1304 JVS (MLGx)<br>Consolidated with SACV 09-01306-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx); and CV09-08536-JVS(MLGx) | Date | February 8, 2010 |
|---|---|---|---|
| Title | Fred Jean, et al. v. STEC, Inc., et al. | | |

motions and this group now seeks to be appointed as the lead plaintiff in this suit.[4] As acknowledged by the Ninth Circuit in Cohen, the PSLRA allows groups to be appointed as a lead plaintiff in a securities class action. See id.; see also Cendant, 264 F.3d at 266-267 (holding that the PSLRA does not preclude a group of unrelated individuals from serving as a lead plaintiff); In re Baan Co. Sec. Litig, 186 F.R.D. 214, 216 (D.D.C. 1999) (noting that the Securities and Exchange Commission, as amicus curiae, did "not suggest an interpretation of 'group of persons' that would erect a *per se* bar against aggregating previously unrelated investors"). Thus, Rashtchi and Ovitt would have been free to band together as a group in order to move for appointment as lead plaintiff prior to the filing of their individual motions.[5] The Court does not see any reason why the mere timing of

---

[4] The situation might be different if a court were to sua sponte appoint two or more movants as co-lead plaintiffs without the consent of the movant with the greatest financial interest, as such an action would seem to violate the lead plaintiff selection procedure outlined in Cavanaugh and 15 U.S.C. § 78u-4(a)(3)(B). A sua sponte appointment of co-lead plaintiffs occurred in one of the two cases cited in Cohen, see Oxford Health Plans, 182 F.R.D. at 48-50, and may have also occurred in the other case, see Yousefi, 70 F. Supp. 2d at 1064, 1070-71.

[5] A law review article that the Senate cited as "the basis for the 'most adequate plaintiff' provision" in the PSLRA, S. Rep. No. 104-98, at 11 n.32 (1995), reprinted in 1995 U.S.C.C.A.N. 679, explicitly contemplated appointing as lead plaintiffs multiple investors with substantial stakes that had agreed to work together:

> [Providing early notice of the suit] would give institutional and other investors with substantial stakes in pending class actions an opportunity to decide whether they were interested in participating in those actions, alone or with other investors, as lead plaintiffs. If an institution decided to get involved, it could retain either the lawyer who filed the action or some other attorney. Similarly, if several institutions were interested in becoming involved, they could either compete to become lead plaintiff or agree to work together.

Elliot J. Weiss & John S. Beckerman, Let the Money Do the Monitoring: How Institutional Investors Can Reduce Agency Costs in Securities Class Actions, 104 Yale L.J. 2053, 2108 (1995); see also Baan, 186 F.R.D. at 224 n.12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-1304 JVS (MLGx)<br>Consolidated with SACV 09-01306-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx); and CV09-08536-JVS(MLGx) | Date | February 8, 2010 |
|---|---|---|---|
| Title | Fred Jean, et al. v. STEC, Inc., et al. | | |

Rashtchi and Ovitt's decision to voluntarily form a group for purposes of this litigation should preclude their appointment.

     Furthermore, the PSLRA's intended goal of restricting "lawyer-driven lawsuits by giving control of the litigation to lead plaintiffs with substantial holdings of the securities of the issuer" would not be subverted by the appointment of Rashtchi and Ovitt as lead plaintiffs. H.R. Conf. Rep. No. 104-369, at 32 (1995), reprinted in 1995 U.S.C.C.A.N. 730; accord S. Rep. No. 104-98, at 4 (1995), reprinted in 1995 U.S.C.C.A.N. 679 (stating intent to "empower investors so that they–not their lawyers–exercise primary control over private securities litigation"). Both Rashtchi and Ovitt claim to have lost similar, substantial amounts of money and they were clearly the two movants with the greatest financial losses prior to their decision to join together. This is not a situation "where a group of unrelated investors has been cobbled together as a 'group' to displace a single competing institutional investor, or a smaller, closely-related group of investors." Barnet v. Elan Corp., 236 F.R.D. 158, 163 (S.D.N.Y. 2005). Additionally, there is no legitimate concern that a group consisting of two individuals is too large. See, e.g., Cendant, 264 F.3d at 267 ("[C]ourts should generally presume that groups with more than five members are too large to work effectively."); Yousefi, 70 F. Supp. 2d at 1068 (appointing a city and an individual as lead plaintiffs after rejecting a 134 member group); In re Advanced Tissue Sciences Sec. Litig., 184 F.R.D. 346 (S.D. Cal. 1998) (appointing group of six members as lead plaintiff after rejecting a 250 member group). Likewise, there is no evidence that this group was created by lawyers seeking to ensure their appointment or that Rashtchi and Ovitt would not be able to monitor counsel in a sufficient manner. See Cendant, 264 F.3d at 267; Eichenholtz v. Verifone Holdings, Inc., No. C 07-06140, 2008 WL 3925289, at *8 (N.D. Cal. Aug. 22, 2008) (finding "that a pre-existing relationship between entities that comprise a group is not required if the resulting group is small and cohesive enough such that it can adequately control and oversee the litigation").
Therefore, the Court will consider the appointment of Rashtchi and Ovitt as lead plaintiffs.

     The Court finds that Rashtchi and Ovitt have the largest financial interest in this case, as outlined above. The Court also finds that Rashtchi and Ovitt, based upon the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-1304 JVS (MLGx)<br>Consolidated with SACV 09-01306-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx); and CV09-08536-JVS(MLGx) | Date | February 8, 2010 |
|---|---|---|---|
| Title | Fred Jean, et al. v. STEC, Inc., et al. | | |

information they have provided, satisfy the typicality and adequacy requirements of Rule 23(a). Rashtchi and Ovitt state that their claims arise out of the same course of action and are based on the same legal theory as other class members. Likewise, Rashtchi and Ovitt have also declared that they understand and appreciate the requirements and obligations of serving as a lead plaintiff in a securities class action to supervise the prosecution of the case and counsel. (Docket No. 52, ¶¶ 7-8.) Furthermore, no other movant has challenged the typicality and adequacy of Rashtchi and Ovitt. Accordingly, the Court appoints Rashtchi and Ovitt as lead plaintiffs.

Rashtchi and Ovitt have chosen two law firms as counsel: Kahn Swick & Foti, LLC ("KSF") and Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz"). The Court finds that the selection of KSF and Bernstein Litowitz as counsel is reasonable, as both firms have significant experience in prosecuting securities class actions. (See Docket Nos. 24, Ex. D, 24, Ex. C.) Therefore, the Court defers to the choice made by Rashtchi and Ovitt and appoints KSF and Bernstein Litowitz as lead counsel. See Cohen, 586 F.3d at 712.

III. Conclusion

For the foregoing reasons, the Court appoints Rashtchi and Ovitt and lead plaintiffs and Kahn Swick & Foti, LLC and Bernstein Litowitz Berger & Grossmann LLP as lead counsel.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | kjt | | |