LATHAM & WATKINS LLP
  Patrick E. Gibbs, Bar No. 183174
  *patrick.gibbs@lw.com*
  Chris W. Johnstone, Bar No. 242152
  *chris.johnstone@lw.com*
140 Scott Drive
Menlo Park, California 94025
Telephone: +1.650.328.4600
Facsimile: +1.650.463.2600

LATHAM & WATKINS LLP
  Michele D. Johnson, Bar No. 198298
  *michele.johnson@lw.com*
  Carolyn A. Dawes, Bar No. 250747
  *carolyn.dawes@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Telephone: +1.714.540.1235
Facsimile: +1.714.755.8290

Attorneys for Defendants STEC, Inc.,
Manouch Moshayedi, Mark Moshayedi and
Raymond D. Cook

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| IN RE STEC, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Lead Case No. 8:09-cv-01304-JVS (MLG)<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**<br><br>Judge: Hon. James V. Selna<br>Court: 10C<br>Date: July 12, 2010<br>Time: 1:30 p.m. |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

Case No. 8:09-cv-01304-JVS (MLG)
DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF MOTION TO DISMISS

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Federal Rule of Evidence 201(b)(2), Defendants STEC, Inc. ("STEC"), Manouch Moshayedi, Mark Moshayedi, and Raymond D. Cook (collectively, "Defendants") respectfully request that the Court take judicial notice of the following documents in support of their Motion to Dismiss the Consolidated Class Action Complaint ("Complaint"). The documents are attached to the Declaration of Michele D. Johnson ("Johnson Declaration") and include Exhibits A through DD.

| EXHIBIT | DESCRIPTION | PAGE |
|---|---|---|
| A | 2009 Form 10-K: Excerpts from STEC's Form 10-K for fiscal year ending December 31, 2009, filed with the SEC on February 23, 2010 | 6 |
| B | 2Q09 Earnings Call: Excerpts from STEC's August 3, 2009 Earnings Call Transcript | 15 |
| C | 1Q09 Form 10-Q: Excerpts from STEC's Form 10-Q for period ending March 31, 2009, filed with the SEC on May 11, 2009 | 20 |
| D | 2Q09 Form 10-Q: Excerpts from STEC's Form 10-Q for period ending June 30, 2009, filed with the SEC on August 3, 2009 | 26 |
| E | 3Q09 Form 10-Q: Excerpts from STEC's Form 10-Q for period ending September 30, 2009, filed with the SEC on November 3, 2009 | 34 |
| F | Historical Stock Prices: STEC's historical stock prices from August 1, 2009 to October 31, 2009, as published by Yahoo! Finance | 40 |
| G | 2008 Form 10-K: Excerpts from STEC's Form 10-K for fiscal year ending December 31, 2008, filed with the SEC on March 12, 2009 | 43 |
| H | 3Q08 Earnings Release: Excerpts from STEC's Form 8-K, filed with the SEC on November 10, 2008, including STEC's November 10, 2008 Press Release | 51 |
| I | 4Q08 Earnings Release: Excerpts from STEC's Form 8-K, filed with the SEC on March 12, 2009, including STEC's March 12, 2009 Press Release | 65 |

