UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-1304 JVS (MLGx) Consolidated with SACV 09-01306-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx); and CV09-08536-JVS(MLGx) | Date | July 14, 2010 |
| Title | In re STEC Inc. Securities Litigation | | |

Present: The Honorable     James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers)   ORDER DENYING
1. Ganesh K. Meda's Motion for Appointment of Ganesh K. Meda as Co-Lead Plaintiff and his Counsel as Co-Lead Counsel or, in the Alternative, for an Order Permitting him to Intervene as of Right (fld 06/14/10) AND
2. Keith A. Ovitt and Arman Rashtchi's Motion to Confirm Appointment of Lead Plaintiffs and Lead Counsel (fld 06/14/10) AND
                ORDER GRANTING
The State of New Jersey, Department of Treasury, Division of Investment's Motion for Appointment as Lead Plaintiff and Approval Selection of Counsel (fld 06/15/10)

This case is a putative securities class action lawsuit on behalf of STEC, Inc. ("STEC") investors. Before the Court are three motions for appointment of lead plaintiff and lead counsel brought by different prospective class members.

I.   BACKGROUND

On January 21, 2010, the Court consolidated various securities cases brought by investors against STEC. (Docket No. 54.) On February 8, 2010, the Court appointed Plaintiffs Arman Rashtchi and Keith Ovitt ("Rashtchi & Ovitt") lead plaintiffs and Kahn Swick & Foti, LLC and Bernstein Litowitz Berger & Grossmann LLP as lead counsel in the consolidated action. (Docket No. 61.) On March 15, 2010, Rashtchi & Ovitt filed an *ex parte* motion seeking to consolidate a newly filed case, Meda v. STEC, Inc., SACV 10-248. (See Docket No. 67.) In opposition to the motion, Plaintiff Ganesh K. Meda

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-1304 JVS (MLGx) Consolidated with SACV 09-01306-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx); and CV09-08536-JVS(MLGx) | Date | July 14, 2010 |
|---|---|---|---|
| Title | In re STEC Inc. Securities Litigation | | |

("Meda") argued that his claims against STEC were distinct from those in the cases previously consolidated by this Court because, among other reasons, his claims were focused on conduct occurring in a different time period. (See Opp'n Br. 4, Docket No. 68.) Meda also argued that if the class period was to be expanded, the lead plaintiff appointment process should be re-opened. (See id.) In response, Rashtchi & Ovitt argued that the alleged fraud in the original cases and the Meda case were related and that mere expansions of the class period did not require a re-opening of the lead plaintiff appointment process. (See Reply Br. 4-5, Docket No. 69.)

After reviewing the filings and the relevant case law, on March 26, 2010 the Court decided that the Meda case should be consolidated with the original actions against STEC, but that the expansion of the class period was significant enough to warrant a re-opening of the lead plaintiff appointment process and ordered Rashtchi & Ovitt to provide potential lead plaintiffs with notice after the filing of a consolidated complaint. (See Order 1, Docket No. 71.)

Rashtchi & Ovitt, as required by the Order, provided notice to potential lead plaintiffs after they filed a consolidated complaint. In response to the notice, three motions were filed seeking appointment as lead plaintiff. One motion was filed by Rashtchi & Ovitt (Docket No. 99), one by Meda (Docket No. 94), and one by The State of New Jersey ("New Jersey") (Docket No. 96).

II.   **LEGAL STANDARD**

The Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, provides procedures for selecting lead plaintiffs in a securities class action. The plaintiff in the first lawsuit to be filed must publish a notice in a widely circulated business publication within twenty days of filing the complaint that includes a description of the claim and notifies prospective class members that they may move within sixty days of the notice to be named lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(I). The PSLRA directs courts to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-1304 JVS (MLGx)<br>Consolidated with SACV 09-01306-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx); and CV09-08536-JVS(MLGx) | Date | July 14, 2010 |
| Title | In re STEC Inc. Securities Litigation | | |

    In the Ninth Circuit, In re Cavanaugh, 306 F.3d 726, 729-30 (9th Cir. 2002), governs lead plaintiff selection and establishes a three-step process. First, as discussed above, timely and complete notice of the action must be published. Id. at 729. Second, the district court considers the losses suffered by potential lead plaintiffs and selects "the one who 'has the largest financial interest in the relief sought by the class' and 'otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.'" Id. at 730 (citing 15 U.S.C. § 78u-4(a)(3)(B) (iii)(I)). Thus, the Court must determine which plaintiff "has the most to gain from the lawsuit." Id. Finally, the court focuses on that plaintiff to ensure that the proposed lead plaintiff "satisfies the requirements of [Fed. R. Civ. P.] 23(a), in particular those of 'typicality' and 'adequacy.'" Id. A plaintiff who satisfies the first two steps becomes the "presumptively most adequate plaintiff." Id. Other plaintiffs have the opportunity to rebut the presumptive lead plaintiff's showing of typicality and adequacy. Id. (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).

