UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 09-1304 JVS (MLGx) | Date | August 24, 2010 |
| Title | In re STEC, Inc. Securities Litigation | | |

Present: The Honorable    James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                                                     Not Present

**Proceedings:**   (In Chambers)      Order Denying re Motion for Certification for Interlocutory Appeal

Plaintiffs Arman Rashtchi and Keith Ovitt ("Rashtchi & Ovitt") move, pursuant to 28 U.S.C. § 1292(b), for certification for interlocutory appeal of the Court's March 26, 2010 and July 14, 2010 orders related to re-opening of the lead plaintiff selection process under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4. (See Docket Nos. 71, 123.) Lead Plaintiff the State of New Jersey ("New Jersey") and Defendant STEC, Inc. oppose.

An interlocutory appeal from an order is appropriate where the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." James v. Price Stern Sloan, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002).

Review of the orders that Rashtchi & Ovitt seek the Court to certify for interlocutory appeal would not materially advance the ultimate termination of this litigation. These orders concern selection of the lead plaintiff and lead counsel. They have nothing to do with the merits of this case. It is hard to conceive how an immediate appeal on these issues would materially advance the termination of this litigation. Accord In re Spectranetics Corp. Sec. Litig., Civil Case No. 08-cv-02048-REB-KLM, 2009 WL 4268291, at *4 (D. Colo. Nov. 19, 2009) ("[A]n interlocutory resolution of the lead plaintiff issue by the United States Court of Appeals for the Tenth Circuit will not cause

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 09-1304 JVS (MLGx) | Date | August 24, 2010 |
| Title | In re STEC, Inc. Securities Litigation | | |

any of the parties to abandon any of their claims and defenses, reach a settlement of any or all of the plaintiffs' claims more quickly, or otherwise cause the ultimate resolution of the plaintiffs' claims to occur more quickly than it would otherwise. In other words, resolution of the claims at issue in this case are not dependent on who is designated as the lead plaintiff.")

     Rashtchi & Ovitt point to the possibility that this case might have to be wastefully relitigated if the Court's appointment of New Jersey as lead plaintiff is reversed on final appeal. (Mot. Br. 15.) This mere possibility is not sufficient to warrant certification for interlocutory appeal under 28 U.S.C. § 1292(b). See id. Additionally, although Rashtchi & Ovitt note that they can petition for a writ of mandamus, their relitigation scenario assumes that the lead plaintiff selection would only be reviewed after final appeal. This ignores the fact that the Ninth Circuit has on multiple occasions reviewed via mandamus petitions the appointment of a lead plaintiff under the PSLRA. See Cohen v. U.S. Dist. Court for the N. Dist. of Cal., 586 F.3d 703 (9th Cir. 2009); In re Cavanaugh, 306 F.3d 726 (9th Cir. 2002). If the Ninth Circuit were to reverse the appointment of New Jersey at some stage before entry of final judgment in this litigation, relitigation would appear to affect few, if any, issues because Rashtchi & Ovitt would simply step into the role of lead plaintiffs at that point in the litigation.

     Accordingly, the motion is DENIED.

     The Court finds that oral argument would not be helpful on this matter and vacates the August 30, 2010 hearing. Fed. R. Civ. P. 78; Local Rule 7-15.

IT IS SO ORDERED.

                                                                           : 00

Initials of Preparer    kjt