Christopher Kim (Bar No. 082080)
christopher.kim@limruger.com
Lisa J. Yang (Bar No. 208971)
lisa.yang@limruger.com
**LIM, RUGER & KIM, LLP**
1055 West Seventh Street, Suite 2800
Los Angeles, California 90017-2554
Telephone: (213) 955-9500
Facsimile: (213) 955-9511

Thomas A. Dubbs (*Pro Hac Vice*)
tdubbs@labaton.com
Martis Alex (Bar No. 77903)
malex@labaton.com
LABATON SUCHAROW LLP
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

Allyn Z. Lite (*Pro Hac Vice*)
alite@litedepalma.com
Bruce D. Greenberg (*Pro Hac Vice*)
bgreenberg@litedepalma.com
LITE DePALMA GREENBERG, LLC
Two Gateway Center, 12th Floor
Newark, New Jersey 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858

*Attorneys for Plaintiffs and Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE STEC, INC. SECURITIES LITIGATION | No. SACV 09-01304-JVS (MLGx) |
| This Document Relates to **ALL ACTIONS.** | **PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** |
| | Hearing Date: January 10, 2011<br>Time: 1:30 p.m.<br>Courtroom: 10C |

LIM, RUGER & KIM, LLP

# TABLE OF CONTENTS

TABLE OF AUTHORITIES....................ii

I. INTRODUCTION....................2

II. ARGUMENT....................3

A. APPLICABLE STANDARDS....................3

B. DEFENDANTS PROFFER SOME DOCUMENTS FOR IMPROPER AND IRRELEVANT PURPOSES....................4

1. Press Releases....................4

2. SEC Filings....................5

3. Prospectus and Prospectus Supplement....................7

4. Schedules 13G/A, SEC Correspondence, Earnings Call Transcripts....................8

5. Analyst Reports....................9

6. Historical Stock Prices....................10

III. CONCLUSION....................10

LIM, RUGER & KIM, LLP

# TABLE OF AUTHORITIES

## Cases

In re Wet Seal, Inc. Sec. Litig., 518 F. Supp. 2d 1148 (C.D. Cal. 2007) .......... 8

Plevy v. Haggerty, 38 F. Supp. 2d 816 (C.D. Cal. 1998) .......... 9

San Francisco Patrol Special Police Officers v. City and County of San Francisco, 13 Fed. Appx. 670 (9th Cir. 2001) .......... 3

Yanek v. Staar Surgical Co., 388 F. Supp. 2d 1110 n. 11 (C.D. Cal. 2005) .......... 4

## Rules

Rule 201 of the Federal Rules of Evidence .......... 2

LIM, RUGER & KIM, LLP

Plaintiffs respectfully submit this response to Defendants' Request for Judicial Notice ("RJN") filed in support of their motion to dismiss the Consolidated Amended Complaint (the "Complaint").

## I. INTRODUCTION

Defendants request that the Court take judicial notice of various voluminous exhibits attached to the Declaration of Christopher W. Johnstone (the "Johnstone Declaration") accompanying their motion to dismiss the Complaint. The exhibits consist of certain documents that STEC, Inc. ("STEC" or the "Company") filed with the Securities and Exchange Commission ("SEC"), the Company's press releases, conference call transcripts, analyst reports, and historical stock prices.

As addressed herein, Plaintiffs generally do not oppose the Court taking judicial notice of the existence of certain of these documents, where the document at issue is expressly relied on in the Complaint. Defendants' attempt, however, to introduce irrelevant and extraneous documents that are not mentioned in the Complaint should be rejected. Indeed, "[t]he Court should not use judicial notice to generate an evidentiary record and then weigh evidence- which plaintiffs have not had the opportunity to challenge- to dismiss plaintiffs [sic.] complaint." *In re Network Equip. Techs., Inc. Litig.*, 762 F. Supp. 1359, 1363 (N.D. Cal. 1991).

## II. ARGUMENT

### A. APPLICABLE STANDARDS

There is no doubt that "extraneous evidence should not be considered in ruling on a motion to dismiss." *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("[W]hen the legal sufficiency of a complaint's allegations is tested by a motion under Rule 12(b)(6), '[r]eview is limited to the complaint.'") (citation omitted). If, on a motion to dismiss, the Court considers extrinsic documents outside of the complaint, the motion is converted to one for summary judgment, and "[a]ll parties must be given a reasonable opportunity to present all

the material that is pertinent to the [Rule 56] motion." Fed. R. Civ. P. 12(d).

