```
 1  BINGHAM MCCUTCHEN LLP
    John D. Pernick (SBN 155468)
 2  john.pernick@bingham.com
    Amy G. June (SBN 218610)
 3  amy.june@bingham.com
    Three Embarcadero Center
 4  San Francisco, CA  94111-4067
    Telephone:  415.393.2000
 5  Facsimile:  415.393.2286
    Email:  john.pernick@bingham.com
 6
    Attorneys for Defendants
 7  Barclays Capital Inc., Deutsche Bank Securities
    Inc., J.P. Morgan Securities, Inc., and
 8  Oppenheimer & Co., Inc.
 9
                    UNITED STATES DISTRICT COURT
10
                   CENTRAL DISTRICT OF CALIFORNIA
11
                         SOUTHERN DIVISION
12
13
    In re Stec, Inc. Securities Litigation,   Lead Case No. 8:09-cv-01304-JVS
14                                             (MLG)
15  This Document Relates To:                 REPLY MEMORANDUM OF
                                              POINTS AND AUTHORITIES
16  All Actions                               IN SUPPORT OF
                                              UNDERWRITER
17                                            DEFENDANTS' MOTION TO
                                              DISMISS THE
18                                            CONSOLIDATED AMENDED
                                              COMPLAINT
19
                                              Judge: Hon. James V. Selna
20                                            Court: 10C
                                              Date:  January 10, 2011
21                                            Time:  1:30 p.m.
22
23
24
25
26
27
28
```

## I. INTRODUCTION

Plaintiffs fail in their attempt to lower the bar for themselves by insisting that they are exempt from the heightened pleading requirements of Fed. Rule Civ. P. 9(b) with regards to their Securities Act claims against the Underwriter Defendants. Each of Plaintiffs' causes of action relies on the same factual allegations against all defendants. All of Plaintiffs' claims are premised on the allegation that the "fraud" was designed to inflate the price of STEC's stock so that insiders could sell at the inflated price. Plaintiffs' Section 11 and 12 claims are based on allegedly false statements in the very Registration Statement through which those insiders sold their stock. Thus, Rule 9(b) applies to claims against all defendants for all claims in the Consolidated Amended Complaint ("CAC"), including those claims levied against the Underwriter Defendants. Because Plaintiffs have not and cannot meet Rule 9(b)'s pleading requirements, their claims must be dismissed.

## II. BECAUSE THE CAC ALLEGES A "UNIFIED COURSE" OF FRAUDULENT CONDUCT, PLAINTIFFS MUST PLEAD FACTS SUFFICIENT TO SATISFY RULE 9(B) FOR ALL CLAIMS AGAINST ALL DEFENDANTS

Where the same course of conduct is the basis of both fraud and non-fraud claims, the Ninth Circuit applies Rule 9(b)'s heightened pleading requirements to the **entire complaint**. *See Rubke v. Capitol Bancorp Ltd.*, 551 F. 3d 1156, 1161 (9th Cir. 2009) ("*Rubke*") (relying upon *Daou* and *Vess*, and finding that where "exact same factual allegations" complaining of fraudulent conduct also support a second cause of action, the entire complaint sounds in fraud); *In re Daou Sys., Inc.*, 411 F. 3d 1006, 1027 (9th Cir. 2005) ("*Daou*") (relying upon *Stac*, reaffirming that Rule 9(b) applies where the complaint alleges and relies upon "a unified course of…conduct"); *Vess v. CibaGeigy Corp.*, 317 F. 3d 1097, 1103-04 (9th Cir. 2003) ("*Vess*") (Where a plaintiff alleges a course of fraudulent conduct and relies "on that course of conduct as the basis" for his claims, fraud and

otherwise, then those claims are "said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading…*as a whole* must satisfy the particularity requirement of Rule 9(b)." (emphasis added)); *In re Stac Elecs. Sec. Litig.*, 89 F. 3d 1399, 1404-05 (9th Cir. 1996) ("*Stac*") (holding that Rule 9(b) applies where claims are "grounded in fraud," meaning that "the gravamen of the complaint is plainly fraud" and there is no "other basis" for the Section 11 claims.); *accord Cozzarelli v. Inspire Pharm. Inc.*, 549 F. 3d 618, 629 (4th Cir. 2008) (holding that Securities Act claims "sounded in fraud" where both Securities Act and Exchange Act claims relied on the same factual allegations); *Borsellino v. Goldman Sachs Group, Inc.*, 477 F. 3d 502, 507 (7th Cir. 2007) (citing *Daou* for the proposition that "Rule 9(b) applies to averments of fraud, not claims of fraud, so whether the rule applies will depend on the plaintiffs' factual allegations."); *Rombach v. Chang*, 355 F. 3d 164, 171 (2d Cir. 2004) (holding that "same course of conduct that would support a Rule 10b-5 claim may as well support a Section 11 claim or a claim under Section 12(a)(2). So while a plaintiff need allege no more than negligence to proceed under Section 11 and Section 12(a)(2), claims that do rely upon averments of fraud are subject to the test of Rule 9(b)."); *Stephenson v. Hartford Life & Annuity Ins. Co.*, No. 02 C 3917, 2003 WL 22232968, at *6 (N.D. Ill. Sept. 26, 2003) (applying Rule 9(b) to all claims because although "framed under distinct legal theories, ... [they] all emanate from the same factual allegations").

