Defendants' violations of Section 11 of the Securities Act. Representative Plaintiff Norfolk County and the other members of the Class were thus damaged by the Underwriter Defendants' misconduct and by the material misstatements and omissions of the Registration Statement.

339. By reason of the foregoing, each Underwriter Defendant is liable for violations of Section 11 of the Securities Act to Representative Plaintiff Norfolk County and all members of the Class who purchased or otherwise acquired shares of STEC common stock pursuant or traceable to the Offering.

340. This action was brought within one year after the discovery of the untrue statements and omissions and within three years after the Offering.

## COUNT VI
## For Violation of Section 12(a)(2) of the Securities Act Against STEC, Manouch Moshayedi and Mark Moshayedi

341. Representative Plaintiff Norfolk County incorporates by reference each and every allegation contained in Sections I-V, IX-X and XII above, as if set forth herein, only to the extent, however, that such allegations do not allege fraud, scienter, or the intent of the Defendants named in this Count to defraud Representative Plaintiff Norfolk County or other members of the Class.

342. This Count is asserted against Defendants STEC, Mark Moshayedi and Manouch Moshayedi.

343. This Count is asserted by Representative Plaintiff Norfolk County on behalf of itself and all persons who acquired shares of STEC common stock pursuant to the false Prospectus issued in connection with the Offering, and predicted upon the liability of the Defendants named in this Count for offering or selling stock by means of a prospectus that contained untrue statements of material fact and misleading omissions of material fact.

344. STEC sold and solicited the purchase of its common stock by the use of means or instruments of transportation or communication in interstate commerce or of the mails, by means of the Prospectus. The Registration Statement, under which STEC is the registrant, states that "for the purpose of determining liability of the registrant under the Securities Act of 1933 to any purchaser in the initial distribution of the securities, the undersigned registrant undertakes that in a primary offering of securities . . . regardless of the underwriting method used to sell the securities to the purchaser . . . the undersigned registrant will be a seller to the purchaser and will be considered to offer or sell such securities to such purchaser."

345. Defendants Mark and Manouch Moshayedi solicited the purchase of STEC common stock by the use of means or instruments of transportation or communication in interstate commerce or of the mails, by means of the Prospectus and by causing STEC to issue press releases on August 3, 2009, and August 6, 2009, publicizing the Offering. Additionally, Defendants Mark and Manouch Moshayedi signed the Registration Statement pursuant to which STEC common stock was offered and sold. Further, Defendants Mark and Manouch Moshayedi were motivated to serve their own personal financial interests when they solicited the sale of nine million of their personally-held shares of STEC common stock in the Offering.[16]

346. The Prospectus contained untrue statements of material fact, omitted to state other facts necessary to make the statements made therein not misleading, and concealed and failed to disclose material facts.

---

[16] The press release announcing the Offering says it is "a public offering . . . by Manouch Moshayedi [and] Mark Moshaeydi." The press release announcing the pricing of the Offering describes the Moshayedis as "the selling shareholders," and states that "STEC will not receive any of the proceeds of the offering."

347. Each of the Defendants named in this Count owed to the purchasers of the shares issued in the Offering the duty to conduct a reasonable and diligent investigation of the statements contained in the Prospectus and in any incorporated documents at the time the Prospectus became effective, to ensure that such statements were true and that there were no omissions of material fact that rendered any such statements materially misleading.

348. Each of the Defendants named in this Count did not conduct a reasonable investigation or possess reasonable grounds to believe that the statements contained or incorporated by reference in the Prospectus were true, without omissions of any material facts, and not misleading.

349. Representative Plaintiff Norfolk County and the other members of the Class who acquired their STEC stock in the Offering did not know and, in the exercise of reasonable diligence could not have known, of the untruths and omissions contained or incorporated by reference in the Prospectus.

350. The value of the shares sold in the Offering declined substantially due to the violations of Section 12(a)(2) of the Securities Act by the Defendants named in this Count. Representative Plaintiff Norfolk County and the other members of the Class were thus damaged by the material misstatements and omissions of the Prospectus and the misconduct of the Defendants named in this Count.

351. Representative Plaintiff Norfolk County and all members of the Class who purchased or otherwise acquired shares of STEC common stock pursuant to the Offering who still hold such securities have the right to rescind and recover the consideration exchanged for those shares of STEC common stock, and hereby tender their shares of STEC common stock to the Defendants named in this Count. Norfolk County and Class members who have sold STEC common stock that they acquired pursuant to the Prospectus seek damages to the extent permitted by law.

352. This action was brought within one year after the discovery of the untrue statements and omissions and within three years after the Offering.

353. By reason of the foregoing, each of the Defendants named in this Count is liable for violations of Section 12(a)(2) of the Securities Act to Representative Plaintiff Norfolk County and all members of the Class who purchased or otherwise acquired shares of STEC common stock pursuant to the Offering.

## COUNT VII
### For Violation of Section 12(a)(2) of the Securities Act
### Against the Underwriter Defendants

354. Representative Plaintiff Norfolk County incorporates by reference each and every allegation contained in Sections I-V, IX-X and XII above, as if set forth herein, only to the extent, however, that such allegations do not allege fraud, scienter, or the intent of any Underwriter Defendant to defraud Representative Plaintiff Norfolk County or other members of the Class. No allegation is made that any Underwriter Defendant knew or was reckless in failing to know that any of the alleged false statements or misleading material omissions was false or misleading.

355. This Count is asserted against each of the Underwriter Defendants.

356. This Count is asserted by Representative Plaintiff Norfolk County on behalf of itself and all persons who acquired shares of STEC common stock pursuant to the false Prospectus issued in connection with the Offering, and, as regards each Underwriter Defendant, is predicated upon such Underwriter Defendant's negligent offering or sale of STEC stock by means of the false and misleading Prospectus.

