LATHAM & WATKINS LLP
  Patrick E. Gibbs, Bar No. 183174
  *patrick.gibbs@lw.com*
  Chris W. Johnstone, Bar No. 242152
  *chris.johnstone@lw.com*
140 Scott Drive
Menlo Park, California 94025
Telephone: +1.650.328.4600
Facsimile: +1.650.463.2600

LATHAM & WATKINS LLP
  Michele D. Johnson, Bar No. 198298
  *michele.johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Telephone: +1.714.540.1235
Facsimile: +1.714.755.8290

Attorneys for Defendants STEC, Inc.,
Manouch Moshayedi, Mark Moshayedi,
Raymond D. Cook, and Rajat Bahri

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| IN RE STEC, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Lead Case No. 8:09-cv-01304-JVS (MLG)<br><br>**DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE**<br><br>Judge: Hon. James V. Selna<br>Court: 10C<br>Date: June 13, 2011<br>Time: 1:30 p.m. |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

Case No. 8:09-cv-01304-JVS (MLG)
DEFENDANTS' REPLY IN SUPPORT OF
REQUEST FOR JUDICIAL NOTICE

## I. INTRODUCTION

Plaintiff objects to: (1) judicial notice of one document Defendant STEC, Inc. ("STEC") filed with the Securities and Exchange Commission ("SEC") (Ex. F); (2) judicial notice of various documents containing information relating to the stock holdings and trading plans of Defendants Manouch and Mark Moshayedi (Ex. G-L, S, Y, DD and EE); and (3) any highlighting in Defendants' exhibits. As explained below, Plaintiff's objections are meritless and Defendants' request for judicial notice should be granted in its entirety.

## II. ARGUMENT

### A. SEC Filings Are Routinely Judicially Noticed

Plaintiff opposes judicial notice of STEC's initial public offering prospectus publicly filed with the SEC on September 29, 2000. (*See* Ex. F.) Plaintiff objects on the grounds that the offering prospectus was not referred to in the Second Amended Complaint ("SAC"), precedes the June 16, 2009 to February 23, 2010 class period (the "Class Period"), and is not relevant to the matters before this Court. (RJN Opp. at 1-2.) Each of these arguments is meritless.

As an initial matter, documents do not need to be referenced in the complaint to be judicially noticed. The Ninth Circuit authorizes courts, in ruling on a motion to dismiss, to take judicial notice of documents filed with the SEC even if not expressly mentioned in the complaint. *See Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (holding that SEC filings are the proper subject of judicial notice); *In re Stac Elec. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (finding it proper to consider prospectus when ruling on motion to dismiss, "including portions which were not mentioned in complaint"). District court cases are in accord. *See In re Taleo Corp. Sec. Litig.*, No. C 09-00151, 2010 WL 597987, at *7 (N.D. Cal. Feb. 17, 2010) (taking judicial notice of documents "not explicitly referenced" in the complaint that were filed publicly with the SEC); *Morgan v. AXT, Inc.*, No. C 04-4362, 2005 WL 2347125, at *7 (N.D. Cal. Sept. 23, 2005)

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

2

CASE NO. 8:09-cv-01304-JVS (MLG)
DEFENDANTS' REPLY IN SUPPORT OF
REQUEST FOR JUDICIAL NOTICE

(taking judicial notice of SEC Forms 4 even though they were not expressly referenced in the complaint on the ground that they are public documents); *Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102, 1109 (N.D. Cal. 2003) (taking judicial notice of SEC Forms 4 not explicitly referenced in the complaint because the filings were "integral to the stock sale allegations made in the Complaint"); *In re Turnstone Sys. Sec. Litig.*, No. C 01-1256, 2003 U.S. Dist. LEXIS 26709, at *106-07 (N.D. Cal. Feb. 4, 2003) (taking judicial notice of Forms 3, 4 and 10-Q not referenced in the complaint).

In addition, district courts often take judicial notice of matters of public record. Documents from a public agency, here the SEC, are public records and are thus judicially noticeable. *See*, *e.g.*, *Torrance Redevelopment Agency v. Solvent Coating Co.*, 763 F. Supp. 1060, 1066 (C.D. Cal. 1991) (finding that "a public agency'[s] . . . documents, including letters, related to its activities are . . . public records" and proper subject of judicial notice); *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 821 (C.D. Cal. 1998) ("[A] court may take judicial notice of matters of public record outside the pleadings"); *In re Silicon Graphics, Inc. Sec. Litig.*, 970 F. Supp. 746, 758 (N.D. Cal. 1997) ("[A] district court may take judicial notice of the contents of relevant public disclosure documents required to be filed with the SEC as facts capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.") (quoting *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)). STEC's offering prospectus here is a required SEC filing. Because this exhibit relates to the SEC's official activities, it is a properly noticed public record.

