LATHAM & WATKINS LLP
  Patrick E. Gibbs, Bar No. 183174
  *patrick.gibbs@lw.com*
  Chris W. Johnstone, Bar No. 242152
  *chris.johnstone@lw.com*
140 Scott Drive
Menlo Park, California 94025
Telephone: +1.650.328.4600
Facsimile: +1.650.463.2600

LATHAM & WATKINS LLP
  Michele D. Johnson, Bar No. 198298
  *michele.johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Telephone: +1.714.540.1235
Facsimile: +1.714.755.8290

Attorneys for Defendants STEC, Inc.,
Manouch Moshayedi, Mark Moshayedi,
Raymond D. Cook, and Rajat Bahri

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| IN RE STEC, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Lead Case No. 8:09-cv-01304-JVS (MLG)<br><br>**DEFENDANTS' ANSWER TO SECOND CONSOLIDATED AMENDED COMPLAINT**<br><br>Judge:   Hon. James V. Selna<br>Court:   10C<br>Date:    July 15, 2011 |

**ANSWER**

1    Defendant STEC, Inc. ("STEC" or the "Company") and individual

2    defendants Manouch Moshayedi, Mark Moshayedi, Raymond D. Cook, and Rajat

3    Bahri (collectively, "Defendants") hereby answer Plaintiff's Second Consolidated

4    Amended Complaint for Violation of the Federal Securities Laws (the "SAC") as

5    follows and reserve their rights to request dismissal of the SAC on any ground.  To

6    the extent not explicitly admitted, all allegations of the SAC are denied.[1]

7            1.     Answering Paragraph 1, Defendants admit that brothers

8    Manouch Moshayedi and Mehrdad ("Mark") Moshayedi were among the co-

9    founders of STEC in 1990, and that they each sold approximately 4.1 million and

10   4.9 million STEC shares, or approximately 8.3 percent and 9.8 percent of their

11   STEC shares, respectively, in an underwritten secondary offering in August 2009.

12   Defendants further admit that the U.S. Securities and Exchange Commission

13   ("SEC") is conducting a formal investigation involving trading in STEC securities,

14   that certain of STEC's officers and employees, including Manouch Moshayedi and

15   Mark Moshayedi, have received subpoenas in connection with the investigation,

16   and that Defendants are fully cooperating with the SEC in regards to the

17   investigation.  Defendants deny the remaining allegations Paragraph 1.  Except as

18   expressly admitted, Defendants deny the allegations of this paragraph.

19           2.     Answering Paragraph 2, Defendants aver that this paragraph

20   sets forth Plaintiff's characterization of this action as well as legal conclusions and

21   does not purport to require a response from Defendants.  To the extent that

---

[1]  To the extent the headings in the SAC are intended to constitute factual allegations, Defendants deny each and every such allegation.  To the extent the prefatory material on page 1 of the SAC prior to Paragraph 1 is intended to constitute factual allegations requiring a response, Defendants deny each and every such allegation.

1  Paragraph 2 purports to contain factual allegations requiring a response,

2  Defendants deny the allegations of this paragraph.

3         3.     Answering Paragraph 3, Defendants admit that STEC is a

4  manufacturer of data storage devices for computer systems and that STEC's

5  customers include original equipment manufacturers ("OEMs") such as EMC,

6  IBM, Hitachi, Hewlett-Packard ("HP") and Sun Microsystems ("Sun").  With

7  regard to the remaining allegations of this paragraph, Defendants lack knowledge

8  or information sufficient to form a belief as to the truth of the allegations and deny

9  the allegations on that basis.  Except as expressly admitted, Defendants deny the

10 allegations of this paragraph.

11        4.     Answering Paragraph 4, with regard to the first and second

12 sentences, Defendants admit that STEC manufactures the industry's most

13 comprehensive line of enterprise-class solid-state drives ("SSDs") and that SSDs

14 are used for storing information in a computer system.  With regard to the third,

15 fourth, and fifth sentences, Defendants aver that the allegations constitute a

16 misleading and inaccurate oversimplification of a complex engineering and

17 manufacturing process and deny the allegations on that basis.  Defendants deny the

18 remaining allegations of Paragraph 4.  Except as expressly admitted, Defendants

19 deny the allegations of this paragraph.

20        5.     Answering Paragraph 5, Defendants admit that STEC's

21 ZeusIOPS SSDs are high-performance enterprise-class data storage solutions that

22 are faster at random input/output (I/O) than standard disk drives.  With regard to

23 the remaining allegations of Paragraph 5, Defendants aver that the allegations

24 constitute a misleading and inaccurate oversimplification of a complex engineering

25 and manufacturing process and deny the allegations on that basis.  Except as

26 expressly admitted, Defendants deny the allegations of this paragraph.

27        6.     Answering Paragraph 6, with regard to the first sentence,

28 Defendants admit that STEC was founded in 1990 by Manouch Moshayedi, Mark

1   Moshayedi, and Masoud ("Mike") Moshayedi.  With regard to the second

2   sentence, Defendants admit that Manouch Moshayedi, Mark Moshayedi, and Mike

3   Moshayedi have served as officers and directors of the Company.  With regard to

4   the third sentence, Defendants admit that Manouch Moshayedi is the Company's

5   Chief Executive Officer ("CEO") and Chairman of the Company's Board of

6   Directors and that he held these positions during the Class Period, defined by

7   Plaintiff as June 16, 2009 to February 23, 2010, inclusive.  With regard to the

8   fourth sentence, Defendants admit that Mark Moshayedi is the Company's Chief

9   Operating Officer ("COO"), Chief Technical Officer ("CTO"), President, and

10  Secretary, as well as a member of the Company's Board of Directors and Equity

11  Awards Committee, and that he held these positions during the Class Period.  With

12  regard to the fifth sentence, Defendants admit that Mike Moshayedi was formerly

13  the Company's President and that he retired in 2007.  With regard to the sixth

14  sentence, Defendants further admit that Mike Moshayedi is not a Defendant in this

15  action.  Except as expressly admitted, Defendants deny the allegations of this

16  paragraph.

17          7.     Answering Paragraph 7, with regard to the first sentence,

18  Defendants aver that the phrase "major shareholders" is vague and ambiguous and

19  deny the allegations on that basis.  With regard to the second sentence, Defendants

20  admit that Manouch Moshayedi and Mark Moshayedi together owned

21  approximately 35.4% of STEC's common stock at the beginning of the Class

22  Period.  Defendants deny the remaining allegations of Paragraph 7.  Except as

23  expressly admitted, Defendants deny the allegations of this paragraph.

24          8.     Answering Paragraph 8, Defendants deny the allegations

25  contained therein, except to the extent that the allegations constitute legal

26  conclusions to which no response is required.

27          9.     Answering Paragraph 9, Defendants aver that their public

28  statements are publicly available and speak for themselves.  The allegations

1  contained in Paragraph 9 and its subparagraphs contain Plaintiff's characterization

2  of these statements and do not purport to require a response from Defendants.  To

3  the extent that Paragraph 9 and its subparagraphs purport to contain factual

4  assertions requiring a response, Defendants deny the allegations contained therein.

5  Except as expressly admitted, Defendants deny the allegations of this paragraph

6  and subparagraphs.

7          10.    Answering Paragraph 10 and the chart that follows it,

8  Defendants aver that the prices of STEC stock over time are publicly available and

9  speak for themselves.  The allegations of this paragraph and the chart contain

10  Plaintiff's characterization of these prices and do not purport to require a response

11  from Defendants.  To the extent that Paragraph 10 purports to contain factual

12  assertions requiring a response, Defendants deny the allegations contained therein.

13  Except as expressly admitted, Defendants deny the allegations of this paragraph

14  and the chart.

15          11.    Answering Paragraph 11, Defendants admit that on August 3,

16  2009, STEC announced a secondary offering of stock held by Manouch Moshayedi

17  and Mark Moshayedi (the "Secondary Offering").  Defendants deny the remaining

18  allegations of Paragraph 11.  Except as expressly admitted, Defendants deny the

19  allegations of this paragraph.

20          12.    Answering Paragraph 12, Defendants admit that prior to the

21  Secondary Offering, Manouch Moshayedi and Mark Moshayedi collectively

22  owned approximately 35.4% of STEC's common stock, and that following the

23  Secondary Offering, they collectively retained ownership of approximately 17.3%

24  of STEC's common stock.  Further answering Paragraph 12, Defendants admit that

25  the proceeds, before expenses, from the Secondary Offering totaled $267.8 million.

26  Defendants deny the remaining allegations of Paragraph 12.  Except as expressly

27  admitted, Defendants deny the allegations of this paragraph.

28

1        13.     Answering Paragraph 13, Defendants admit that Mark

2    Moshayedi sold 466,292 of his STEC shares in June 2008 and 400,000 additional

3    shares in March 2009 for proceeds of approximately $6.5 million and $3 million,

4    respectively, and that Manouch Moshayedi sold 400,000 of his STEC shares in

5    March 2009 for proceeds of approximately $3 million.  Defendants aver that

6    transactions in STEC stock by Manouch Moshayedi and Mark Moshayedi are

7    publicly available.  To the extent that this paragraph contains Plaintiff's

8    characterization of these transactions, the allegations do not purport to require a

9    response by Defendants.  To the extent that Paragraph 13 purports to contain

10   factual assertions requiring a response, Defendants deny the allegations contained

11   therein.  Defendants deny the remaining allegations of Paragraph 13.  Except as

12   expressly admitted, Defendants deny the allegations of this paragraph.

13       14.     Answering Paragraph 14, with regard to the first sentence,

14   Defendants admit that STEC's 2009 Form 10-K, filed with the SEC on February

15   23, 2010, reported that the SEC is conducting a formal investigation involving

16   trading in STEC securities, that certain of STEC's officers and employees,

17   including Manouch Moshayedi and Mark Moshayedi, have received subpoenas in

18   connection with the investigation, and that Defendants are fully cooperating with

19   the SEC in regards to the investigation.  With regard to the second sentence,

20   Defendants admit that STEC's Form 10-Q, filed with the SEC on November 2,

21   2010, reported that the SEC investigation is ongoing.  Defendants deny the

22   remaining allegations of Paragraph 14.  Except as expressly admitted, Defendants

23   deny the allegations of this paragraph.

24       15.     Answering Paragraph 15, Defendants aver that this paragraph

25   sets forth Plaintiff's characterization of this action as well as legal conclusions and

26   does not purport to require a response from Defendants.  To the extent that

27   Paragraph 15 purports to contain factual assertions requiring a response,

28   Defendants deny the allegations contained therein.

16.     Answering Paragraph 16, Defendants aver that on June 17, 2011, the Court dismissed Plaintiff's Securities Act claims.  Defendants will not address the allegations related to these claims, as no response is required.  Defendants further aver that this paragraph sets forth Plaintiff's characterization of this action as well as legal conclusions and does not purport to require a response from Defendants.  To the extent that Paragraph 16 purports to contain factual assertions requiring a response, Defendants deny the allegations contained therein.

17.     Answering Paragraph 17, Defendants incorporate their answer to Paragraph 16.

18.     Answering Paragraph 18, Defendants aver that on June 17, 2011, the Court dismissed Plaintiff's Securities Act claims.  Defendants will not address the allegations related to these claims, as no response is required.  Defendants further aver that this paragraph sets forth Plaintiff's characterization of this action as well as legal conclusions and does not purport to require a response from Defendants.  To the extent that Paragraph 18 purports to contain factual assertions requiring a response, Defendants deny the allegations contained therein.

19.     Answering Paragraph 19, Defendants admit that this Court has jurisdiction over the subject matter of this action.  Defendants deny the remaining allegations, except to the extent that the allegations constitute legal conclusions to which no response is required.

20.     Answering Paragraph 20, Defendants admit that venue in this District is proper.  Defendants admit that STEC maintains its principal place of business at 3001 Daimler Street, Santa Ana, California, and that this location is the principal place of business for Manouch Moshayedi, Mark Moshayedi, and Raymond D. Cook.  Defendants deny the remaining allegations of this paragraph, except to the extent that the allegations therein constitute legal conclusions to which no response is required.  Except as expressly admitted, Defendants deny the allegations of this paragraph.

21.     Answering Paragraph 21, Defendants admit that they have used the United States mail, interstate telephone communications, and the facilities of the national securities markets.  Defendants deny the remaining allegations of Paragraph 21.  Except as expressly admitted, Defendants deny the allegations of this paragraph.

22.     Answering Paragraph 22, with regard to the first and second sentences, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and deny the allegations on that basis.  With regard to the third sentence, Defendants admit that on July 14, 2010, the Court appointed the State of New Jersey, Department of Treasury, Division of Investment ("New Jersey") as Lead Plaintiff.  Except as expressly admitted, Defendants deny the allegations of this paragraph.

23.     Answering Paragraph 23, with regard to the first sentence, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and deny the allegations on that basis.  With regard to the second sentence, Defendants aver that this sentence sets forth Plaintiff's characterization of this action as well as legal conclusions and does not purport to require a response from Defendants.  To the extent that this sentence purports to contain factual assertions requiring a response, Defendants deny the allegations contained therein.  With regard to the third sentence, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the representative plaintiff's alleged purchase of STEC securities and deny the allegations on that basis.  Defendants deny the remaining allegations of the third sentence.  Except as expressly admitted, Defendants deny the allegations of this paragraph.

24.     Answering Paragraph 24, with regard to the first sentence, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and deny the allegations on that basis.  With

1  regard to the second sentence, Defendants aver that this sentence sets forth

2  Plaintiff's characterization of this action as well as legal conclusions and does not

3  purport to require a response from Defendants.  To the extent that this sentence

4  purports to contain factual assertions requiring a response, Defendants deny the

5  allegations contained therein.  Further answering the second sentence, Defendants

6  aver that on June 17, 2011, the Court dismissed the Plaintiff's Securities Act

7  claims.  Defendants will not address the allegations of this sentence related to these

8  claims, as no response is required.  With regard to the third sentence, Defendants

9  lack knowledge or information sufficient to form a belief as to the truth of the

10  allegations regarding the representative plaintiff's alleged purchase of STEC

11  securities and deny the allegations on that basis.  Further answering the third

12  sentence, Defendants aver that on June 17, 2011, the Court found that the

13  representative plaintiff's alleged purchases of STEC common stock were not

14  traceable to the Secondary Offering and therefore dismissed Plaintiff's Securities

15  Claims for lack of standing.  Defendants deny the remaining allegations of the

16  third sentence.  Except as expressly admitted, Defendants deny the allegations of

17  this paragraph.

18       25.     Answering Paragraph 25, with regard to the first sentence,

19  Defendants admit that STEC is a California corporation with its principal place of

20  business located at 3001 Daimler Street, Santa Ana, California.  With regard to the

21  second sentence, Defendants admit that STEC is a leading global provider of solid-

22  state technologies and solutions tailored to meet the high-performance, high-

23  reliability needs of OEMs such as EMC, IBM, HP, Hitachi and Sun.  With regard

24  to the third sentence, Defendants admit that during the Class Period, STEC's core

25  business was its enterprise scale SSDs, such as the ZeusIOPS.  With regard to the

26  fourth sentence, Defendants admit that STEC manufactures the most

27  comprehensive line of SSDs for the enterprise storage industry.  Except as

28  expressly admitted, Defendants deny the allegations of this paragraph.

1    26.    Answering Paragraph 26, with regard to the first sentence,

2  Defendants admit that Manouch Moshayedi, Mark Moshayedi, and Mike

3  Moshayedi founded STEC, then named Simple Technology, Inc., in 1990.  With

4  regard to the second sentence, Defendants aver that the phrase "grew rapidly

5  through acquisitions and expansions" is vague and ambiguous and deny the

6  allegations on that basis.  With regard to the third sentence, Defendants admit that

7  the Company went public in September 2000.  With regard to the fourth sentence,

8  Defendants admit that in 2007, STEC sold its consumer division, and introduced

9  the ZeusIOPS SSDs, a high-performance enterprise-class data storage solution.

10  Except as expressly admitted, Defendants deny the allegations of this paragraph.

11    27.    Answering Paragraph 27, with regard to the first sentence,

12  Defendants admit that during the Class Period, STEC's stock was publicly traded

13  on NASDAQ under the ticker symbol "STEC."  With regard to the second

14  sentence, Defendants admit that as of November 2, 2010, STEC had nearly 51

15  million shares of common stock outstanding.  Except as expressly admitted,

16  Defendants deny the allegations of this paragraph.

17    28.    Answering Paragraph 28, with regard to the first sentence,

18  Defendants admit that Manouch Moshayedi is the Company's CEO, Chairman of

19  the Company's Board of Directors, and a member of the Equity Awards

20  Committee, and that he held these positions during the Class Period.  With regard

21  to the second sentence, Defendants admit that during the Class Period, Manouch

22  Moshayedi signed and certified STEC's SEC filings pursuant to Sections 302 and

23  906 of the Sarbanes-Oxley Act of 2002, including the Company's quarterly report

24  for the second quarter of 2009 and the 2009 Form 10-K.  With regard to the third

25  sentence, Defendants admit that Manouch Moshayedi signed documents in

26  connection with the Secondary Offering, including the Registration Statement on

27  Form S-3 and the Prospectus contained in the Registration Statement.  With regard

28  to the fourth sentence, Defendants aver that Manouch Moshayedi sold

1  approximately 4.1 million shares of STEC common stock through the Secondary

2  Offering for proceeds, before expenses, of approximately $122 million.  Except as

3  expressly admitted, Defendants deny the allegations of this paragraph.

