1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

- - -

THE HONORABLE JAMES V. SELNA, JUDGE PRESIDING

IN RE STEC, INC., SECURITIES LITIGATION

```
SACV-09-1304-JVS
SACV-09-1306-JVS
SACV-09-1315-JVS
SACV-09-1320-JVS
SACV-09-1460-JVS
  CV-09-8536-JVS
```
_____

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Santa Ana, California

October 11, 2011

SHARON A. SEFFENS, RPR
United States Courthouse
411 West 4th Street, Suite 1-1053
Santa Ana, CA  92701
(714) 543-0870

```
 1   APPEARANCES OF COUNSEL:

 2   For the Plaintiffs:

 3   THOMAS A. DUBBS
     LABATON SUCHAROW LLP
 4   140 Broadway
     New York, NY  10005
 5   (212) 907-0700

 6   ALLYN LITE
     LITE DEPALMA GREENBERG, LLC
 7   Two Gateway Center, 12th Floor
     Newark, NJ  07102
 8   (973) 623-3000

 9   For the STEC Defendants:

10   PATRICK E. GIBBS
     CHRISTOPHER JOHNSTONE
11   LATHAM & WATKINS LLP
     140 Scott Drive
12   Menlo Park, CA  94025
     (650) 328-4600
13
     For Defendants BARCLAYS CAPITAL, INC.,
14                  DEUTSCHE BANK SECURITIES, INC.,
                    J.P. MORGAN SECURITIES, INC., and
15                  OPPENHEIMER & CO., INC.:

16   AMY JUNE
     BINGHAM MCCUTCHEN LLP
17   1900 University Avenue
     East Palo Alto, CA
18

19   ALSO PRESENT:

20   ROBERT SAMAN
     General Counsel of STEC
21

22

23

24

25
```

```
 1   SANTA ANA, CALIFORNIA; TUESDAY, OCTOBER 13, 2011; 2:30 P.M.
 2              THE CLERK:  Item No. 4, SACV-09-1304-JVS, In Re
 3   STEC, Incorporated, consolidated with SACV-09-1306-JVS,
 4   SACV-09-1315-JVS, SACV-09-1320-JVS, SACV-09-1460-JVS, and
 5   CV-09-8536-JVS.
 6              Counsel, please state your appearances.
 7              MR. LITE:  Good afternoon, Your Honor.  Allyn Lite
 8   for the State of New Jersey.
 9              MR. DUBBS:  Good afternoon, Your Honor.  Thomas
10   Dubbs for the State of New Jersey.
11              MS. JUNE:  Good afternoon, Your Honor.  Amy June
12   for the underwriter defendants.
13              MR. GIBBS:  Good afternoon, Your Honor.  Patrick
14   Gibbs and Chris Johnstone of my firm, and with us is Robert
15   Saman, General Counsel of STEC.  I am here on behalf of all
16   the STEC defendants.
17              THE COURT:  This is Judge Selna.  We are in the
18   courtroom on the record with a court reporter.
19              We received a pleading which you filed this
20   afternoon in the form of a letter.  Let me make it clear
21   going forward there will be full, complete, and timely
22   compliance with the Court's orders.  If you think you need
23   relief from an order, you should apply.  That also includes
24   the local rules which bar communicating with the Court by
25   way of letters.  The appropriate way to communicate with the
```

```
 1   Court on scheduling matters is to file a pleading on a
 2   caption.
 3            I have reviewed the two competing dates, and I am
 4   going to adopt the defendants' proposal with one or two
 5   minor changes.
 6            The matter will proceed to jury trial on July 24,
 7   2012.  We will do the pretrial at 11:00 a.m. on July 9,
 8   2012.  The pretrial papers will be due July 3, 2012.  The
 9   last for hand-serving motions in-limine -- this is a change
10   to comply with the 28-day cycle in the local rules.  The
11   last to file will be June 11, 2012.  Last for hearing
12   regular motions June 4, 2012.  Last for hand-serving regular
13   motions May 7, 2012.  Nonexpert discovery cutoff April 10,
14   2012.  Expert discovery cutoff -- well, first, initial
15   disclosures March 27, 2012.  Rebuttal disclosures April 10,
16   2012.  Expert discovery cutoff April 24, 2012.
17            You propose the last for a settlement conference
18   to be December 7, 2011.  What do you propose to do by way of
19   a procedure?
20            MR. DUBBS:  What we were proposing, although in
21   fairness to my colleagues on the other side we hadn't gotten
22   into all the details -- the proposition that we were
23   thinking of is to try to see if we could have a relatively
24   early mediation after some document discovery was done
25   before we embarked on full-blown deposition discovery.  That
```

