1   Christopher Kim (Bar No. 082080)
    christopher.kim@limruger.com
2   Lisa J. Yang (Bar No. 208971)
    lisa.yang@limruger.com
3   LIM, RUGER & KIM, LLP
    1055 West Seventh Street, Suite 2800
4   Los Angeles, California 90017-2554
    Telephone: (213) 955-9500
5   Facsimile: (213) 955-9511

6   Thomas A. Dubbs (*Pro Hac Vice*)        Allyn Z. Lite (*Pro Hac Vice*)
    tdubbs@labaton.com                      alite@litedepalma.com
7   James W. Johnson (*Pro Hac Vice*)       Bruce D. Greenberg (*Pro Hac Vice*)
    jjohns@labaton.com                      bgreenberg@litedepalma.com
8   LABATON SUCHAROW LLP                    LITE DePALMA GREENBERG, LLC
    140 Broadway                            Two Gateway Center, 12th Floor
9   New York, New York 10005                Newark, New Jersey 07102
    Telephone: (212) 907-0700               Telephone: (973) 623-3000
10  Facsimile: (212) 818-0477               Facsimile: (973) 623-0858

11              *Attorneys for Lead Plaintiff and Lead Counsel for the Class*

12                    UNITED STATES DISTRICT COURT

13                   CENTRAL DISTRICT OF CALIFORNIA

14                         SOUTHERN DIVISION

15  IN RE STEC, INC. SECURITIES          )   No. SACV 09-01304-JVS (MLGx)
16  LITIGATION                           )
                                         )   **JOINT STIPULATION OF**
17                                       )   **DISCOVERY DISPUTE IN**
                                         )   **CONNECTION WITH LEAD**
18  This Document Relates to             )   **PLAINTIFF'S MOTION TO**
                                         )   **COMPEL PRODUCTION OF**
19  **ALL ACTIONS.**                     )   **DOCUMENTS**
                                         )
20                                       )   Date:      February 14, 2012
                                         )   Time:      10:00 a.m.
21                                       )   Judge:     Magistrate Judge
                                         )              Marc L. Goldman
22                                       )   Courtroom: 10C
                                         )
23                                       )   Discovery Cutoff: April 10, 2012
                                         )   Pretrial Conf.:   July 9, 2012
24                                       )   Trial Date:       July 24, 2012
                                         )

25

26

27

28

LIM, RUGER & KIM, LLP

1

## **TABLE OF CONTENTS**

LEAD PLAINTIFF'S INTRODUCTION ................................................................... 1

DEFENDANT'S INTRODUCTION ......................................................................... 4

    Relevant Background of the Parties' Meet and Confer ....................................... 4

    STEC's Proposal for Resolution of the Disputed Requests ................................ 9

ISSUES AND PARTIES' CONTENTIONS ........................................................... 10

I.      REQUEST FOR PRODUCTION NO. 21 ..................................................... 10

    A.    Lead Plaintiff's Contentions ..................................................... 11

    B.    Defendant's Contentions .......................................................... 13

II.    REQUEST FOR PRODUCTION NO. 22 ..................................................... 16

    A.    Lead Plaintiff's Contentions ..................................................... 17

    B.    Defendant's Contentions .......................................................... 17

III.   REQUEST FOR PRODUCTION NO. 23 ..................................................... 18

    A.    Lead Plaintiff's Contentions ..................................................... 19

    B.    Defendant's Contentions .......................................................... 21

        1.    Lead Plaintiff's Request Is Not Relevant to this Action and Will Not Lead to Admissible Evidence ......................................... 21

        2.    Lead Plaintiff's Request Is Overbroad and Unduly Burdensome ............................................................................... 23

IV.   REQUEST FOR PRODUCTION NO. 24 ..................................................... 24

    A.    Lead Plaintiff's Contentions ..................................................... 25

    B.    Defendant's Contentions .......................................................... 25

V.    REQUEST FOR PRODUCTION NO. 25 ..................................................... 26

    A.    Lead Plaintiff's Contentions ..................................................... 27

    B.    Defendant's Contentions .......................................................... 27

VI.   REQUEST FOR PRODUCTION NO. 26 ..................................................... 28

    A.    Lead Plaintiff's Contentions ..................................................... 29

    B.    Defendant's Contentions .......................................................... 30

VII.  REQUEST FOR PRODUCTION NO. 36 ..................................................... 31

    A.    Lead Plaintiff's Contentions ..................................................... 32

    B.    Defendant's Contentions .......................................................... 34

LIM, RUGER & KIM, LLP

VIII.   REQUEST FOR PRODUCTION NO. 40 ...................................................35

    A.   Lead Plaintiff's Contentions ........................................................36

    B.   Defendant's Contentions..............................................................37

IX.   REQUEST FOR PRODUCTION NO. 41 ...................................................38

    A.   Lead Plaintiff's Contentions ........................................................38

    B.   Defendant's Contentions..............................................................39

X.   REQUEST FOR PRODUCTION NO. 49 ...................................................39

    A.   Lead Plaintiff's Contentions ........................................................39

    B.   Defendant's Contentions..............................................................41

LIM, RUGER & KIM, LLP

JOINT STIPULATION OF DISCOVERY DISPUTE IN
CONNECTION WITH MOTION TO COMPEL

# LEAD PLAINTIFF'S INTRODUCTION

Pursuant to Fed. R. Civ. P. 37 and L.R. 37, Lead Plaintiff moves to compel production of certain documents requested by "Lead Plaintiff's Second Request for Production of Documents By Defendant STEC, Inc" (the "Second Request").

By Order dated June 17, 2011 (the "Order"), Judge Selna denied Defendants' motion to dismiss the "Second Consolidated Amended Complaint (the "Complaint"), as to all of Lead Plaintiff's exchange act claims. *See* Declaration of Richard T. Joffe in Connection with Joint Stipulation ("Joffe Declaration"), Ex. A, at 23 (holding "Plaintiffs' Exchange Act claims are not dismissed").[1]

The Complaint alleges that, shortly after the close of STEC's 2009 second quarter, Defendants misled investors and thereby inflated the price of STEC's stock by, among other things, (1) announcing an unusually large contract with STEC's biggest customer, EMC (the "EMC Agreement"), while concealing its "one off" nature, (2) stating erroneously that sales of STEC's signature product, the ZeusIOPS, to STEC's other substantial customers (the "Other OEMs") were "expected" to increase during the second half of 2009, and (3) reporting inflated second quarter revenue. Ex. A, at 3.

As further alleged, only days later, on August 11, Defendants Manouch and Mark Moshayedi, STEC's CEO and COO/President, sold 50% of their STEC stock in a secondary offering, for $267.8 million (the "Offering"). *Id.*

On February 23, 2010, in its 2010 10-K, STEC disclosed that certain of its employees, including the two Moshayedis, had been subpoenaed in a formal SEC investigation of trading in STEC stock. *See* Ex. B. On November 8, 2011, Defendants further disclosed that STEC had "received a 'Wells Notice' from the SEC, stating that the Staff . . . is considering recommending that the SEC initiate a civil injunctive action against the Company, its CEO and President, charging them

---

[1] All of Lead Plaintiff's exhibits herein are exhibits to the Joffe Declaration.

LIM, RUGER & KIM, LLP

1  with violations of the antifraud and reporting provisions of the federal securities

2  laws."  Ex. C.

3   At a status conference on October 11, 2011, Judge Selna set case

4  management dates—including April 10, 2012, as the cut-off date for discovery.

5  *See* Ex. D.[2]  On October 13, 2011, Lead Plaintiff served its "First Request for

6  Production of Documents by Defendant STEC, Inc."  (the "First Request") Ex. F.

7   Because it appeared likely that the subject of the SEC investigation

8  overlapped with the subject of this lawsuit, and because it would be easy for

9  Defendants to produce a copy of what they already had given to the SEC, Lead

10  Plaintiff's First Request asked only for all documents produced to, or received

11  from, the SEC, and all transcripts of any deposition or interview of STEC or any of

12  its employees by the SEC.  Ex. F.

13   As it turns out, a substantial number of the documents produced by

14  Defendants to the SEC, and, subsequently, in response to Lead Plaintiff's First

15  Request, are irrelevant to this case, because, as is evident from the SEC's

16  subpoenas to, and depositions of, Defendants, a large part of the SEC's

17  investigation concerns whether Defendants tipped relatives, friends or other STEC

18  employees prior to Defendants publicly announcing various news items regarding

19  STEC's business—an issue not part of this case, and one involving, to some extent,

20  individuals not relevant to this case.  *See,* Ex. G (excerpts from SEC's subpoenas

21  to Defendants); Ex. H (excerpts from SEC's depositions of Defendants).

22   Moreover, although part of the SEC investigation does appear to concern

23  whether Defendants adequately disclosed the nature of the EMC Agreement, the

24  investigation does not appear to concern any of the other claims in the Complaint,

25

26

27

28

LIM, RUGER & KIM, LLP

---

[2] The October 11, 2011, case management schedule replaced a prior case management schedule issued on April 19, 2010, *see* Ex. E, at a time when this case had a different lead plaintiff and no complaint had yet been upheld by the Court.

2

1   including Defendants' allegedly misleading statements regarding expected sales to

2   the Other OEMs, or STEC's allegedly inflated 2009 second quarter revenue.

3          Because the shortness of the discovery period requires Lead Plaintiff to act

4   promptly, and because Lead Plaintiff correctly anticipated that Defendants'

5   production to the SEC would not, without more, provide adequate documentation

6   regarding all of Lead Plaintiff's claims, on October 20, 2011, Lead Plaintiff served

7   its Second Request, asking, in fifty individualized requests, for documents relevant

8   to all of Lead Plaintiff's claims, to the extent that such documents had not been

9   produced in response to Lead Plaintiff's First Request.  *See* Ex. I.

10         On November 28, 2011, STEC served its "Responses and Objections to

11  Lead Plaintiff's Second Request for Production of Documents" (STEC's

12  "Objections").  Ex. J.  Regarding **ten** of the requests, STEC raised various boiler

13  plate objections and made no offer to produce any documents.  Regarding another

14  **fifteen** requests, STEC asserted that some responsive documents had been

15  produced in response to the First Request, and, without denying the existence of

16  other responsive documents, objected to producing them.  Finally, regarding

17  another **seventeen** requests, STEC did not produce any documents, but said it

18  would do so at "a mutually agreeable time"—which it did not identify.

19         On December 14, 2011, at Lead Plaintiff's request, *see* Ex. K, the parties

20  held a telephonic "meet and confer."  Following that telephonic conference, STEC

21  produced a small number of documents,[3] Lead Plaintiff sent STEC two successive

22  letters, *see* Exs. L & M, and STEC sent Lead Plaintiff a letter in response, *See* Ex.

23  N.  Based on the foregoing exchanges between the parties, the issues discussed

24  herein cannot be resolved without the help of the Court.