| EXHIBIT | DESCRIPTION | PAGE |
|---|---|---|
| J | 1Q09 Earnings Release: Excerpts from STEC's Form 8-K, filed with the SEC on May 11, 2009, including STEC's May 11, 2009 Press Release | 77 |
| K | June 16, 2009 Press Release: Excerpts from STEC's Form 8-K, filed with the SEC on June 16, 2009, including STEC's June 16, 2009 Press Release | 87 |
| L | 2Q09 Earnings Release: Excerpts from STEC's Form 8-K, filed with the SEC on August 3, 2009, including STEC's August 3, 2009 Press Release | 90 |
| M | 3Q09 Earnings Release: Excerpts from STEC's Form 8-K, filed with the SEC on November 3, 2009, including STEC's November 3, 2009 Press Release | 100 |
| N | 4Q09 Earnings Release: Excerpts from STEC's Form 8-K, filed with the SEC on February 23, 2010, including STEC's February 23, 2010 Press Release | 111 |
| O | 3Q09 Earnings Call: Excerpts from STEC's November 3, 2009 Earnings Call Transcript | 122 |
| P | Analyst report: Stifel Nicolaus, "*Initiating Coverage with a Hold Rating: Balance Risk/Reward*," dated March 25, 2009 | 157 |
| Q | Analyst report: Thomas Weisel Partners, "*Strong Enterprise SSD Sales Drive Positive Preannouncement*," dated June 16, 2009 | 159 |
| R | Internet article containing Analyst report: Enterprise Storage Forum, "*Solid State Drive Developers Try to Catch STEC*," dated July 2, 2009 | 160 |
| S | SEC correspondence: Letter from Stephen Krikorian, Accounting Branch Chief, Division of Corporate Finance, SEC, to Manouch Moshayedi, Chief Executive Officer, STEC, dated August 28, 2009 | 162 |
| T | SEC correspondence: Letter from Stephen Krikorian, Accounting Branch Chief, Division of Corporate Finance, SEC, to Manouch Moshayedi, Chief Executive Officer, STEC, dated October 20, 2009 | 168 |
| U | Initial Public Offering Prospectus: Excerpts from STEC's Form 424B4, filed with the SEC on September 29, 2000 | 169 |
| V | October 2003 Prospectus: Excerpts from STEC's Form 424B4, filed with the SEC on October 24, 2003 | 172 |

| EXHIBIT | DESCRIPTION | PAGE |
|---|---|---|
| W | Schedule 13 G/A, filed with the SEC on February 14, 2003 (Mark Moshayedi) | 175 |
| X | Schedule 13 G/A, filed with the SEC on February 14, 2003 (Manouch Moshayedi) | 185 |
| Y | Schedule 13 G/A, filed with the SEC on February 17, 2004 (Mark Moshayedi) | 197 |
| Z | Schedule 13 G/A, filed with the SEC on February 17, 2004 (Manouch Moshayedi) | 205 |
| AA | May 29, 2009 Press Release, "*STEC Executives Adopt Rule 10b5-1 Trading Plans*" | 213 |
| BB | August 2009 Prospectus Supplement: Excerpts from STEC's Form 424B3, filed with the SEC on August 7, 2009 | 214 |
| CC | Analyst report: WedBush, "*Checks Indicate Q3 Beat Likely in Cards; but Expect Changing Competitive Landscape to Pressure Shares Downward*," dated September 17, 2009 | 233 |
| DD | 4Q09 Earnings Call: Excerpts from STEC's February 23, 2010 Earnings Call Transcript | 241 |

## I. INTRODUCTION

This is a securities class action lawsuit against STEC and three of its officers, Manouch Moshayedi, Mark Moshayedi, and Raymond D. Cook. Plaintiffs allege violations of Section 10(b) and 20(a) of the Securities Exchange Act of 1934 based on alleged misrepresentations and omissions in STEC's press releases and public filings with the SEC and in STEC's public conference calls between June 16, 2009 and February 23, 2010 (the "Class Period"). Defendants have filed a Motion to Dismiss the Complaint on the ground that it fails to plead facts sufficient to state a claim under the Private Securities Litigation Reform Act ("PSLRA") and Federal Rules of Civil Procedure Rules 8(a), 9(b), and 12(b)(6).

Defendants respectfully request that the Court take judicial notice of the following items: (1) certain relevant excerpts of STEC's press releases filed on SEC Form 8-K; (2) certain relevant excerpts of STEC's quarterly and annual SEC Form 10-Q and SEC Form 10-K filings; (3) certain relevant excerpts of STEC's September 29, 2000 and October 24, 2003 prospectuses and August 7, 2009 prospectus supplement filed on SEC Forms 424B4 and 424B3; (4) certain of Manouch and Mark Moshayedi's statements of beneficial ownership filed on SEC Form 13 G/A; (5) certain publicly available correspondence between the Division of Corporate Finance of the SEC and STEC; (6) certain relevant excerpts of STEC's quarterly earnings conference call transcripts; (7) certain analyst reports and internet articles containing analyst reports cited in the Complaint and other reports reflecting whether and when certain information was provided to the market; and (8) STEC's historical stock prices from August 1, 2009 to October 31, 2009, as published by Yahoo! Finance. These materials are relevant to the alleged falsity of the statements identified in the Complaint, and the "competing inferences" and "non-culpable explanations" for the alleged misconduct. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314, 127 S. Ct. 2499 (2007).