    Once the Court has designated a lead plaintiff, the lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "[T]he district court does not select class counsel at all." Cavanaugh, 306 F.3d at 732. "The district court should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently." Cohen v. U.S. Dist. Court, 586 F.3d 703, 711 (9th Cir. 2009). Rather, "if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." Id. at 712.

### III. DISCUSSION

    The primary dispute before the Court is between Rashtchi & Ovitt and New Jersey, as Meda has indicated that he supports the appointment of New Jersey as lead plaintiff. (See Opp'n Br. 2, Docket No. 103.)[1] Rashtchi & Ovitt do not dispute that New Jersey has the largest stated loss and they do not challenge the adequacy or typicality of New Jersey. Rather, Rashtchi & Ovitt primarily focus on whether the Court contemplated re-opening of the lead plaintiff appointment process in its March 26 Order. They also argue that

---

[1] The Court agrees with New Jersey that Meda's request for permissive intervention is unnecessary and thus is denied. (See Reply Br. 9 n.4.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-1304 JVS (MLGx) Consolidated with SACV 09-01306-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx); and CV09-08536-JVS(MLGx) | Date | July 14, 2010 |
|---|---|---|---|

| Title | In re STEC Inc. Securities Litigation |
|---|---|

replacing them as lead plaintiffs at this stage would prejudice the class.

Rashtchi & Ovitt first argue that "[n]othing in the Court's order indicated that the Lead Plaintiff process would or could be reopened, nor is there legal support to do so." (Opp'n Br. 2, Docket No. 106; see also id. 5-10.) The Court disagrees. Although it is true that the Court never explicitly stated in its March 26 Order that it intended to re-open the lead plaintiff appointment process, re-opening of the lead plaintiff appointment process was implicit in its instruction to Rashtchi & Ovitt to comply with the notification procedures of the PSLRA. (See Order 1, Docket No. 71 (ordering Rashtchi & Ovitt to "comply with the notice provision of 15 U.S.C. § 78u-4(a)(3)(A)(I)".) What purpose would such notification serve if the Court was not also willing to consider appointing a different lead plaintiff? Publishing a notice pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(I) is designed specifically to allow "any member of the purported class [to] move the court to serve as lead plaintiff of the purported class." 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). If the Court was not also re-opening the appointment process, ordering publication of a notice to prospective class members would have been a pointless exercise.

Rastchi & Ovitt also suggest that if the Court intended to re-open the lead plaintiff appointment process, such a re-opening was limited only to those potential lead plaintiffs that had only experienced losses in the expanded class period. (Opp'n Br. 6, Docket No. 106.) It is true that the Court was primarily concerned with affording proper notice to potential lead plaintiffs who only had losses during the expanded class period when it ordered Rastchi & Ovitt to publish a PSLRA notice. However, the Court also believed that notification was warranted to all potential lead plaintiffs — including those with loses only in the original class period — due to the significant expansion of the class period.[2] This non-trivial expansion of the class period was bound to change the significance of the suit and therefore have a direct impact on the decision-making process of potential lead plaintiffs. A potential lead plaintiff with losses primarily in the original