There are, however, two exceptions to the rule that outside evidence may not be considered. First, the Court may take judicial notice of matters of public record to the extent permitted by Rule 201 of the Federal Rules of Evidence. *Lee*, 250 F.3d at 688-689. Pursuant to Fed. R. Evid. 201, courts may take judicial notice of documents that are (i) generally known within the territorial jurisdiction of the trial court, or (ii) capable of accurate and ready determination by resort to resources whose accuracy cannot reasonably be questioned. Second, courts may consider under the "incorporation by reference" doctrine, documents that are either submitted as part of the complaint or that are necessarily relied on in a complaint and whose authenticity is not contested. *Lee*, 250 F.3d at 688.

## B. DEFENDANTS PROFFER SOME DOCUMENTS FOR IMPROPER AND IRRELEVANT PURPOSES

As Defendants do in their RJN, Plaintiffs address each category of documents submitted by Defendants specifically and in turn.

### 1. Press Releases

Defendants request that the Court judicially notice various press releases attached to the Johnstone Declaration at Exhibits H (November 10, 2008), I (March 12, 2009), J (May 11, 2009), K (June 16, 2009), L (August 3, 2009), M (November 3, 2009), N (February 23, 2010), AA (May 29, 2009) and DD (July 16, 2009). (RJN at 3-4.) According to Defendants, "Plaintiff quotes extensively, but selectively, from many of these press releases." (*Id.* at 3.)

This is simply not true. The Complaint does not contain even the slightest of references to the press releases attached as exhibits H, I, J, L, M and AA. As such, those press releases are completely outside the scope of judicial notice and should not be considered for any purpose. *San Francisco Patrol Special Police Officers v. City and County of San Francisco,* 13 Fed. Appx. 670, 675 (9th Cir. 2001) (reasoning that, for "incorporation by reference" doctrine to apply, material must

be "necessarily relied upon by the plaintiff's complaint"); *Pearce v. Bank of Am. Home Loans*, No. C 09-3988 JF, 2010 WL 689798, at *3 (N.D. Cal. Feb. 23, 2010) (holding that document was outside the scope of the "incorporation by reference doctrine" as contents were not alleged in complaint).

Moreover, Defendants have not made any showing that these extraneous press releases are relevant to any matter alleged in the Complaint. For this additional reason, the request for judicial notice should be denied. *E. & J. Gallo Winery v. EnCana Energy Servs., Inc.*, CVF03-5412AWILJO, 2005 WL 2435900, at *6 (E.D. Cal. Sept. 30, 2005) *aff'd sub nom. E. & J. Gallo Winery v. EnCana Corp.*, 503 F.3d 1027 (9th Cir. 2007) (refusing to take judicial notice of irrelevant press release).

With respect to Exhibits K, N and DD, which are specifically referred to in the Complaint, Plaintiffs do not object to the Court's consideration of these exhibits and join in Defendants' motion.

**2. SEC Filings**

Defendants seek to introduce the following exhibits containing various STEC SEC filings: A (2009 Form 10-K, filed February 23, 2010), C (Form 10-Q for period ending March 31, 2009, filed May 11, 2009), D (Form 10-Q for period ending June 30, 2009, filed August 3, 2009), E (Form 10-Q for period ending September 30, 2009, filed November 3, 2009), G (2008 Form 10-K, filed March 12, 2009), EE (Form 10-Q for period ending June 30, 2010, filed August 3, 2010), HH (2007 Form 10-K, filed March 17, 2008). (RJN at 4-5.) All are referenced in the Complaint except for Exhibits EE and HH. (*See, e.g.*, Compl. ¶¶ 26, 64, 123, 239.) Plaintiffs do not object to the Court's consideration of Exhibit EE, the Form 10-Q for the second quarter of 2010.