District courts sitting in California since *Rubke* have followed suit, consistently applying Rule 9(b) to the entire complaint, and to all defendants, where the same facts underlie both fraud and non-fraud claims. *See, e.g., Ferrington v. McAfee, Inc.*, 2010 WL 3910169 at *5 (N.D. Cal., October 10, 2010) (*quoting Rubke* and citing *Vess* and applying Rule 9(b) to all claims, including non-fraud claims); *In re Bare Escentuals, Inc. Sec. Litig.*, 2010 WL 3893622 at *13 (N.D. Cal. Sept. 30, 2010) (citing *Stac, Vess, Daou* and *Rubke* and applying Rule 9(b) to all claims); *Salameh v. Tarsadia Hotels*, 2010 WL 2839013 at *8

1  (S.D. Cal. July 20, 2010) (citing *Vess* and *Rubke* and applying Rule 9(b) to all
2  claims).
3        The teaching of *Stac*, *Vess*, *Daou*, and *Rubke* is that the nature of the
4  alleged conduct, the "gravamen," determines if a complaint sounds in fraud, not
5  the nature of the claims themselves. *Rubke* leaves no doubt that Rule 9(b) applies
6  if the same factual allegations support both Section 11 and Section 10(b) claims:
7  where the "complaint employs the exact same factual allegations to allege
8  violations of section 11 as it uses to allege fraudulent conduct under section
9  10(b)…we can assume that it sounds in fraud." *Rubke*, 551 F. 3d at 1161.
10       Here, the **entire CAC** "sounds in fraud" and the **entire CAC** is
11 subject to the heightened pleading requirements of Rule 9(b). Plaintiffs ask this
12 court to radically depart from Ninth Circuit precedent and, "irrespective of whether
13 the Court holds that the heightened pleading standard should apply to the
14 Securities Act claims that Plaintiffs assert against the STEC Defendants" find that
15 "that standard should not apply to the claims that Plaintiffs assert against the
16 Underwriter Defendants." Opposition to the Underwriters' Motion to Dismiss
17 contained in the Notice of Joinder and Joinder to Motion to Dismiss the
18 Consolidated Amended Complaint ("Opposition") at 1. However, none of the
19 arguments made, or cases cited, by Plaintiffs in their Opposition, provides any
20 justification for such a departure from the recently clarified and thereafter
21 consistently followed Ninth Circuit authority described above.
22       Plaintiffs' Opposition relies entirely upon four district court cases, all
23 four of which were decided before *Rubke* made very clear that Rule 9(b) applies to
24 the **entire complaint** where the same factual allegations support both Securities
25 Act and Exchange Act claims. *See Rubke*, 551 F.3d at 1161; s*ee also e.g. In re*
26 *Bare Escentuals, Inc. Sec. Litig.*, 2010 WL 3893622 at *13 (N.D. Cal. Sept. 30,
27 2010) (citing *Rubke, Vess* and *Daou* and finding that the complaint "sounds in
28 fraud" because it "employs the exact same factual allegations to allege violations

3

of section 11 as it uses to allege fraudulent conduct under section 10(b)…"). Nothing in this rule, or in the logic or reasoning underlying it, suggests that it would be at all appropriate to treat the claims against the Underwriter Defendants any differently than the claims against the other defendants in this action.