357. Each Underwriter Defendant is a seller within the meaning of the Securities Act because it transferred title to members of the Class who purchased STEC stock in the Offering. Each Underwriter Defendant directly sold STEC common stock to members of the Class who purchased in the Offering.

358. Underwriter Defendant Oppenheimer transferred title to Representative Plaintiff Norfolk County and other members of the Class who

purchased STEC stock in the Offering. Underwriter Defendant Oppenheimer directly sold STEC common stock to Representative Plaintiff Norfolk County and other members of the Class who purchased STEC Stock in the Offering.

359. The Prospectus contained untrue statements of material fact, omitted to state other facts necessary to make the statements made therein not misleading, and concealed and failed to disclose material facts.

360. Each Underwriter Defendant owed to those who purchased shares issued in the Offering from such Underwriter Defendant the duty to conduct a reasonable and diligent investigation of the statements contained in the Prospectus and any incorporated documents at the time it became effective, to ensure that such statements were true and that there were no omissions of material fact that rendered them materially misleading.

361. Each Underwriter Defendant did not conduct a reasonable investigation or possess reasonable grounds to believe that the statements contained or incorporated by reference in the Prospectus were true, without omissions of any material facts, and not misleading.

362. Representative Plaintiff Norfolk County and other members of the Class who acquired their STEC stock in the Offering did not know and, in the exercise of reasonable diligence could not have known, of the untruths and omissions contained or incorporated by reference in the Prospectus.

363. The value of the shares sold in the Offering declined substantially due to the violations of Section 12(a)(2) of the Securities Act by the Underwriter Defendants. Representative Plaintiff Norfolk County and the other members of the Class who purchased stock in the Offering were thus damaged by the material misstatements and omissions in the Prospectus and the misconduct of the Underwriter Defendants.

364. Representative Plaintiff Norfolk County and all members of the Class who purchased or otherwise acquired shares of STEC common stock pursuant to

the Offering and who still hold such securities have the right to rescind and recover the consideration exchanged for those shares of STEC common stock, and hereby tender their shares of STEC common stock to their respective Underwriter Defendant sellers. Norfolk County and Class members who have sold STEC common stock that they acquired pursuant to the Prospectus seek damages from their respective Underwriter Defendant sellers to the extent permitted by law.

365. This action was brought within one year after the discovery of the untrue statements and omissions and within three years after the Offering.

366. By reason of the foregoing, each Underwriter Defendant is liable for violations of Section 12(a)(2) of the Securities Act to all members of the Class who purchased or otherwise acquired shares of STEC common stock from such Underwriter Defendant pursuant to the Offering.

## COUNT VIII

### For Violation of Section 15 of the Securities Act

### Against the Officer Defendants

367. Representative Plaintiff Norfolk County incorporates by reference each and every allegation contained in Sections I-V, IX-X and XII above, as if set forth herein, only to the extent, however, that such allegations do not allege fraud, scienter, or the intent of the Defendants to defraud Representative Plaintiff Norfolk County or other members of the Class. This Count is asserted by Representative Plaintiff Norfolk County against each of the Officer Defendants on behalf of persons who acquired shares of STEC common stock pursuant to the false Prospectus or pursuant to or traceable to the false Registration Statement issued in connection with the Offering, and predicated upon each of the Officer Defendants' liability for false and materially misleading statements and omissions therein.

368. Throughout the Class Period, each of the Officer Defendants was a controlling person of STEC within the meaning of Section 15 of the Securities Act. By reason of each Officer Defendant's stock ownership, senior management

positions and/or directorships at the Company, as alleged above, these Defendants, individually and acting pursuant to a common plan, had the power to influence and exercised the same to cause STEC to engage in the unlawful acts and conduct complained of herein.

369. As set forth above, each Defendant violated Sections 11 and 12(a)(2) by such Defendant's acts and omissions as alleged in this Complaint. By virtue of their positions as controlling persons, each of the Officer Defendants is liable pursuant to Section 15 of the Securities Act. As a direct and proximate result of Defendants' wrongful conduct, Representative Plaintiff Norfolk County and the Class suffered damages in connection with their acquisition of STEC common stock.

## XIV. PRAYER FOR RELIEF

WHEREFORE, Lead Plaintiff and the Representative Plaintiffs pray for judgment as follows:

A. determining that this action is a proper class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and certifying Lead Plaintiff as class representative and Lead Counsel as Class Counsel;

B. awarding compensatory damages in favor of Lead Plaintiff and the other Class members against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C. awarding rescission or a rescissory measure of damages on all claims where such remedy or damages are applicable;

D. awarding Lead Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

E. awarding such other and further relief as the Court may deem just and proper.

## XV. JURY DEMAND

Lead Plaintiff demands a trial by jury on all issues so triable.

Dated: February 22, 2011

Respectfully submitted,

By: /s/ Christopher Kim
Christopher Kim
Lisa J. Yang
Lim, Ruger & Kim, LLP
1055 West Seventh Street, Suite 2800
Los Angeles, CA 90017

*Attorneys for New Jersey and
Liaison Counsel for Class*

Thomas A. Dubbs
Christopher J. Keller
Martis Alex
Richard T. Joffe
Thomas G. Hoffman, Jr.
Labaton Sucharow LLP
140 Broadway
New York, NY 10005

Allyn Z. Lite
Bruce D. Greenberg
Katrina Carroll
Lite DePalma Greenberg, LLC
Two Gateway Center, 12th Floor
Newark, NJ 07102

*Attorneys for New Jersey and
Co-Lead Counsel for the Class*