Plaintiff next argues that the offering prospectus cannot be noticed because it is dated outside the Class Period. But Plaintiff ignores the fact that district courts routinely take judicial notice of public filings with the SEC outside of the class period. *See*, *e.g.*, *Patel v. Parnes*, 253 F.R.D. 531, 545-46 (C.D. Cal. 2008) (taking judicial notice of Forms 4 outside of class period); *In re Hansen Natural Corp.*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

3

CASE NO. 8:09-cv-01304-JVS (MLG)
DEFENDANTS' REPLY IN SUPPORT OF
REQUEST FOR JUDICIAL NOTICE

*Sec. Litig.*, 527 F. Supp. 2d 1142, 1149 n.2 (C.D. Cal. 2007) (taking judicial notice of SEC filings "dated after the filing of the Complaint"); *In re Netflix, Inc. Sec. Litig.*, No. C04-2978, 2005 WL 1562858, at *5 (N.D. Cal. June 28, 2005) (holding that "SEC filings are appropriately noticed by the Court" on a motion to dismiss, even when those documents were filed with the SEC outside the class period).

Plaintiff's final argument is that Exhibit F is not "relevant," noting that the registration statement is "not even from STEC." (RJN Opp. at 2.) STEC was originally incorporated in California in March 1990 as Simple Technology, Inc. and was later renamed SimpleTech, Inc. in May 2001 and then STEC, Inc. in March 2007. Regardless of STEC's prior names, this document filed with the SEC is the company's initial registration statement and is therefore relevant to the case here. Moreover, Plaintiff alleges that STEC's inventory levels "through 2009" show that STEC did not expect, and could not have fulfilled, a significant increase in sales to OEMs other than EMC during the second half of 2009. (SAC ¶¶ 124-38.) This claim is based in part on Plaintiff's assumption that "cost of revenues" reported by STEC in any given quarter is the same as the "inventory actually used in a given quarter." (*Id.* ¶ 134.) Exhibit F demonstrates that Plaintiff seeks to draw a false equivalent between these two items. (*See* Mot. at 19.) Accordingly, Exhibit F is relevant for purposes of evaluating the legitimacy of Plaintiff's allegations relating to STEC's inventory.

The three cases Plaintiff relies on are all distinguishable. In both *Yanek v. Staar Surgical Co.*, 388 F. Supp. 2d 1110, 1127 (C.D. Cal. 2005) and *In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1076-77 (N.D. Cal. 2003), the district courts denied a request for judicial notice for documents that did not relate at all to the claims raised in the original complaint. By contrast, Exhibit F relates directly to the sufficiency of Plaintiff's inventory allegations. Plaintiff also cites to *In re Immune Response Sec. Litig.*, 375 F. Supp. 2d 983, 996 (S.D. Cal. 2005). But that case involved exhibits that were "not the type of documents readily capable of

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SILICON VALLEY

4

CASE NO. 8:09-cv-01304-JVS (MLG)
DEFENDANTS' REPLY IN SUPPORT OF
REQUEST FOR JUDICIAL NOTICE

judicial notice, and Plaintiffs contest[ed] their authenticity." *Id.* As explained above, an initial public offering prospectus publicly filed with the SEC is judicially noticeable, and Plaintiff cannot reasonably question its authenticity.

### B. Documents Regarding Stock Holdings Are Not Being Offered For Their Truth

Defendants request judicial notice of ten documents containing public information relating to the stock holdings and trading plans of Defendants Manouch and Mark Moshayedi. (*See* Ex. G-L, S, Y, DD and EE.) Plaintiff concedes, that the Court may take judicial notice of the contents of these documents (RJN Opp. at 3), but argues that the Court cannot consider the truth of the facts reported in these documents (e.g., the dates of sales, number of shares sold, sale price). (*Id.* at 2-3.) Plaintiff's position is not consistent: Plaintiff points to pieces of public information regarding Manouch and Mark Moshayedi's stock holdings and trading plans (*see* SAC ¶¶ 206-08), yet objects to similar information offered to give the Court a more complete understanding of Defendants' trading history. Plaintiff's argument is especially meritless given that Plaintiff does not dispute the authenticity of any of these publicly filed documents.