4          29.     Answering Paragraph 29, with regard to the first sentence,

5  Defendants admit that Mark Moshayedi is the Company's COO, CTO, President,

6  and Secretary, as well as a member of the Company's Board of Directors and

7  Equity Awards Committee, and that he held these positions during the Class

8  Period.  With regard to the second sentence, Defendants admit that during the

9  Class Period, Mark Moshayedi signed STEC's SEC filings, including the

10  Registration Statement on Form S-3 and the 2009 Form 10-K.  With regard to the

11  third sentence, Defendants aver that Mark Moshayedi sold approximately 4.9

12  million shares of STEC common stock through the Secondary Offering for

13  proceeds, before expenses, of approximately $145 million.  Except as expressly

14  admitted, Defendants deny the allegations of this paragraph.

15          30.     Answering Paragraph 30, with regard to the first sentence,

16  Defendants admit that STEC hired Raymond D. Cook in November 2008.  With

17  regard to the second sentence, Defendants admit that Raymond D. Cook is STEC's

18  Chief Financial Officer ("CFO") and Principal Accounting Officer and that he held

19  these positions during the Class Period.  With regard to the third sentence,

20  Defendants admit that during the Class Period, Raymond D. Cook signed STEC's

21  SEC filings, including the Registration Statement on Form S-3, the Company's

22  quarterly report for the second quarter of 2009, the Company's current report on

23  Form 8-K for its 2009 second quarter earnings release, the Company's quarterly

24  report for the third quarter of 2009, the 2009 third quarter earnings release, the

25  2009 Form 10-K, the Company's current report on Form 8-K for its 2009 fourth

26  quarter earnings release, and STEC's September 10, 2009 letter to the SEC.

27  Except as expressly admitted, Defendants deny the allegations of this paragraph.

28

1    31.    Answering Paragraph 31, Defendants deny the allegations

2  contained therein, except to the extent that the allegations constitute legal

3  conclusions to which no response is required.

4    32.    Answering Paragraph 32, Defendants deny the allegations

5  contained therein, except to the extent that the allegations constitute legal

6  conclusions to which no response is required.

7    33.    Answering Paragraph 33, with respect to the first sentence,

8  Defendants admit that Rajat Bahri is a member of STEC's Board of Directors and

9  Chair of the Board's Audit Committee and that he held these positions during the

10  Class Period.  With regard to the second sentence, Defendants admit that during

11  the Class Period, Rajat Bahri signed STEC's SEC filings, including the

12  Registration Statement on Form S-3 and the 2009 Form 10-K.  Further answering

13  Paragraph 33, Defendants aver that on June 17, 2011, the Court dismissed

14  Plaintiff's Securities Act claims.  Defendants will not address the allegations

15  related to these claims, as no response is required.  Except as expressly admitted,

16  Defendants deny the allegations of this paragraph.

17    34.    Answering Paragraph 34, Defendants aver that the allegations

18  in this paragraph and its subparagraphs are vague and ambiguous and deny the

19  allegations on that basis.  Further answering Paragraph 34 and its subparagraphs,

20  Defendants are informed and believe that the term "audit committee financial

21  expert" is defined in Item 407(d)(5) of Regulation S-K, which is publicly available

22  and speaks for itself.  To the extent that this paragraph and its subparagraphs

23  contain Plaintiff's legal characterization of this securities regulation, the

24  allegations do not purport to require a response from Defendants.  Except as

25  expressly admitted, Defendants deny the allegations of this paragraph and

26  subparagraphs.

27    35.    Answering Paragraph 35, Defendants aver that this paragraph

28  sets forth Plaintiff's characterization of this action as well as legal conclusions and

1   does not purport to require a response from Defendants.  To the extent that

2   Paragraph 35 purports to contain factual assertions requiring a response,

3   Defendants deny the allegations therein.

4           36.     Answering Paragraph 36, with regard to the first sentence,

5   Defendants admit that Barclays Capital, Inc. ("Barclays Capital") is an investment

6   bank that acted as an underwriter for the Secondary Offering.  With regard to the

7   second sentence, Defendants lack knowledge or information sufficient to form a

8   belief as to the truth of the allegations contained therein.  Further answering

9   Paragraph 36, Defendants aver that on June 17, 2011, the Court dismissed

10  Plaintiff's Securities Act claims.  Defendants will not address the allegations

11  related to these claims, as no response is required.  Except as expressly admitted,

12  Defendants deny the allegations of this paragraph.

13          37.     Answering Paragraph 37, with regard to the first sentence,

14  Defendants admit that Deutsche Bank Securities, Inc. ("Deutsche Bank") is an

15  investment bank that acted as an underwriter for the Secondary Offering.  With

16  regard to the second sentence, Defendants lack knowledge or information

17  sufficient to form a belief as to the truth of the allegations contained therein.

18  Further answering Paragraph 37, Defendants aver that on June 17, 2011, the Court

19  dismissed Plaintiff's Securities Act claims.  Defendants will not address the

20  allegations related to these claims, as no response is required.  Except as expressly

21  admitted, Defendants deny the allegations of this paragraph.

22          38.     Answering Paragraph 38, with regard to the first sentence,

23  Defendants admit that J.P. Morgan Securities Inc. ("J.P. Morgan") is an investment

24  bank that acted as an underwriter for the Secondary Offering.  With regard to the

25  second sentence, Defendants lack knowledge or information sufficient to form a

26  belief as to the truth of the allegations contained therein.  Further answering

27  Paragraph 38, Defendants aver that on June 17, 2011, the Court dismissed

28  Plaintiff's Securities Act claims.  Defendants will not address the allegations

1    related to these claims, as no response is required.  Except as expressly admitted,

2    Defendants deny the allegations of this paragraph.

3            39.      Answering Paragraph 39, with regard to the first sentence,

4    Defendants admit that Oppenheimer & Co., Inc. ("Oppenheimer") (collectively

5    with Barclays Capital, Deutsche Bank, and J.P. Morgan, "Underwriters") is an

6    investment bank that acted as an underwriter for the Secondary Offering.  With

7    regard to the second sentence, Defendants lack knowledge or information

8    sufficient to form a belief as to the truth of the allegations contained therein.

9    Further answering Paragraph 39, Defendants aver that on June 17, 2011, the Court

10    dismissed Plaintiff's Securities Act claims.  Defendants will not address the

11    allegations related to these claims, as no response is required.  Except as expressly

12    admitted, Defendants deny the allegations of this paragraph.

13            40.      Answering Paragraph 40, with regard to the first sentence,

14    Defendants admit that the Underwriters acted as underwriters for the Secondary

15    Offering consisting of 9 million shares of STEC common stock.  With regard to the

16    second sentence and the chart that follows it, Defendants admit that the distribution

17    of the 9 million shares to the Underwriters (excluding the 1,350,000 share

18    overallotment option) was as follows:

| Name | Number of shares |
|---|---|
| J.P. Morgan | 2,925,000 |
| Deutsche Bank | 2,925,000 |
| Barclays Capital | 1,800,000 |
| Oppenheimer | 1,350,000 |

24    Further answering Paragraph 40, Defendants aver that on June 17, 2011, the Court

25    dismissed Plaintiff's Securities Act claims.  Defendants will not address the

26    allegations related to these claims, as no response is required.  Except as expressly

27    admitted, Defendants deny the allegations of this paragraph.

28

1    41.    Answering Paragraph 41, Defendants admit that the

2  Underwriters had the option, for a period of thirty days, to purchase up to an

3  additional 1,350,000 shares of STEC common stock to cover overallotments.

4  Further answering Paragraph 41, Defendants aver that on June 17, 2011, the Court

5  dismissed Plaintiff's Securities Act claims.  Defendants will not address the

6  allegations related to these claims, as no response is required.  Except as expressly

7  admitted, Defendants deny the allegations of this paragraph.

8    42.    Answering Paragraph 42, Defendants admit that the

9  Underwriter received underwriting discounts and commissions totaling $11.16

10  million.  Further answering Paragraph 42, Defendants aver that on June 17, 2011,

11  the Court dismissed Plaintiff's Securities Act claims.  Defendants will not address

12  the allegations related to these claims, as no response is required.  Except as

13  expressly admitted, Defendants deny the allegations of this paragraph.

14    43.    Answering Paragraph 43, Defendants lack knowledge or

15  information sufficient to form a belief as to the truth of the allegations of this

16  paragraph and deny the allegations on that basis.  Further answering Paragraph 43,

17  Defendants aver that on June 17, 2011, the Court dismissed Plaintiff's Securities

18  Act claims.  Defendants will not address the allegations related to these claims, as

19  no response is required.

20    44.    Answering Paragraph 44, Defendants aver that this paragraph

21  sets forth Plaintiff's characterization of this action as well as legal conclusions and

22  does not purport to require a response from Defendants.  To the extent that

23  Paragraph 44 purports to contain factual assertions requiring a response,

24  Defendants deny the allegations contained therein.  Further answering Paragraph

25  44, Defendants aver that on June 17, 2011, the Court dismissed Plaintiff's

26  Securities Act claims.  Defendants will not address the allegations related to these

27  claims, as no response is required.

28

45.     Answering Paragraph 45, Defendants aver that their public statements are publicly available and speak for themselves and that this paragraph sets forth Plaintiff's characterization of these statements and do not purport to require a response from Defendants.  To the extent that Paragraph 45 purports to contain factual assertions requiring a response, Defendants deny the allegations contained therein.

46.     Answering Paragraph 46, Defendants aver that on March 12, 2009, STEC filed with the SEC a Form 10-K for fiscal year 2008, which 10-K is publicly available and speaks for itself.  Except as expressly admitted, Defendants deny the allegations of this paragraph.

47.     Answering Paragraph 47, Defendants aver that their public statements are publicly available and speak for themselves.  Further answering Paragraph 47, Defendants aver that the phrases "first stage" and "first phase" are vague and ambiguous and deny the allegations of this paragraph on that basis. Further answering Paragraph 47, Defendants aver that the allegations constitute a misleading and inaccurate oversimplification of a lengthy and complex design-to-production process and deny the allegations of this paragraph on that basis. Answering the footnote in Paragraph 47, with regard to the first sentence, Defendants aver that the allegations are vague and ambiguous and deny the allegations on that basis.  With regard to the second sentence in the footnote, Defendants aver that on August 4, 2008, STEC hosted a second quarter 2008 conference call, the transcript of which is publicly available and speaks for itself. Defendants deny the remaining allegations of Paragraph 47 and the footnote. Except as expressly admitted, Defendants deny the allegations of this paragraph and the footnote.

48.     Answering Paragraph 48, Defendants aver that their public statements are publicly available and speak for themselves.  Further answering Paragraph 48, Defendants aver that the phrase "second phase" is vague and

1   ambiguous and deny the allegations on that basis.  Further answering Paragraph

2   48, Defendants aver that the allegations constitute a misleading and inaccurate

3   oversimplification of a lengthy and complex design-to-production process and

4   deny the allegations of this paragraph on that basis.  Further answering Paragraph

5   48, Defendants aver that STEC hosted a second quarter 2009 conference call, the

6   transcript of which is publicly available and speaks for itself.  Defendants deny the

7   remaining allegations of Paragraph 48.  Except as expressly admitted, Defendants

8   deny the allegations of this paragraph.

9         49.    Answering Paragraph 49, Defendants aver that their public

10   statements are publicly available and speak for themselves.  Further answering

11   Paragraph 49, with regard to the first and second sentence, Defendants aver that the

12   phrase "third and final phase" is vague and ambiguous and deny the allegations on

13   that basis.  Further answering the first and second sentences, Defendants aver that

14   the allegations in these sentences constitute a misleading and inaccurate

15   oversimplification of a lengthy and complex design-to-production process and

16   deny the allegations on that basis.  Further answering the first sentence, Defendants

17   aver that STEC filed with the SEC a Form 10-K for fiscal year 2008, which 10-K

18   is publicly available and speaks for itself.  Defendants deny the remaining

19   allegations of Paragraph 49.  Except as expressly admitted, Defendants deny the

20   allegations of this paragraph.

21         50.    Answering Paragraph 50, with regard to the first sentence,

22   Defendants admit that in 2007, ZeusIOPS had not yet been qualified by any

23   enterprise storage OEM.  With regard to the second sentence, Defendants aver that

24   on May 14, 2007, STEC hosted a first quarter 2007 conference call, the transcript

25   of which is publicly available and speaks for itself.  Except as expressly admitted,

26   Defendants deny the allegations of this paragraph.

27         51.    Answering Paragraph 51, Defendants aver that on January 14,

28   2008, STEC issued a press release that is publicly available and speaks for itself.

1   Further answering Paragraph 51, Defendants lack knowledge or information

2   sufficient to form a belief as to the truth of the remaining allegations in the first

3   sentence and deny the allegations on that basis.  Except as expressly admitted,

4   Defendants deny the allegations of this paragraph.

5          52.    Answering Paragraph 52, Defendants aver that on March 5,

6   2008, STEC hosted a year-end conference call, the transcript of which is publicly

7   available and speaks for itself.  Except as expressly admitted, Defendants deny the

8   allegations of this paragraph.

9          53.    Answering Paragraph 53, Defendants aver that STEC filed with

10  the SEC a Form 10-Q for third quarter 2008, which 10-Q is publicly available and

11  speaks for itself.  Defendants further aver that on November 10, 2008, STEC

12  hosted a third quarter 2008 conference call, the transcript of which is publicly

13  available and speaks for itself.  With regard to the second sentence, Defendants

14  aver that the phrase "grown substantially" is vague and ambiguous and deny the

15  allegations on that basis.  Except as expressly admitted, Defendants deny the

16  allegations of this paragraph.

17         54.    Answering Paragraph 54, Defendants aver that STEC hosted a

18  first quarter 2009 conference call, the transcript of which is publicly available and

19  speaks for itself.  Except as expressly admitted, Defendants deny the allegations of

20  this paragraph.

21         55.    Answering Paragraph 55, Defendants admit that STEC hosted a

22  second quarter 2009 conference call, the transcript of which is publicly available

23  and speaks for itself.  Except as expressly admitted, Defendants deny the

24  allegations of this paragraph.

25         56.    Answering Paragraph 56, Defendants aver that STEC filed with

26  the SEC a Form 10-K for fiscal year 2008, which 10-K is publicly available and

27  speaks for itself.  Answering the footnote in Paragraph 56, Defendants aver that on

28  May 14, 2007, STEC hosted a first quarter 2007 conference call and on May 5,

1  2008, STEC hosted a first quarter 2008 conference call, the transcripts of which are

2  publicly available and speak for themselves.  Defendants lack knowledge and

3  information sufficient to form a belief as to the truth of the allegations regarding

4  EMC's expectations as contained in the second sentence of the footnote and deny

5  the allegations on that basis.  Except as expressly admitted, Defendants deny the

6  allegations of this paragraph and the footnote.

7         57.     Answering Paragraph 57, Defendants aver that on May 14,

8  2007, STEC hosted a first quarter 2007 conference call, the transcript of which is

9  publicly available and speaks for itself.  Except as expressly admitted, Defendants

10  deny the allegations of this paragraph.

11         58.     Answering Paragraph 58, Defendants aver that on August 3,

12  2009, STEC hosted a second quarter 2009 conference call, the transcript of which

13  is publicly available and speaks for itself.  Except as expressly admitted,

14  Defendants deny the allegations of this paragraph.

15         59.     Answering Paragraph 59, Defendants aver that their public

16  statements are publicly available and speak for themselves.  Further answering

17  Paragraph 59, Defendants aver that the phrases "in the ordinary course of its

18  ZeusIOPS business" and "great spurts of growth" are vague and ambiguous and

19  deny the allegations of this paragraph on that basis.  Defendants deny the

20  remaining allegations of Paragraph 59.  Except as expressly admitted, Defendants

21  deny the allegations of this paragraph.

22         60.     Answering Paragraph 60, Defendants aver that the transcripts of

23  STEC's quarterly earnings calls are publicly available and speak for themselves.

24  Further answering Paragraph 60, Defendants aver that the phrases "dramatic

25  amounts" and "steadily increasing ZeusIOPS sales" are vague and ambiguous and

26  deny the allegations on that basis.  Defendants deny the remaining allegations of

27  Paragraph 60.  Except as expressly admitted, Defendants deny the allegations of

28  this paragraph.

61.     Answering Paragraph 61, Defendants aver that on March 5, 2008, STEC hosted a year-end conference call, the transcript of which is publicly available and speaks for itself.  Defendants deny the remaining allegations of Paragraph 61.  Except as expressly admitted, Defendants deny the allegations of this paragraph.