5

1  was the thinking.
2              THE COURT:  So what are you going to do?  Mediate?
3              MR. DUBBS:  Yes.
4              THE COURT:  Okay.  Let's say no later than
5  December 7 you will accomplish your mediation.  Whenever you
6  do accomplish it, would you put in a joint report within
7  seven days letting me know generally what progress the
8  parties have been able to make, and if they have not
9  resolved it, would you let me know if you think the Court
10 could be of any assistance at that point.
11             MR. DUBBS:  We will do that, Your Honor.
12             THE COURT:  You propose exchanging initial
13 disclosures October 25, 2011.  Let me tell you quite
14 candidly that is appalling.  This should have been done
15 months and months ago.  That's just appalling, gentlemen.
16 You are going to move this case along efficiently and
17 expeditiously , and there shall be no more foot-dragging.
18             The class certification schedule that the defense
19 proposes, opening motion by the plaintiffs November 21,
20 2011; opposition December 12, 2011; reply January 10, 2012;
21 hearing February 4, 2012.  I'm going to set up a status
22 conference for January.  I would like to do it toward the
23 end of January if either the 23rd or the 30th is convenient.
24             MR. DUBBS:  Can we make it the 23rd?  I have a
25 hearing in New York on the 31st which can't be moved.

```
 1                MR. GIBBS:  The 23rd is fine for us.
 2                THE COURT:  11:00 a.m. on the 23rd.  Would you put
 3    in a joint report, please, just letting me know the status
 4    of things.  It does not have to be elaborate.  I just want
 5    to be brought up to speed.  If there are any issues that we
 6    should be discussing, I would like a heads-up on that, too.
 7                (Court and clerk conferring.)
 8                THE COURT:  I may have misspoke on the date for
 9    the class certification.  It will be February 6, 2012.
10                In considering these proposals, I have given
11    foremost attention to the class members and their need to be
12    protected notwithstanding what I regard is an unexplained
13    failure on the part of counsel thus far to discharge their
14    fiduciary duty to the class in a competent, efficient, and
15    timely manner.  Notwithstanding that, I don't believe the
16    class members should be penalized.
17                Accordingly, obviously having adopted a new
18    schedule, I am not forcing the parties to trial on the
19    current trial date.  All the current dates we have vacated
20    in favor of the dates I have just set.  But let me say,
21    gentlemen, there will be no falling down on the job from
22    here on out.
23                Does anybody have any questions about that?
24                MR. DUBBS:  No, Your Honor.
25                THE COURT:  Anything further for today?
```

1          MR. DUBBS:  Your Honor, I would just ask that --
2   you have adopted the six-month schedule that the defendants
3   propose, and I understand Your Honor's rationale.  I would
4   only point out that there has been a congressionally
5   mandated stay that was in place for over a year.  More
6   importantly, if this case were only between the plaintiffs
7   and STEC, the six months would not be problematic.
8          I would only remind the Court, which the Court is
9   aware of given its extensive review of the Complaint, that
10  the gravamen of the case here is in no small part certain
11  statements the STEC made with respect to earnings and its
12  relationships with several customers.  There are five major
13  customers.  Each of their depositions is going to have to be
14  taken, and we are going to need documents from those.  In
15  addition, there are any number of analysts that the Court is
16  familiar with that were cited in the Amended Complaint.
17         That is why we suggested nine months because there
18  are more third parties that are true third parties that are
19  material to the subject matter than in the usual case.  For
20  that reason, we suggested nine months, and I would
21  respectfully urge the Court to consider that.
22         THE COURT:  I'm sticking with the dates I have
23  adopted.  I do my best to keep abreast of developments in
24  the case law and legislation, but let me say I was entirely
25  unaware of a stay mandated by Congress.  You can correct me

1  if my recollection is wrong, but I don't believe any party
2  has brought that fact to the Court's attention prior to
3  today.
4      MR. DUBBS:  Your Honor, I can't recall exactly
5  when it was brought to the Court's attention, but under the
6  Private Securities Litigation Reform Act, a discovery stay
7  is automatically in place until the Motion to Dismiss has
8  been decided.
9      In this case, due to the somewhat unique
10 circumstances in that there was a prior lead counsel --
11 prior counsel, then there was a new lead plaintiff selection
12 process -- New Jersey came -- was selected as the new lead
13 plaintiff.  New Jersey then amended the Complaint twice, and
14 there was a Motion to Dismiss which was finally dealt with
15 by the Court on June 17, 2011.  So there was an automatic
16 stay in place under the Private Securities Litigation Reform
17 Act from approximately the middle of May through the middle
18 of June of this year.
19     After that stay was lifted, as we talked about in
20 our last conference on this subject, we then had the issue
21 of the removal and the remand.  There was no stay in place
22 concededly during that period.  If the Court wants to find
23 fault for us not doing something in that period, it can do
24 so, but between May 12, 2010, and June 17 of this year,
25 there was a stay under the applicable legislation in effect.

```
 1               I think as the schedule demonstrates both sides
 2   are prepared to proceed very, very expeditiously for a case
 3   of this complexity, but I think the extra three months would
 4   make a substantial difference given the number of
 5   third-party witnesses that are truly third-party witnesses
 6   whose activities and role has been pled in the Complaint.
 7               MR. GIBBS:  Your Honor, may I respond briefly?
 8               THE COURT:  Briefly.
 9               MR. GIBBS:  Mr. Dubbs is correct that there was a
10   discovery stay in place, although as he concedes, that stay
11   was no longer in effect as soon as the Court denied our most
12   recent Motion to Dismiss, and that was four months ago.
13   Having this case pending places a number of burdens on the
14   company.  There has been nothing stopping the plaintiff from
15   doing anything for the past four months.  There has been
16   nothing stopping them from doing anything for the last
17   several weeks.  We think the time period we suggested is
18   ample if they get to work, and we respectfully request that
19   the Court stick with the dates you have already set.
20               THE COURT:  The dates I have set I have set.  Let
21   me say my view at this point is prospective, not respective.
22   I plan to work with the parties to see that we can get this
23   case tried on time.
24               Anything further for today?
25               MR. DUBBS:  No, Your Honor.
```

10

1     THE COURT:  Thank you very much.
2        (Whereupon, the proceedings were concluded.)
3                    *   *   *

SHARON SEFFENS, U.S. DISTRICT COURT REPORTER

```
                                                              11
```

CERTIFICATE

       I hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Date:  October 11, 2011


                          Sharon A. Seffens  10/11/11
                          _____
                          SHARON A. SEFFENS, U.S. COURT REPORTER