25  _____

26  [3] Defendants produced more than 600,000 documents to the SEC (and in response
    to the First Request herein, which asked only for documents produced to, or
27  received from, the SEC).  By contrast,  STEC has produced only approximately
    164 documents in response to the Second Request.  *See* Joffe Decl. at ¶ 24.
28

LIM, RUGER & KIM, LLP

JOINT STIPULATION OF DISCOVERY DISPUTE IN
CONNECTION WITH MOTION TO COMPEL

LIM, RUGER & KIM, LLP

# **DEFENDANT'S INTRODUCTION[4]**

Lead Plaintiff submits its Joint Stipulation of Discovery Dispute over STEC's objections.  Lead Plaintiff has not exhausted the meet and confer process as required by Federal Rule of Civil Procedure 37(a) and Local Rule 37.  Rather than respond to STEC's repeated offers to engage in continued meet and confer and to discuss these purported "disputes," Lead Plaintiff proclaims that further discussion would be fruitless and prematurely seeks intervention by this Court. Lead Plaintiff's refusal to participate in good faith meet and confer with STEC's counsel is inconsistent with the applicable rules and an abdication of Lead Counsel's professional obligations.

Despite Lead Plaintiff's refusal to meet and confer with STEC's counsel regarding resolution of these issues, on January 12, 2012, STEC's counsel sent a letter to Lead Counsel proposing specific resolution as to each of the disputed Requests.  Lead Plaintiff responded by letter on January 16, 2012, stating that each of STEC's proposals is "unacceptable."  Ex. BB.  A complete description of the parties' meet and confer efforts and STEC's proposal for resolving the disputed requests is provided below.

## **Relevant Background of the Parties' Meet and Confer**

STEC made an initial production of documents in response to Lead Plaintiff's First Set of Requests for Production on November 7, 2011, ten days before the deadline for STEC's response.  Thereafter, STEC made four additional productions on November 18 & 29, December 19, 2011, and January 6, 2012, in response to Lead Plaintiff's First and Second Sets of Requests for Production.  In

---

[4]     Lead Plaintiff's Joint Stipulation refers throughout to unspecified "Defendants."  Yet Lead Plaintiff's Second Set of Requests for Production, dated October 20, 2011, is directed only to Defendant STEC, Inc.  *See* Ex. I. Accordingly, the responses and contentions contained herein are made on behalf of Defendant STEC.

JOINT STIPULATION OF DISCOVERY DISPUTE IN
CONNECTION WITH MOTION TO COMPEL

total, these productions included literally hundreds of thousands of documents consisting of approximately 1.6 million pages.  The categories of documents STEC already has produced in response to Lead Plaintiff's First and Second Sets of Requests for Production, include the following:

- All non-privileged emails sent to and received by Manouch Moshayedi (CEO), Mark Moshayedi (President/COO), Anthony Anvari (VP of Sales), Raymond Cook (CFO), William Fahey (Director of Sales, Strategic Accounts), Mitch Gellman (VP of Investor Relations), and Luis Morales (VP of Corporate Development) during the period January 1, 2009 – May 31, 2010, without restriction as to subject matter restrictions;

- All non-privileged emails sent to and received by STEC employees Farzin Baz and Sammy Yau  during January 1, 2009 – October 26, 2009, without any subject matter restrictions;

- All non-privileged emails sent to and received by STEC employee Eng-Teik Ong during January 1, 2009 – June 28, 2010, without any subject matter restrictions;

- All non-privileged emails regarding the August 2009 secondary offering identified by reviewing emails sent to and received by Manouch Moshayedi, Mark Moshayedi, Luis Morales, Raymond Cook, Mike Higa (Senior VP of Finance), Jalal Sadr (In-House Counsel), and Vikram Karnaker (Director, Corporate Development) during March 1, 2009 – August 31, 2009 containing certain search terms (i.e., "prospectus," "secondary offering," "sonic," "jpmorgan.com" AND "secondary," "db.com" AND "secondary," "wsgr.com" AND "secondary," "proxy");

- All non-privileged emails regarding the Form 10-Q for the second quarter of 2009 identified by reviewing emails sent to and received by Manouch Moshayedi, Raymond Cook, Mike Higa, Grace Lee (Director of Financial Reporting), Cathy Luu (Director of Planning and Forecasting), Luis Morales, Jalal Sadr, Mitch Gellman, and Debbie Friedman (VP of Worldwide Human Resources and Compensation) during April 1, 2009 – August 31, 2009 containing certain search terms (i.e., "second" AND "10-Q," "2nd" AND "10-Q," "second" AND "10Q," "2nd" AND "10Q," "second quarter," "2nd quarter," "Form 10Q," "Form 10-Q");

- Manouch and Mark Moshayedi's May 2009 10b5-1 trading plans and related documentation, including communication concerning these plans;

- STEC's 2009 press releases;

- All STEC Board meeting minutes for 2008 and 2009;

- All Forms 3, 4 and 5 filed with the Securities and Exchange Commission ("SEC") on behalf of Mark Moshayedi and Manouch

JOINT STIPULATION OF DISCOVERY DISPUTE IN CONNECTION WITH MOTION TO COMPEL

LIM, RUGER & KIM, LLP

LIM, RUGER & KIM, LLP

Moshayedi relating to STEC securities during January 1, 2009 – November 24, 2009;

- Personnel and employment files for Manouch Moshayedi, Mark Moshayedi, Farzin Baz, Sammy Yau, Mike Moshayedi, Eng-Teik Ong, William Fahey, Anthony Anvari, and Luis Morales;

- Securities brokerage records and financial institution records for Mark Moshayedi, Manouch Moshayedi, Doug Finke (Director of Product Marketing), Mike Nilsson (VP of Sales), Eng-Tiek Ong, Anthony Anvari, William Fahey and Luis Morales during January 1, 2009 – May 31, 2010;

- Daily activity records for Manouch Moshayedi, Mark Moshayedi, Raymond Cook, and Mitch Gellman during January 1, 2009 – May 31, 2010;

- Telephone records for Manouch Moshayedi, Mark Moshayedi, Raymond Cook and Mitch Gellman during January 1, 2009 – May 31, 2010, and for Eng-Tiek Ong during January 1, 2009 – June 21, 2010;

- Organizational charts prepared around March 2009, July 2009 and September 2009.

- All non-privileged documents from the data room used for the August 2009 secondary offering;

- Correspondence exchanged with the SEC, including subpoenas, document production cover letters, privilege and redaction logs, and Wells submission;

- Transcripts of the SEC testimony of Manouch Moshayedi, Mark Moshayedi, Mike Nilsson, Doug Finke, Anthony Anvari, Bill Fahey and David Mittelman;

- All documents provided by STEC to the Financial Industry Regulatory Authority in response to inquiries regarding STEC's financial results for the third and fourth quarters of 2009 and revenue guidance for the fourth quarter of 2009; and

- Invoices demonstrating that EMC purchased $120 million of ZeusIOPS during the second half of 2009.

*See* Ex. N.

Contrary to Lead Plaintiff's assertion (*supra* at 2), the comprehensive production of documents STEC has already made to Lead Plaintiff—which includes documents STEC also produced to the SEC—contains myriad documents directly responsive to Lead Plaintiff's discovery requests.  Indeed, STEC's production to date includes *all* non-privileged emails sent or received by virtually

1   *all* of STEC's senior executive officers during the relevant time periods without

2   limitation as to subject matter.

3     On December 14, 2011, counsel for Lead Plaintiff and STEC met and

4   conferred by telephone for approximately two hours regarding all fifty of Lead

5   Plaintiff's Requests in the Second Set of Requests for Production.  During this

6   discussion, STEC's counsel identified the numerous categories of documents

7   STEC already had produced and discussed additional searches STEC was in the

8   process of conducting or would consider conducting in response to Lead Plaintiff's

9   Second Set of Requests for Production.

10     On December 20, Lead Plaintiff sent STEC a letter purporting to summarize

11   the parties' December 14, 2011 meet and confer discussion.  Ex. L.  Later that

12   same day, as a result of STEC's diligent and good faith efforts, Lead Plaintiff

13   received a production of documents in response to its Second Set of Requests for

14   Production.  Before even reviewing the documents STEC produced, also on the

15   same day (December 20, 2011), Lead Plaintiff fired off a second letter to STEC

16   threatening to file a motion to compel further production of documents.  Ex. M.

17   On December 22, STEC responded to Lead Plaintiff's December 20 letters,

18   explaining that Lead Plaintiff's letters inaccurately summarized the parties'

19   December 15, 2011 meet and confer discussions, making specific proposals

20   regarding production of additional documents, explaining that STEC presently was

21   engaged in collecting certain additional documents, and stating that because the

22   meet and confer process was still ongoing any motion to compel would be

23   premature.  Ex. N.  The letter concluded by proposing that the parties meet and

24   confer again on January 4, 5 or 6, 2012.  *Id*. at 7.  On December 27, Lead Plaintiff

25   responded in a brief letter, stating that Lead Plaintiff would not respond to STEC's

26   December 22 meet and confer proposals until after the mediation session scheduled

27   for January 5, 2012.  Ex. W.

28     STEC received no further communication from Lead Plaintiff regarding

LIM, RUGER & KIM, LLP

7

discovery until January 10, 2012, when Lead Plaintiff's counsel, rather than even attempt to discuss the outstanding discovery issues, surprised STEC's counsel with a draft Joint Stipulation of Discovery Dispute and Motion to Compel requesting the Court's intervention.  Ex. X.  In response, on the following day, STEC's counsel sent a letter explaining again that it would be premature for Lead Plaintiff to file a motion to compel given that the meet and confer process had not yet been exhausted and proposing that the parties meet and confer on January 12, 13, or 17, 2012.  Ex. Y.  Lead Plaintiff's counsel has continued to reject STEC's efforts to further meet and confer.  *See* Ex. Z; Ex. AA.

Lead Plaintiff's outright refusal to engage in further meet and confer discussions with STEC's counsel regarding this Request is in direct violation of Federal Rule of Civil Procedure 37(a) and Local Rule 37 and will result in unnecessary intervention by, and burden upon, the Court.  *See, e.g., Doe v. Los Angeles W. Travelodge*, No. 08-CV-8279-CBM-CTX, 2009 WL 5470092, at *1 (C.D. Cal. May 6, 2009) ("Only if the litigants cannot resolve their dispute should they bring a motion before the court by means of a focused joint stipulation pursuant to Local Rule 37-2."); *Torres v. County of Orange*, No. 02-CV-223-AHS (ANx), 2003 U.S. Dist. LEXIS 27979, at *4 (C.D. Cal. Nov. 12, 2003) (denying motion to compel because the plaintiff failed to establish that he made a "sufficient, good-faith pre-filing effort to eliminate a need for the Motion" as required under Local Rule 37-1); *see also Khoa Hoang v. Trident Seafoods Corp.*, C06-1158 RSL, 2007 WL 2138779, at *2 (W.D. Wash. July 23, 2007) (stating that the plaintiff failed to comply with the spirit of the rules by filing motions to compel before exhausting the meet and confer process, which "wasted the Court's and defendants' time").  Tellingly, even "Lead Plaintiff's Contentions" below fail to comply with Local Rule 37, which requires that each party state in its contentions "how it proposed to resolve the dispute over that issue at the conference of counsel."  L.R. 37-2.1.  Lead Plaintiff's contentions contain no such discussion

LIM, RUGER & KIM, LLP

JOINT STIPULATION OF DISCOVERY DISPUTE IN CONNECTION WITH MOTION TO COMPEL

1  because Lead Plaintiff refuses to participate in a conference with STEC.