Judicial notice of Exhibits A through DD is appropriate, and Defendants' Request for Judicial Notice should be granted.

## II. DISCUSSION

### A. Standard for Judicial Notice

In ruling on motions to dismiss in securities cases, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs*, 551 U.S. at 322 (2007). Judicial notice may be taken of any adjudicative fact that is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

Courts routinely take judicial notice of documents that are publicly available and referenced in the complaint, particularly SEC filings. *See*, *e.g.*, *In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (proper to consider SEC filings under incorporation-by-reference doctrine); *Belodoff v. Netlist, Inc.*, No. 07-00677, 2009 U.S. Dist. LEXIS 78309, at *12-13 (C.D. Cal. Sept. 1, 2009) (applying incorporation-by-reference doctrine and public records approach to take judicial notice of various SEC filings); *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (full text of documents relied upon in complaint alleging securities fraud may be considered on motion to dismiss for failure to state a claim).

A court may also take judicial notice of "'matters of public record' without converting a motion to dismiss into a motion for summary judgment." *Lee v. City of Los Angeles,* 250 F.3d 668, 689 (9th Cir. 2001); *see also Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (documents whose contents are alleged in complaint and whose authenticity are not questioned are properly considered in ruling on motion to dismiss without converting it to motion for summary judgment),

*superseded by statute on other grounds*, as stated in Abrego v. Dow Chem. Co., 443 F.3d 676, 681 (9th Cir. 2006).

The strong congressional policies in the PSLRA (15 U.S.C. § 78u-4) underscore the need for courts to take judicial notice of readily ascertainable corporate disclosures in considering motions to dismiss. The PSLRA was prompted by "significant evidence of abuse in private securities lawsuits." H.R. Rep. No. 104-369, at 31 (1995), *reprinted in 1995 U.S.C.C.A.N. 730*. Congress adopted reforms designed to weed out speculative securities suits *at the pleading stage*. Accordingly, when investors claim "fraud" on the basis of alleged omissions and misrepresentations in publicly available documents, courts must take judicial notice of those documents. Otherwise, a plaintiff bringing a meritless claim could easily overcome a motion to dismiss and gain the right to engage in extensive discovery simply by selectively choosing portions of the defendant's public statements out of context. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998) (plaintiff cannot survive motion to dismiss by omitting references to documents upon which their claims were based), *superseded by statute on other grounds*, as stated in Abrego v. Dow Chem. Co., 443 F.3d 676, 681 (9th Cir. 2006); *Trew v. International Game Fish Ass'n, Inc.*, 404 F. Supp. 2d 1173, 1176 n.2 (N.D. Cal. 2005) (when complaint expressly refers to a document, court may consider that document in motion to dismiss without converting it to motion for summary judgment).

### B. The Court Should Take Judicial Notice of Exhibits A through DD

#### 1. STEC's Press Releases

Defendants request that the Court take judicial notice of STEC's press releases filed on SEC Form 8-K (Exhibits H, I, J, K, L, M, N). Defendants also request judicial notice of a publicly available STEC press release (Exhibit AA). In the Complaint, Plaintiffs quote extensively, but selectively, from each of these

press releases.  Compl. ¶¶ 54, 56, 58, 77, 79, 80, 85, 86, 90, 92, 98, 119, 122, 138, 164.  Under the incorporation-by-reference doctrine, a district court, when adjudicating a motion to dismiss, may consider documents outside the complaint "[i]f a plaintiff fails to attach to the complaint the documents on which it is based. . . ."  *In re Pacific Gateway Exch., Inc. Sec. Litig.*, 169 F. Supp. 2d 1160, 1164 (N.D. Cal. 2001) (citation omitted); *Tellabs*, 551 U.S. at 322.  Moreover, judicial notice of documents filed with the SEC is appropriate under Federal Rule of Evidence 201(b)(2).  *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2nd Cir. 1991).  It is therefore appropriate for the Court to take judicial notice of Exhibits Exhibits H, I, J, K, L, M, N, and AA.