---

[2] The Court agrees with New Jersey that the expanded class period was not merely a "stub," as Rashtchi & Ovitt suggest, but was almost a doubling of the class period. The original class period covered June 16, 2009 through November 3, 2009. The class period was subsequently expanded to February 23, 2010. Thus, the original period was 141 days, to which a period of 112 days was added.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-1304 JVS (MLGx) Consolidated with SACV 09-01306-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx); and CV09-08536-JVS(MLGx) | Date | July 14, 2010 |
|---|---|---|---|

| Title | In re STEC Inc. Securities Litigation |
|---|---|

period may not have felt that this suit was worthy of devoting significant effort and resources towards until it was transformed by the expansion of the class period. This does not mean that any time the potential value of a suit increases, such as when a complaint survives a motion to dismiss, the re-opening of the lead plaintiff appointment process is warranted.[3] However, when the fundamental character of a suit is significantly altered by an expanded class period and the addition of claims, providing all potential lead plaintiffs with an opportunity to apply for a leadership position is the correct course of action. See, e.g., In re Cyberonics Inc. Sec. Litig., 468 F. Supp. 2d 936, 937-40 (S.D. Tex 2006); In re LeapFrog Enters., Inc. Sec. Litig., No. C 03 05421 RMW, 2005 WL 5327775 at *3 (N.D. Cal. July 5, 2005) (requiring re-publication of the PSLRA notice and re-opening of the lead plaintiff appointment process where expansion of class period and addition of claims had "dramatically alter[ed] the contours of the lawsuit").[4]

The Court acknowledges that in several of the cases ordering republication, significant potential lead plaintiffs were not members of the original class. Cyberonics, 468 F. Supp. 2d at 939; Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc., No. 05 Civ. 1898(SAS), 2005 WL 1322721 at *2 (S.D.N.Y. June 1, 2005) (new class of securities added to case). That is not the case here with respect to New Jersey.[5]

---

[3] Thus, the Court agrees with the statement of the court in In re Merck Sec.Litig., No. 04-cv-5866 (D.N.J. Mar. 21, 2005), that is highlighted by Rastchi & Ovitt. (Opp'n Br. 9, Docket No. 106; Hr'g Tr. 50, Miller Decl., Ex. B., Docket No. 106 ("[T]he mere fact that a plaintiff with greater losses than the originally appointed lead plaintiff subsequently develops an interest in a lawsuit is an insufficient basis to disturb the original appointment of the lead plaintiff. . . . It would, in fact, create the potential for continued unending struggles between plaintiffs and their counsels to secure a piece of a litigation once it became clear that it had more possible merit than was originally perceived.").)

[4] At some points in their briefing Rashtchi & Ovitt appear to seek reconsideration of the Court's prior determination that the expansion of the class period in this class was significant enough to warrant re-publication and re-opening of the lead plaintiff appointment process. (See Opp'n Br. 10-11, Docket No. 106.) Rashtchi & Ovitt's belated attempt to challenge the Court's March 26 Order is procedurally improper. Furthermore, as discussed above, the Court disagrees that the class period was only "slightly expanded." (Id. at 11.)

[5] Indeed, New Jersey conceded at oral argument that approximately ninety percent of its loss occurred during the original class period.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-1304 JVS (MLGx) Consolidated with SACV 09-01306-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx); and CV09-08536-JVS(MLGx) | Date | July 14, 2010 |
|---|---|---|---|
| Title | In re STEC Inc. Securities Litigation | | |

However, the possibility nevertheless existed that there were such investors whose losses arose only in the extension period. In any event, a new set of claims was added here and the class period was nearly doubled; these changes are not trivial and warranted republication.[6]

Not every procedural turn in a case will justify republication, an outcome which Rastachi & Ovitt fear the Court is endorsing. But where a major change occurs, republication is proper, as it was here, and the appointment of the most qualified investor upon republication is appropriate. Looking at the amended class period, New Jersey is not only the most qualified investor from the stand point of loss, but also the type of investor PSLRA contemplates.

Rashtchi & Ovitt's reliance upon In re Microstrategy Inc. Sec. Litig., 110 F. Supp. 2d 427 (E.D. Va. 2000), is misplaced because that case did not involve a re-publication of the PSLRA notice and re-opening of the lead plaintiff appointment process due to a significant expansion of the proposed class period. Rather, Microstrategy concerned a situation where the appointed lead plaintiff withdrew. Id. at 438-40. The Microstrategy court, therefore, correctly excluded an application from a potential lead plaintiff as

---

[6] The comparison of the original and amended allegations asserted by the lead plaintiffs in LeapFrog is instructive:

> [T]he Cupples Movants' amended complaint vastly expands their original complaint. Indeed, the Cupples Movants' twenty-one page original complaint alleged that defendants made rosy statements about LeapFrog's financial outlook when, in fact, retailers were not placing an expected number of orders and the company stood to lose ground to a competitor's product. Complaint at ¶¶ 39-44. The consolidated class period spanned about six months. Id. at ¶ 1. The Cupples Movants' one hundred and thirty-five page amended complaint includes new allegations about LeapFrog's distribution and supply chain and alleges a class period of fifteen months. Amended Complaint at ¶¶ 1, 44-111. Unlike the amended complaints in the Cupples Movants' authority, the amended complaint here dramatically alters the contours of the lawsuit.