Exhibit HH, STEC's 2007 Form 10-K, should not be considered. Nowhere is Exhibit HH mentioned in the Complaint. Thus, the incorporation by reference doctrine does not apply. Even if Exhibit HH were mentioned, it should still not be

LIM, RUGER & KIM, LLP

considered. While courts may consider SEC filings in connection with a motion to dismiss, those filings must be relevant to the issues in the case. *Yanek v. Staar Surgical Co.*, 388 F. Supp. 2d 1110, 1127 n. 11 (C.D. Cal. 2005) (excluding Company's Form 8-K from consideration under the doctrine of judicial notice because the filing "references events exclusively outside of the Class Period and is also irrelevant to the determination of the Motion to Dismiss."); *see also In re Immune Response Secs. Litig.*, 375 F. Supp. 2d 983, 996 (S.D. Cal. 2005) (judicial notice of exhibits denied because court found them "irrelevant in deciding the [m]otions"); *In re Calpine Corp. Secs. Litig.*, 288 F. Supp. 2d 1054, 1076-77 (N.D. Cal. 2003) (court declined to take judicial notice of documents that were not referenced in a complaint and not relevant).

Here, the 2007 Form 10-K attached as Exhibit HH precedes the Class Period by over two years and is not relevant to Plaintiffs' allegations or the issues presented by Defendants' dismissal motion. Exhibit HH should be stricken.

With respect to the remaining SEC filings that are the subject of Defendants' RJN, Plaintiffs join in Defendants' motion. If the Court considers the Company's SEC filings, it should consider those filings in their entirety rather than the excerpts provided by Defendants. To that end, Plaintiffs attach to the accompanying Declaration of Allyn Z. Lite the complete versions of the relevant SEC filings.[1]

**3. Prospectus and Prospectus Supplement**

Defendants request that the Court take judicial notice of excerpts from STEC's September 29, 2000 and October 24, 2003 prospectuses and August 3, 2009 Prospectus Supplement (Exhibits U, V and BB). (RJN at 5-6.) Of these documents, only the contents of the August 3, 2009 filing (Exhibit BB) are alleged

[1] Plaintiffs also attach copies of the Company's Forms 10-Q for the third quarter of 2008 and the first quarter of 2010.

in the Complaint. (*See, e.g.*, Compl. ¶ 240.) Plaintiffs do not object to the Court taking judicial notice of Exhibit BB.

STEC's September 29, 2000 and October 24, 2003 filings should be excluded. As set forth above, because Exhibits U and V are not mentioned in the Complaint, the incorporation by reference doctrine does not apply and these documents are outside the doctrine of judicial notice. Furthermore, these Exhibits precede the Class Period in this matter (June 16, 2009 - February 23, 2010) by nearly nine and six years, respectively, and there is no indication that they are remotely relevant to this motion. To the extent that Defendants introduce these documents only to show the beneficial ownership of STEC securities by Mark and Manouch Moshayedi, Plaintiffs object on the same basis as is set forth below with respect to the Schedules 13G/A.

**4. Schedules 13G/A, SEC Correspondence, Earnings Call Transcripts**

Plaintiffs do not object to the Court taking judicial notice of Exhibits W, X, Y and Z- the Schedules 13G/A reflecting Mark and Manouch Moshayedi's beneficial ownership of STEC securities that were filed with the SEC. (*See* RJN at 6-7.) Plaintiffs do oppose the Court's consideration of these documents to the extent that defendants "offer the documents to provide a complete picture of defendants' trading activity" to argue the merits of Plaintiffs' insider trading allegations. *Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008).

With respect to the SEC correspondence attached as Exhibits S (8/28/09 letter), FF (9/10/09 letter) and GG (10/13/09 letter), Plaintiffs do not object to the Court's consideration of the existence of these documents, which are referred to in the Complaint. (*See, e.g.*, Compl. ¶¶ 74, 76, 78.)

With respect to the letter from the SEC dated October 20, 2009 and attached as Exhibit T, however, Defendants' assertion that Plaintiffs "reference[ ] and selectively quote[ ] from this correspondence" is false. (*See* RJN at 7.) Nowhere

LIM, RUGER & KIM, LLP

is Exhibit T referred to in the Complaint. Thus, the incorporation by reference doctrine does not apply.

Plaintiffs do not object to Defendants' request to take judicial notice of the conference call transcripts dated August 3, 2009, November 3, 2009 and February 23, 2010 attached as Exhibits B and O. (*See* RJN at 7-8.) With respect to these transcripts, Plaintiffs join in Defendants' motion.