Plaintiffs have cited no recent cases (and certainly none decided post-*Rubke*) in which Securities Act (i.e. non-fraud) claims against an underwriter defendant were subject to the lower Rule 8(a) pleading standard despite a finding that, otherwise, the complaint was "grounded in fraud" and subject to the heightened pleading standard of Rule 9(b), and to the best of our knowledge and investigation, no such case exists. To the contrary, recent district court cases in the Ninth Circuit routinely apply Rule 9(b) to Securities Act claims against underwriter defendants even where, as here, no "fraud" (e.g. Exchange Act) claims are levied against the underwriters themselves. *See, e.g. In re Seracare Life Sciences, Inc. Sec. Litig.*, 2007 WL 935583 at *13-14 (S.D. Cal. March 19, 2007) (where the only claim brought against underwriter defendants was under § 11 and Rule 9(b) nonetheless applied); *Central Laborers Pension Fund v. Merix Corp.*, 2005 WL 2244072 at *8 (D. Or. Sept. 15, 2006) (applying Rule 9(b) to all Securities Act defendants, including underwriter defendants, without regard to the fact that no Exchange Act fraud claims were levied against underwriter defendants) reversed and remanded by *In re Merix Corp. Sec. Litig*. 275 Fed. Appx. 599 (9th Cir. 2008) (reversed on the ground that fraud was not an element of *any* claim raised in the complaint and, thus, the facts alleged in the complaint did not "sound in fraud" and the complaint as a whole was not required to comply with the heightened pleading requirements of 9(b)).[1]

---

[1] This ruling is still consistent with the "whole complaint" approach of *Rubke* and its progeny, as it treats all claims and all defendants the same once the complaint is determined to allege fraud, or not.

*In re Exodus Commc'ns., Inc. Sec. Litig.*, No. C 01-2661, 2005 WL 1869289 (N.D. Cal. Aug. 5, 2005), on which Plaintiffs rely, does not suggest a different result under current law. In that case the court came to the conclusion that a "unified course of fraudulent conduct" had <u>not</u> been alleged for purposes of the Section 10(b) claim and Section 11 claim because "plaintiffs have made sufficiently clear their intent to assert two alternative **theories of liability** against the Underwriter Defendants based on misstatements in the Registration Statements: (1) a § 11 claim based on negligent or innocent misrepresentations or omissions, [] and (2) a § 10(b) claim based on fraud." *Id.* at. *12 (emphasis added). However, this type of "alternate theory" analysis has been specifically disapproved of by the Ninth Circuit. If the facts underlying both a § 10(b) and § 11 claim are the same, and the gravamen of those facts is fraudulent, then the entire complaint "sounds in fraud" not just the 10(b) claim. *See Rubke*, 551 F. 3d at 1161. As one California court recently put it: "It is the conduct pled that matters - not necessarily the words with which plaintiffs artfully seek to allege their claims…since the course of conduct pled in connection with plaintiffs' section 11 claim is so substantively similar to the conduct pled in connection with plaintiffs' section 10(b) claim…plaintiffs' section 11 claim does, in fact, 'sound in fraud.'" *In re Bare Escentuals, Inc.*, 2010 WL 3893622 at *13 (N.D. Cal. Sept. 30, 2010); *see also, e.g. In re Metro. Sec. Litig.*, 532 F. Supp. 2d 1260, 1278 (E.D. Wash. 2007) ("A Section 11 plaintiff can not escape the requirements of Rule 9(b) by virtue of a general disclaimer that a claim is based on negligence rather than fraud"); *In re Infonet Servs. Corp. Sec. Litig.*, 310 F. Supp. 2d 1080, 1093-94 (C.D. Cal. 2003) (same); *In re Lantronix, Inc. Sec. Litig.*, 2003 WL 23198818, at *9 (C.D. Cal. Dec. 31, 2003) (same, "the pleading requirements of Rule 9(b) cannot be evaded simply by avoiding the use of that magic word.").

*In re Surebeam Corp. Sec. Litig.*, No. 03 CV 1721JM, 2005 WL 5036360, at *7 (S.D. Cal. Jan 3, 2005) is another case cited by Plaintiffs that does

not stand up under current Ninth Circuit law, and is inapposite and unhelpful. There, the court's decision to apply Rule 9(b) to Section 11 claims against other defendants and Rule 8(a) to claims against underwriter defendants appears to turn upon the fact that the underwriter defendants are "hardly mentioned" in the complaint. This is not the proper analysis under current law, where it is the facts underlying the claims themselves, against all defendants, that matters. If the gravamen of the facts underlying the complaint as a whole is fraudulent, then Rule 9(b) applies to all claims against all defendants. *See Rubke*, 460 F. Supp. 2d at 1161. *In re Countrywide Financial Corp. Sec. Litig.*, 588 F. Supp. 2d 1132, 1162-63 (C.D. Cal. 2008) and *In re JDS Uniphase Corp. Sec. Litig.*, No. C 02-1486, 2005 WL 43463 at *9, also cited by Plaintiffs in their Opposition, are just as unhelpful in assisting the Court's analysis as they fail to follow the "whole complaint" analysis now followed in the Ninth Circuit, particularly after *Rubke*.