Moreover, Defendants are not noticing these documents for the truth of their contents, but to allow the Court to evaluate whether Plaintiff has pled facts creating a strong inference of scienter. *See Gray v. First Winthrop Corp.*, 82 F.3d 877, 885 n.10 (9th Cir. 1996) ("[Objector's] argument overlooks the fact that [the memorandum] would be admissible not to prove the truth of the matter asserted – i.e., that the assumptions were 'contrary to fact' – but rather to show scienter"); *Garden City Emples. Ret. Sys. v. Anixter Int'l, Inc.*, No. 09-CV-5641, 2011 U.S. Dist. LEXIS 35261, at *46 n.10 (N.D. Ill. Mar. 31, 2011) (explaining that defendants' Forms 4 may be admissible not to prove the information contained in them, but "to demonstrate the state of mind of the Individual Defendants"); *In re Intrabiotics Pharms., Inc. Sec. Litig.*, No. C 04-02675 JSW, 2006 U.S. Dist.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

5

CASE NO. 8:09-cv-01304-JVS (MLG)
DEFENDANTS' REPLY IN SUPPORT OF
REQUEST FOR JUDICIAL NOTICE

LEXIS 15753, at *39 (N.D. Cal. Jan. 23, 2006) (noting that courts may take judicial notice of documents showing defendants purchased stock where such a purchase "tends to undermine an inference of scienter"); *Allison v. Brooktree Corp.*, 999 F. Supp. 1342, 1352 n.3 (S.D. Cal. 1998) (taking judicial notice of a defendant's Form 4 filed with the SEC where the defendant attempted to negate an inference of scienter).

The cases cited by Plaintiff do not stand for the idea that public filings cannot be used to evaluate the sufficiency of Plaintiff's scienter allegations. As an initial matter, two of the cases cited by Plaintiff do not involve SEC filings; they involve evidentiary materials which courts have held are not proper subjects of judicial notice. *See In re LDK Solar Sec. Litig.*, 584 F. Supp. 2d 1230, 1238-39 (N.D. Cal. 2008) (refusing to take judicial notice of a work email); *In re Network Equip. Techs., Inc. Litig.*, 762 F. Supp. 1359, 1363 (N.D. Cal. 1991) (refusing to "use judicial notice to generate an evidentiary record and then weigh evidence" where defendants sought to introduce auditor reports and personal financial records). Next, in *Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008), and *Troy Group, Inc. v. Tilson*, 364 F. Supp. 2d 1149, 1152 (C.D. Cal. 2005), the district courts *did* take judicial notice of the public filings at issue. Finally, *In re UNUMProvident Corp. Sec. Litig.*, 396 F. Supp. 2d 858, 877 (E.D. Tenn. 2005) is not analogous. Unlike the defendant in that case, STEC is not seeking to notice the SEC filings for their truth but to allow the Court to weigh the sufficiency of Plaintiff's scienter allegations. Consequently, judicial notice of public documents describing the holdings of Defendants Manouch and Mark Moshayedi is entirely appropriate.

### C. Highlighting Documents Is Not Prejudicial

For the Court's benefit, Defendants highlighted the relevant sections of various exhibits, many of which are quite lengthy. Plaintiff objects to any and all highlighting on exhibits. (RJN Opp. at 1.) Because all of the original text is

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

6

CASE NO. 8:09-cv-01304-JVS (MLG)
DEFENDANTS' REPLY IN SUPPORT OF
REQUEST FOR JUDICIAL NOTICE

1 included in these exhibits, Plaintiff cannot be prejudiced by highlights that identify
2 the relevant sentences in the exhibit.

### III. CONCLUSION

For the foregoing reasons, Defendants' Request for Judicial Notice should be granted in its entirety.

Dated: May 16, 2011

Respectfully submitted,

LATHAM & WATKINS LLP

By /s/
Christopher W. Johnstone
Attorneys for Defendants STEC, Inc., Manouch Moshayedi, Mark Moshayedi, Raymond D. Cook, and Rajat Bahri

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

7

CASE NO. 8:09-cv-01304-JVS (MLG)
DEFENDANTS' REPLY IN SUPPORT OF
REQUEST FOR JUDICIAL NOTICE