62.     Answering Paragraph 62, Defendants aver that on March 12, 2009, STEC issued a press release that is publicly available and speaks for itself. Defendants further aver that on March 12, 2009, STEC hosted a year-end conference call, the transcript of which is publicly available and speaks for itself. Defendants deny the remaining allegations of Paragraph 62.  Except as expressly admitted, Defendants deny the allegations of this paragraph.

63.     Answering Paragraph 63, with regard to the first sentence, Defendants aver that on March 12, 2009, STEC hosted a fourth quarter 2008 and year-end conference call, the transcript of which is publicly available and speaks for itself.  With regard to the second sentence, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and deny the allegations on that basis.  Except as expressly admitted, Defendants deny the allegations of this paragraph.

64.     Answering Paragraph 64, Defendants aver that on August 3, 2009, STEC issued a press release that is publicly available and speaks for itself. Defendants deny the remaining allegations of Paragraph 64.  Except as expressly admitted, Defendants deny the allegations of this paragraph.

65.     Answering Paragraph 65, with regard to the first sentence, Defendants aver that the allegations are vague and ambiguous and deny the allegations of this sentence on that basis.  Further answering Paragraph 65 and the footnote that follows it, Defendants aver that on November 3, 2009, STEC hosted a third quarter 2009 conference call, the transcript of which is publicly available and speaks for itself.  Defendants further aver that on August 3, 2009, STEC filed with

1   the SEC a Form 10-Q for second quarter 2009 and a Registration Statement on

2   Form 424B3, which filings are publicly available and speak for themselves.

3   Defendants deny the remaining allegations of Paragraph 65 and the footnote.

4   Except as expressly admitted, Defendants deny the allegations of this paragraph

5   and the footnote.

6         66.    Answering Paragraph 66, Defendants aver that on July 16,

7   2009, STEC issued a press release that is publicly available and speaks for itself.

8   Defendants deny the remaining allegations of Paragraph 66.  Except as expressly

9   admitted, Defendants deny the allegations of this paragraph.

10         67.    Answering Paragraph 67, Defendants aver that on July 16,

11   2009, STEC issued a press release that is publicly available and speaks for itself.

12   Further answering Paragraph 67, Defendants aver that the phrases "average

13   quarterly purchases," "significant quarterly increase," and "high level of EMC's

14   purchases" are vague and ambiguous and deny the allegations on that basis.

15   Further answering Paragraph 67, Defendants aver that their public statements are

16   publicly available and speak for themselves.  Defendants deny the remaining

17   allegations of Paragraph 67.  Except as expressly admitted, Defendants deny the

18   allegations of this paragraph.

19         68.    Answering Paragraph 68, Defendants aver that on July 16,

20   2009, STEC issued a press release that is publicly available and speaks for itself.

21   Defendants deny the remaining allegations of Paragraph 68.  Except as expressly

22   admitted, Defendants deny the allegations of this paragraph.

23         69.    Answering Paragraph 69, Defendants aver that on July 16,

24   2009, STEC issued a press release that is publicly available and speaks for itself.

25   Further answering Paragraph 69, with regard to the first sentence, Defendants aver

26   that this sentence sets forth Plaintiff's legal conclusions and does not purport to

27   require a response from Defendants.  To the extent that this sentence purports to

28   contain factual allegations requiring a response, Defendants deny the allegations of

1   this paragraph.  Further answering Paragraph 69, with regard to the first sentence,

2   Defendants lack knowledge and information sufficient to form a belief as to the

3   truth of certain of the allegations and deny the allegations on that basis.  With

4   regard to the second sentence, Defendants aver that on July 16, 2009, Oppenheimer

5   published an analyst report regarding STEC, which report is publicly available and

6   speaks for itself.  Except as expressly admitted, Defendants deny the allegations of

7   this paragraph.

8          70.    Answering Paragraph 70, Defendants aver that on July 16,

9   2009, STEC issued a press release that is publicly available and speaks for itself.

10  Further answering Paragraph 70, Defendants aver that this paragraph sets forth

11  Plaintiff's legal conclusions and does not purport to require a response from

12  Defendants.  To the extent that this paragraph purports to contain factual

13  allegations requiring a response, Defendants deny the allegations of this paragraph.

14  Defendants deny the remaining allegations of Paragraph 70.  Except as expressly

15  admitted, Defendants deny the allegations of this paragraph.

16         71.    Answering Paragraph 71, Defendants aver that on July 16,

17  2009, STEC issued a press release that is publicly available and speaks for itself.

18  Further answering Paragraph 71, Defendants aver that this paragraph sets forth

19  Plaintiff's legal conclusions and does not purport to require a response from

20  Defendants.  To the extent that this paragraph purports to contain factual

21  allegations requiring a response, Defendants deny the allegations of this paragraph.

22  Further answering Paragraph 71, with regard to the first sentence, Defendants lack

23  knowledge and information sufficient to form a belief as to the truth of the

24  allegations and deny the allegations on that basis.  With regard to the second

25  sentence, Defendants aver that on July 16, 2009, Oppenheimer published an

26  analyst report regarding STEC, which report is publicly available and speaks for

27  itself.  Except as expressly admitted, Defendants deny the allegations of this

28  paragraph.

1    72.    Answering Paragraph 72, Defendants aver that the prices of

2    STEC stock over time are publicly available and speak for themselves.  Defendants

3    deny the remaining allegations of Paragraph 72.  Except as expressly admitted,

4    Defendants deny the allegations of this paragraph.

5    73.    Answering Paragraph 73, Defendants aver that on August 3,

6    2009, STEC filed with the SEC an earnings release on Form 8-K for second

7    quarter 2009, which 8-K is publicly available and speaks for itself.  Defendants

8    deny the remaining allegations of Paragraph 73.  Except as expressly admitted,

9    Defendants deny the allegations of this paragraph.

10    74.    Answering Paragraph 74, Defendants aver that on August 3,

11    2009, STEC filed with the SEC a Prospectus on Form 424B3, which Prospectus is

12    publicly available and speaks for itself.  With regard to the second sentence,

13    Defendants aver that the phrase "ordinary course of STEC's business" is vague and

14    ambiguous and deny the allegations of this sentence on that basis.  Defendants

15    deny the remaining allegations of Paragraph 74.  Except as expressly admitted,

16    Defendants deny the allegations of this paragraph.

17    75.    Answering Paragraph 75, Defendants aver that on August 28,

18    2009, Needham published an analyst report regarding STEC, which report is

19    publicly available and speaks for itself.  Further answering Paragraph 75,

20    Defendants aver that this paragraph sets forth Plaintiff's legal conclusions and does

21    not purport to require a response from Defendants.  To the extent that this

22    paragraph purports to contain factual allegations requiring a response, Defendants

23    deny the allegations of this paragraph.  Further answering Paragraph 75,

24    Defendants lack knowledge and information sufficient to form a belief as to the

25    truth of certain of the allegations and deny the allegations on that basis.

26    Defendants deny the remaining allegations of Paragraph 75.  Except as expressly

27    admitted, Defendants deny the allegations of this paragraph.

28

76.     Answering Paragraph 76, Defendants aver that Manouch Moshayedi and Mark Moshayedi each sold STEC stock in the Secondary Offering in August 2009 and that the proceeds, before expenses, from such transactions totaled $267.8 million.  Except as expressly admitted, Defendants deny the allegations of this paragraph.

77.     Answering Paragraph 77, Defendants aver that on November 3, 2009, STEC hosted a third quarter 2009 conference call, the transcript of which is publicly available and speaks for itself.  Defendants deny the remaining allegations of Paragraph 77.  Except as expressly admitted, Defendants deny the allegations of this paragraph.

78.     Answering Paragraph 78, Defendants aver on November 3, 2009, STEC hosted a third quarter 2009 conference call, the transcript of which is publicly available and speaks for itself.  Defendants deny the remaining allegations of Paragraph 78.  Except as expressly admitted, Defendants deny the allegations of this paragraph.

79.     Answering Paragraph 79, Defendants aver that on November 3, 2009, STEC filed an earnings release with the SEC on Form 8-K for third quarter 2009, which 8-K is publicly available and speaks for itself.  Except as expressly admitted, Defendants deny the allegations of this paragraph.

80.     Answering Paragraph 80, Defendants aver that on November 3, 2009, STEC hosted a third quarter 2009 conference call, the transcript of which is publicly available and speaks for itself.  Further answering Paragraph 80, Defendants aver that this paragraph sets forth Plaintiff's legal conclusions and does not purport to require a response from Defendants.  To the extent that this paragraph purports to contain factual allegations requiring a response, Defendants deny the allegations of this paragraph.  Defendants further aver they lack knowledge and information sufficient to form a belief as to the truth of certain of the allegations and deny the allegations of this paragraph on that basis.  Defendants

1  deny the remaining allegations of Paragraph 80.  Except as expressly admitted,

2  Defendants deny the allegations of this paragraph.

3        81.    Answering Paragraph 81, Defendants aver that on February 23,

4  2010, STEC filed an earnings release with the SEC on Form 8-K for fourth quarter

5  2009 and fiscal year 2009, which 8-K is publicly available and speaks for itself.

6  Further answering Paragraph 81, Defendants aver that this paragraph sets forth

7  Plaintiff's legal conclusions and does not purport to require a response from

8  Defendants.  To the extent that this paragraph purports to contain factual

9  allegations requiring a response, Defendants deny the allegations of this paragraph.

10  Defendants deny the remaining allegations of Paragraph 81.  Except as expressly

11  admitted, Defendants deny the allegations of this paragraph.

12        82.    Answering Paragraph 82, Defendants aver that on February 24,

13  2010, B. Riley published an analyst report regarding STEC, which report is

14  publicly available and speaks for itself.  Further answering Paragraph 82,

15  Defendants aver that this paragraph sets forth Plaintiff's legal conclusions and does

16  not purport to require a response from Defendants.  To the extent that this

17  paragraph purports to contain factual allegations requiring a response, Defendants

18  deny the allegations of this paragraph.  Defendants deny the remaining allegations

19  of Paragraph 82.  Except as expressly admitted, Defendants deny the allegations of

20  this paragraph.

21        83.    Answering Paragraph 83, Defendants aver that on February 24,

22  2010, Oppenheimer published an analyst report regarding STEC, which report is

23  publicly available and speaks for itself.  Except as expressly admitted, Defendants

24  deny the allegations of this paragraph.

25        84.    Answering Paragraph 84, Defendants aver that on February 23,

26  2010, Deutsche Bank published an analyst report regarding STEC, which report is

27  publicly available and speaks for itself.  Further answering Paragraph 84,

28  Defendants aver that this paragraph sets forth Plaintiff's legal conclusions and does

1   not purport to require a response from Defendants.  To the extent that this

2   paragraph purports to contain factual allegations requiring a response, Defendants

3   deny the allegations of this paragraph.  Defendants deny the remaining allegations

4   of Paragraph 84.  Except as expressly admitted, Defendants deny the allegations of

5   this paragraph.

6          85.    Answering Paragraph 85, Defendants aver that on February 24,

7   2010, Thomas Weisel Partners published an analyst report regarding STEC, which

8   report is publicly available and speaks for itself.  Further answering Paragraph 85,

9   Defendants aver that this paragraph sets forth Plaintiff's legal conclusions and does

10  not purport to require a response from Defendants.  To the extent that this

11  paragraph purports to contain factual allegations requiring a response, Defendants

12  deny the allegations of this paragraph.  Defendants deny the remaining allegations

13  of Paragraph 85.  Except as expressly admitted, Defendants deny the allegations of

14  this paragraph.

15         86.    Answering Paragraph 86, Defendants aver that on February 23,

16  2010, Deutsche Bank published an analyst report regarding STEC, which report is

17  publicly available and speaks for itself.  Further answering Paragraph 86,

18  Defendants aver that the phrase "'normalized quarterly' requirements" is vague

19  and ambiguous and deny the allegations of this paragraph on that basis.  Furthering

20  answering Paragraph 86 and the footnote that follows it, Defendants aver that this

21  paragraph and the footnote set forth Plaintiff's characterization of this action and

22  do not purport to require a response from Defendants.  To the extent that Paragraph

23  86 and the footnote purport to contain factual assertions requiring a response,

24  Defendants deny the allegations contained therein.  Except as expressly admitted,

25  Defendants deny the allegations of this paragraph and the footnote.

26         87.    Answering Paragraph 87, Defendants aver that STEC issued

27  press releases on July 16, 2009 and August 3, 2009 that are publicly available and

28  speak for themselves.  Defendants further aver that on November 3, 2009, STEC

1   hosted a third quarter 2009 conference call, the transcript of which is publicly

2   available and speaks for itself.  Defendants deny the remaining allegations of

3   Paragraph 87.  Except as expressly admitted, Defendants deny the allegations of

4   this paragraph.

5         88.    Answering Paragraph 88, Defendants aver that on August 3,

6   2009, STEC hosted a second quarter 2009 conference call, the transcript of which

7   is publicly available and speaks for itself.  Defendants deny the remaining

8   allegations of Paragraph 88.  Except as expressly admitted, Defendants deny the

9   allegations of this paragraph.

10        89.    Answering Paragraph 89, Defendants lack knowledge and

11  information sufficient to form a belief as to the truth of the allegations regarding

12  EMC's statements or intent and deny the allegations on that basis.  Defendants

13  deny the remaining allegations of Paragraph 89.

14        90.    Answering Paragraph 90, Defendants lack knowledge and

15  information sufficient to form a belief as to the truth of the allegations regarding

16  EMC's statements or knowledge and deny the allegations on that basis.  Further

17  answering Paragraph 90, Defendants aver that the phrase "intensely intimate

18  working relationship" is vague and ambiguous and deny the allegations on that

19  basis.  Defendants deny the remaining allegations of Paragraph 90.

20        91.    Answering Paragraph 91, Defendants aver that on November

21  10, 2008, STEC hosted a third quarter 2008 conference call, the transcript of which

22  is publicly available and speaks for itself.  Except as expressly admitted,

23  Defendants deny the allegations of this paragraph.

24        92.    Answering Paragraph 92, Defendants aver that on January 14,

25  2008, STEC issued a press release that is publicly available and speaks for itself.

26  Defendants deny the remaining allegations of Paragraph 92.  Except as expressly

27  admitted, Defendants deny the allegations of this paragraph.

28

93.     Answering Paragraph 93, with regard to the first sentence, Defendants aver that their public statements are publicly available and speak for themselves.  Further answering the first sentence, Defendants aver that the phrase "intimate relationship" is vague and ambiguous and deny the allegations of this sentence on that basis.  With regard to the second sentence, Defendants aver that on March 12, 2009, STEC filed with the SEC a Form 10-K for fiscal year 2008, which 10-K is publicly available and speaks for itself.  With regard to the third sentence, Defendants aver that STEC hosted a third quarter 2009 conference call, the transcript of which is publicly available and speaks for itself.  Defendants deny the remaining allegations of Paragraph 93.  Except as expressly admitted, Defendants deny the allegations of this paragraph.

94.     Answering Paragraph 94, with regard to the first sentence, Defendants aver that on November 3, 2010, STEC hosted a third quarter 2009 conference call, the transcript of which is publicly available and speaks for itself.  With regard to the second and third sentences, Defendants aver that Manouch Moshayedi and Mark Moshayedi each sold STEC shares in the Secondary Offering in August 2009 and that the proceeds, before expenses, from such transactions totaled $267.8 million.  Defendants deny the remaining allegations of Paragraph 94.  Except as expressly admitted, Defendants deny the allegations of this paragraph.

95.     Answering Paragraph 95, Defendants aver that on November 3, 2009, STEC hosted a third quarter 2009 conference call, the transcript of which is publicly available and speaks for itself.  Except as expressly admitted, Defendants deny the allegations of this paragraph.

96.     Answering Paragraph 96, Defendants lack knowledge regarding any alleged information purportedly provided by Confidential Witness 1 and deny the allegations of this paragraph on that basis.  Answering the footnote in Paragraph 96, Defendants lack knowledge and information sufficient to form a

1  belief as to the truth of the allegations contained therein and deny the allegations in
2  the footnote on that basis.  Defendants deny the remaining allegations of Paragraph
3  96 and the footnote.

4          97.     Answering Paragraph 97, Defendants aver that Item 60(b)(10)
5  of Securities Regulation S-K is publicly available and speaks for itself.  Defendants
6  aver that this paragraph contains Plaintiff's characterization of this securities
7  regulation, to which no response is required.  To the extent that Paragraph 97
8  purports to contain factual assertions requiring a response, Defendants deny the
9  allegations contained therein.

10         98.     Answering Paragraph 98, Defendants admit that the July 2009
11  EMC agreement has not been filed with the SEC.  Except as expressly admitted,
12  Defendants deny the allegations of this paragraph.

13         99.     Answering Paragraph 99, Defendants aver that this paragraph
14  sets forth Plaintiff's characterization of the SEC's views as well as legal
15  conclusions and does not purport to require a response from Defendants.  To the
16  extent that Paragraph 99 purports to contain factual assertions requiring a response,
17  Defendants deny the allegations contained therein.  Further answering Paragraph
18  99, Defendants aver that STEC received from the SEC a letter dated August 28,
19  2009, which letter became publicly available on or after December 4, 2009, and
20  speaks for itself.  Defendants deny the remaining allegations of Paragraph 99.
21  Except as expressly admitted, Defendants deny the allegations of this paragraph.