2  **STEC's Proposal for Resolution of the Disputed Requests**

3  In a good faith effort to resolve the "disputed" discovery requests Lead

4  Plaintiff identifies, on January 12, 2012, STEC proposed to produce the following

5  additional documents:

6      • In response to <u>Request Numbers 21 & 22</u>:  All emails held by custodians Steve Cox (Regional Sales Manager – OEM Division),
7  Hani Yousef (VP of Sales), Yoda Yasunobu (VP of Japan Sales), Tommy Vogtman (Asia/Pacific Account Executive), and Lorenzo
8  Salhi (VP of Sales) regarding purchases or sales of ZeusIOPS sent to, or received from, IBM, Sun, HP, and Hitachi, during the period April
9  1, 2009 – September 30, 2009.

10      • In response to <u>Request Number 26</u>:  (1) Self-collected non-email responsive documents held by custodians Mike Higa and Grace Lee;
11  and (2) emails held by custodians Mike Higa and Grace Lee regarding revenue reported by STEC for the third quarter of 2009 that were
12  created, sent, or received by Mike Higa or Grace Lee during the period July 1, 2009 – October 31, 2009.

13      • In response to <u>Request Number 36</u>:  STEC is presently collecting
14  certain responsive documents, including reports relating to the composition of STEC's cost of revenues during the third and fourth
15  quarters of 2009, which it will produce as soon as possible, but in any case not later than January 31, 2012.

16      • In response to <u>Request Number 49</u>:  All emails held by custodian
17  Lorenzo Salhi regarding purchases or sales of ZeusIOPS sent to, or received from HP or Cisco during the period April 1, 2009 –
18  September 30, 2009.

19  Ex. AA.  On January 16, 2012, Lead Plaintiff responded that STEC's proposals

20  were "unacceptable."  Ex. BB.

21

22

23

24

25

26

27

28

LIM, RUGER & KIM, LLP

JOINT STIPULATION OF DISCOVERY DISPUTE IN
CONNECTION WITH MOTION TO COMPEL

LIM, RUGER & KIM, LLP

## ISSUES AND PARTIES' CONTENTIONS

### I.   REQUEST FOR PRODUCTION NO. 21[5]

**Lead Plaintiff's Request:**

To the extent not produced in response to another request herein, all documents relating to any communication regarding ZeusIOPS with (a) EMC, (b) IBM, (c) Sun, (d) HP and/or (e) Hitachi.

**Defendant's Response:**

Defendant specifically objects to this Request insofar as it is vague, ambiguous, overly broad, and unduly burdensome, seeks documents that are irrelevant to the subject matter at issue in this case, and is outside the scope of permissible inquiry.  Defendant further specifically objects to this Request on the ground that it purports to call for the production of privileged information, including, without limitation, information that constitutes attorney work product, or information that is protected by the attorney-client privilege or any other applicable privilege, rule of privacy or confidentiality, immunity, protection, or restriction that makes such information otherwise non-discoverable.  Defendant specifically objects to the extent this Request seeks trade secrets or other sensitive and proprietary information.  In addition, Defendant specifically objects to this Request on the ground that it is duplicative, unduly burdensome and harassing, as it seeks information previously requested in Plaintiff's First Set of Requests for

---

[5] Lead Plaintiff's Second Request inadvertently overlooked the local rule requiring that individual document requests be numbered consecutively without repeating numbers in previous requests for production.  Therefore, the individual requests in the Second Request are numbered from 1 to 50, despite the First Request already having included requests numbered 1 to 3.  For simplicity, all the correspondence between the parties regarding the Second Request identifies specific requests by the numbers as stated in the Second Request, *except* Lead Plaintiff's December 12, 2011, letter, *see* Ex. K, which added three to each number, to account for the three individual requests in Lead Plaintiff's First Request.

JOINT STIPULATION OF DISCOVERY DISPUTE IN CONNECTION WITH MOTION TO COMPEL

1    Production of Documents.  Defendant already has produced all non-privileged

2    responsive documents reflecting correspondence with Manouch Moshayedi, Mark

3    Moshayedi, Raymond Cook, Anthony Anvari, Bill Fahey, Luis Morales, Sammy

4    Yau, Farzin Bazshushtari, E.T. Ong, and Mitch Gellman.

5    ### A.    Lead Plaintiff's Contentions

6        "Litigants may obtain discovery regarding any matter, not privileged, that is

7    relevant to the claim or defense of any party" and "[d]istrict courts have broad

8    discretion in determining relevancy for discovery purposes." *Surfvivor Media, Inc.*

9    *v. Survivor Productions*, 406 F.3d 62, 635 (9th Cir. 2005).  Moreover, Rule 26(b)

10   is "liberally interpreted to permit wide-ranging discovery of all information

11   reasonably calculated to **lead to** discovery of admissible evidence." *U.S. E.E.O.C.*

12   *v. Ian Schrager Hotels, Inc.*, CV 99-0987GAFRCX, 2000 WL 307470, at *3 (C.D.

13   Cal. Mar. 8, 2000) (emphasis added).

14       The Complaint alleges that during the 2009 third quarter, Defendants made

15   misleading statements regarding the EMC Agreement and expected sales to the

16   Other OEMs, who include IBM, Sun, HP and Hitachi, to increase.  *See* Ex. O, at

17   ¶¶ 3,9, 110-11.  Defendants' statements and omissions regarding the EMC

18   Agreement allegedly misled investors regarding, among other things, whether

19   EMC would be making similar purchases after the end of the term of the EMC

20   Agreement.  *Id.* at ¶¶ 8-69.  Therefore, Defendants' knowledge of, among other

21   things, intended future purchases by each and all of these OEMs, and other facts

22   regarding the OEMs' current business that would impact future purchases, is

23   relevant to, among other things, both falsity and scienter regarding Defendants'

24   alleged misstatements.  Moreover, Defendants' communications with each of these

25   OEM customers obviously are relevant to whether Defendants had any such

26   knowledge when they made their alleged misstatements.[6]

27   _____

28   [6] Such communications prior to the misstatements obviously are relevant.  Such

LIM, RUGER & KIM, LLP

11

Following the meet and confer, in response to STEC's objections to this
request, Lead Plaintiff sent STEC a letter narrowing its request as follows:

Request **No. 21** asks for all communications regarding
ZeusIOPS with EMC, IBM, Sun, HP and/or Hitachi.  **Request No. 22**
asks for all communications with EMC, IBM, Sun, HP and/or Hitachi
without limitation as to subject matter, but limited to the period
comprised by the 2009 second and third quarters.  In its written
response to both of these requests, STEC stated that it already had
produced all such communications of certain STEC employees who it
then named.  During the "meet and confer," I pointed out that, while
the list of employees referenced in STEC's response did include the
sales representatives responsible for sales to EMC and IBM, it did not
include the STEC employees responsible for sales to Sun, HP and
Hitachi.  Therefore, Lead Plaintiff requests that, in response to each of
these two requests, STEC produce all non-privileged responsive
documents created, sent or received by Steve Cox and Hani Yousef
(re sales to Sun), Yoda Yasunobu and Tommy Vogtman (re sales to
Hitachi), and Lorenzo Salhi (re sales to HP).

Ex. L; *compare*, *e.g.*, Ex. P (organization chart showing Salhi was the VP of sales
for HP, Steve Cox was the director of sales in Northern California, where Sun is
located, and Mike Yousef was the VP of sales to whom Cox reported); Ex. Q.
(statement in SEC deposition that Yoda Yasunobu is STEC's V.P. of sales in
Japan); *with* Ex. R (statement by Anvari that he is the V.P. of sales for EMC and
IBM).

STEC responded to Lead Plaintiff's offer as follows:

Requests Nos. 21 & 22.  You request that STEC produce all
non-privileged, responsive documents consisting of "all
communications regarding ZeusIOPS with EMC, IBM, Sun, HP,
and/or Hitachi" and "all communications with EMC, IBM, Sun, HP
and/or Hitachi . . . during the period comprised by the second and
third quarters" "created, sent, or received" by sales employees Steve

communications for a certain length of time after the misstatements also are
relevant because they may lead to the discovery of, or clarify the meaning of,
communications made before the misstatements.

JOINT STIPULATION OF DISCOVERY DISPUTE IN
CONNECTION WITH MOTION TO COMPEL

LIM, RUGER & KIM, LLP

LIM, RUGER & KIM, LLP

Cox, Hani Yousef, Yoda Yasunobu, Tommy Vogtman, and Lorenzo Salhi.  STEC already has produced documents responsive to these Requests pertaining to EMC communications.  Your request for "all" correspondence with the other OEMs is unduly burdensome and will require collection and review of a large number of documents and emails.  Nevertheless, STEC will consider production of a subset of these employees emails either by self-collection or through use of negotiated search terms pertaining to particular subject matters.

Ex. N.

STEC's insistence that it will only produce a negotiated "subset" of the requested documents is not acceptable and cannot be justified.  STEC asserts that it has produced "documents responsive to these requests" regarding EMC, and gives no reason why, given the allegations herein regarding the Other OEMs, communications with the Other OEMs should be treated any differently.

Moreover STEC's assertion that it would be "burdensome" to produce the communications between the five relevant STEC sales persons and the OEM customer of each such person, as limited in Request No. 21 by subject—to communications involving the ZeusIOPS—or as limited in Request No. 22 by time—to just the six months of the 2009 second and third quarters—is shown to be meritless by STEC's admission that, in its production to the SEC, STEC produced **all** communications of **seven** different STEC employees (including Anvari, the V.P. of sales to EMC and IBM), without **any** limitation as to the other party in the communication, without **any** limitation as to subject matter, and from a period covering **seventeen months**.  Ex. N, at 2, at first bullet point.  By comparison, Lead Plaintiff's request, as narrowed by its letter, quoted, *supra*, is modest, as well as legally justified.