### 2. STEC's Form 10-K and Form 10-Q Filings

Defendants request that the Court take judicial notice of certain of STEC's quarterly and annual SEC Form 10-Q and SEC Form 10-K filings (Exhibits A, C, D, E, G).  STEC offers excerpts, rather than complete filings, to avoid burdening the Court with unrelated discussion and information, and to focus attention on the relevant portions of the filings that concern the matters alleged in the Complaint.  The complete filings are readily available on the internet and can be accessed directly from the SEC's website at http://www.sec.gov.

In the Complaint, Plaintiffs reference and selectively quote from many of STEC's 10-Ks and 10-Qs.  Compl. ¶¶ 90, 91, 92, 99, 113, 115, 182.  It is well established that in Section 10(b) cases, courts can and should take judicial notice of the full text of the documents referenced in a complaint.  *In re Stac Elec. Sec. Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996) (full text of documents cited in complaint alleging securities violations "may be considered in ruling on a Rule 12(b)(6) motion to dismiss"); *In re Infonet Serv. Corp. Sec. Litig.*, 310 F. Supp. 2d 1106, 1113 (C.D. Cal. 2003) (on motion to dismiss securities fraud claims "the court may consider the full text of the relevant documents" cited by plaintiffs); *In*

*re Zoran Corp. Deriv. Litig.*, 511 F. Supp. 2d 986, 1001 (N.D. Cal. 2007) ("Plaintiff cannot be allowed to exclude the rest of the Form 10K because he wishes to pick and choose which statements should be considered"). Defendants request judicial notice of the full text of the disclosures cited in the Complaint, as well as additional STEC 10-Q and 10-K disclosures that are relevant to evaluating the sufficiency of Plaintiffs' allegations that investors were misled. *See Stac,* 89 F.3d at 1409-10 (holding information available to investors should be considered when evaluating whether complaint pleads that defendant's statements were false or misleading). It is therefore appropriate for the Court to take judicial notice of Exhibits A, C, D, E, and G.

### 3. Prospectuses and Prospectus Supplement

Defendants request that the Court take judicial notice of certain excerpts of STEC's September 29, 2000 and October 24, 2003 prospectuses and August 7, 2009 prospectus supplement filed on SEC Forms 424B4 and 424B3 (Exhibits U, V, BB). The contents of the August 7, 2009 Form 424B3 filing and October 24, 2003 Form 424B4 filing are specifically alleged in the Complaint. Compl. ¶¶ 72, 104, 105. Additionally, Plaintiffs implicitly rely upon the September 29, 2000 initial public offering documents in attempting to plead scienter. Compl. ¶¶ 7, 63, 69. STEC offers excerpts, rather than complete filings, for the sake of efficiency as explained above. The complete filings are readily accessible at http://www.sec.gov.

It is proper for the Court to take judicial notice of STEC's filings on Forms 424B4 and 424B3 for several reasons. First, as the authority set forth above makes clear, it is proper for the Court to judicially notice these exhibits under the doctrine of incorporation by reference. *See Pacific Gateway Exch.*, 169 F. Supp. 2d at 1164. Second, these filings are publicly available on the SEC's website. Moreover, courts in the Ninth Circuit have specifically held that a company's

prospectus may be judicially noticed.  *See, e.g., In re Stac,* 89 F.3d at 1405 n.4 (judicially noticing full text of prospectus, including portions not mentioned in complaint, when ruling on motion to dismiss); *In re CellCyte Genetics Sec. Litig.*, No. C08-0047, 2009 U.S. Dist. LEXIS 87828, at *11-12 (W.D. Wash. Sept. 23, 2009) (judicially noticing defendants' prospectus filed with SEC); *Haney v. Pacific Telesis Group*, No. CV 00-758, 2000 U.S. Dist. LEXIS 16218, at *6 n.4 (C.D. Cal. Sept. 19, 2000) (judicially noticing two prospectuses referenced in complaint). Judicial notice of Exhibits V, W, and BB is therefore appropriate.