LeapFrog, 2005 WL 5327775 at *3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-1304 JVS (MLGx) Consolidated with SACV 09-01306-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx); and CV09-08536-JVS(MLGx) | Date | July 14, 2010 |
| Title | In re STEC Inc. Securities Litigation | | |

procedurally defective because it had not been filed during the original, and only, application period. Id. at 439-40. Here, as explained above and in the March 26 Order, the altered contours of the suit warranted a re-publication of the PSLRA notice and a re-opening of the lead plaintiff process. Given that the Court authorized an additional application period, and New Jersey's application was timely filed during this period, the procedural defect identified in Microstrategy simply does not exist.

Rashtchi & Ovitt's understanding of the Court's March 26 Order appears to have shifted since they published the notification to prospective class members. The published notice stated, in relevant part, as follows:

> On March 26, 2010, the Court ordered Lead Plaintiffs to issue notice to potential lead plaintiffs of the filing of their consolidated complaint which extended the Class Period end date from November 3, 2009 to February 23, 2010. If you wish to serve as lead plaintiff, you must move the Court no later than 60 days from today. . . . Any member of the class may move the Court to serve as lead plaintiff through counsel of their choice, or may choose to do nothing and remain a member of the proposed class.

(Nicholas Decl., Ex. A, Docket No. 99.) This interpretation of the Court's March 26 Order was the correct one, as explained above.

Finally, Rashtchi & Ovitt argue that the class will be prejudiced if they are replaced as lead plaintiffs. (Opp'n Br. 12-13, Docket No. 106.) The Court does recognize that a change in lead plaintiffs will cause a delay in this suit. Likewise, Rashtchi & Ovitt have obviously expended significant resources drafting a consolidated complaint and responding to STEC's motion to dismiss.[7] However, given the relatively early stage of this litigation, the Court does not believe that a change in lead plaintiff at this point would significantly prejudice the class.

---

[7] At the appropriate time, Rastachi & Ovitt may apply for reimbursement of their attorneys' fees and costs incurred as lead plaintiffs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-1304 JVS (MLGx)<br>Consolidated with SACV 09-01306-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx); and CV09-08536-JVS(MLGx) | Date | July 14, 2010 |
|---|---|---|---|
| Title | In re STEC Inc. Securities Litigation | | |

Accordingly, the Court will consider New Jersey's application. The Court finds that New Jersey has the greatest stated loss among the potential lead plaintiffs. (See Ellman Decl., Ex. B, Docket No. 96 (documenting loss of over $21 million).) The Court also finds that New Jersey, based upon the information it has provided, satisfies the typicality and adequacy requirements of Rule 23(a). New Jersey, as a large institutional investor, is exactly the type of lead plaintiff Congress envisioned in enacting the PSLRA. Accordingly, New Jersey is the presumptive lead plaintiff. As mentioned previously, no party has challenged the merits of New Jersey's application or attempted in any way to rebut its status as the presumptive lead plaintiff. Therefore, the Court will appoint New Jersey as lead plaintiff.

New Jersey has chosen the law firms of Labaton Sucharow LLP, Lite DePalma Greenberg, LLC, and Lim, Ruger & Kim, LLP as its counsel. The Court finds that the selection of these firms is reasonable, as they each have significant experience in litigating securities class actions. (See Ellman Decl., Exs. D-F, Docket No. 96.) Therefore, the Court will defer to the choice of counsel made by New Jersey. See Cohen, 586 F.3d at 712.

## IV. CONCLUSION

For the foregoing reasons, the Court appoints New Jersey as lead plaintiff, Labaton Sucharow LLP and Lite DePalma Greenberg, LLC as co-lead counsel, and Lim, Ruger & Kim LLP as liaison counsel.

Within ten days, lead plaintiff shall indicate whether it will elect to stand on the current consolidated complaint. If it elects to file an amended complaint, it shall do so within thirty days from the issuance of this Order.

IT IS SO ORDERED.

| | Initials of Preparer | kjt |
|---|---|---|