**5. Analyst Reports**

Defendants request judicial notice of various analyst reports attached to the Johnstone Declaration at Exhibits P (a March 25, 2009 analyst report by Stifel Nicolaus), Q (a June 16, 2009 analyst report by Thomas Weisel Partners), R (internet article dated July 2, 2009 containing report by Avian Securities), and CC (a September 17, 2009 analyst report by Wedbush). (*See* RJN at 8-9.) The Complaint plainly does not rely on "most" of these documents, as Defendants claim. (*Id.* at 8.) Rather, of these reports, the only one referred to in the Complaint is the September 17, 2009 report of Wedbush attached as Exhibit CC. (*See, e.g.*, Compl. ¶ 143.) Plaintiffs do not object to the consideration of Exhibit CC.

Defendants' assertion that it is proper for the Court to consider analyst reports not referred to in the Complaint is erroneous. As acknowledged by Defendants' own authority (RJN at 9), the Court may take judicial notice of analyst reports "*where they are relied upon by the complaint*." *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1157 (C.D. Cal. 2007) (emphasis added). Here, Plaintiffs did not rely on Exhibits P, Q, or R anywhere. Moreover, there is no indication that these other analyst reports are remotely relevant to Defendants' motion to dismiss.

This was the exact issue addressed in *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 821 (C.D. Cal. 1998), where a judge of this Court declined to take judicial notice of five additional analyst reports not cited in the Complaint. In *Plevy*, the Court rejected the defendants' argument that the extraneous reports should be considered

"for the sake of completion," finding them wholly irrelevant to defendants' motion to dismiss. This Court should similarly so find here and strike Exhibits P, Q and R.

**6. Historical Stock Prices**

Plaintiffs do not take issue with the assertion that stock prices can be subject to judicial notice. Here, Defendants request that the Court take judicial notice of Exhibit F, historical stock price quotes on Yahoo!, to establish that STEC's stock price rose to $42.50 per share in the five weeks following the Secondary Offering. (*See* RJN at 8.) To the extent that Defendants' request argues for an inference that Defendants Mark and Manouch did not commit insider trading because they did not obtain the most favorable price for their shares (*see* RJN at 5 and Defs.' Mem. in Support of Mot. to Dismiss at 6, 20), Plaintiffs object to the purpose for which such stock prices are offered here.[2]

## III. CONCLUSION

In sum, Plaintiffs join in Defendants' request for judicial notice of the following documents, except, however, that Plaintiffs request that the entirety of each such document be so noticed:

- The press release attached as DD;
- The SEC Forms 10-K and 10-Q attached as Exhibits A, C, D, E, G and EE; and
- The conference call transcripts attached as Exhibits B and O.

Plaintiffs do not oppose the Court taking judicial notice of relevant documents relied on in the Complaint or otherwise. Accordingly, Plaintiffs do not object to the Court taking judicial notice of the following documents:

- The press releases attached as Exhibits K and N;

---

[2] In their moving papers, Defendants do not ask the Court to draw factual inferences regarding the causes of movements in STEC's stock price throughout the Class Period. To the extent that Defendants attempt to do so on reply, any such attempt should be rejected.

- The prospectus supplement attached as Exhibit BB;
- The Schedules 13G/A attached as Exhibits W, X, Y and Z;
- The SEC correspondence attached as Exhibits S, FF and GG;
- The analyst report attached as Exhibit CC, and;
- The list of historical stock prices attached as Exhibit F.

As to those documents that are irrelevant and not relied on in the Complaint, Plaintiffs respectfully request that the Court strike the following documents from the record and all related references thereto:

- The press releases attached as Exhibits H, I, J, L, M and AA;
- The SEC filing attached as Exhibit HH;
- The prospectuses attached as Exhibits U and V, and;
- The SEC correspondence attached as Exhibit T and the analyst reports attached as Exhibits P, Q and R.

Dated: October 25, 2010

Respectfully submitted,

By: */s/ Christopher Kim*

Christopher Kim
Lim, Ruger & Kim, LLP
1055 West Seventh Street, Suite 2800
Los Angeles, CA 90017
*Liaison Counsel for Class*

Thomas A. Dubbs
Christopher J. Keller
Martis Alex
Labaton Sucharow LLP
140 Broadway
New York, NY 10005

Allyn Z. Lite
Bruce D. Greenberg
Lite DePalma Greenberg, LLC
Two Gateway Center, 12th Floor
Newark, NJ 07102
*Co-Lead Counsel for the Class*