No attempt is made in the CAC to allege different facts against the Underwriter Defendants than against the other Securities Act defendants. Instead, the Securities Act claims are made against "all defendants" and incorporate the entire series of factual allegations against all defendants. *See* CAC ¶283 ("Plaintiff…incorporates by reference each and every allegation contained in Sections I-IV, X-XI and XIII-XIV above…against **all Defendants**…" (emphasis added)). And these facts, which form the basis for the Securities Act claims against **all defendants**, are exactly the same factual allegations as those supporting the Exchange Act claims. Plaintiffs carefully separate their factual allegations into a "factual background and substantive allegations relating to the exchange act claims" (CAC, ¶¶ 43-150) and a separate "factual background and substantive allegations relating to the securities act claims" (CAC, ¶¶ 235-275). However, the same "conduct" (i.e. their "gravamen") is contained in both: that there were false and misleading statements regarding a new "supply agreement" with EMC, STEC's largest customer for the ZeusIOPS Product (CAC, ¶¶46-82, 238-249); that

"Defendants" made false and misleading statements regarding other OEMs' increased orders of ZeusIOPS during the second half of 2009 (CAC, ¶¶ 83-100, 253-255); that defendants made false and misleading statements regarding STEC's revenues, by shipments of defective or unusable product (CAC, ¶¶ 102-108, 265-271); by shipments of product that had not been ordered by the customers (CAC, ¶¶ 109-115, 272-273), and by shipments of empty boxes (CAC, ¶¶ 116-120, 274-275).

Thus, just as in *Rubke*, here Plaintiffs "employ[] the exact same factual allegations to allege violations of [the Securities Act] as [they] use[] to allege fraudulent conduct under section 10(b) of the Exchange Act" and, thus, Rule 9(b) applies to both sets of claims against all defendants. *Rubke*, 460 F. Supp. 2d at 1161. Plaintiffs' "artful pleading," by separating the facts supporting their Securities Act and Exchange Act claims into two separate sections in the CAC, and their inclusion of a disclaimer, does not allow them to avoid Rule 9(b)'s particularity requirements, given that the **facts themselves** are the same. *See Stac*, 89 F. 3d at 1405 n.2; *see e.g. In re Bare Escentuals, Inc.*, 2010 WL 3893622 at *13 (where "obvious overlap" between factual allegations supporting Section 10(b) and Section 11 claims, "artful pleading" and disclaimer not relevant)*; In re Metro*, 532 F. Supp. 2d at 1278 ("a Section 11 plaintiff cannot escape the requirements of Rule 9(b) by virtue of a general disclaimer that a claim is based on negligence rather than fraud"); *In re Levi Strauss & Co. Sec. Litig.*, 527 F. Supp. 2d 965, 979 (N.D. Cal. 2007) (Rule 9(b) applied to plaintiffs' § 11 claims despite disclaimer, noting "although plaintiffs separate allegations supporting their § 11 claims from allegations supporting their § 10(b) claim, the § 11 allegations nevertheless reiterate the same alleged conduct and course of conduct which underlie the § 10(b) claim."); *In re White Elec. Designs Corp. Sec. Litig.*, 416 F. Supp. 2d 754, 778 (D. Ariz. 2006) (Rule 9(b) applied to plaintiffs § 11 claims despite disclaimer). As one court in the Northern District recently put it: "It is the conduct pled that

1  matters - not necessarily the words with which plaintiffs artfully seek to allege
2  their claims…since the course of conduct pled in connection with plaintiffs'
3  section 11 claim is so substantively similar to the conduct pled in connection with
4  plaintiffs' section 10(b) claim…plaintiffs' section 11 claim does, in fact, 'sound in
5  fraud.'" *In re Bare Escentuals, Inc.*, 2010 WL 3893622 at *13.
6           Consequently, because the "gravamen" of the conduct alleged in the
7  CAC is a series of factual allegations "grounded in fraud" and those same facts
8  form the basis of both Plaintiffs' Exchange Act claims and their Securities Act
9  claims against all Defendants, including the Underwriter Defendants, the entire
10 complaint "sounds in fraud" and must be subject to the heightened pleading
11 requirements of 9(b) with respect to all Defendants.  Because, as described in the
12 Motion to Dismiss and Reply filed by the STEC Defendants, the CAC does not
13 meet the requirements of 9(b), and for the other reasons stated in the STEC
14 Defendants' moving papers, the CAC does not state a claim against the
15 Underwriter Defendants and should be dismissed.
16
17 DATED: November 15, 2010
18                              Bingham McCutchen LLP
19
20
21                    By:        /s/ John D. Pernick
                                 John D. Pernick
22                            Attorneys for Defendants
                      Barclays Capital Inc., Deutsche Bank
23                  Securities Inc., J.P. Morgan Securities,
                       Inc., and Oppenheimer & Co., Inc.
24
25
26
27
28