22         100.    Answering Paragraph 100, Defendants aver that STEC received
23  from the SEC a letter dated August 28, 2009, which letter became publicly
24  available on or after December 4, 2009, and speaks for itself.  Defendants deny the
25  remaining allegations of Paragraph 100.  Except as expressly admitted, Defendants
26  deny the allegations of this paragraph.

27         101.    Answering Paragraph 101, Defendants aver that STEC
28  submitted to the SEC a letter dated September 10, 2009 and signed by Raymond D.

1   Cook, which letter became publicly available on or after December 4, 2009, and

2   speaks for itself.  Defendants deny the remaining allegations of Paragraph 101.

3   Except as expressly admitted, Defendants deny the allegations of this paragraph.

4         102.   Answering Paragraph 102, Defendants aver that STEC received

5   from the SEC a letter dated September 30, 2009, which letter became publicly

6   available on or after December 4, 2009, and speaks for itself.  Defendants deny the

7   remaining allegations of Paragraph 102.  Except as expressly admitted, Defendants

8   deny the allegations of this paragraph.

9         103.   Answering Paragraph 103, Defendants aver that STEC

10   submitted to the SEC a letter dated October 13, 2009 and signed by Raymond D.

11   Cook, which letter became publicly available on or after December 4, 2009, and

12   speaks for itself.  Defendants deny the remaining allegations of Paragraph 103.

13   Except as expressly admitted, Defendants deny the allegations of this paragraph.

14         104.   Answering Paragraph 104, Defendants aver that this paragraph

15   sets forth Plaintiff's legal conclusions and does not purport to require a response

16   from Defendants.  To the extent that this paragraph purports to contain factual

17   assertions requiring a response, Defendants deny the allegations contained therein.

18         105.   Answering Paragraph 105, Defendants aver that on August 3,

19   2009, STEC filed with the SEC a Prospectus on Form 424B3, which Prospectus is

20   publicly available and speaks for itself.  Defendants deny the remaining allegations

21   of Paragraph 105.  Except as expressly admitted, Defendants deny the allegations

22   of this paragraph.

23         106.   Answering Paragraph 106, Defendants aver that STEC

24   submitted to the SEC a letter dated September 10, 2009 and signed by Raymond D.

25   Cook, which letter became publicly available on or after December 4, 2009, and

26   speaks for itself.  Further answering Paragraph 106, Defendants aver that this

27   paragraph sets forth Plaintiff's legal conclusions and does not purport to require a

28   response from Defendants.  To the extent that this paragraph purports to contain

1   factual assertions requiring a response, Defendants deny the allegations contained
2   therein.  Defendants deny the remaining allegations of Paragraph 106.  Except as
3   expressly admitted, Defendants deny the allegations of this paragraph.

4   107.   Answering Paragraph 107, Defendants aver that this paragraph
5   sets forth Plaintiff's legal conclusions and does not purport to require a response
6   from Defendants.  To the extent that this paragraph purports to contain factual
7   assertions requiring a response, Defendants deny the allegations contained therein.
8   Further answering Paragraph 107, Defendants aver that the phrase "ordinary course
9   of business" is vague and ambiguous and deny the allegations of this paragraph on
10  that basis.

11  108.   Answering Paragraph 108, Defendants aver that this paragraph
12  sets forth Plaintiff's legal conclusions and does not purport to require a response
13  from Defendants.  To the extent that Paragraph 108 purports to contain factual
14  assertions requiring a response, Defendants deny the allegations contained therein.
15  Further answering Paragraph 108, Defendants aver that STEC submitted to the
16  SEC a letter dated September 10, 2009 and signed by Raymond D. Cook, which
17  letter became publicly available on or after December 4, 2009, and speaks for
18  itself.  Defendants deny the remaining allegations of Paragraph 108.  Except as
19  expressly admitted, Defendants deny the allegations of this paragraph.

20  109.   Answering Paragraph 109, Defendants aver that this paragraph
21  sets forth Plaintiff's legal conclusions and does not purport to require a response
22  from Defendants.  To the extent that Paragraph 109 purports to contain factual
23  assertions requiring a response, Defendants deny the allegations contained therein.

24  110.   Answering Paragraph 110, with regard to the first sentence,
25  Defendants aver that this sentence sets forth Plaintiff's characterization of this
26  action as well as legal conclusions and does not purport to require a response from
27  Defendants.  To the extent that Paragraph 110 purports to contain factual assertions
28  requiring a response, Defendants deny the allegations contained therein.  With

1   regard to the second sentence, Defendants aver that on August 3, 2009, STEC filed

2   with the SEC a Prospectus on Form 424B3, which Prospectus is publicly available

3   and speaks for itself.  Except as expressly admitted, Defendants deny the

4   allegations of this paragraph.

5         111.   Answering Paragraph 111, Defendants aver that on August 3,

6   2009, STEC filed with the SEC an earnings release on Form 8-K for second

7   quarter 2009, which 8-K is publicly available and speaks for itself.  Further

8   answering Paragraph 111, Defendants lack knowledge and information sufficient

9   to form a belief as to the truth of allegations regarding investors' knowledge and

10   deny the allegations on that basis.  Defendants deny the remaining allegations of

11   Paragraph 111.  Except as expressly admitted, Defendants deny the allegations of

12   this paragraph.

13         112.   Answering Paragraph 112, Defendants lack knowledge and

14   information sufficient to form a belief as to the truth of the allegations regarding

15   analysts' understanding and deny the allegations of this paragraph on that basis.

16         113.   Answering Paragraph 113, Defendants aver that on August 3,

17   2009, Thomas Weisel Partners published an analyst report regarding STEC, which

18   report is publicly available and speaks for itself.  Except as expressly admitted,

19   Defendants deny the allegations of this paragraph.

20         114.   Answering Paragraph 114, Defendants aver that on August 4,

21   2009, ThinkEquity LLC published an analyst report regarding STEC, which report

22   is publicly available and speaks for itself.  Except as expressly admitted,

23   Defendants deny the allegations of this paragraph.

24         115.   Answering Paragraph 115, Defendants aver that on August 4,

25   2009, Capstone Investments published an analyst report regarding STEC, which

26   report is publicly available and speaks for itself.  Except as expressly admitted,

27   Defendants deny the allegations of this paragraph.

28

1    116.   Answering Paragraph 116, Defendants aver that on August 4,

2    2009, Needham published an analyst report regarding STEC, which report is

3    publicly available and speaks for itself.  Except as expressly admitted, Defendants

4    deny the allegations of this paragraph.

5    117.   Answering Paragraph 117, with regard to the first and second

6    sentences, Defendants aver that on August 10, 2009, Wedbush Morgan published

7    an analyst report regarding STEC, which report is publicly available and speaks for

8    itself.  With regard to the third sentence, Defendants aver that STEC filed with the

9    SEC a Prospectus on Form 424B3, which Prospectus is publicly available and

10   speaks for itself.  Defendants deny the remaining allegations of Paragraph 117.

11   Except as expressly admitted, Defendants deny the allegations of this paragraph.

12   118.   Answering Paragraph 118, Defendants aver that on August 16,

13   2009, Deutsche Bank published an analyst report regarding STEC, which report is

14   publicly available and speaks for itself.  Except as expressly admitted, Defendants

15   deny the allegations of this paragraph.

16   119.   Answering Paragraph 119, Defendants aver that on September

17   9, 2009, J.P. Morgan published an analyst report regarding STEC, which report is

18   publicly available and speaks for itself.  Except as expressly admitted, Defendants

19   deny the allegations of this paragraph.

20   120.   Answering Paragraph 120, Defendants aver that on August 4,

21   2008, STEC hosted a second quarter 2008 conference call and, on August 3, 2009,

22   STEC hosted a second quarter 2009 conference call, the transcripts of which are

23   publicly available and speak for themselves.  Defendants further aver that on

24   August 4, 2009, Capstone Investments published an analyst report regarding

25   STEC, which report is publicly available and speaks for itself.  Further answering

26   Paragraph 120, Defendants aver that this paragraph sets forth Plaintiff's

27   characterization of this action as well as legal conclusions and does not purport to

28   require a response from Defendants.  To the extent that Paragraph 120 purports to

1   contain factual assertions requiring a response, Defendants deny the allegations

2   contained therein.  Defendants deny the remaining allegations of Paragraph 120.

3   Except as expressly admitted, Defendants deny the allegations of this paragraph.

4           121.   Answering Paragraph 121, Defendants aver that their public

5   statements are publicly available and speak for themselves.  Further answering

6   Paragraph 121, Defendants aver that the phrase "dramatically shrank" is vague and

7   ambiguous and deny the allegations of this paragraph on that basis.  Furthering

8   answering Paragraph 121, and the first sentence of the footnote, Defendants aver

9   that this paragraph sets forth Plaintiff's characterization of this action and does not

10  purport to require a response from Defendants.  To the extent that Paragraph 121

11  purports to contain factual assertions requiring a response, Defendants deny the

12  allegations contained therein.  With regard to the second sentence of the footnote,

13  Defendants aver that STEC disclosed total revenues for ZeusIOPS SSDs during

14  STEC's quarterly earnings calls, the transcripts of which are publicly available and

15  speak for themselves.  Except as expressly admitted, Defendants deny the

16  allegations of this paragraph and the footnote.

17          122.   Answering Paragraph 122 and the chart that follows it,

18  Defendants aver that STEC reported total ZeusIOPS revenues for each quarter of

19  2009 in its quarterly earnings release calls, earnings releases, and Form 10-Qs,

20  which are publicly available and speak for themselves.  Further answering

21  Paragraph 122 and the chart that follows it, Defendants aver that this paragraph

22  sets forth Plaintiff's characterization of this action as well as legal conclusions and

23  does not purport to require a response from Defendants.   Except as expressly

24  admitted, Defendants deny the allegations of this paragraph and the chart.

25          123.   Answering Paragraph 123, Defendants aver that this paragraph

26  sets forth Plaintiff's characterization of this action as well as legal conclusions and

27  does not purport to require a response from Defendants.  To the extent that

28

1    Paragraph 123 purports to contain factual assertions requiring a response,
2    Defendants deny the allegations contained therein.

3        124.   Answering Paragraph 124, Defendants deny the allegations of
4    this paragraph, except to the extent that the allegations constitute legal conclusions
5    to which no response is required.

6        125.   Answering Paragraph 125, Defendants aver that this paragraph
7    sets forth Plaintiff's characterization of this action as well as legal conclusions and
8    does not purport to require a response from Defendants.  To the extent that
9    Paragraph 125 purports to contain factual assertions requiring a response,
10   Defendants deny the allegations contained therein.

11       126.   Answering Paragraph 126, Defendants aver that on March 12,
12   2009, STEC hosted a fourth quarter 2008 conference call, the transcript of which is
13   publicly available and speaks for itself.  Except as expressly admitted, Defendants
14   deny the allegations of this paragraph.

15       127.   Answering Paragraph 127, Defendants admit that on November
16   10, 2008 and March 12, 2009, STEC hosted third quarter and fourth 2008
17   conference calls, the transcripts of which are publicly available and speak for
18   themselves.  Defendants deny the remaining allegations of Paragraph 127.  Except
19   as expressly admitted, Defendants deny the allegations of this paragraph.

20       128.   Answering Paragraph 128, Defendants aver that STEC hosted
21   a third quarter 2008 conference call and that on January 14, 2008, STEC issued a
22   press release announcing its collaboration with EMC.  The transcript of this call
23   and this press release are publicly available and speak for themselves.  Answering
24   the footnote in Paragraph 128, Defendants lack knowledge regarding any alleged
25   information purportedly provided by Confidential Witness 2 and deny the
26   allegations of this footnote on that basis.  Defendants deny the remaining
27   allegations of Paragraph 128 and the footnote.  Except as expressly admitted,
28   Defendants deny the allegations of this paragraph and the footnote.

129.   Answering Paragraph 129, Defendants aver that STEC filed with the SEC a Form 10-K for fiscal year 2008, which 10-K is publicly available and speaks for itself.  Defendants deny the remaining allegations of Paragraph 129.  Except as expressly admitted, Defendants deny the allegations of this paragraph.

130.   Answering Paragraph 130, with regard to the first and second sentences, Defendants aver that STEC filed quarterly Forms 10-Q with the SEC and that on February 23, 2010, STEC filed with the SEC a Form 10-K for fiscal year 2009, which filings are publicly available and speak for themselves.  Defendants deny the remaining allegations of Paragraph 130.  Except as expressly admitted, Defendants deny the allegations of this paragraph.

131.   Answering Paragraph 131, Defendants aver that on August 4, 2008, STEC hosted a second quarter 2008 conference call, the transcript of which is publicly available and speaks for itself.  Except as expressly admitted, Defendants deny the allegations of this paragraph.

132.   Answering Paragraph 132, Defendants deny the allegations of this paragraph, except to the extent that the allegations constitute legal conclusions to which no response is required.

133.   Answering Paragraph 133, Defendants aver that on May 11, 2009, STEC hosted a first quarter 2009 conference call, the transcript of which is publicly available and speaks for itself.  Defendants deny the remaining allegations of Paragraph 133.  Except as expressly admitted, Defendants deny the allegations of this paragraph.

134.   Answering Paragraph 134, and the chart that follows it, Defendants admit that the numbers for each category matched the numbers reported in STEC's Forms 10-Q for the first, second, and third quarters of 2009, but deny the characterization of such figures.  Defendants deny the remaining allegations of Paragraph 134 and the chart.  Except as expressly admitted, Defendants deny the allegations of this paragraph and the chart.

135.   Answering Paragraph 135, Defendants aver that the allegations of this paragraph are vague and ambiguous and deny the allegations on that basis. Further answering Paragraph 135, Defendants aver that the allegations in this paragraph constitute a misleading and inaccurate oversimplification of complex financial and accounting practices, and deny the allegations on that basis.

136.   Answering Paragraph 136, Defendants aver that the allegations of this paragraph are vague and ambiguous and deny the allegations on that basis. Further answering Paragraph 136, Defendants aver that the allegations in this paragraph constitute a misleading and inaccurate oversimplification of complex financial and accounting practices, and deny the allegations of this paragraph on that basis.

137.   Answering Paragraph 137, Defendants aver that the allegations are vague and ambiguous and deny the allegations on that basis.  Further answering Paragraph 137, Defendants aver that the allegations in this paragraph constitute a misleading and inaccurate oversimplification of complex financial and accounting practices, and deny the allegations of this paragraph on that basis.

138.   Answering Paragraph 138, Defendants aver that this paragraph sets forth Plaintiff's characterization of this action and legal conclusions and does not purport to require a response from Defendants.  To the extent that Paragraph 138 purports to contain factual assertions requiring a response, Defendants deny the allegations contained therein.  Defendants further aver that the allegations in this paragraph constitute a misleading and inaccurate oversimplification of complex financial and accounting practices, and deny the allegations of this paragraph on that basis.

139.   Answering Paragraph 139, Defendants aver that on November 3, 2009, STEC hosted a third quarter 2009 conference call, the transcript of which is publicly available and speaks for itself.  Except as expressly admitted, Defendants deny the allegations of this paragraph.

1    140.   Answering Paragraph 140, Defendants aver that on November

2  3, 2009, STEC hosted a third quarter 2009 conference call, the transcript of which

3  is publicly available and speaks for itself.  Except as expressly admitted,

4  Defendants deny the allegations of this paragraph.

5    141.   Answering Paragraph 141, with regard to the first and second

6  sentences, Defendants aver that on November 3, 2009, STEC hosted a third quarter

7  2009 conference call and filed with the SEC an earnings release on Form 8-K for

8  third quarter 2009.  The transcript of this call and the earnings release are publicly

9  available and speak for themselves.  Further answering Paragraph 141, with regard

10  to the third and fourth sentences, Defendants aver that these sentences set forth

11  Plaintiff's characterization of this action and do not purport to require a response

12  from Defendants.  To the extent that these sentences purport to contain factual

13  assertions requiring a response, Defendants deny the allegations contained therein.

14  Except as expressly admitted, Defendants deny the allegations of this paragraph.

15    142.   Answering Paragraph 142, Defendants aver that the allegations

16  are vague and ambiguous as to when the statements were allegedly made and deny

17  the allegations on that basis.  To the extent that the allegations refer to STEC's

18  third quarter 2009 conference call, Defendants aver that on November 3, 2009,

19  STEC hosted a third quarter 2009 conference call, the transcript of which is

20  publicly available and speaks for itself.  Except as expressly admitted, Defendants

21  deny the allegations of this paragraph.

22    143.   Answering Paragraph 143, Defendants incorporate their answer

23  to Paragraph 142.

24    144.   Answering Paragraph 144, Defendants incorporate their answer

25  to Paragraph 142.