## B.  Defendant's Contentions

Lead Plaintiff seeks "all communications" regarding ZeusIOPS with STEC's original equipment manufacturer customers EMC, IBM, Sun, HP, and Hitachi (the "OEMs") during the period January 1, 2009 to June 30, 2010.  This Request is

1 exceptionally broad and, if complied with, would require STEC to collect and

2 review a staggering amount of email correspondence between more than 800

3 STEC employees and these five customers. As stated in STEC's Responses and

4 Objections to Lead Plaintiff's Second Request and in its meet and confer

5 correspondence with Lead Plaintiff, compliance with this Request would be unduly

6 burdensome. Ex. J at 19, Ex. N at 4-5.[7]

7      Through the meet and confer process, STEC confirmed that responsive

8 documents pertaining to ZeusIOPS sales to EMC already had been collected and

9 produced to Lead Plaintiff. *See* Ex. N (describing by category the voluminous

10 documents already produced). Lead Plaintiff accordingly narrowed Request

11 Number 21 to seek only non-privileged responsive documents created, sent or

12 received by STEC employees responsible for ZeusIOPS sales to the other OEMs,

13 namely Steve Cox, Hani Yousef, Yoda Yasunobu, Tommy Vogtman, and Lorenzo

14 Salhi. Ex. L at 4. STEC responded to Lead Plaintiff's proposal by stating that

15 Lead Plaintiff's request still would require collection and review of a large number

16 of documents—*i.e.*, all email correspondence with the OEMs sent or received by

17

LIM, RUGER & KIM, LLP

18 _____

[7]      Lead Plaintiff contends that STEC's assertion of undue burden in response

19 to several of the disputed requests is "meritless" because STEC and the STEC

20 Defendants produced a large volume of documents and emails to the Securities and Exchange Commission ("SEC") in response to SEC subpoenas, whereas Lead

21 Plaintiff's Request is "modest." Lead Plaintiff's assertion ignores the distinction

22 between discovery under the Federal Rules of Civil Procedure and production of documents in response to an SEC subpoena. In a federal civil action, parties may

23 obtain discovery regarding any non-privileged matter that is relevant to any party's

24 claim or defense. *See* Fed. R. Civ. P. 26(b)(1). Such discovery, however, is subject to limitations. The responding party, for example, may object to the

25 production of electronically stored information on the grounds that it is "not

26 reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B). No such limitations apply with respect to an SEC voluntary request

27 or subpoena, however. *See* SEC Manual § 3.2.6.2 (requiring the subpoenaed entity

28 or individual to provide all the materials described in the subpoena).

five custodians during an eighteen-month period.  Nevertheless, STEC stated that it would "consider production of a subset of these employees' emails either by self-collection or through use of negotiated search terms pertaining to particular subject matters."  Ex. N at 5.  Stated differently, STEC communicated to Lead Plaintiff that it was willing to discuss means by which responsive email correspondence could be collected and produced without requiring STEC to incur the undue burden of collecting and reviewing *all* of these employees' emails with the OEMs within the specified time period.  STEC's counsel expressed willingness to discuss this counter-proposal by telephone on January 4, 5, or 6, 2012.  *Id.* at 7.

In response, Lead Plaintiff refused to engage in any further meet and confer discussions with STEC's counsel regarding this Request, in direct violation of Federal Rule of Civil Procedure 37(a) and Local Rule 37.  Lead Plaintiff's improper refusal to participate in the meet and confer process notwithstanding, on January 12, 2012, STEC's counsel sent a letter to Lead Plaintiff stating that STEC is willing to produce the following in response to Request Number 21:

- All emails held by custodians Steve Cox, Hani Yousef, Yoda Yasunobu, Tommy Vogtman, and Lorenzo Salhi regarding purchases or sales of ZeusIOPS sent to, or received from, IBM, Sun, HP, and Hitachi, during the period April 1, 2009 – September 30, 2009.

Ex. AA at 1.  Lead Plaintiff's response to this proposal is simply that it is "unacceptable."  Ex. BB.  Lead Plaintiff insists upon production of (1) "[a]ll communications by Steve Cox and/or Hani Yousef with Sun regarding ZeusIOPS" between January 1, 2009 and June 30, 2012; (2) "[a]ll communications by Yoda Yasunobu and/or Tommy Vogtman with Hitachi regarding ZeusIOPS" between January 1, 2009 and June 30, 2010; and (3) "[a]ll communications by Lorenzo Salhi with HP regarding ZeusIOPS" between January 1, 2009 and June 30, 2010.  Ex. BB; *see also* Ex. I at _ (specifying date range of January 1, 2009 to June 30, 2010).  Moreover, Lead Plaintiff has now dramatically expanded its request to seek

JOINT STIPULATION OF DISCOVERY DISPUTE IN CONNECTION WITH MOTION TO COMPEL

LIM, RUGER & KIM, LLP

1   production of "all communications *involving*" the specified custodians, rather than

2   production of correspondence sent by or to each custodian.  Ex. BB at 2.

3       STEC's proposal narrows Lead Plaintiff's request by (1) limiting the

4   production to correspondence regarding purchases or sales of ZeusIOPS; (2)

5   narrowing Lead Plaintiff's eighteen-month time period to a six-month time period

6   from April 1, 2009 to September 30, 2009 (*i.e.*, the second and third quarters of

7   2009).  Lead Plaintiff fails to explain why correspondence for an eighteen-month

8   time period (ten months longer than the class period) having anything whatsoever

9   to do with ZeusIOPS (including technical specifications, testing, etc.) are relevant

10  to this action and justify the tremendous burden of collecting, reviewing, and

11  processing for production this volume of electronic documents and

12  communications.  Lead Plaintiff also fails to explain why STEC's proposal is

13  "unacceptable."  STEC remains willing to produce the documents specified above

14  as soon as reasonably possible.

15  **II.   REQUEST FOR PRODUCTION NO. 22**

16      **Lead Plaintiff's Request:**

17      All documents drafted, modified, sent or received during STEC's second or

18  third quarter of 2009, relating to any communication with  (a) EMC, (b) IBM, (c)

19  Sun, (d) HP and/or (e) Hitachi.

20      **Defendant's Response:**

21      Defendant specifically objects to this Request on the ground that the

22  Request fails to identify the documents sought with reasonable particularity.

23  Defendant further specifically objects to this Request insofar as it is vague,

24  ambiguous, overly broad, and unduly burdensome, seeks documents that are

25  irrelevant to the subject matter at issue in this case, and is outside the scope of

26  permissible inquiry.  Defendant further specifically objects to this Request on the

27  ground that it purports to call for the production of privileged information,

28  including, without limitation, information that constitutes attorney work product,

LIM, RUGER & KIM, LLP

JOINT STIPULATION OF DISCOVERY DISPUTE IN
CONNECTION WITH MOTION TO COMPEL

or information that is protected by the attorney-client privilege or any other applicable privilege, rule of privacy or confidentiality, immunity, protection, or restriction that makes such information otherwise non-discoverable.  In addition, Defendant specifically objects to the extent this Request seeks trade secrets or other sensitive and proprietary information.  Defendant already has produced all non-privileged responsive documents reflecting correspondence with Manouch Moshayedi, Mark Moshayedi, Raymond Cook, Anthony Anvari, Bill Fahey, Luis Morales, Sammy Yau, Farzin Bazshushtari, E.T. Ong and Mitch Gellman.

## A.   Lead Plaintiff's Contentions

Lead Plaintiff's contentions regarding Request No. 22 are essentially the same as its contentions, *supra*, regarding Request No. 21.  STEC should be compelled to produce documents responsive to this request as narrowed by Lead Plaintiff's letter following the meet and confer.  *See* Ex. L.

## B.   Defendant's Contentions

Lead Plaintiff's contentions with respect to its Request Number 22 are the same as with respect to Request Number 21, above.  STEC's contentions regarding Request Number 22 are likewise the same as its contentions regarding Request Number 21.  Regarding Request Number 22, as with Request Number 21, STEC proposes to produce the following:

- All emails held by custodians Steve Cox, Hani Yousef, Yoda Yasunobu, Tommy Vogtman, and Lorenzo Salhi regarding purchases or sales of ZeusIOPS sent to, or received from, IBM, Sun, HP, and Hitachi, during the period April 1, 2009 – September 30, 2009.

Ex. AA at 1.  As discussed above, Lead Plaintiff's response to this proposal is simply that it is "unacceptable."  Ex. BB.  Lead Plaintiff insists upon production of (1) "[a]ll communications by Steve Cox and/or Hani Yousef with Sun without limitation as to subject matter, but limited to the period comprised by the 2009 second and third quarters"; (2) "[a]ll communications by Yoda Yasunobu and/or

LIM, RUGER & KIM, LLP

Tommy Vogtman with Hitachi without limitation as to subject matter, but limited to the period comprised by the 2009 second and third quarters"; and (3) "[a]ll communications by Lorenzo Salhi with HP without limitation as to subject matter, but limited to the period comprised by the 2009 second and third quarters."  Ex. BB.

STEC's proposal narrows Lead Plaintiff's request only by limiting the subject-matter of its production to correspondence "<u>regarding purchases or sales of ZeusIOPS,</u>" rather than any subject matter.  Lead Plaintiff fails to explain why all communications sent by or to the specified custodians without any limitation whatsoever as to the subject matter of those communications is in any way relevant to this action to justify the tremendous burden of collecting, reviewing, and processing for production this volume of electronic documents and communications.  Lead Plaintiff also fails to explain why STEC's proposal is "unacceptable."  STEC remains willing to produce the documents specified above as soon as reasonably possible.

## III.   <u>REQUEST FOR PRODUCTION NO. 23</u>

### Lead Plaintiff's Request:

All documents relating to any sale of any product or service by STEC during STEC's 2009 second quarter, including, without limitation, every purchase order, side agreement or shipping document relating to any such sale.

### Defendant's Response:

Defendant specifically objects to this Request on the ground that the Request fails to identify the documents sought with reasonable particularity. Defendant further specifically objects to this Request insofar as it is vague, ambiguous, overly broad, and unduly burdensome, seeks documents that are irrelevant to the subject matter at issue in this case, and is outside the scope of permissible inquiry.  Defendant further specifically objects to this Request on the ground that it purports to call for the production of privileged information,

1 including, without limitation, information that constitutes attorney work product,

2 or information that is protected by the attorney-client privilege or any other

3 applicable privilege, rule of privacy or confidentiality, immunity, protection, or

4 restriction that makes such information otherwise non-discoverable.  In addition,

5 Defendant specifically objects to the extent this Request seeks trade secrets or

6 other sensitive and proprietary information.

### A.   Lead Plaintiff's Contentions

7

8       The Complaint alleges that Defendants inflated STEC's 2009 second quarter

9 reported revenue, *see* Ex. O, at 3, by, among other things, shipping defective or

10 unordered product so that unearned income could be reported, and by undisclosed

11 channel stuffing, ¶¶ 190-98.  Highly relevant to this claim are all documents

12 concerning, among other things, what products were shipped by STEC during the

13 2009 second quarter, whether the shipments matched prior purchase orders,

14 whether the shipments arrived at their destination during the second quarter,

15 whether payment was received during the second quarter, whether the revenue

16 recorded by STEC matched the amount billed, and whether the shipment later was

17 returned because, among other reasons, unordered or defective.