### 4. Forms 13G/A

Defendants request that the Court take judicial notice of certain statements of Mark and Manouch Moshayedi's beneficial ownership filed on SEC Form 13 G/A (Exhibits W, X, Y, Z).  The Ninth Circuit has long held that judicial notice of filings reflecting stock transactions by corporate officers and directors is appropriate in ruling on motions to dismiss securities complaints where, as here, Plaintiffs use publicly reported stock sales to attempt to allege an inference of scienter.  The Court may also consider on a motion to dismiss SEC filings that are not explicitly referenced in the complaint, but upon which a plaintiff implicitly relies for his stock sales allegations.  *See Morgan v. AXT, Inc.,* No. C 04-4362, 2005 U.S. Dist. LEXIS 42346, at *21-22 (N.D. Cal. Sept. 21, 2005) (taking judicial notice of SEC Forms 4 even though not expressly referenced in complaint).  As the Ninth Circuit explained in *Silicon Graphics*, a plaintiff, having raised questions about these officers' stock sales, and having based allegations of improper trading on publicly available trading records, "can hardly complain when [the officers] refer to the same information" in challenging the adequacy of the allegations. *In re Silicon Graphics*, 183 F.3d at 986.

The Forms 13 G/A reflect Manouch and Mark Moshayedi's beneficial stock ownership and are readily available on the SEC's website at http://www.sec.gov.

The existence and contents of these Forms are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Furthermore, courts have taken judicial notice of SEC filings, including Forms 13 G. *See Shurkin v. Golden State Vintners, Inc.*, 471 F. Supp. 2d 998, 1011 (N.D. Cal. 2006) (judicially noticing Form 13G). In sum, where, as here, stock sales are an integral part of the scienter allegations in the Complaint, judicial notice of the Forms 13G/A is not only proper, but critical to conducting the comparative analysis mandated by *Tellabs*.

### 5. The SEC Correspondence

Defendants request that the Court take judicial notice of certain publicly available correspondence between the Division of Corporate Finance of the SEC and STEC (Exhibits S and T). In the Complaint, Plaintiffs reference and selectively quote from this correspondence in support of Plaintiffs' allegation that STEC issued false and misleading statements concerning STEC's customer base and growth, including "concealing" agreements with STEC's largest customer, EMC. Compl. ¶¶ 34, 35, 95, 96. As explained above, it is appropriate for the Court to judicially notice these exhibits under the doctrine of incorporation by reference. *See Pacific Gateway Exch.,* 169 F. Supp. 2d at 1164; *Tellabs*, 551 U.S. at 322. Further, the SEC comment letters are readily available on the SEC's website at http://sec.gov/Archives/edgar/data/1102741. *See also Batwin v. OCCAM Networks, Inc.*, No. CV 07-2750, 2008 U.S. Dist. LEXIS 52365, at *5 n.3 (C.D. Cal. July 1, 2008) (judicially noticing SEC letter, authenticity of which was not challenged, indicating that SEC would not take enforcement action). Because the Complaint incorporates these letters by reference, and because they are public documents capable of authentication, the Court is entitled to take judicial notice of Exhibits S and T.

### 6. STEC's Earnings Conference Call Transcripts

Defendants request that the Court take judicial notice of certain relevant excerpts of STEC's quarterly earnings conference call transcripts dated August 3, 2009, November 3, 2009, and Febraury 23, 2010 (Exhibits B, O, DD). In the Complaint, Plaintiffs reference and selectively quote from these earnings conference call transcripts. Compl. ¶¶ 32, 33, 59, 93, 101, 102, 120, 123, 131, 139, 141, 142, 143, 149, 150, 160, 166, 167, 170, 192. It is proper for the Court to take judicial notice of STEC's quarterly conference calls regarding its earnings for two reasons. First, as set fortha bove, it is proper for the Court to judicially notice these exhibits under the doctrine of incorporation by reference. *See Pacific Gateway Exch.*, 169 F. Supp. 2d at 1164. Second, courts routinely take judicial notice of transcripts of earnings conference calls. *See*, *e.g.*, *In re Century Aluminum Co. Sec. Litig.*, No. C 09-1001, 2010 U.S. Dist. LEXIS 41062, at *43 (N.D. Cal. Apr. 27, 2010) (judicially noticing transcripts of conference calls with analysts); *In re Rackable Sys.*, No. C 09-0222, 2010 U.S. Dist. LEXIS 2663, at *10 (N.D. Cal. Jan. 13, 2010) (same); *SEC v. Mozilo*, No. CV 09-3994, 2009 U.S. Dist. LEXIS 10468, at *20 n.2 (C.D. Cal. Nov. 3, 2009) (same). It is therefor appropriate for the Court to take judicial notice of Exhibits B, O, and DD.