26    145.   Answering Paragraph 145, with regard to the first sentence,

27  Defendants incorporate their answer to Paragraph 142.  Further answering

28  Paragraph 145, Defendants aver that this paragraph sets forth Plaintiff's

1   characterization of this action as well as legal conclusions and does not purport to

2   require a response from Defendants.  To the extent that this paragraph purports to

3   contain factual assertions requiring a response, Defendants deny the allegations

4   contained therein.  Answering the footnote in Paragraph 145, Defendants aver that

5   the allegations are vague and ambiguous as to the source of the alleged statement

6   and deny the allegations on that basis.  To the extent that the allegations refer to

7   STEC's third quarter 2008 conference call, Defendants admit that on November

8   10, 2008, STEC hosted a third quarter 2008 conference call, the transcript of which

9   is publicly available and speaks for itself.  Defendants deny the remaining

10  allegations of Paragraph 145 and the footnote.  Except as expressly admitted,

11  Defendants deny the allegations of this paragraph and the footnote.

12         146.   Answering Paragraph 146, Defendants aver that the allegations

13  are vague and ambiguous as to the source of the alleged statements and deny the

14  allegations on that basis.  To the extent that the allegations refer to STEC's third

15  quarter 2009 conference call, Defendants aver that on November 3, 2009, STEC

16  hosted a third quarter 2009 conference call, the transcript of which is publicly

17  available and speaks for itself.  Except as expressly admitted, Defendants deny the

18  allegations of this paragraph.

19         147.   Answering Paragraph 147, Defendants aver that this paragraph

20  sets forth Plaintiff's characterization of this action as well as legal conclusions and

21  does not purport to require a response from Defendants.  To the extent that this

22  paragraph purports to contain factual assertions requiring a response, Defendants

23  deny the allegations contained therein.  Further answering Paragraph 147,

24  Defendants lack knowledge and information sufficient to form a belief as to the

25  truth of allegations regarding investors' knowledge contained therein and deny the

26  allegations on that basis.

27         148.   Answering Paragraph 148, Defendants aver that on November

28  3, 2009, Oppenheimer published an analyst report regarding STEC, which report is

1    publicly available and speaks for itself.  Except as expressly admitted, Defendants

2    deny the allegations of this paragraph.

3         149.   Answering Paragraph 149, Defendants aver that on November

4    4, 2009, Wedbush published an analyst report regarding STEC, which report is

5    publicly available and speaks for itself.  Except as expressly admitted, Defendants

6    deny the allegations of this paragraph.

7         150.   Answering Paragraph 150, Defendants aver that on November

8    4, 2009, B. Riley published an analyst report regarding STEC, which report is

9    publicly available and speaks for itself.  Except as expressly admitted, Defendants

10   deny the allegations of this paragraph.

11        151.   Answering Paragraph 151, Defendants aver that on November

12   18, 2009, J.P. Morgan published an analyst report regarding STEC, which report is

13   publicly available and speaks for itself.  Except as expressly admitted, Defendants

14   deny the allegations of this paragraph.

15        152.   Answering Paragraph 152, Defendants aver that on February

16   23, 2010, STEC hosted a year-end conference call, the transcript of which is

17   publicly available and speaks for itself.  Defendants deny the remaining allegations

18   of Paragraph 152.  Except as expressly admitted, Defendants deny the allegations

19   of this paragraph.

20        153.   Answering Paragraph 153, Defendants aver that on February

21   23, 2010, STEC hosted a fourth quarter 2009 and year-end conference call, the

22   transcript of which is publicly available and speaks for itself.  Further answering

23   Paragraph 153, Defendants aver that this paragraph sets forth Plaintiff's

24   characterization of this action as well as legal conclusions and does not purport to

25   require a response from Defendants.  To the extent that this paragraph purports to

26   contain factual assertions requiring a response, Defendants deny the allegations

27   contained therein.  Except as expressly admitted, Defendants deny the allegations

28   of this paragraph.

154.   Answering Paragraph 154, Defendants aver that on February 23, 2010, STEC hosted a fourth quarter 2009 and year-end conference call, the transcript of which is publicly available and speaks for itself.  Defendants deny the remaining allegations of Paragraph 154.  Except as expressly admitted, Defendants deny the allegations of this paragraph.

155.   Answering Paragraph 155, Defendants aver that this paragraph sets forth Plaintiff's characterization of this action as well as legal conclusions and does not purport to require a response from Defendants.  To the extent that this paragraph purports to contain factual assertions requiring a response, Defendants deny the allegations contained therein.  Further answering Paragraph 155, Defendants lack knowledge and information sufficient to form a belief as to the truth of allegations regarding investors' knowledge contained therein and deny the allegations on that basis.

156.   Answering Paragraph 156, Defendants aver that on February 24, 2010, Needham published an analyst report regarding STEC, which report is publicly available and speaks for itself.  Further answering Paragraph 156, Defendants lack knowledge and information sufficient to form a belief as to the truth of allegations regarding investors' and analysts' knowledge and expectations contained therein and deny the allegations on that basis.  Except as expressly admitted, Defendants deny the allegations of this paragraph.

157.   Answering Paragraph 157, Defendants aver that on February 24, 2010, J.P. Morgan published an analyst report regarding STEC, which report is publicly available and speaks for itself.  Further answering Paragraph 157, Defendants lack knowledge and information sufficient to form a belief as to the truth of allegations regarding investors' and analysts' knowledge and expectations contained therein and deny the allegations on that basis.  Defendants deny the remaining allegations of Paragraph 157.  Except as expressly admitted, Defendants deny the allegations of this paragraph.

1    158.   Answering Paragraph 158, Defendants aver that on February

2    23, 2010, STEC filed with the SEC a Form 10-K for fiscal year 2009, which 10-K

3    is publicly available and speaks for itself.  Defendants deny the remaining

4    allegations of Paragraph 158.  Except as expressly admitted, Defendants deny the

5    allegations of this paragraph.

6    159.   Answering Paragraph 159, Defendants aver that STEC has filed

7    with the SEC quarterly reports on Form 10-Q, which 10-Qs are publicly available

8    and speak for themselves.  Defendants further aver that this paragraph sets forth

9    Plaintiff's characterization of this action and does not purport to require a response

10   from Defendants.  To the extent that this paragraph purports to contain factual

11   assertions requiring a response, Defendants deny the allegations contained therein.

12   Except as expressly admitted, Defendants deny the allegations of this paragraph.

13   160.   Answering Paragraph 160, Defendants aver that on May 11,

14   2009, STEC hosted a first quarter 2009 conference call, the transcript of which is

15   publicly available and speaks for itself.  Defendants deny the remaining allegations

16   of Paragraph 160.  Except as expressly admitted, Defendants deny the allegations

17   of this paragraph.

18   161.   Answering Paragraph 161, Defendants aver that on August 3,

19   2009, STEC filed an earnings release with the SEC on Form 8-K for second

20   quarter 2009, which 8-K is publicly available and speaks for itself.  Defendants

21   deny the remaining allegations of Paragraph 161.  Except as expressly admitted,

22   Defendants deny the allegations of this paragraph.

23   162.   Answering Paragraph 162, Defendants aver that on August 3,

24   2009, STEC filed with the SEC a Prospectus on Form 424B3, which Prospectus is

25   publicly available and speaks for itself.  Except as expressly admitted, Defendants

26   deny the allegations of this paragraph.

27   163.   Answering Paragraph 163, Defendants deny the allegations

28   contained therein.

1    164.    Answering Paragraph 164, Defendants deny the allegations

2    contained therein.

3    165.    Answering Paragraph 165, Defendants aver that on August 3,

4    2009 STEC hosted a second quarter 2009 conference call, the transcript of which is

5    publicly available and speaks for itself.  Defendants deny the remaining allegations

6    of Paragraph 165.  Except as expressly admitted, Defendants deny the allegations

7    of this paragraph.

8    166.    Answering Paragraph 166, Defendants aver that on November

9    3, 2009, STEC hosted a third quarter 2009 conference call, the transcript of which

10   is publicly available and speaks for itself.  Defendants deny the remaining

11   allegations of Paragraph 166.  Except as expressly admitted, Defendants deny the

12   allegations of this paragraph.

13   167.    Answering Paragraph 167, Defendants aver that the phrases

14   "intimate relationship" and "standard feature" are vague and ambiguous and deny

15   the allegations of this paragraph on that basis.  Defendants deny the remaining

16   allegations of Paragraph 167.  Except as expressly admitted, Defendants deny the

17   allegations of this paragraph.

18   168.    Answering Paragraph 168, Defendants aver that on September

19   9, 2009, J.P. Morgan published an analyst report regarding STEC, which report is

20   publicly available and speaks for itself.  Further answering Paragraph 168,

21   Defendants aver that this paragraph sets forth Plaintiff's characterization of this

22   action as well as legal conclusions and does not purport to require a response from

23   Defendants.  To the extent that this paragraph purports to contain factual assertions

24   requiring a response, Defendants deny the allegations contained therein.  Except as

25   expressly admitted, Defendants deny the allegations of this paragraph.

26   169.    Answering Paragraph 169, Defendants aver that STEC

27   submitted to the SEC a letter dated September 10, 2009 and signed by Raymond D.

28   Cook, which letter became publicly available on or after December 4, 2009, and

1   speaks for itself.  Defendants deny the remaining allegations of Paragraph 169.

2   Except as expressly admitted, Defendants deny the allegations of this paragraph.

3         170.    Answering Paragraph 170, Defendants admit that on November

4   3, 2009, STEC hosted a third quarter 2009 conference call, the transcript of which

5   is publicly available and speaks for itself.  Defendants deny the remaining

6   allegations of Paragraph 170.  Except as expressly admitted, Defendants deny the

7   allegations of this paragraph.

8         171.    Answering Paragraph 171 and the footnote that follows it,

9   Defendants aver that on November 3, 2009, STEC hosted a third quarter 2009

10  conference call, the transcript of which is publicly available and speaks for itself.

11  Except as expressly admitted, Defendants deny the allegations of this paragraph

12  and the footnote.

13        172.    Answering Paragraph 172, Defendants aver that on May 11,

14  2009, STEC hosted a first quarter 2009 conference call, the transcript of which is

15  publicly available and speaks for itself.  Defendants deny the remaining allegations

16  of Paragraph 172.  Except as expressly admitted, Defendants deny the allegations

17  of this paragraph.

18        173.    Answering Paragraph 173, Defendants incorporate their answer

19  to Paragraph 172.

20        174.    Answering Paragraph 174, Defendants incorporate their answer

21  to Paragraph 172.

22        175.    Answering Paragraph 175, Defendants incorporate their answer

23  to Paragraph 172.

24        176.    Answering Paragraph 176, Defendants aver that this paragraph

25  sets forth Plaintiff's legal conclusions and does not purport to require a response

26  from Defendants.  To the extent that this sentence purports to contain factual

27  allegations requiring a response, Defendants deny the allegations of this paragraph.

28  Further answering Paragraph 176, Defendants lack knowledge or information

sufficient to form a belief as to the truth of allegations regarding investors' conclusions and deny the allegations on that basis.  With regard to the second and third sentences, Defendants aver that on May 12, 2009, Oppenheimer and Capstone Investments published analyst reports regarding STEC, which reports are publicly available and speak for themselves.  Defendants deny the remaining allegations of Paragraph 176.  Except as expressly admitted, Defendants deny the allegations of this paragraph.

177.   Answering Paragraph 177, Defendants lack knowledge regarding any alleged information purportedly provided by confidential witnesses and deny the allegations of this paragraph on that basis.  Defendants deny the remaining allegations of Paragraph 177.

178.   Answering Paragraph 178, Defendants lack knowledge regarding any alleged information purportedly provided by Confidential Witness 2 and deny the allegations on that basis.  Defendants deny the remaining allegations of Paragraph 178.

179.   Answering Paragraph 179, Defendants aver that this paragraph sets forth Plaintiff's characterization of this action as well as legal conclusions and does not purport to require a response from Defendants.  To the extent that this paragraph purports to contain factual assertions requiring a response, Defendants deny the allegations contained therein.

180.   Answering Paragraph 180, Defendants deny the allegations contained therein.

181.   Answering Paragraph 181, Defendants aver that STEC hosted a second quarter 2009 conference call, the transcript of which is publicly available and speaks for itself.  Defendants deny the remaining allegations of Paragraph 181.  Except as expressly admitted, Defendants deny the allegations of this paragraph.

182.   Answering Paragraph 182, Defendants aver that STEC hosted a third quarter 2009 financial earnings call, the transcript of which is publicly

available and speaks for itself. Defendants deny the remaining allegations of Paragraph 182. Except as expressly admitted, Defendants deny the allegations of this paragraph.

183. Answering Paragraph 183, Defendants deny the allegations contained therein.

184. Answering Paragraph 184, with regard to the first and second sentences, Defendants aver that STEC filed with the SEC quarterly reports on Form 10-Q during the Class Period, which 10-Qs are publicly available and speak for themselves. With regard to the third sentence, Defendants aver that STEC filed with the SEC earnings releases on Form 8-K for the first three quarters of 2009, which filings are publicly available and speak for themselves. Defendants deny the remaining allegations of Paragraph 184. Except as expressly admitted, Defendants deny the allegations of this paragraph.

185. Answering Paragraph 185, with regard to the first and second sentences, Defendants aver that on May 11, 2009, STEC filed with the SEC a quarterly report on Form 10-Q and an earnings release on Form 8-K, which filings are publicly available and speak for themselves. With regard to the third sentence, Defendants aver that the prices of STEC stock over time are publicly available and speak for themselves. Defendants deny the remaining allegations of Paragraph 185. Except as expressly admitted, Defendants deny the allegations of this paragraph.

186. Answering Paragraph 186, Defendants aver that this paragraph sets forth Plaintiff's characterization of this action as well as legal conclusions and does not purport to require a response from Defendants. To the extent that this paragraph purports to contain factual assertions requiring a response, Defendants deny the allegations contained therein. Further answering the first sentence, Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations regarding investors' expectations and further deny allegations of this

1   sentence on that basis.  With regard to the second sentence, Defendants aver that

2   on June 10, 2009, B. Riley published an analyst report regarding STEC, which

3   report is publicly available and speaks for itself.  Defendants deny the remaining

4   allegations of Paragraph 186.  Except as expressly admitted, Defendants deny the

5   allegations of this paragraph.

6          187.   Answering Paragraph 187, with regard to the first sentence,

7   Defendants aver that on June 16, 2009, STEC issued a press release that is publicly

8   available and speaks for itself.  With regard to the second sentence, Defendants

9   aver that on November 2, 2009, Capstone Investments published an analyst report

10  regarding STEC, which report is publicly available and speaks for itself.

11  Defendants deny the remaining allegations of Paragraph 187.  Except as expressly

12  admitted, Defendants deny the allegations of this paragraph.

13         188.   Answering Paragraph 188, Defendants aver that the allegations

14  are vague and ambiguous and deny the allegations on that basis.  Further

15  answering Paragraph 188, Defendants aver that on June 16, 2009, STEC issued a

16  press release that is publicly available and speaks for itself.  Further answering

17  Paragraph 188, Defendants aver that on August 3, 2009, STEC reported revenue

18  results for the second quarter 2009 in a Form 10-Q filed with the SEC, which Form

19  10-Q is publicly available and speaks for itself.  Defendants deny the remaining

20  allegations of Paragraph 188.  Except as expressly admitted, Defendants deny the

21  allegations of this paragraph.

22         189.   Answering Paragraph 189, Defendants deny the allegations of

23  this paragraph.  With regard to the second sentence, Defendants lack knowledge

24  regarding any alleged information purportedly provided by confidential witnesses

25  and deny the allegations of this paragraph on that basis.

26         190.   Answering Paragraph 190, Defendants lack knowledge

27  regarding any alleged information purportedly provided by confidential witnesses

28  and deny the allegations of this paragraph on that basis.  Further answering

1  Paragraph 190, Defendants aver that the phrase "methodical generation of

2  unearned income" is vague and ambiguous and deny the allegations on that basis.

3  Answering the footnote in Paragraph 190, with regard to the first sentence,

4  Defendants aver that the SEC's Staff Accounting Bulleting No. 104 is publicly

5  available and speaks for itself.  With regard to the second sentence of the footnote,

6  Defendants aver that SEC Rule 4-01(a) of SEC Regulation S-X is publicly

7  available and speaks for itself.  With regard to the third sentence of the footnote,

8  Defendants aver that STEC filed with the SEC quarterly reports on Form 10-Q

9  during 2009, which 10-Qs are publicly available and speak for themselves.

10 Defendants deny the remaining allegations of Paragraph 190 and the footnote.

11 Except as expressly admitted, Defendants deny the allegations of this paragraph

12 and the footnote.

13        191.    Answering Paragraph 191, Defendants deny the allegations

14 contained therein.  Further answering Paragraph 191, Defendants lack knowledge

15 regarding any alleged information purportedly provided by Confidential Witness 3,

16 and deny the allegations on this basis.

17        192.    Answering Paragraph 192, Defendants deny the allegations

18 contained therein.  Further answering Paragraph 192, Defendants lack knowledge

19 regarding any alleged information purportedly provided by Confidential Witness 3,

20 and deny the allegations on this basis.