18       Following the meet and confer, in response to STEC's objections to this

19 request, Lead Plaintiff's letter to STEC narrowed the request as follows:

20       **Request No. 23** asks for all documents relating to any sale by STEC
        during STEC's 2009 second quarter.  You requested that we narrow
21      this request.  Therefore, without waiving its rights to obtain at another
        time a complete response to this request, Lead Plaintiff requests that,
22      for present purposes, STEC produce all documents regarding any
        sales made by STEC during the 2009 second quarter that were
23      provided by STEC to its outside auditor for its 2009 year end audit of
        STEC, plus all documents regarding sales by STEC during its 2009
24      second quarter, that were created, sent or received by Brandon Lucero
        (who, according to Mark Moshayedi, distributed a daily sales report),
25      any other person besides Brandon Lucero who distributed similar
26      reports (Mark Moshayedi testified that, at different times, different
        STEC employees distributed such reports), Mike Higa (senior vice

27

28

JOINT STIPULATION OF DISCOVERY DISPUTE IN
        CONNECTION WITH MOTION TO COMPEL

LIM, RUGER & KIM, LLP

1   president of finance) and Grace Lee (director of financial reporting).

2   Ex. L; *see* Ex. S (Mark Moshayedi's testimony regarding Lucero); Ex. P

3   (organization chart showing the job titles of Mike Higa and Grace Lee).

4   STEC responded to Lead Plaintiff's offer as follows:

5   Requests Nos. 23, 24, 25, 40 & 41.  Each of these Requests seeks
    documents regarding sales, revenues and/or shipments during the
6   second quarter of 2009, as these Requests are not reasonably
    calculated to lead to the discovery of admissible evidence.  STEC
7   accordingly will not produce additional documents responsive to
8   these requests beyond the voluminous documents that already have
    been produced in response to Plaintiff's First Set of Requests for
9   Production.

10

11  Ex. N.

12  STEC's response is utterly baseless and unacceptable.  Contrary to STEC's

13  assertion, even as originally phrased, this request is "calculated to lead to the

14  discovery of admissible evidence."

15  Moreover, as rephrased in Lead Plaintiff's letter, quoted, *supra*, the request

16  is finely particularized and substantially tailored to reduce any burden on STEC to

17  a minimum.  STEC is likely to have, or can obtain form its auditor, an actual copy

18  of the relevant information regarding the  2009 second quarter sales provided to its

19  auditor.  Still further, STEC is likely to have a work paper request list that it

20  received from its auditor, from which, if necessary, the information provided to

21  STEC's auditor easily could be reassembled.

22  In addition, for the reasons explained, *supra*, regarding the STEC employees

23  relevant to Request No. 21, a request for the relevant communications of Lucero,

24  Higa and Lee is not unduly burdensome.

25  Finally, STEC's reference to "voluminous documents that already have been

26  produced in response to Plaintiff's First Set of Requests for Production" is

27  misleading.  There is no evidence that the SEC investigation is concerned with

28  whether 2009 second quarter revenue was accurately reported.  Based on the SEC

LIM, RUGER & KIM, LLP

JOINT STIPULATION OF DISCOVERY DISPUTE IN
CONNECTION WITH MOTION TO COMPEL

subpoenas and depositions, any concern of the SEC regarding STEC's 2009 second quarter reported revenue has been limited to whether, prior to that revenue being reported, Defendants tipped friends or relatives regarding the content of the impending report.

Thus, the SEC subpoenas ask for documents regarding STEC's "announcement" of its quarterly results, Ex. T, or regarding drafts of the 10-Q that reported those results, Ex. U, but no request is made for information confirming or contradicting the truth of the results reported. Nor does STEC even assert that all responsive documents to Request No. 23, as narrowed by Lead Plaintiff's letter, quoted, *supra*, have been produced. In short, the production of even "voluminous" **non-responsive** documents cannot excuse STEC's failure to produce all documents that are **responsive** to a request that, like this one, is precisely tailored to one of the Complaint's fundamental claims.

## B.    Defendant's Contentions

STEC contends that Lead Plaintiff's request is overly broad, unduly burdensome and seeks documents regarding issues that are not relevant to this action. See Ex. J at 21. Remarkably, this request seeks "all documents" relating to "*any* sale of *any* product or service" during the second quarter of 2009. Lead Plaintiff's proposed "narrowing" of this request demands production of all documents regarding any sales during the second quarter of 2009 that were provided by STEC to its outside auditor, as well as documents regarding second quarter sales sent or received by three custodians. Ex. L at 4. This proposal hardly reduces the significant burden on STEC of collecting, reviewing, and producing this voluminous number of documents.

### 1.    Lead Plaintiff's Request Is Not Relevant to this Action and Will Not Lead to Admissible Evidence

Lead Plaintiff's request for a large number of documents relating to second quarter sales is particularly objectionable because these documents are not relevant

LIM, RUGER & KIM, LLP

to the key issues and allegations in this case.  In the Second Consolidated Amended Complaint ("SAC" or "Complaint"), Lead Plaintiff alleges only that STEC sent customers unwanted and defective product (SAC ¶¶ 192-93), and that STEC pressured customers to advance into the first quarter purchases that would not be needed until a later quarter (SAC ¶¶ 196-98).  Yet Lead Plaintiff does not allege that STEC improperly recognized revenue based on this purported conduct.  Indeed, Lead Plaintiff admits in the Complaint that STEC properly recognized that any product returns would reduce its revenue.  SAC ¶ 194.  Lead Plaintiff likewise does not allege that the market learned of this purported improper revenue recognition such that misstatements in revenue could have caused loss to investors.  Lead Plaintiff identifies nothing—no specific facts or documents—to support this theory other than the statements of 2 Confidential Witnesses.  And as this Court previously held, Lead Plaintiff cannot rely on Confidential Witnesses to assert accounting improprieties when they are "not alleged to have personal knowledge of the effects that the conduct they witnessed had on reported revenues."  Order Granting Defendants' Motion to Dismiss Plaintiff's Consolidated Amended Complaint ("January 10, 2011 Order") (Dkt No. 175) at 10.  Because the entirety of Lead Plaintiff's assertion that STEC shipped defective and unwanted products is based upon the statements of Confidential Witnesses who are not alleged to have personal knowledge regarding how this purported conduct bears upon STEC revenues accounting, any requests by Lead Plaintiff for accounting documents or sales and shipping records to support this utterly unfounded—and previously rejected—theory are not reasonably calculated to lead to admissible evidence and should be rejected.

　　　　Lead Plaintiff's request for documents related to any sale, shipment, or revenue in the second quarter of 2009—despite the absence of any viable allegations to support Lead Plaintiff's assertion that STEC improperly recorded revenue in the second quarter of 2009—is unjustified.  Lead Plaintiff's request

appears designed to enable Lead Plaintiff to double-check the work of STEC's

independent auditor in an attempt to find additional claims against STEC.  Such

discovery tactics are impermissible.  Lead Plaintiff's request reflects "a largely

groundless claim to simply take up the time of a number of other people, with the

right to do so representing an *in terrorem* increment of the settlement value, rather

than a reasonably founded hope that the [discovery] process will reveal relevant

evidence." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005) (quoting *Blue

Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741 (1975)).  Lead Plaintiff's

request to compel production of additional documents responsive to this request

should be rejected.

### 2.    Lead Plaintiff's Request Is Overbroad and Unduly Burdensome

Even assuming *arguendo* that some portion of Lead Plaintiff's request could

relate to properly pleaded allegations, the request remains dramatically overbroad

and unduly burdensome.  Lead Plaintiff does not limit its request to the customers

that allegedly received defective products, to the non-EMC customers that

allegedly account for the increase in second quarter 2009 revenue guidance, or

even to the ZeusIOPS drives that fueled the rise and fall of STEC's stock price.

Instead, Lead Plaintiff insists that STEC produce what amounts to nearly every

marketing, sales, accounting, and client relations documents from a period in

which STEC achieved $86.4 million in revenues—a massive number of documents

and significant amount of electronic data.  The documents Lead Plaintiff requests

are unrelated even to the broadest construction of its allegations in this action.

Lead Plaintiff's burdensome request for countless documents unrelated to the

claims the Court found to be adequately alleged, violate the spirit of the PSLRA

and "bring about the harm of the very sort the statutes seek to avoid." *Dura

Pharms.*, 544 U.S. at 347.

Furthermore, STEC already has produced a substantial number of

LIM, RUGER & KIM, LLP

1  documents responsive to this Request in response to Lead Plaintiff's First Sets of

2  Requests for Production of Documents by Defendants STEC, Manouch

3  Moshayedi, Mark Moshayedi and Raymond D. Cook ("First Requests"), including

4  daily sales and profit reports as well as shipping reports for IBM and EMC.  Lead

5  Plaintiff's contention that the documents STEC produced to the SEC pertain to

6  other topics is incorrect.  In fact, STEC's productions to the SEC—which STEC

7  also produced to Lead Plaintiff in this action—included *all* emails sent and

8  received by key STEC executives Manouch Moshayedi, Mark Moshayedi,

9  Raymond Cook, Mitch Gellman, Anthony Anvari, Bill Fahey, Luis Morales, and

10  others during the relevant time periods.  Moreover, some additional responsive

11  documents may be included with the productions STEC proposes in response to

12  Request Numbers 21, 22 and 49.  Lead Plaintiff contends that the production made

13  thus far is "unacceptable" and offers no explanation why STEC should incur the

14  burden and expense of producing voluminous additional, irrelevant documents.

15  **IV.   REQUEST FOR PRODUCTION NO. 24**

16       **Lead Plaintiff's Request:**

17       To the extent not produced in response to another request herein, all

18  documents relating to any shipment delivered by STEC to any customer during

19  STEC's 2009 second quarter.

20       **Defendant's Response:**

21       Defendant specifically objects to this Request on the ground that the

22  Request fails to identify the documents sought with reasonable particularity.

23  Defendant further specifically objects to this Request insofar as it is vague,

24  ambiguous, overly  broad, and unduly burdensome, seeks documents that are

25  irrelevant to the subject matter at issue in this case, and is outside the scope of

26  permissible inquiry.  Defendant further specifically objects to this Request on the

27  ground that it purports to call for the production of privileged information,

28  including, without limitation, information that constitutes attorney work product,

LIM, RUGER & KIM, LLP

JOINT STIPULATION OF DISCOVERY DISPUTE IN
CONNECTION WITH MOTION TO COMPEL

or information that is protected by the attorney-client privilege or any other applicable privilege, rule of privacy or confidentiality, immunity, protection, or restriction that makes such information otherwise non-discoverable.  In addition, Defendant specifically objects to the extent this Request seeks trade secrets or other sensitive and proprietary information.  Defendant further objects to this Request on the ground that it is duplicative, unduly burdensome and harassing, as it seeks information previously requested in Plaintiff's First Set of Requests for Production of Documents.