### 7. Analyst Reports

Defendants request that the Court take judicial notice of certain analyst reports and a web article containing an analyst report on STEC, most of which are relied on in the Complaint (Exhibits P, Q, R, CC). As Plaintiffs acknowledge, throughout the Class Period, "STEC was followed by several securities analysts employed by major brokerage firms . . . Each of these reports was publicly available and entered the public marketplace." Compl. ¶ 201(d). Plaintiffs reference and selectively quote from certain analyst reports and from a web article containing an analyst report (Exhibit R). *Id.* ¶¶ 36, 128, 134, 137, 140, 153, 154,

155, 156, 157, 158, 159, 160, 174, 175, 176, 177, 178, 179.  It is proper for the Court to take judicial notice of the analyst reports and the internet article containing an analyst report explicity cited in the Complaint under the doctrine of incorporation by reference.  *See Pacific Gateway Exch.*, 169 F. Supp. 2d at 1164; *Brodsky v. Yahoo! Inc.*, 630 F. Supp. 2d 1104, 1111-12 (N.D. Cal. 2009) (granting judicial notice of analyst reports referenced in complaint); *New York State Teachers' Ret. Sys. v. Fremont Gen. Corp.*, No. 2:07-CV-5756, 2009 U.S. Dist. LEXIS 94241, *2-3 (C.D. Cal. Sept. 25, 2009) (same).

It is also appropriate for the court to consider in a motion to dismiss certain other analyst reports submitted to establish "whether and when certain information was provided to the market."  *See In re Infonet Serv. Corp.*, 310 F. Supp. 2d at 1116 n.10; *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1157-60 (C.D. Cal. 2007).  It is therefore appropriate for the Court to take judicial notice of Exhibits P, Q, R, and CC.

### 8.     STEC's Historical Stock Prices

Defendants request that the Court take judicial notice of STEC's historical stock prices between August 1, 2009 and October 31, 2009 as published by Yahoo! Finance (Exhibit F).  In the Complaint, Plaintiffs reference and selectively quote STEC's stock prices.  Compl. ¶¶ 8, 55, 57, 58, 60, 75, 78, 134, 151, 172.  It is proper for the Court to take judicial notice of STEC's historical stock prices for two reasons.  First, as the authority set forth above makes clear, it is proper for the Court to judicially notice these exhibits under the doctrine of incorporation by reference.  *See Pacific Gateway Exchange*, 169 F. Supp. 2d at 1164.  Second, courts routinely take judicial notice of historical stock prices.  *See, e.g., Metzler Inv. GMBH v. Corinthian Colleges, Inc.,* 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (judicially noticing defendants' reported stock price history); *City of Westland Police & Fire Ret. Sys. v. Sonic Solutions*, No. C 07-0511, 2009 U.S. Dist. LEXIS

33339, at *9-10 (N.D. Cal. Apr. 6, 2009) (judicially noticing historical stock prices because stock prices "are subject to accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"); *In re Finisar Corp. Derivative Litig.*, No. C 06-07660, 2009 U.S. Dist. LEXIS 94002, at *16, n.4 (N.D. Cal. Sept. 22, 2009) (judicially noticing defendants' closing stock prices for the period of the alleged backdating); *Bank of Stockton v. Verizon Commc'n., Inc.*, No. C 09-15909, 2010 U.S. App. LEXIS 7662, at *2 n.1 (9th Cal.Cir. Apr. 14, 2010) (judicially noticing publicly reported stock prices); *Burritt v. NutraCea*, No. CV 09-00406, 2010 U.S. Dist. LEXIS 17544, at *9 (D. Ariz. Feb. 24, 2010) (same); *SEC v. Mozilo,* No, CV 09-3394, 2009 U.S. Dist. LEXIS 104689, at *20 n.2 (C.D. Cal. Nov. 3, 2009) (same). It is therefore appropriate for the Court to take judicial notice of Exhibit F.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of Exhibits A through DD, attached to the Johnson Declaration.

Dated: May 12, 2010

Respectfully submitted,

LATHAM & WATKINS LLP

By _____/s/_____
Michele D. Johnson
Attorneys for Defendants STEC, Inc., Manouch Moshayedi, Mark Moshayedi, and Raymond D. Cook