21        193.    Answering Paragraph 193, Defendants deny the allegations

22 contained therein.  Further answering Paragraph 193, Defendants lack knowledge

23 regarding any alleged information purportedly provided by Confidential Witness 3,

24 and deny the allegations on this basis.

25        194.    Answering Paragraph 194, Defendants aver that STEC filed

26 with the SEC a Form 10-K for fiscal year 2009, which 10-K is publicly available

27 and speaks for itself.  Except as expressly admitted, Defendants deny the

28 allegations of this paragraph.

195.    Answering Paragraph 195, Defendants deny the allegations contained therein.  Further answering Paragraph 195, Defendants lack knowledge regarding any alleged information purportedly provided by Confidential Witness 4, and deny the allegations on this basis.

196.    Answering Paragraph 196, Defendants deny the allegations contained therein.  Further answering Paragraph 196, Defendants lack knowledge regarding any alleged information purportedly provided by Confidential Witness 3, and deny the allegations on this basis.

197.    Answering Paragraph 197, Defendants deny the allegations contained therein.  Further answering Paragraph 197, Defendants lack knowledge regarding any alleged information purportedly provided by Confidential Witness 3, and deny the allegations on this basis.

198.    Answering Paragraph 198, Defendants deny the allegations contained therein.  Further answering Paragraph 198, Defendants lack knowledge regarding any alleged information purportedly provided by Confidential Witness 3, and deny the allegations on this basis.

199.    Answering Paragraph 199, with regard to the first sentence, Defendants aver that STEC reported its quarterly revenues in quarterly reports filed with the SEC on Form 10-Q during 2009 and for the first quarter of 2010, which 10-Qs are publicly available and speak for themselves.  Defendants deny the remaining allegations of Paragraph 199.  Except as expressly admitted, Defendants deny the allegations of this paragraph.

200.    Answering Paragraph 200, Defendants aver that STEC filed with the SEC an earnings release on Form 8-K for second quarter 2009, which 8-K is publicly available and speaks for itself.  Further answering Paragraph 200, Defendants lack knowledge regarding any alleged information purportedly provided by any confidential witnesses, and deny the allegations on this basis.

1    Defendants deny the remaining allegations of Paragraph 200.  Except as expressly
2    admitted, Defendants deny the allegations of this paragraph.
3         201.    Answering Paragraph 201, Defendants aver that on August 3,
4    2009, STEC filed with the SEC a Prospectus on Form 424B3, which Prospectus is
5    publicly available and speaks for itself.  Defendants further aver that on May 6,
6    2010, STEC filed with the SEC an earnings release on Form 8-K for the first
7    quarter 2010, which 8-K is publicly available and speaks for itself.  Defendants
8    deny the remaining allegations of Paragraph 201.  Except as expressly admitted,
9    Defendants deny the allegations of this paragraph.
10        202.    Answering Paragraph 202, Defendants aver that this paragraph
11   sets forth Plaintiff's characterization of this action and does not purport to require a
12   response from Defendants.  To the extent that this paragraph purports to contain
13   factual assertions requiring a response, Defendants deny the allegations contained
14   therein.
15        203.    Answering Paragraph 203, Defendants aver that this paragraph
16   sets forth Plaintiff's characterization of this action and does not purport to require a
17   response from Defendants.  To the extent that this paragraph purports to contain
18   factual assertions requiring a response, Defendants deny the allegations contained
19   therein.  Further answering Paragraph 203, Defendants lack knowledge regarding
20   any alleged information purportedly provided by any confidential witnesses, and
21   deny the allegations on this basis.  Defendants deny the remaining allegations of
22   Paragraph 203.
23        204.    Answering Paragraph 204, Defendants aver that on June 16,
24   2009, STEC issued a press release that is publicly available and speaks for itself.
25   Defendants deny the remaining allegations of Paragraph 204.  Except as expressly
26   admitted, Defendants deny the allegations of this paragraph.
27        205.    Answering Paragraph 205, with regard to the first sentence,
28   Defendants aver that STEC's stock prices are publicly available and speak for

1   themselves.  With regard to the second sentence, Defendants aver that this sentence

2   sets forth Plaintiff's characterization of this action as well as legal conclusions and

3   does not purport to require a response from Defendants.  To the extent that this

4   sentence purports to contain factual assertions requiring a response, Defendants

5   deny the allegations contained therein.  Defendants deny the remaining allegations

6   of Paragraph 205.  Except as expressly admitted, Defendants deny the allegations

7   of this paragraph.

8          206.    Answering Paragraph 206, with regard to the first sentence,

9   Defendants aver that prices of STEC stock over time are publicly available and

10  speak for themselves.  With regard to the second sentence, Defendants admit that

11  prior to the Secondary Offering, Manouch Moshayedi and Mark Moshayedi

12  collectively owned approximately 35.4% of STEC's common stock, and that

13  following the Secondary Offering, they collectively retained ownership of

14  approximately 17.3% of STEC's common stock.  Further answering the second

15  sentence, Defendants admit that the proceeds, before expenses, from the Secondary

16  Offering totaled $267.8 million.  Answering the footnote in Paragraph 206, with

17  regard to first sentence, Defendants aver that on August 13, 2009, Manouch

18  Moshayedi and Mark Moshayedi filed with the SEC Forms 4 that are publicly

19  available and speak for themselves.  With regard to the second sentence of the

20  footnote, Defendants admit that STEC announced the Secondary Offering on

21  August 3, 2009, and aver that the delivery of the shares occurred on August 11,

22  2009.  Defendants deny the remaining allegations of Paragraph 206 and the

23  footnote.  Except as expressly admitted, Defendants deny the allegations of this

24  paragraph and the footnote.

25          207.    Answering Paragraph 207, Defendants admit that Mark

26  Moshayedi sold 466,292 of his STEC shares in June 2008 and 400,000 additional

27  shares in March 2009 for proceeds of approximately $6.5 million and $3 million,

28  respectively, and that Manouch Moshayedi sold 400,000 of his STEC shares in

1   March 2009 for proceeds of approximately $3 million.  Further answering

2   Paragraph 207, Defendants aver that these sales transactions are publicly available

3   and Defendants deny all inconsistent allegations.  Defendants deny the remaining

4   allegations of Paragraph 207.  Except as expressly admitted, Defendants deny the

5   allegations of this paragraph.

6      208. Answering Paragraph 208, Defendants aver that on May 29,

7   2009, and June 16, 2009, STEC issued press releases that are publicly available

8   and speak for themselves.  Answering the footnote in Paragraph 208, with regard

9   to the first sentence, Defendants admit that Mike Moshayedi, Manouch Moshayedi

10   and Mark Moshayedi are brothers and that Mike Moshayedi served as STEC's

11   President until he retired in 2007.  Defendants deny the remaining allegations of

12   Paragraph 208 and the footnote.  Except as expressly admitted, Defendants deny

13   the allegations of this paragraph and the footnote.

14      209. Answering Paragraph 209, Defendants aver that on August 3,

15   2009, STEC hosted a second quarter 2009 conference call, the transcript of which

16   is publicly available and speaks for itself.  Defendants deny the remaining

17   allegations of Paragraph 209.  Except as expressly admitted, Defendants deny the

18   allegations of this paragraph.

19      210. Answering Paragraph 210, Defendants aver that on November

20   16, 2009, Seeking Alpha website published commentary regarding STEC, which

21   commentary is publicly available and speaks for itself.  Except as expressly

22   admitted, Defendants deny the allegations of this paragraph.

23      211. Answering Paragraph 211, Defendants aver that on November

24   3, 2009, STEC hosted a third quarter 2009 conference call, the transcript of which

25   is publicly available and speaks for itself.  Except as expressly admitted,

26   Defendants deny the allegations of this paragraph.

27      212. Answering Paragraph 212, Defendants aver that on February

28   24, 2010, Barron's published an article regarding STEC, which article is publicly

1  available and speaks for itself.  Further answering Paragraph 212, Defendants

2  admit that the prices of STEC stock are publicly available and speak for

3  themselves.  Except as expressly admitted, Defendants deny the allegations of this

4  paragraph.

5         213.   Answering Paragraph 213, Defendants aver that on February

6  23, 2010, STEC filed with the SEC a 2009 Form 10-K, and on November 2, 2010,

7  STEC filed with the SEC a Form 10-Q, which filings are publicly available and

8  speak for themselves.  Defendants deny the remaining allegations of Paragraph

9  213.  Except as expressly admitted, Defendants deny the allegations of this

10  paragraph.

11         214.   Answering Paragraph 214, Defendants aver that on February

12  26, 2010, STEC filed with the SEC a Form 10-K that is publicly available and

13  speaks for itself.  Defendants deny the remaining allegations of Paragraph 214.

14  Except as expressly admitted, Defendants deny the allegations of this paragraph.

15         215.   Answering Paragraph 215, Defendants aver that this paragraph

16  sets forth Plaintiff's characterization of this action as well as legal conclusions and

17  does not purport to require a response from Defendants.  To the extent that

18  Paragraph 215 purports to contain factual assertions requiring a response,

19  Defendants deny the allegations contained therein.

20         216.   Answering Paragraph 216, Defendants aver that this paragraph

21  sets forth Plaintiff's characterization of this action as well as legal conclusions and

22  does not purport to require a response from Defendants.  To the extent that

23  Paragraph 216 purports to contain factual assertions requiring a response,

24  Defendants deny the allegations contained therein.

25         217.   Answering Paragraph 217, Defendants aver that on August 3,

26  2009, STEC hosted a second quarter 2009 conference call, the transcript of which

27  is publicly available and speaks for itself.  Except as expressly admitted,

28  Defendants deny the allegations of this paragraph.

218.   Answering Paragraph 218, with regard to the first sentence, Defendants aver that the allegations are vague and ambiguous as to time and deny the allegations on that basis.  With regard to the second sentence, Defendants aver that on August 3, 2009, STEC filed with the SEC a Prospectus on Form 424B3, which Prospectus is publicly available and speaks for itself.  With regard to the third sentence, Defendants aver that on November 3, 2009, STEC hosted a third quarter 2009 conference call, the transcript of which is publicly available and speaks for itself.  Defendants deny the remaining allegations of Paragraph 218.  Except as expressly admitted, Defendants deny the allegations of this paragraph.

219.   Answering Paragraph 219, Defendants aver that on August 3, 2009, STEC hosted a second quarter 2009 conference call, the transcript of which is publicly available and speaks for itself.  Further answering Paragraph 219, Defendants aver that the allegations are vague and ambiguous and deny the allegations on that basis.  Defendants deny the remaining allegations of Paragraph 219.  Except as expressly admitted, Defendants deny the allegations of this paragraph.

220.   Answering Paragraph 220, Defendants aver that on August 4, 2009, Enterprise Storage Forum published an article by Paul Shread regarding STEC, which article is publicly available and speaks for itself.  Defendants deny the remaining allegations of Paragraph 220.  Except as expressly admitted, Defendants deny the allegations of this paragraph.

221.   Answering Paragraph 221, Defendants admit that Manouch Moshayedi and Mark Moshayedi sold approximately 4.1 million and 4.9 million shares of STEC stock, respectively, in the Secondary Offering in August 2009 and that the proceeds, before expenses, from such transactions totaled $267.8 million.  Defendants deny the remaining allegations of this paragraph.  Except as expressly admitted, Defendants deny the allegations of this paragraph.

222.   Answering Paragraph 222, Defendants admit that STEC hired Raymond D. Cook in November 2008 and that Raymond D. Cook was not a director of the Company at the time of the Secondary Offering.  Further answering Paragraph 222 and the footnote that follows it, Defendants admit that Raymond D. Cook did not own STEC stock at the time of the Secondary Offering.  Defendants deny the remaining allegations of Paragraph 222.  Except as expressly admitted, Defendants deny the allegations of this paragraph.

223.   Answering Paragraph 223, Defendants aver that this paragraph sets forth Plaintiff's characterization of this action as well as legal conclusions and does not purport to require a response from Defendants.  To the extent that Paragraph 223 purports to contain factual assertions requiring a response, Defendants deny the allegations contained therein.

224.   Answering Paragraph 224, Defendants aver that on June 16, 2009, STEC issued a press release that is publicly available and speaks for itself.  Except as expressly admitted, Defendants deny the allegations of this paragraph.

225.   Answering Paragraph 225, Defendants aver that on July 16, 2009, STEC issued a press that is publicly available and speaks for itself.  Except as expressly admitted, Defendants deny the allegations of this paragraph.

226.   Answering Paragraph 226, Defendants aver that on August 3, 2009, STEC issued an earnings release for second quarter 2009, which earnings release is publicly available and speaks for itself.  Except as expressly admitted, Defendants deny the allegations of this paragraph.

227.   Answering Paragraph 227, Defendants aver that on August 3, 2009, STEC issued an earnings release for second quarter 2009, which earnings release is publicly available and speaks for itself.  Defendants deny the remaining allegations of Paragraph 227.  Except as expressly admitted, Defendants deny the allegations of this paragraph.

1        228.   Answering Paragraph 228, Defendants aver that on August 3,

2  2009, STEC filed with the SEC a Prospectus on Form 424B3, which Prospectus is

3  publicly available and speaks for itself.  Defendants deny the remaining allegations

4  of Paragraph 228.  Except as expressly admitted, Defendants deny the allegations

5  of this paragraph.

6        229.   Answering Paragraph 229, Defendants deny the allegations of

7  this paragraph and incorporate their answer to Paragraph 228.

8        230.   Answering Paragraph 230, Defendants aver on August 3, 2009,

9  STEC filed with the SEC a Form 10-Q for second quarter, which 10-Q is publicly

10  available and speaks for itself.  Defendants deny the remaining allegations of

11  Paragraph 230.  Except as expressly admitted, Defendants deny the allegations of

12  this paragraph.

13        231.   Answering Paragraph 231, Defendants aver that STEC

14  submitted a letter to the SEC, dated September 10, 2009 and signed by Raymond

15  D. Cook, which letter became publicly available on or after December 4, 2009, and

16  speaks for itself.  Except as expressly admitted, Defendants deny the allegations of

17  this paragraph.

18        232.   Answering Paragraph 232, Defendants aver that the prices of

19  STEC stock over time are publicly available and speak for themselves.  Defendants

20  deny the remaining allegations of Paragraph 232.  Except as expressly admitted,

21  Defendants deny the allegations of this paragraph.

22        233.   Answering Paragraph 233, Defendants aver that this paragraph

23  sets forth Plaintiff's characterization of this action as well as legal conclusions and

24  does not purport to require a response from Defendants.  To the extent that

25  Paragraph 233 purports to contain factual assertions requiring a response,

26  Defendants deny the allegations contained therein.

27        234.   Answering Paragraph 234, Defendants aver that on November

28  4, 2009, Wedbush published an analyst report regarding STEC, which report is

1 publicly available and speaks for itself. Defendants deny the remaining allegations
2 of Paragraph 234. Except as expressly admitted, Defendants deny the allegations
3 of this paragraph.

4        235.    Answering Paragraph 235, Defendants aver that on November
5 3, 2009, Oppenheimer published an analyst report regarding STEC, which report is
6 publicly available and speaks for itself. Defendants deny the remaining allegations
7 of Paragraph 235. Except as expressly admitted, Defendants deny the allegations
8 of this paragraph.

9        236.    Answering Paragraph 236, Defendants aver that on November
10 4, 2009, Barron's published an article regarding STEC, which article is publicly
11 available and speaks for itself. Defendants deny the remaining allegations of
12 Paragraph 236. Except as expressly admitted, Defendants deny the allegations of
13 this paragraph.

14        237.    Answering Paragraph 237, Defendants aver that on November
15 16, 2009, Seeking Alpha website published commentary regarding STEC, which
16 commentary is publicly available and speaks for itself. Defendants deny the
17 remaining allegations of Paragraph 237. Except as expressly admitted, Defendants
18 deny the allegations of this paragraph.

19        238.    Answering Paragraph 238, Defendants aver that this paragraph
20 sets forth Plaintiff's characterization of this action as well as legal conclusions and
21 does not purport to require a response from Defendants. To the extent that
22 Paragraph 238 purports to contain factual assertions requiring a response,
23 Defendants deny the allegations contained therein.

24        239.    Answering Paragraph 239, Defendants aver that on July 16,
25 2009, ABC News/ Money published an article regarding STEC, which article is
26 publicly available and speaks for itself. With regard to the second sentence,
27 Defendants aver that this sentence sets forth Plaintiff's characterization of this
28 action as well as legal conclusions and does not purport to require a response from

1  Defendants.  To the extent this sentence purports to contain factual assertions
2  requiring a response, Defendants deny the allegations contained therein.
3  Defendants deny the remaining allegations of Paragraph 239.  Except as expressly
4  admitted, Defendants deny the allegations of this paragraph.

5       240.   Answering Paragraph 240, Defendants aver that on November
6  3, 2009, Oppenheimer published an analyst report regarding STEC, which report is
7  publicly available and speaks for itself.  Defendants deny the remaining allegations
8  of Paragraph 240.  Except as expressly admitted, Defendants deny the allegations
9  of this paragraph.