### A.   Lead Plaintiff's Contentions

Lead Plaintiff's contentions regarding Request No. 24 are essentially the same as its contentions, stated, *supra*, regarding Request No. 23, except that Lead Plaintiff's offer to narrow the request is slightly different.  Thus, Lead Plaintiff's letter to STEC stated the following:

> Request **No. 24** asks for all documents relating to any shipment delivered by STEC during the 2009 second quarter.  You requested that we narrow this request.   Therefore, without waiving its rights to obtain at another time a complete response to this request, Lead Plaintiff requests that, for present purposes, STEC produce all documents regarding any shipments made by STEC during the 2009 second quarter that were provided by STEC to its outside auditor for its 2009 year end audit of STEC, plus all documents regarding shipments by STEC during its 2009 second quarter, that were created, sent or received by Shane Mortazavi (vice president of operations), Brandon Lucero, or any other STEC employee who during the 2009 second quarter distributed reports—whether titled "sales and profits" or bearing some other title—similar to the reports distributed by Brandon Lucero.

Ex. L; Ex. P (showing Shane Mortazavi's job title).

### B.   Defendant's Contentions

Lead Plaintiff's contentions with respect to its Request Number 24 are the same as with respect to Request Number 23, above.  STEC's contentions regarding the irrelevance and unduly burdensome nature of Request Number 24 are likewise

LIM, RUGER & KIM, LLP

the same as its contentions regarding Request Number 23.

In any event, STEC has produced a substantial number of documents responsive to this Request in response to Lead Plaintiff's First Set of Requests for Production, including shipping reports for IBM and EMC.  Lead Plaintiff's contention that the documents STEC produced to the SEC pertain to other topics is incorrect.  In fact, STEC productions to the SEC—which STEC also produced to Lead Plaintiff in this action—included *all* emails sent and received by key STEC executives Manouch Moshayedi, Mark Moshayedi, Raymond Cook, Mitch Gellman, Anthony Anvari, Bill Fahey, Luis Morales, and others during the relevant time periods.  Moreover, some additional responsive documents may be included with the productions STEC proposes above in response to Request Numbers 21, 22 and 49.  Lead Plaintiff contends that the production made thus far is "unacceptable" and offers no explanation why STEC should incur the burden and expense of producing voluminous additional, irrelevant documents.

## V.   REQUEST FOR PRODUCTION NO. 25

**Lead Plaintiff's Request:**

All documents relating to any revenue reported by STEC for its 2009 second quarter.

**Defendant's Response:**

Defendant specifically objects to this Request on the ground that the Request fails to identify the documents sought with reasonable particularity. Defendant further specifically objects to this Request insofar as it is vague, ambiguous, overly broad, and unduly burdensome, seeks documents that are irrelevant to the subject matter at issue in this case, and is outside the scope of permissible inquiry.  Defendant further specifically objects to this Request on the ground that it purports to call for the production of privileged information, including, without limitation, information that constitutes attorney work product, or information that is protected by the attorney-client privilege or any other

LIM, RUGER & KIM, LLP

JOINT STIPULATION OF DISCOVERY DISPUTE IN CONNECTION WITH MOTION TO COMPEL

applicable privilege, rule of privacy or confidentiality, immunity, protection, or restriction that makes such information otherwise non-discoverable.  In addition, Defendant specifically objects to the extent this Request seeks trade secrets or other sensitive and proprietary information.

Subject to and without waiver of the foregoing objections, Defendant already has produced non-privileged documents within its possession, custody, or control responsive to this Request in response to Plaintiff's First Set of Requests for Production of Documents.  To the extent other responsive documents exist, Defendant objects to their production on the grounds set forth above.

A.    **Lead Plaintiff's Contentions**

Lead Plaintiff's contentions regarding Request No. 25 are essentially the same as its contentions, stated, *supra*, regarding Requests No. 23 and 24, except that Lead Plaintiff's offer to narrow this request is slightly different.  Thus, Lead Plaintiff's letter to STEC stated the following:

> Request **No. 25** asks for all documents relating to any revenue reported by STEC for its 2009 second quarter.  You requested that we narrow this request.  Therefore, without waiving its rights to obtain at another time a complete response to this request, Lead Plaintiff requests that, for present purposes, STEC produce all documents regarding any revenue reported by STEC for its 2009 second quarter, that were provided by STEC to its outside auditor for its 2009 year end audit of STEC, plus all documents regarding any revenue reported by STEC for its 2009 second quarter, that were created, sent or received by Mike Higa (senior vice president of finance) or Grace Lee (director of financial reporting).

Ex. L.

B.    **Defendant's Contentions**

Lead Plaintiff's contentions with respect to its Request Number 25 are the same as with respect to Request Number 23, above.  STEC's contentions regarding the irrelevance and unduly burdensome nature of Request Number 25 are likewise the same as its contentions regarding Request Number 23.

In any event, STEC has produced a substantial number of documents
responsive to this Request in response to Lead Plaintiff's First Set of Requests for
Production, including monthly consolidated financial statements as well as drafts
and email exchanges regarding STEC's 2009 second quarter earnings release.
Lead Plaintiff's contention that these documents, which STEC also produced to the
SEC, pertain to other topics not relevant to this action is incorrect.  In fact, STEC's
productions to the SEC—which STEC also produced to Lead Plaintiff in this
action—included *all* emails sent and received by key STEC executives Manouch
Moshayedi, Mark Moshayedi, Raymond Cook, Mitch Gellman, Anthony Anvari,
Bill Fahey, Luis Morales, and others during the relevant time periods.  Moreover,
some additional responsive documents may be included with the productions
STEC proposes above in response to Request Numbers 21, 22 and 49.  Lead
Plaintiff contends that the production made thus far is "unacceptable" and offers no
explanation why STEC should incur the burden and expense of producing
voluminous additional, irrelevant documents.

## VI.   REQUEST FOR PRODUCTION NO. 26

**Lead Plaintiff's Request:**

All documents relating to any revenue reported by STEC for its 2009 third
quarter.

**Defendant's Response:**

Defendant specifically objects to this Request on the ground that the
Request fails to identify the documents sought with reasonable particularity.
Defendant further specifically objects to this Request insofar as it is vague,
ambiguous, overly broad, and unduly burdensome, seeks documents that are
irrelevant to the subject matter at issue in this case, and is outside the scope of
permissible inquiry.  Defendant further specifically objects to this Request on the
ground that it purports to call for the production of privileged information,
including, without limitation, information that constitutes attorney work product,

LIM, RUGER & KIM, LLP

or information that is protected by the attorney-client privilege or any other applicable privilege, rule of privacy or confidentiality, immunity, protection, or restriction that makes such information otherwise non-discoverable.  In addition, Defendant specifically objects to the extent this Request seeks trade secrets or other sensitive and proprietary information.

Subject to and without waiver of the foregoing objections, Defendant already has produced non-privileged documents within its possession, custody, or control responsive to this Request in response to Plaintiff's First Set of Requests for Production of Documents.  To the extent other responsive documents exist, Defendant objects to their production on the grounds set forth above.

### A. <u>Lead Plaintiff's Contentions</u>

Lead Plaintiff's contentions regarding Request No. 26 are essentially the same as its contentions, stated, *supra*, regarding Requests No. 23, 24 and 25, except that Lead Plaintiff's offer to narrow this request is slightly different.  Thus, Lead Plaintiff's letter to STEC stated the following:

> Request **No. 26** asks for all documents relating to any revenue reported by STEC for its 2009 third quarter.  You requested that we narrow this request.  Therefore, without waiving its rights to obtain at another time a complete response to this request, Lead Plaintiff requests that, for present purposes, STEC produce all documents regarding any revenue reported by STEC for its 2009 third quarter, that were provided by STEC to its outside auditor for its 2009 year end audit of STEC, plus all documents regarding any revenue reported by STEC for its 2009 third quarter, that were created, sent or received by Mike Higa or Grace Lee.

Ex. L.

STEC's response to Lead Plaintiff's offer to narrow Request No. 26 differs from STEC's response to Lead Plaintiff's offers to narrow Requests No. 23, 24 and 25, only in that, in response to Lead Plaintiff's offer to narrow Request No. 26, STEC says that it will "meet and confer further with Plaintiff regarding a production of certain documents responsive to this Request and a narrowed subject

LIM, RUGER & KIM, LLP

JOINT STIPULATION OF DISCOVERY DISPUTE IN CONNECTION WITH MOTION TO COMPEL

1   matter." Ex. N.

2       STEC's response is nothing but an "evasive" disclosure that qualifies as "a

3   failure to disclose," under Rule 37(a)(4).  A production of "certain" responsive

4   documents is not sufficient, and the request already has been narrowed

5   substantially beyond what the discovery rules and the relevant authorities require.

6   **B.     Defendant's Contentions**

7       Lead Plaintiff seeks "all documents" from January 1, 2009 through June 30,

8   2010 relating to any revenue reported by STEC for its 2009 third quarter.  Since

9   virtually all of STEC's activities are related to earning revenues, this Request is

10  exceptionally broad and, if complied with, would require STEC to collect and

11  review a staggering number of emails from over 800 STEC employees during an

12  18-month period.  As stated in STEC's Responses and Objections to Lead

13  Plaintiff's Second Request, compliance with this Request would be unduly

14  burdensome.  Ex. J at 23.

15      Apparently recognizing that its Request was overbroad, Lead Plaintiff

16  agreed to narrow it by seeking "all documents regarding any revenue reported by

17  STEC for its 2009 third quarter, that were provided by STEC to its outside auditor

18  for its 2009 year end audit of STEC, plus all documents regarding any revenue

19  reported by STEC for its 2009 third quarter, that were created, sent or received by

20  Mike Higa or Grace Lee." Ex. L at 5.  STEC responded to Lead Plaintiff's

21  proposal by stating that it remained overbroad and unduly burdensome—*i.e.*, all

22  email correspondence for Mike Higa and Grace Lee during an eighteen-month

23  period and all email correspondence between STEC employees and its outside

24  auditor during an eighteen-month period.  Nevertheless, STEC stated that it would

25  undertake "additional good faith investigation for documents responsive to this

26  Request and [would] meet and confer further with [Lead] Plaintiff regarding a

27  production of certain documents responsive to this Request and a narrowed subject

28  matter." Ex. N at 5.  Stated differently, STEC communicated to Lead Plaintiff that

LIM, RUGER & KIM, LLP

JOINT STIPULATION OF DISCOVERY DISPUTE IN
CONNECTION WITH MOTION TO COMPEL

it was willing to discuss means by which responsive email correspondence could be collected and produced without requiring STEC to incur the undue burden of collecting and reviewing *all* of Mike Higa's and Grace Lee's emails within the requested time period. STEC's counsel expressed willingness to discuss this counter-proposal by telephone on January 4, 5, or 6, 2012. *Id*. at 7.