10       241.   Answering Paragraph 241, Defendants aver that on September
11  9, 2009, J.P. Morgan published an analyst report regarding STEC, which report is
12  publicly available and speaks for itself.  Defendants deny the remaining allegations
13  of Paragraph 241.  Except as expressly admitted, Defendants deny the allegations
14  of this paragraph.

15       242.   Answering Paragraph 242, Defendants aver that on November
16  4, 2009, Barron's published an article regarding STEC, which article is publicly
17  available and speaks for itself.  Defendants deny the remaining allegations of
18  Paragraph 242.  Except as expressly admitted, Defendants deny the allegations of
19  this paragraph.

20       243.   Answering Paragraph 243, Defendants aver that on November
21  4, 2009, Wedbush published an analyst report regarding STEC, which report is
22  publicly available and speaks for itself.  Defendants deny the remaining allegations
23  of Paragraph 243.  Except as expressly admitted, Defendants deny the allegations
24  of this paragraph.

25       244.   Answering Paragraph 244, Defendants aver that this paragraph
26  sets forth Plaintiff's characterization of this action as well as legal conclusions and
27  does not purport to require a response from Defendants.  To the extent that
28

1  Paragraph 244 purports to contain factual assertions requiring a response,
2  Defendants deny the allegations contained therein.

3      245.   Answering Paragraph 245, Defendants aver that on November
4  4, 2009, B. Riley published an analyst report regarding STEC, which report is
5  publicly available and speaks for itself.  Defendants deny the remaining allegations
6  of Paragraph 245.  Except as expressly admitted, Defendants deny the allegations
7  of this paragraph.

8      246.   Answering Paragraph 246, Defendants aver that on November
9  4, 2009, J.P. Morgan published an analyst report regarding STEC, which report is
10 publicly available and speaks for itself.  Defendants deny the remaining allegations
11 of Paragraph 246.  Except as expressly admitted, Defendants deny the allegations
12 of this paragraph.

13     247.   Answering Paragraph 247, Defendants aver that on November
14 4, 2009, Barron's published an article regarding STEC, which article is publicly
15 available and speaks for itself.  Defendants deny the remaining allegations of
16 Paragraph 247.  Except as expressly admitted, Defendants deny the allegations of
17 this paragraph.

18     248.   Answering Paragraph 248, Defendants aver that this paragraph
19 sets forth Plaintiff's characterization of this action as well as legal conclusions and
20 does not purport to require a response from Defendants.  To the extent this
21 paragraph purports to contain factual assertions requiring a response, Defendants
22 deny the allegations contained therein.  With regard to the second and third
23 sentences, Defendants aver that on November 3, 2009, STEC hosted a third quarter
24 2009 earnings release conference call, the transcript of which is publicly available
25 and speaks for itself.  Defendants deny the remaining allegations of Paragraph 248.
26 Except as expressly admitted, Defendants deny the allegations of this paragraph.

27     249.   Answering Paragraph 249, Defendants aver that on November
28 4, 2009, ThinkEquity LLC published an analyst report regarding STEC, which

1  report is publicly available and speaks for itself.  Defendants deny the remaining

2  allegations of Paragraph 249.  Except as expressly admitted, Defendants deny the

3  allegations of this paragraph.

4           250.    Answering Paragraph 250, Defendants aver that on November

5  4, 2009, B. Riley published an analyst report regarding STEC, which report is

6  publicly available and speaks for itself.  Defendants deny the remaining allegations

7  of Paragraph 250.  Except as expressly admitted, Defendants deny the allegations

8  of this paragraph.

9           251.    Answering Paragraph 251, Defendants aver that the prices of

10  STEC stock over time are publicly available and speak for themselves.  Further

11  answering Paragraph 251, Defendants aver that this paragraph sets forth Plaintiff's

12  characterization of this action as well as legal conclusions and does not purport to

13  require a response from Defendants.  To the extent that Paragraph 251 purports to

14  contain factual assertions requiring a response, Defendants deny the allegations

15  contained therein.  Except as expressly admitted, Defendants deny the allegations

16  of this paragraph.

17           252.    Answering Paragraph 252, Defendants aver that this paragraph

18  sets forth Plaintiff's characterization of this action as well as legal conclusions and

19  does not purport to require a response from Defendants.  To the extent that

20  Paragraph 252 purports to contain factual assertions requiring a response,

21  Defendants deny the allegations contained therein.  Further answering Paragraph

22  252, Defendants lack knowledge or information sufficient to form a belief as to

23  allegations regarding analysts' beliefs and further deny the allegations on that

24  basis.  Defendants deny the remaining allegations of Paragraph 252.

25           253.    Answering Paragraph 253, Defendants aver that on February

26  24, 2010, Oppenheimer published an analyst report regarding STEC, which report

27  is publicly available and speaks for itself.  Defendants deny the remaining

28

1 │ allegations of Paragraph 253.  Except as expressly admitted, Defendants deny the

2 │ allegations of this paragraph.

3 │       254.   Answering Paragraph 254, Defendants aver that on November

4 │ 4, 2009, B. Riley published an analyst report regarding STEC, which report is

5 │ publicly available and speaks for itself.  Defendants deny the remaining allegations

6 │ of Paragraph 253.  Except as expressly admitted, Defendants deny the allegations

7 │ of this paragraph.

8 │       255.   Answering Paragraph 255, Defendants aver that on February

9 │ 23, 2010, Deutsche Bank published an analyst report regarding STEC, which

10 │ report is publicly available and speaks for itself.  Defendants deny the remaining

11 │ allegations of Paragraph 255.  Except as expressly admitted, Defendants deny the

12 │ allegations of this paragraph.

13 │       256.   Answering Paragraph 256, Defendants aver that this paragraph

14 │ sets forth Plaintiff's characterization of this action as well as legal conclusions and

15 │ does not purport to require a response from Defendants.  To the extent that

16 │ Paragraph 256 purports to contain factual assertions requiring a response,

17 │ Defendants deny the allegations contained therein.  Defendants deny the remaining

18 │ allegations of Paragraph 256.

19 │       257.   Answering Paragraph 257, with regard to the first sentence,

20 │ Defendants aver that on February 24, 2010, Needham published an analyst report

21 │ regarding STEC, which report is publicly available and speaks for itself.  With

22 │ regard to the second sentence, Defendants lack knowledge or information

23 │ sufficient to form a belief as to the allegations regarding analysts' expectations and

24 │ further deny the allegations on that basis.  Defendants deny the remaining

25 │ allegations of Paragraph 257.  Except as expressly admitted, Defendants deny the

26 │ allegations of this paragraph.

27 │       258.   Answering Paragraph 258, Defendants aver that on February

28 │ 24, 2010, J.P. Morgan published an analyst report regarding STEC, which report is

1  publicly available and speaks for itself.  Further answering Paragraph 258,

2  Defendants lack knowledge or information sufficient to form a belief as to the

3  allegations regarding analysts' knowledge and further deny the allegations on that

4  basis.  Defendants deny the remaining allegations of Paragraph 258.  Except as

5  expressly admitted, Defendants deny the allegations of this paragraph.

6  259.  Answering Paragraph 259, Defendants aver that this paragraph

7  sets forth Plaintiff's characterization of this action as well as legal conclusions and

8  does not purport to require a response from Defendants.  To the extent that

9  Paragraph 259 purports to contain factual assertions requiring a response,

10  Defendants deny the allegations contained therein.  Defendants deny the remaining

11  allegations of Paragraph 259.

12  260.  Answering Paragraph 260, Defendants aver that on February

13  24, 2010, Reuters published a news article regarding STEC, which article is

14  publicly available and speaks for itself.  Defendants deny the remaining allegations

15  of Paragraph 260.  Except as expressly admitted, Defendants deny the allegations

16  of this paragraph.

17  261.  Answering Paragraph 261, Defendants deny the allegations

18  contained therein.

19  262.  Answering Paragraph 262, Defendants aver that this paragraph

20  sets forth Plaintiff's characterization of this action as well as legal conclusions and

21  does not purport to require a response from Defendants.  To the extent that

22  Paragraph 262 purports to contain factual assertions requiring a response,

23  Defendants deny the allegations contained therein.

24  263.  Answering Paragraph 263, Defendants aver that on February

25  23, 2010, Deutsche Bank published an analyst report regarding STEC, which

26  report is publicly available and speaks for itself.  Defendants deny the remaining

27  allegations of Paragraph 263.  Except as expressly admitted, Defendants deny the

28  allegations of this paragraph.

264.   Answering Paragraph 264, Defendants aver that on February 24, 2010, Needham published an analyst report regarding STEC, which report is publicly available and speaks for itself.  Defendants deny the remaining allegations of Paragraph 264.  Except as expressly admitted, Defendants deny the allegations of this paragraph.

265.   Answering Paragraph 265, Defendants aver that this paragraph sets forth Plaintiff's characterization of this action as well as legal conclusions and does not purport to require a response from Defendants.  To the extent that this paragraph purports to contain factual assertions requiring a response, Defendants deny the allegations contained therein.  Further answering Paragraph 265, Defendants aver that on February 24, 2010, the Associated Press and Barron's each published an article regarding STEC, each of which is publicly available and speaks for itself.  Defendants deny the remaining allegations of Paragraph 265.  Except as expressly admitted, Defendants deny the allegations of this paragraph.

266.   Answering Paragraph 266, Defendants aver that this paragraph sets forth Plaintiff's characterization of this action as well as legal conclusions and does not purport to require a response from Defendants.  To the extent that this paragraph purports to contain factual assertions requiring a response, Defendants deny the allegations contained therein.  Further answering Paragraph 266, Defendants lack knowledge or information sufficient to form a belief as to the allegations regarding analysts' beliefs and further deny the allegations of this paragraph on that basis.  Defendants deny the remaining allegations of Paragraph 266.

267.   Answering Paragraph 267, Defendants aver that on February 24, 2010, J.P. Morgan published an analyst report regarding STEC, which report is publicly available and speaks for itself.  Defendants deny the remaining allegations of Paragraph 267.  Except as expressly admitted, Defendants deny the allegations of this paragraph.

268.   Answering Paragraph 268, Defendants aver that on February 24, 2010, Thomas Weisel Partners published an analyst report regarding STEC, which report is publicly available and speaks for itself.  Defendants deny the remaining allegations of Paragraph 268.  Except as expressly admitted, Defendants deny the allegations of this paragraph.

269.   Answering Paragraph 269, Defendants aver that on February 24, 2010, Barron's published two articles regarding STEC, each of which is publicly available and speak for themselves.  Defendants deny the remaining allegations of Paragraph 269.  Except as expressly admitted, Defendants deny the allegations of this paragraph.

270.   Answering Paragraph 270, Defendants aver that this paragraph sets forth Plaintiff's characterization of this action as well as legal conclusions and does not purport to require a response from Defendants.  To the extent that this paragraph purports to contain factual assertions requiring a response, Defendants deny the allegations contained therein.

271.   Answering Paragraph 271 and its subparagraphs, Defendants aver that this paragraph and its subparagraphs set forth Plaintiff's characterization of this action as well as legal conclusions and do not purport to require a response from Defendants.  To the extent that this paragraph and its subparagraphs purport to contain factual assertions requiring a response, Defendants deny the allegations contained therein.

272.   Answering Paragraph 272, Defendants aver that this paragraph sets forth Plaintiff's characterization of this action as well as legal conclusions and does not purport to require a response from Defendants.  To the extent that this paragraph purports to contain factual assertions requiring a response, Defendants deny the allegations contained therein.

273.   Answering Paragraph 273, Defendants aver that this paragraph sets forth Plaintiff's characterization of this action as well as legal conclusions and

1  does not purport to require a response from Defendants.  To the extent that this

2  paragraph purports to contain factual assertions requiring a response, Defendants

3  deny the allegations contained therein.

4          274.   Answering Paragraph 274, with regard to the first sentence,

5  Defendants aver that this sentence sets forth Plaintiff's characterization of this

6  action as well as legal conclusions and does not purport to require a response from

7  Defendants.  To the extent that the first sentence purports to contain factual

8  assertions requiring a response, Defendants deny the allegations contained therein.

9  With regard to the second sentence, Defendants admit that Manouch Moshayedi

10  and Mark Moshayedi signed STEC's SEC filings in connection with the Secondary

11  Offering, including the Registration Statement on Form S-3 and the Prospectus.

12  With regard to the third sentence, Defendants lack knowledge or information

13  sufficient to form a belief as to the truth of the allegations contained therein

14  regarding the representative plaintiff's alleged purchase of STEC securities and

15  deny the allegations on that basis.  Defendants deny the remaining allegations of

16  Paragraph 274.  Except as expressly admitted, Defendants deny the allegations of

17  this paragraph.

18          275.   Answering Paragraph 275, with regard to the first sentence,

19  Defendants aver that on June 17, 2011, the Court dismissed Plaintiff's Securities

20  Act claims.  Defendants will not address the allegations related to these claims, as

21  no response is required.  With regard to the second sentence, Defendants lack

22  knowledge or information sufficient to form a belief as to the truth of the

23  allegations contained therein regarding the representative plaintiff's alleged

24  purchase of STEC securities and deny the allegations on that basis.  Defendants

25  deny the remaining allegations of Paragraph 275.

26          276.   Answering Paragraph 276, Defendants aver that this paragraph

27  sets forth Plaintiff's characterization of this action and does not purport to require a

28

1  response from Defendants.  To the extent Paragraph 276 purports to contain factual

2  assertions requiring a response, Defendants deny the allegations therein.

3          277.   Answering Paragraph 277, Defendants aver that STEC filed

4  with the SEC its 2009 10-K on February 23, 2010, which 10-K is publicly

5  available and speaks for itself.  Further answering Paragraph 277, Defendants aver

6  that this paragraph sets forth Plaintiff's characterization of this action and does not

7  purport to require a response from Defendants.  To the extent that this paragraph

8  purports to contain factual assertions requiring a response, Defendants deny the

9  allegations contained therein.  Defendants deny the remaining allegations of

10 Paragraph 277.   Except as expressly admitted, Defendants deny the allegations of

11 this paragraph.

12         278.   Answering Paragraph 278 and its subparagraphs, Defendants

13 aver that this paragraph and its subparagraphs set forth Plaintiff's characterization

14 of this action as well as legal conclusions and do not purport to require a response

15 from Defendants.  To the extent that this paragraph and its subparagraphs purport

16 to contain factual assertions requiring a response, Defendants deny the allegations

17 contained therein.

18         279.   Answering Paragraph 279, Defendants aver that this paragraph

19 sets forth Plaintiff's characterization of this action as well as legal conclusions and

20 does not purport to require a response from Defendants.  To the extent Paragraph

21 279 purports to contain factual allegations, Defendants deny the allegations

22 therein.

23         280.   Answering Paragraph 280, Defendants aver that this paragraph

24 sets forth Plaintiff's characterization of this action as well as legal conclusions and

25 does not purport to require a response from Defendants.  To the extent Paragraph

26 280 purports to contain factual allegations, Defendants deny the allegations

27 therein.

28

1    281.   Answering Paragraph 281, Defendants aver that this paragraph

2  sets forth Plaintiff's characterization of this action as well as legal conclusions and

3  does not purport to require a response from Defendants.  To the extent Paragraph

4  281 purports to contain factual allegations, Defendants deny the allegations

5  therein.

6                              **COUNT I**

7    282.   Answering Paragraph 282, Defendants incorporate their

8  answers to Paragraphs 1-281.

9    283.   Answering Paragraph 283, Defendants aver that this paragraph

10  sets forth Plaintiff's characterization of this action as well as legal conclusions and

11  does not purport to require a response from Defendants.  To the extent this

12  paragraph purports to contain factual allegations, Defendants deny the allegations

13  therein.

14    284.   Answering Paragraph 284, Defendants incorporate their answer

15  to Paragraph 283.

16    285.   Answering Paragraph 285, Defendants incorporate their answer

17  to Paragraph 283.

18    286.   Answering Paragraph 286, Defendants incorporate their answer

19  to Paragraph 283.

20    287.   Answering Paragraph 287, Defendants incorporate their answer

21  to Paragraph 283.

22    288.   Answering Paragraph 288, Defendants incorporate their answer

23  to Paragraph 283.

24    289.   Answering Paragraph 289, Defendants incorporate their answer

25  to Paragraph 283.

26    290.   Answering Paragraph 290, Defendants incorporate their answer

27  to Paragraph 283.

28

291.   Answering Paragraph 291, Defendants incorporate their answer to Paragraph 283.

292.   Answering Paragraph 292, Defendants incorporate their answer to Paragraph 283.

293.   Answering Paragraph 293, Defendants incorporate their answer to Paragraph 283.

## COUNT II

294.   Answering Paragraph 294, Defendants incorporate their answers to Paragraphs 1-293.

295.   Answering Paragraph 295, Defendants aver that this paragraph sets forth Plaintiff's characterization of this action as well as legal conclusions and does not purport to require a response from Defendants.  To the extent this paragraph purports to contain factual allegations, Defendants deny the allegations therein.