In response, Lead Plaintiff refused to engage in any further meet and confer discussions with STEC's counsel regarding this Request, in direct violation of Federal Rule of Civil Procedure 37(a) and Local Rule 37. Lead Plaintiff's improper refusal to participate in the meet and confer process notwithstanding, on January 12, 2012, STEC's counsel sent a letter to Lead Plaintiff's counsel explaining that STEC already has produced the vast majority of documents responsive to this Request in response to Lead Plaintiff's First Set of Requests for Production, including monthly consolidated financial statements as well as drafts and email exchanges regarding the earnings release for STEC's 2009 third quarter. Ex. AA at 2. The letter further explained that STEC is willing to produce the following in response to Request Number 26:

- Self-collected non-email responsive documents held by custodians Mike Higa and Grace Lee; and

- All emails held by custodians Mike Higa and Grace Lee regarding revenue reported by STEC for the third quarter of 2009 that were created, sent, or received by Mike Higa or Grace Lee during the period July 1, 2009 – October 31, 2009.

Lead Plaintiff has responded only that the proposed production in response to Request Number 26 is "unacceptable" with no further explanation. Ex. BB.

## VII. REQUEST FOR PRODUCTION NO. 36

### Lead Plaintiff's Request:

All documents relating to STEC's cost of revenues during the third and/or fourth quarters of 2009, including, without limitation, all documents relating to the

LIM, RUGER & KIM, LLP

31

1   composition of STEC's cost of revenues during the third and/or fourth quarters of

2   2009.

3   **Defendant's Response:**

4   Defendant specifically objects to this Request on the ground that the

5   Request fails to identify the documents sought with reasonable particularity.

6   Defendant further specifically objects to this Request insofar as it is vague,

7   ambiguous, overly broad, and unduly burdensome, seeks documents that are

8   irrelevant to the subject matter at issue in this case, and is outside the scope of

9   permissible inquiry.  Defendant further specifically objects to this Request on the

10  ground that it purports to call for the production of privileged information,

11  including, without limitation, information that constitutes attorney work product,

12  or information that is protected by the attorney-client privilege or any other

13  applicable privilege, rule of privacy or confidentiality, immunity, protection, or

14  restriction that makes such information otherwise non-discoverable.  Defendant

15  specifically objects to the extent this Request seeks trade secrets or other sensitive

16  and proprietary information.

17  Subject to and without waiver of the foregoing objections, Defendant

18  already has produced non-privileged documents within its possession, custody, or

19  control responsive to this Request in response to Plaintiff's First Set of Requests

20  for Production of Documents.  To the extent other responsive documents exist,

21  Defendant objects to their production on the grounds set forth above.

22  **A.   Lead Plaintiff's Contentions**

23  The Complaint alleges that Defendants' scienter for their alleged

24  misstatements regarding expected sales to the Other OEMs during the second half

25  of 2009 can be deduced from information showing that, prior to the second half of

26  2009, STEC ordered inventory approximately equal to STEC's cost of revenues in

27  the 2009 second half.  Ex. O, at ¶¶ 124-38.

28  In their motion to dismiss the Complaint, Defendants attempted to raise a

LIM, RUGER & KIM, LLP

JOINT STIPULATION OF DISCOVERY DISPUTE IN CONNECTION WITH MOTION TO COMPEL

fact issue regarding these allegations on the ground that, according to Defendants, STEC's cost of revenues is substantially comprised of other things besides cost of revenues.  *See* Ex. T.

Therefore, documents concerning the composition of STEC's cost of revenues are highly relevant to Lead Plaintiff's claim regarding the Other OEMs.

In Lead Plaintiff's letter to STEC, Lead Plaintiff offered to narrow this request as follows:

> **Request No. 36** asks for all documents relating to STEC's cost of revenues during the third and/or fourth quarters of 2009, including all documents relating to the composition of STEC's cost of revenues during the third and/or fourth quarters of 2009.  STEC's written response merely objected to this request.  I pointed out that, during the briefing on Defendants' motion to dismiss the Second Amended Complaint, the parties disputed the composition of STEC's cost of revenues during these quarters.  I also stated that, for present purposes, Lead Plaintiff was willing to limit this request to all documents created, used or received by STEC's finance/accounting department that reference, analyze, demonstrate or evidence STEC's cost of revenues during the third and/or fourth quarters of 2009, and/or the composition of STEC's cost of revenues during the third and/or fourth quarters of 2009.  You stated that you would inquire whether STEC would be willing to produce all such documents.

Ex. L.

STEC responded as follows:

> Request No. 36.  In your letter, and as discussed in our meet and confer conference, you state that Lead Plaintiff will limit this Request to "all documents created, used or received by STEC's finance/accounting department that reference, analyze, demonstrate or evidence STEC's cost of revenues" during the third and fourth quarters of 2009.  As I stated during our call, this Request remains significantly broad and unduly burdensome.  It also calls for the production of documents not relevant to the allegations of the complaint.  If Lead Plaintiff narrows this request to specific subjects and explains why this information is relevant, STEC will consider an appropriately tailored production of responsive documents.

LIM, RUGER & KIM, LLP

1   Ex. N.

2         Given that, during the briefing on Defendants' motion to dismiss the

3   Complaint, Defendants raised the issue to which this request responds, STEC's

4   request in its letter for an explanation as to why the documents requested are

5   "relevant" is disingenuous, and nothing more than an attempt to delay production.

6         Moreover, Lead Plaintiff already has offered to narrow this request

7   substantially, and STEC has not made any counter suggestion.  Therefore, STEC

8   should be compelled to produce documents responsive to the request as narrowed

9   in Lead Plaintiff's letter.

10        **B.    Defendant's Contentions**

11        Lead Plaintiff seeks "all documents" relating to STEC's cost of revenues

12   during the third and fourth quarters of 2009.  This Request is exceptionally broad

13   and, if complied with, would require STEC to collect and review a staggering

14   number of emails from over 800 STEC employees during an eighteen-month

15   period.  As stated in STEC's Responses and Objections to Lead Plaintiff's Second

16   Request, compliance with this Request would be unduly burdensome.  Ex. J at 31.

17        Documents responsive to this request also are irrelevant to this action and

18   their production unlikely to lead to admissible evidence.  *See id.* at 6.  Lead

19   Plaintiff asserts that STEC's inventory levels during the second half of 2009 show

20   that STEC did not expect increased sales of ZeusIOPS by other OEMs.  SAC ¶¶

21   124-38.  In support of this argument, Lead Plaintiff incorrectly contends that "cost

22   of revenues" equals the "inventory actually used in a given quarter."  *Id.*  Yet as

23   explained in the STEC Defendants' Motion to Dismiss the Second Amended

24   Consolidated Complaint, STEC's public filings make clear that its "cost of

25   revenues" consists of other components and does not simply represent the

26   "inventory actually used in a given quarter."  Dkt No. 184 at 19.  Additional

27   documents confirming this fact would add nothing to Lead Plaintiff's case.

28   Moreover, even if the "cost of revenues" equaled all the "inventory actually used

LIM, RUGER & KIM, LLP

JOINT STIPULATION OF DISCOVERY DISPUTE IN
CONNECTION WITH MOTION TO COMPEL

LIM, RUGER & KIM, LLP

in a given quarter," this information would not provide any insight into how much ZeusIOPS inventory STEC had on hand.

Apparently recognizing that its request was overbroad, Lead Plaintiff agreed to narrow this request by seeking "all documents created, used or received by STEC's finance/accounting department that reference, analyze, demonstrate or evidence STEC's cost of revenues during the third and/or fourth quarter of 2009, and/or the composition of STEC's cost of revenues during the third and/or fourth quarter of 2009." Ex. L at 6.  STEC responded to Lead Plaintiff's proposal by stating that it remained significantly broad and unduly burdensome—i.e., all email correspondence for nearly fifty individuals in STEC's finance/accounting department during an eighteen-month period.  Ex. N at 6.  STEC's counsel expressed willingness to discuss this counter-proposal by telephone on January 4, 5, or 6, 2012.  *Id.* at 7.

In response, Lead Plaintiff refused to engage in any further meet and confer discussions with STEC's counsel regarding this Request, in direct violation of Federal Rule of Civil Procedure 37(a) and Local Rule 37.  Lead Plaintiff's improper refusal to participate in the meet and confer process notwithstanding, on January 12, 2012, STEC's counsel sent a letter to Lead Plaintiff's counsel stating that STEC is presently collecting certain responsive documents, including reports relating to the composition of STEC's cost of revenues during the third and fourth quarters of 2009, which it will produce as soon as possible, but in any case not later than January 31, 2012.  Ex. AA at 2.  On January 16, Lead Plaintiff responded only that the proposed production in response to Request Number 36 is "unacceptable" with no further explanation.  Ex. BB.

## VIII.  REQUEST FOR PRODUCTION NO. 40

### Lead Plaintiff's Request:

All documents relating to any discount given to any STEC customer, in return for such customer advancing into the 2009 second quarter purchases that

1    such customer had planned to make in a later quarter.

2    **Defendant's Response:**

3    Defendant specifically objects to this Request on the ground that the

4    Request fails to identify the documents sought with reasonable particularity.

5    Defendant further specifically objects to this Request insofar as it is vague,

6    ambiguous, overly broad, and unduly burdensome, seeks documents that are

7    irrelevant to the subject matter at issue in this case, and is outside the scope of

8    permissible inquiry. Defendant further specifically objects to this Request on the

9    ground that it purports to call for the production of privileged information,

10   including, without limitation, information that constitutes attorney work product,

11   or information that is protected by the attorney-client privilege or any other

12   applicable privilege, rule of privacy or confidentiality, immunity, protection, or

13   restriction that makes such information otherwise non-discoverable. Defendant

14   specifically objects to the extent this Request seeks trade secrets or other sensitive

15   and proprietary information.

16   Subject to and without waiver of the foregoing objections, Defendant

17   already has produced non-privileged, responsive documents within its possession,

18   custody, or control responsive to this Request in response to Plaintiff's First Set of

19   Requests for Production of Documents. To the extent other responsive documents

20   exist, Defendant objects to their production on the grounds set forth above.

21   **A.   Lead Plaintiff's Contentions**

22   This request asks for documents relevant to the allegation in the Complaint

23   regarding channel stuffing.  Ex. O, ¶¶ 190-98.