296.   Answering Paragraph 296, Defendants incorporate their answer to Paragraph 295.

297.   Answering Paragraph 297, Defendants incorporate their answer to Paragraph 295.

## COUNT III

298.   Answering Paragraph 298, Defendants incorporate their answers to Paragraphs 1-297.

299.   Answering Paragraph 299, Defendants aver that this paragraph sets forth Plaintiff's characterization of this action as well as legal conclusions and does not purport to require a response from Defendants.  To the extent this paragraph purports to contain factual allegations, Defendants deny the allegations therein.

300.   Answering Paragraph 300, Defendants incorporate their answer to Paragraph 299.

1          301.    Answering Paragraph 301, Defendants incorporate their answer

2  to Paragraph 299.

3          302.    Answering Paragraph 302, Defendants incorporate their answer

4  to Paragraph 299.

5          303.    Answering Paragraph 303, Defendants incorporate their answer

6  to Paragraph 299.

7          304.    Answering Paragraph 304, Defendants aver that on June 17,

8  2011, the Court dismissed Plaintiff's Securities Act claims.  Defendants will not

9  address the allegations related to these claims, as no response is required.

10          305.    Answering Paragraph 305, Defendants incorporate their answer

11  to Paragraph 304.

12          306.    Answering Paragraph 306, Defendants incorporate their answer

13  to Paragraph 304.

14          307.    Answering Paragraph 307, Defendants incorporate their answer

15  to Paragraph 304.

16          308.    Answering Paragraph 308, Defendants incorporate their answer

17  to Paragraph 304.

18          309.    Answering Paragraph 309, Defendants incorporate their answer

19  to Paragraph 304.

20          310.    Answering Paragraph 310, Defendants incorporate their answer

21  to Paragraph 304.

22          311.    Answering Paragraph 311, Defendants incorporate their answer

23  to Paragraph 304.

24          312.    Answering Paragraph 312, Defendants incorporate their answer

25  to Paragraph 304.

26          313.    Answering Paragraph 313, Defendants incorporate their answer

27  to Paragraph 304.

28

314.   Answering Paragraph 314, Defendants incorporate their answer to Paragraph 304.

315.   Answering Paragraph 315, Defendants incorporate their answer to paragraph 304.

316.   Answering Paragraph 316, Defendants incorporate their answer to Paragraph 304.

317.   Answering Paragraph 317, Defendants incorporate their answer to Paragraph 304.

318.   Answering Paragraph 318, Defendants incorporate their answer to Paragraph 304.

319.   Answering Paragraph 319, Defendants incorporate their answer to Paragraph 304.

320.   Answering Paragraph 320, Defendants incorporate their answer to Paragraph 304.

321.   Answering Paragraph 321, Defendants incorporate their answer to Paragraph 304.

322.   Answering Paragraph 322, Defendants incorporate their answer to Paragraph 304.

323.   Answering Paragraph 323, Defendants incorporate their answer to Paragraph 304.

324.   Answering Paragraph 324, Defendants incorporate their answer to Paragraph 304.

325.   Answering Paragraph 325, Defendants incorporate their answer to Paragraph 304.

## **COUNT IV**

326.   Answering Paragraph 326, Defendants incorporate their answer to Paragraph 304.

1  327.  Answering Paragraph 327, Defendants incorporate their answer
2  to Paragraph 304.

3  328.  Answering Paragraph 328, Defendants incorporate their answer
4  to Paragraph 304.

5  329.  Answering Paragraph 329, Defendants incorporate their answer
6  to Paragraph 304.

7  330.  Answering Paragraph 330, Defendants incorporate their answer
8  to Paragraph 304.

9  331.  Answering Paragraph 331, Defendants incorporate their answer
10  to Paragraph 304.

11  332.  Answering Paragraph 332, Defendants incorporate their answer
12  to Paragraph 304.

13  333.  Answering Paragraph 333, Defendants incorporate their answer
14  to Paragraph 304.

15  ## COUNT V

16  334.  Answering Paragraph 334, Defendants incorporate their answer
17  to Paragraph 304.

18  335.  Answering Paragraph 335, Defendants incorporate their answer
19  to Paragraph 304.

20  336.  Answering Paragraph 336, Defendants incorporate their answer
21  to Paragraph 304.

22  337.  Answering Paragraph 337, Defendants incorporate their answer
23  to Paragraph 304.

24  338.  Answering Paragraph 338, Defendants incorporate their answer
25  to Paragraph 304.

26  339.  Answering Paragraph 339, Defendants incorporate their answer
27  to Paragraph 304.

28

1    340.   Answering Paragraph 340, Defendants incorporate their answer

2  to Paragraph 304.

3                              **COUNT VI**

4    341.   Answering Paragraph 341, Defendants incorporate their answer

5  to Paragraph 304.

6    342.   Answering Paragraph 342, Defendants incorporate their answer

7  to Paragraph 304.

8    343.   Answering Paragraph 343, Defendants incorporate their answer

9  to Paragraph 304.

10   344.   Answering Paragraph 344, Defendants incorporate their answer

11  to Paragraph 304.

12   345.   Answering Paragraph 345, Defendants incorporate their answer

13  to Paragraph 304.

14   346.   Answering Paragraph 346, Defendants incorporate their answer

15  to Paragraph 304.

16   347.   Answering Paragraph 347, Defendants incorporate their answer

17  to Paragraph 304.

18   348.   Answering Paragraph 348, Defendants incorporate their answer

19  to Paragraph 304.

20   349.   Answering Paragraph 349, Defendants incorporate their answer

21  to Paragraph 304.

22   350.   Answering Paragraph 350, Defendants incorporate their answer

23  to Paragraph 304.

24   351.   Answering Paragraph 351, Defendants incorporate their answer

25  to Paragraph 304.

26   352.   Answering Paragraph 352, Defendants incorporate their answer

27  to Paragraph 304.

28

353.   Answering Paragraph 353, Defendants incorporate their answer to Paragraph 304.

## COUNT VII

354.   Answering Paragraph 354, Defendants incorporate their answer to Paragraph 304.

355.   Answering Paragraph 355, Defendants incorporate their answer to Paragraph 304.

356.   Answering Paragraph 356, Defendants incorporate their answer to Paragraph 304.

357.   Answering Paragraph 357, Defendants incorporate their answer to Paragraph 304.

358.   Answering Paragraph 358, Defendants incorporate their answer to Paragraph 304.

359.   Answering Paragraph 359, Defendants incorporate their answer to Paragraph 304.

360.   Answering Paragraph 360, Defendants incorporate their answer to Paragraph 304.

361.   Answering Paragraph 361, Defendants incorporate their answer to Paragraph 304.

362.   Answering Paragraph 362, Defendants incorporate their answer to Paragraph 304.

363.   Answering Paragraph 363, Defendants incorporate their answer to Paragraph 304.

364.   Answering Paragraph 364, Defendants incorporate their answer to Paragraph 304.

365.   Answering Paragraph 365, Defendants incorporate their answer to Paragraph 304.

1      366.   Answering Paragraph 366, Defendants incorporate their answer
2  to Paragraph 304.

3                          **COUNT VIII**

4      367.   Answering Paragraph 367, Defendants incorporate their answer
5  to Paragraph 304.

6      368.   Answering Paragraph 368, Defendants incorporate their answer
7  to Paragraph 304.

8      369.   Answering Paragraph 369, Defendants incorporate their answer
9  to Paragraph 304.

10 **PRAYER FOR RELIEF**

11      To the extent that any response is required to Plaintiff's prayer for
12 relief, Defendants deny each and every allegation contained therein.

13 **JURY DEMAND**

14      Defendants demand a trial by jury on all triable issues.

15

16      Defendants reserve the right to amend their Answer as necessary once
17 the precise nature of the relevant circumstances or events is determined through
18 discovery.

19

20

21

22

23

24

25

26

27

28

## **AFFIRMATIVE DEFENSES**

Without admitting or acknowledging that the Defendants bear any burden of proof as to any of them, Defendants assert the following affirmative defenses:

### **First Affirmative Defense**

The Second Consolidated Amended Complaint, and each claim alleged therein, fails to state a claim upon which relief can be granted.

### **Second Affirmative Defense**

The claims alleged in the Second Consolidated Amended Complaint are barred in whole or in part by the doctrines of waiver, estoppel, ratification, or unclean hands.

### **Third Affirmative Defense**

Certain alleged untrue statements of material fact, omissions of material fact, misleading statements, or other challenged statements allegedly made by Defendants are rendered non-actionable by the Safe Harbor provisions of the Private Securities Litigation Reform Act of 1995, adding Section 21E to the Securities Exchange Act of 1934, as codified at 15 U.S.C. § 78u-5(c).

### **Fourth Affirmative Defense**

Factors other than the allegedly untrue statements of material fact, omissions of material fact, misleading statements, or other actions by any of the Defendants, which actions the Defendants deny, influenced the value of the shares when Lead Plaintiff or members of the purported class allegedly acquired their shares, and these other factors or similar factors led to any alleged decline in the value of the shares.

### **Fifth Affirmative Defense**

Lead Plaintiff and members of the purported class have failed to make reasonable efforts to mitigate any injury or damage they may have suffered, which would have prevented or reduced their injury or damages, if any.

### Sixth Affirmative Defense

Some or all of the members of the purported class did not rely on the statements alleged in the Second Consolidated Amended Complaint to be false or misleading.

### Seventh Affirmative Defense

Many of the matters now alleged to be the subject of misrepresentations and omissions were publicly disclosed or were in the public domain, and as such were available to Lead Plaintiff, other members of the purported class or the securities markets and were at all times reflected in the price of STEC's stock.

### Eighth Affirmative Defense

Lead Plaintiff or other members of the purported class had actual or constructive knowledge of some or all of the facts alleged in the Second Consolidated Amended Complaint upon which Defendants' liability is asserted, at the time that such class members purchased STEC stock. These persons assumed the risk that the value of the STEC stock could decline.

### Ninth Affirmative Defense

Lead Plaintiff's claims are barred in whole or part because the statements, reports, and/or filings allegedly issued by Defendants contained sufficient cautionary language, and bespoke caution with respect to the subject matter of each misrepresentation or omission alleged in the Second Consolidated Amended Complaint, so as to warn Lead Plaintiff and members of the purported class of the risks of investing in STEC stock.

### Tenth Affirmative Defense

Certain members of the purported class would have acquired STEC common stock even if, at the time the stock was acquired, the purported class members had known of the allegedly untrue statements of material fact, omissions

1   of material fact, misleading statements, or other wrongful conduct upon which

2   Defendants' liability is asserted.

3                    **Eleventh Affirmative Defense**

4              When they acquired shares of STEC common stock, certain members

5   of the purported class knew, or in the exercise of reasonable care should have

6   known, of facts with respect to the allegedly untrue statements of material fact,

7   omissions of material fact, misleading statements, or other actions by Defendants

8   alleged in the Second Consolidated Amended Complaint, and each member of the

9   purported class was negligent, and this negligence was a cause-in-fact and a

10  proximate cause of any alleged damages.  Such negligence bars recovery in whole

11  or in part by each member of the purported class.

12                    **Twelfth Affirmative Defense**

13             No act or omission attributed to any Defendant in the Second

14  Consolidated Amended Complaint was the actual or proximate cause of any injury

15  suffered by Lead Plaintiff or any member of the purported class.

16                   **Thirteenth Affirmative Defense**

17             Any recovery for damages, if any, allegedly incurred by Lead Plaintiff

18  or the purported class is limited to the percentage of responsibility of Defendants in

19  proportion to the total fault of all persons, named as parties to this action or not,

20  who caused or contributed to Lead Plaintiff's or the purported class members'

21  alleged damages, pursuant to the Proportionate Liability provisions of the Private

22  Securities Litigation Reform Act of 1995, as codified at 15 U.S.C. § 78u-

23  4(f)(2)(B).  The acts and practices of persons or entities not associated with

24  Defendants and ongoing economic events constitute independent intervening and

25  superseding causes of the alleged harm, if any, suffered by Lead Plaintiff or

26  members of the purported class, relieving Defendants of any liability.

27

28

**Fourteenth Affirmative Defense**

Any recovery for damages, if any, allegedly incurred by Lead Plaintiff or members of the purported class is subject to offset in the amount of any tax benefits actually received by Lead Plaintiff or each member of the purported class through their investments.

**Fifteenth Affirmative Defense**

Defendants are not liable for certain statements alleged in the Second Consolidated Amended Complaint to be untrue or to have omitted a material fact because Lead Plaintiff and the members of the purported class abandoned or waived claims based on these alleged statements.

**Sixteenth Affirmative Defense**

Each and every one of Defendants alleged to be a control person under Section 20(a) of the 1934 Act acted in good faith and did not directly or indirectly induce any acts constituting the alleged violations and causes of action.

**Seventeenth Affirmative Defense**

In executing or authorizing the execution and/or publication of any document containing the statements complained of in the Second Consolidated Amended Complaint, Defendants were entitled to, and did, reasonably and in good faith rely upon the work and conclusions of other professionals and experts.

**Eighteenth Affirmative Defense**

Lead Plaintiff's claims are barred, in whole or in part, because each and every Defendant acted in good faith and in conformity with all applicable federal statutes, including the Exchange Act, as amended, the Private Securities Litigation Reform Act of 1995, and all applicable rules and regulations promulgated thereunder.

**Nineteenth Affirmative Defense**

Lead Plaintiff lacks standing to assert the claims set forth in the Second Consolidated Amended Complaint.

1

## **Twentieth Affirmative Defense**

2          The Second Consolidated Amended Complaint fails to meet the
3   pleading requirements of the Federal Rules of Civil Procedure and the pleading
4   requirements for securities fraud actions of the Private Securities Litigation
5   Reform Act of 1995, as codified at 15 U.S.C. § 78u-4(b)(1)-(2).

6

## **Twenty-First Affirmative Defense**

7          The claims alleged in the Second Consolidated Amended Complaint
8   are barred in whole or in part by the applicable statute(s) of limitations.

9

## **Twenty-Second Affirmative Defense**

10         Even if the misrepresentations and omissions alleged in the Second
11  Consolidated Amended Complaint were made, which Defendants deny,
12  Defendants did not know, and in the exercise of reasonable care could not have
13  known, of any such misrepresentations or omissions.

14

## **Twenty-Third Affirmative Defense**

15         Some or all of Lead Plaintiff's alleged damages, if any, did not result
16  from the portions of the statements alleged to be untrue or misleading.

17

## **Twenty-Fourth Affirmative Defense**

18         Lead Plaintiff's claims are barred in whole or in part by the doctrines
19  of res judicata and/or collateral estoppel.

20

## **Twenty-Fifth Affirmative Defense**

21         If any false or misleading statement was made, or if any material fact
22  required to be stated or necessary to make any statement made not misleading was
23  omitted, which Defendants deny, then no Defendant acted with the state of mind
24  required to support liability under Section 10(b) of the Securities Exchange Act of
25  1934, Rule 10(b)-5 promulgated thereunder, and/or Section 20(a) of the Securities
26  Exchange Act of 1934.

27

28

### Twenty-Sixth Affirmative Defense

If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement made not misleading was omitted, which Defendants deny, then some or all of such statements were not material or otherwise legally actionable on any theory.

### Twenty-Seventh Affirmative Defense

Lead Plaintiff's claims for "control person" liability are barred in whole or in part because Lead Plaintiff cannot establish the primary liability necessary to support such claims.  Lead Plaintiff would be unjustly enriched if Lead Plaintiff were allowed to recover anything in this action.

### Twenty-Eighth Affirmative Defense

Defendants contend that this lawsuit should not proceed as a class action on the grounds that, *inter alia*, Lead Plaintiff lacks standing to represent the purported class, and is not typical of, and does not and cannot fairly and adequately represent the purported plaintiff class, and because a class action will not be superior to other methods available for the adjudication of this controversy.

### Twenty-Ninth Affirmative Defense

Lead Plaintiff's claims are barred, in whole or in part, to the extent they seek relief for conduct prior to the class period.

### Thirtieth Affirmative Defense

Lead Plaintiff's claims are barred, in whole or in part, because of the lack of transaction causation and/or loss causation.

Defendants reserve the right to assert additional affirmative defenses once the precise nature of the relevant circumstances or events is determined through discovery.

1    WHEREFORE, Defendants pray that this Court enter judgment as

2    follows:

3        1.    That judgment be entered in favor of Defendants;

4        2.    For costs, attorneys' fees, and court hearing fees incurred

5    herein;

6        3.    For such other and further relief as this Court deems just and

7    proper.

8

9    Dated:  July 15, 2011                 Respectfully submitted,

10                                         LATHAM & WATKINS LLP

11

12                                         By    /s Michele D. Johnson
                                               Michele D. Johnson
13                                             Attorneys for Defendants STEC, Inc.,
                                               Manouch Moshayedi, Mark
14                                             Moshayedi, Raymond D. Cook, and
                                               Rajat Bahri
15

16

17

18

19

20

21

22

23

24

25

26

27

28