24   In Lead Plaintiff's letter to STEC, Lead Plaintiff offered to narrow this

25   request as follows:

26   **Request No. 40** asks for all documents relating to any discount given
     to any STEC customer in return for such customer advancing into the

27   2009 second quarter purchases that such customer would have made,
     if at all, at a later time.  **Request No. 41** asks for all documents

28

JOINT STIPULATION OF DISCOVERY DISPUTE IN
CONNECTION WITH MOTION TO COMPEL

LIM, RUGER & KIM, LLP

LIM, RUGER & KIM, LLP

relating to any request that a STEC customer make a purchase in the 2009 second quarter that such customer would have made, if at all, at a later date.  STEC's written response to each of these requests stated that some, but not necessarily all, responsive documents had previously been produced.  Based on STEC's written responses to request nos. 21 and 22, I assume any such documents previously produced relate only to EMC or IBM.  Therefore, Lead Plaintiff requests that STEC now produce all non-privileged documents responsive to each of these requests that were created, sent or received by the STEC employees in charge of sales to Sun, HP, Hitachi or Cisco, including Steve Cox, Hani Yousef, Yoda Yasunobu, Tommy Vogtman and/or Lorenzo Salhi.  You stated that you would ask STEC whether all such documents would be produced.

Ex. L.

STEC responded to this offer in the same way that it responded to Lead Plaintiff's offer to narrow Request Nos. 23 24, and 25:

Requests Nos. 23, 24, 25, 40 & 41.  Each of these Requests seeks documents regarding sales, revenues and/or shipments during the second quarter of 2009, as these Requests are not reasonably calculated to lead to the discovery of admissible evidence.  STEC accordingly will not produce additional documents responsive to these requests beyond the voluminous documents that already have been produced in response to Plaintiff's First Set of Requests for Production.

Lead Plaintiff's contentions in regard to Request No. 41 are essentially the same as its contentions, stated, *supra*, regarding Requests 23, 24, 25 and 26.

**B.   Defendant's Contentions**

Lead Plaintiff's contentions with respect to its Request Number 40 are the same as with respect to Request Number 23, above.  STEC's contentions regarding the irrelevance and unduly burdensome nature of Request Number 40 are likewise the same as its contentions regarding Request Number 23.  Subject to these objections and STEC's objections as stated in its Responses and Objections to Lead Plaintiff's Second Set of Requests for Production, STEC has no responsive documents.

JOINT STIPULATION OF DISCOVERY DISPUTE IN CONNECTION WITH MOTION TO COMPEL

## IX.   REQUEST FOR PRODUCTION NO. 41

**Lead Plaintiff's Request:**

All documents relating to any request that a STEC customer make a purchase in the 2009 second quarter that such customer had planned to make, or, otherwise would have made, in a later quarter.

**Defendant's Response:**

Defendant specifically objects to this Request on the ground that the Request fails to identify the documents sought with reasonable particularity. Defendant further specifically objects to this Request insofar as it is vague, ambiguous, overly broad, and unduly burdensome, seeks documents that are irrelevant to the subject matter at issue in this case, and is outside the scope of permissible inquiry. Defendant further specifically objects to this Request on the ground that it purports to call for the production of privileged information, including, without limitation, information that constitutes attorney work product, or information that is protected by the attorney-client privilege or any other applicable privilege, rule of privacy or confidentiality, immunity, protection, or restriction that makes such information otherwise non-discoverable. Defendant specifically objects to the extent this Request seeks trade secrets or other sensitive and proprietary information.

Subject to and without waiver of the foregoing objections, Defendant already has produced non-privileged documents within its possession, custody, or control responsive to this Request in response to Plaintiff's First Set of Requests for Production of Documents. To the extent other responsive documents exist, Defendant objects to their production on the grounds set forth above.

### A.   **Lead Plaintiff's Contentions**

Lead Plaintiff's contentions regarding Request No. 41 are essentially the same as its contentions regarding Request No. 40.

LIM, RUGER & KIM, LLP

## B.    **Defendant's Contentions**

Lead Plaintiff's contentions with respect to its Request Number 41 are the same as with respect to Request Number 23, above.  STEC's contentions regarding the irrelevance and unduly burdensome nature of Request Number 41 are likewise the same as its contentions regarding Request Number 23.  Subject to these objections and STEC's objections as stated in its Responses and Objections to Lead Plaintiff's Second Set of Requests for Production, STEC has no responsive documents.

## X.    **REQUEST FOR PRODUCTION NO. 49**

**Lead Plaintiff's Request:**

All documents created, modified or used during the second or third quarters of 2009, relating to any communication between Lorenzo Salhi and HP or Cisco.

**Defendant's Response:**

Defendant specifically objects to this Request on the ground that the Request fails to identify the documents sought with reasonable particularity. Defendant specifically objects to this Request insofar as it is vague, ambiguous, overly broad, and unduly burdensome, seeks documents that are irrelevant to the subject matter at issue in this case, and is outside the scope of permissible inquiry. Defendant further specifically objects to this Request on the ground that it purports to call for the production of privileged information, including, without limitation, information that constitutes attorney work product, or information that is protected by the attorney-client privilege or any other applicable privilege, rule of privacy or confidentiality, immunity, protection, or restriction that makes such information otherwise non-discoverable.

## A.    **Lead Plaintiff's Contentions**

As part of Lead Plaintiff's claim that Defendants inflated STEC's 2009 second quarter reported revenue, the Complaint specifically alleges that, Lorenzo Salhi, STEC's V.P. of sales for Cisco and HP, *see* Ex. P, was involved in shipping

LIM, RUGER & KIM, LLP

JOINT STIPULATION OF DISCOVERY DISPUTE IN CONNECTION WITH MOTION TO COMPEL

1   defective products to, and channel stuffing with, HP and Cisco, and that other

2   similar incidents took place involving his customers and Defendant Manouch

3   Moshayedi.  Ex. O, at ¶¶ 190-93, 195-98.  Therefore, documents concerning

4   Salhi's communications with HP and Cisco during the 2009 second quarter are

5   highly relevant to Lead Plaintiff's claim concerning STEC's allegedly inflated

6   2009 second quarter reported revenue.[8]

7          Lead Plaintiff's letter to STEC following the meet and confer stated the

8   following:

9          Request **No. 49** asks for all communications during the 2009 second
10         or third quarters between Lorenzo Salhi (vice president of sales) and
           HP or Cisco.  STEC's written response simply objects to this request.
11         I pointed out that Lead Plaintiff insists on receiving a complete
12         response to this request.  The request is very specific and easy to
           satisfy.  Moreover, Salhi's communications with HP and Cisco
13         specifically have been put at issue by the Complaint.  You
14         acknowledged my statement and did not assert the existence of any
           reason that, even in your own mind, could justify a failure by STEC
15         to produce all non-privileged documents responsive to this request.

16  Ex. L.

17         STEC's letter responded as follows:

18         Request No. 49.  As an initial matter, you incorrectly state that during
19         our meet and confer conference, I "did not assert the existence of any
           reason that, even in your own mind, could justify a failure by STEC
20         to produce all non-privileged documents responsive to this request."
           In fact, during our call, I simply noted your Request and indicated I
21         would have to discuss this Request internally.  I did not state or
22         suggest that there is no justification for refusal to produce these
           documents.  To the contrary, this request is overly broad and unduly
23         burdensome.  Moreover, this Request calls for the production of a
24

25  _____
    [8] Such communications during the 2009 third quarter are relevant because of,
26  among other things, what they may show regarding returns of defective products,
    a drop in purchases resulting from the customers having advanced their purchases
27  into the second quarter, or simply because such communications may help to
    identify or clarify relevant communications during the second quarter.
28

JOINT STIPULATION OF DISCOVERY DISPUTE IN
CONNECTION WITH MOTION TO COMPEL

LIM, RUGER & KIM, LLP

1  substantial number of documents, regarding facts that are not relevant
2  to the allegations of the complaint.  If Lead Plaintiff narrows this
3  request to specific subjects and explains why this information is
   relevant, STEC will consider an appropriately tailored production of
4  responsive documents.

5  Ex. N.

6      STEC's response is nothing but an evasive delaying tactic.  Contrary to the

7  assertions in STEC's letter, the requested documents clearly are relevant, and the

8  request is not burdensome—for the same reasons as stated, *supra*, in Lead

9  Plaintiff's contentions regarding Request No. 21.

10     **B.**    **Defendant's Contentions**

11     Lead Plaintiff seeks all documents created, modified, or used during the

12 second and third quarters of 2009 relating to "any communications between

13 Lorenzo Salhi and HP or Cisco."  This Request is excessively broad and, if

14 complied with, would require STEC to collect and review a large number of emails

15 between Salhi and these two customers during the six month period April 1, 2009

16 to September 30, 2009.  As stated in STEC's Responses and Objections to Lead

17 Plaintiff's Second Request and in its meet and confer correspondence with Lead

18 Plaintiff, compliance with this Request would be unduly burdensome.  Ex. J at 40,

19 Ex. N at 6.

20     Moreover, these documents are not relevant to this action.  Lead Plaintiff

21 contends that Salhi's communications with HP and Cisco are relevant to its claim

22 that STEC engaged in shipment of defective products and channel stuffing in the

23 second quarter of 2009.  To the contrary, as discussed above, Lead Plaintiff's

24 allegations regarding inflated second quarter 2009 revenue are meritless and are

25 not relevant to the claims in this action.  *See supra* at 21-23.

26     Nevertheless, in its December 22, 2011 letter STEC stated that "if [Lead]

27 Plaintiff narrows this request to specific subjects and explains why this information

28 is relevant, STEC will consider an appropriately tailored production of responsive

LIM, RUGER & KIM, LLP

JOINT STIPULATION OF DISCOVERY DISPUTE IN
CONNECTION WITH MOTION TO COMPEL

documents." Ex. N. at 6.  Lead Plaintiff did not respond to this proposal.  In a further effort to meet and confer, on January 12, 2012, STEC's counsel sent a letter to Lead Plaintiff stating that STEC is willing to produce the following in response to Request Number 49:

- All emails held by custodian Lorenzo Salhi regarding purchases or sales of ZeusIOPS sent to, or received from HP or Cisco during the period April 1, 2009 – September 30, 2009.

Ex. AA at 2.  Lead Plaintiff has responded only that the proposed production in response to Request Number 49 is "unacceptable" with no further explanation. Ex. BB.

LIM, RUGER & KIM, LLP

JOINT STIPULATION OF DISCOVERY DISPUTE IN CONNECTION WITH MOTION TO COMPEL

**IT IS SO STIPULATED.**

DATED: January 18, 2012

LATHAM & WATKINS LLP

By:  /s/ Colleen C. Smith
     Colleen C. Smith
     Attorneys for Defendant

DATED: January 10, 2012

LABATON SUCHAROW LLP

By:  /s/ Richard T. Joffe
     Thomas A. Dubbs
     James W. Johnson
     Richard T. Joffe
     Thomas G. Hoffman, Jr.

     LITE DePALMA GREENBERG, LLC
     Allyn Z. Lite
     Bruce D. Greenberg
     Katrina Carroll

     LIM, RUGER & KIM, LLP
     Christopher Kim
     Lisa J. Yang

     Attorneys for Lead Plaintiff

LIM, RUGER & KIM, LLP

43