## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 09-01304-JVS (MLGx)** <br> consolidated with SACV 09-1306-JVS(MLGX; SACV 09-1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx): and CV 09-8536-JVS(MLGx) | Date | March 7, 2012 |

| | |
|---|---|
| Title | **In re Stec Inc. Securities Litigation** |

Present: The Honorable    James V. Selna

| Karla Tunis / Adrianna Gonzalez | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**    [IN CHAMBERS]  Order DENYING  the Motion for Class Certification and the Motion to Intervene


Lead Plaintiff State of New Jersey, Department of Treasury, Division of Investment ("Lead Plaintiff" or "New Jersey") and International Brotherhood of Electrical Workers, Local 103 ("Local 103") (collectively, "Plaintiffs"), on behalf of themselves and others similarly situated, move for class certification and appointment of lead counsel, pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(3), and 23(g). (Pls.' Mot. Br., Docket No. 218.)  Defendants Manouch Moshayedi, Mark Moshayedi, and Raymond Cook (collectively, the "Officer Defendants") and STEC, Inc. ("STEC") (together, "Defendants") oppose the Motion.  (Defs.' Opp. to Class Cert., Docket No. 233.)  Additionally, the West Virginia Laborers' Trust Fund ("West Virginia Laborers") move for leave to intervene in this action regarding Plaintiffs' Motion for Class Certification, pursuant to Federal Rule of Civil Procedure 24(a).  (Mot. to Intervene, Docket No. 231.)  Both Plaintiffs and Defendants oppose the Motion to Intervene.  (Pls.' Opp. to Mot. to Intervene, Docket No. 249; Defs.' Opp. to Mot. to Intervene, Docket No. 252.)  For the following reasons, the Motion for Class Certification and the Motion to Intervene are DENIED.


I.    Background

Plaintiffs bring this putative securities class action against Defendants on behalf of themselves and other investors who purchased or otherwise acquired STEC common stock between June 16, 2009 and February 23, 2010, inclusive (the "Class Period"). (Second Am. Compl. ("SAC") ¶¶ 2, 22-24.)  Plaintiffs allege that Defendants violated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   **SACV 09-01304-JVS (MLGx)**              Date   March 7, 2012
consolidated with SACV 09-1306-JVS(MLGX; SACV 09-
1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV
09-1460-JVS(MLGx): and CV 09-8536-JVS(MLGx)

Title   **In re Stec Inc. Securities Litigation**

federal securities laws in connection with false statements and omissions that
dramatically inflated STEC's stock price and ultimately caused the stock price to collapse
when the truth of the misstatements and omissions was disclosed.

STEC manufactures data storage devices, including solid-state drives ("SSDs,"
also known as "flash drives"), for computer systems.  (SAC ¶¶ 3-4.) STEC's flagship
product is the ZeusIOPS, a high-performance SSD advertised by STEC as able to access
stored data at much faster speeds than other SSDs due to its proprietary architecture.  (Id.
¶ 5.)  STEC introduced ZeusIOPS in 2007.  (Id. ¶ 26.)   STEC's customers include
original equipment manufacturers ("OEMs"), such as EMC, IBM, Hitachi, Hewlett-
Packard, and Sun Microsystems.  (Id. ¶ 3.)

Manouch and Mark Moshayedi, along with their brother Mike Moshayedi, founded
STEC, then named Simple Technology, Inc., in 1990.  (Id. ¶ 26.)  At the beginning of the
Class Period, Manouch and Mark held a combined 45% of the company's stock.  (Id. ¶
7.)  At all relevant times, Manouch Moshayedi was STEC's Chief Executive Officer
("CEO") and Chairman of the Board of Directors  (id. ¶ 6); Mark Moshayedi was STEC's
Chief Operating Officer ("COO"), Chief Technical Officer ("CTO"), President, and
Secretary, as well as a member of its Board of Directors and Equity Awards Committee
(id.); and Raymond D. Cook was STEC's Chief Financial Officer ("CFO") and Principal
Accounting Officer  (id. ¶ 30).

Plaintiffs allege that during the Class Period, Defendants issued or caused to be
issued materially untrue statements and made omissions that created an inflated
impression of STEC's revenue growth and of conditions seeming to ensure short- and
long-term continuation and acceleration of STEC's revenue growth.  (Id. ¶ 8.)  Plaintiffs
allege that Defendants made the following misrepresentations: (a) that an agreement
("EMC Agreement") between STEC and EMC, STEC's largest customer, for a huge
volume of purchases in the second half of 2009 was an ordinary course contract caused
by EMC's increased supply requirements, such that purchases of similar volume could be
expected on a recurring basis; (b) that as of August 2009, STEC was expecting the
volume of purchases by its other large customers ("other OEMs") to increase during the
second half of 2009; (c) that as part of the expected increase in purchases by other OEMs
during the second half of 2009, STEC expected IBM to transition to a much higher

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 09-01304-JVS (MLGx)** | Date | March 7, 2012 |
|---|---|---|---|
| | consolidated with SACV 09-1306-JVS(MLGX; SACV 09-1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx): and CV 09-8536-JVS(MLGx) | | |

| Title | **In re Stec Inc. Securities Litigation** |
|---|---|

volume of purchases; (d) that as of September 2009, other OEMs would have been willing and able to replace EMC as the purchaser under the EMC Agreement or purchase a similar amount of ZeusIOPS under a similar agreement; and (e) that Defendants artificially inflated second quarter 2009 revenue projections and reported revenues.  (Id. ¶ 9.)  Plaintiffs allege that the effect of these false statements and omissions was to dramatically inflate the price of STEC's stock during the second and third quarters of 2009.  (Id. ¶ 10.)

On August 3, 2009, STEC announced that it would issue a secondary offering of stock ("Offering") comprised entirely of stock held personally by Manouch and Mark Moshayedi.  (Id. ¶ 11.)  On August 11, 2009, Manouch and Mark Moshayedi sold more than 50% of their STEC stock in the Offering, receiving a total of $267.8 million for their shares.  (Id. ¶ 12.)  The Offering was the biggest insider stock liquidation in STEC's history.  (Id. ¶ 13.)

Plaintiffs allege that the truth about Defendants' misrepresentations became public through partial corrective disclosures that caused stock prices to plummet by 39% on November 4, 2009 and by 23% on February 24, 2010.  (Id. ¶¶ 232, 251.)  After the market closed on November 3, 2009, STEC disclosed that the EMC Agreement was not an ordinary course contract indicative of purchases expected to recur, that sales to the other OEMs were not expected to increase during the second half of 2009, that IBM would not commence volume production in the second half of 2009, and that no customer could purchase ZeusIOPS at volumes similar to those being purchased by EMC under the EMC Agreement.  (Id. ¶¶ 233, 238, 244, 248.)  After the market closed on February 23, 2010, STEC disclosed that it did not expect any meaningful production orders from EMC during the first half of 2010, that sales of ZeusIOPS to customers other than EMC during the second half of 2009 were far below that of the first half of 2009 and were not expected to recover in the first quarter of 2010, that STEC did not expect IBM to commence volume production at any specific time in the future, that no customer was capable of duplicating the kind of purchasing made by EMC under the EMC Agreement, and that revenue guidance for the first quarter of 2010 was far below investors' expectations because revenue for the preceding several quarters had been inflated.  (Id. ¶¶ 252, 256, 259, 262, 265.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 09-01304-JVS (MLGx)** | Date | March 7, 2012 |
|---|---|---|---|
| | consolidated with SACV 09-1306-JVS(MLGX; SACV 09-1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx): and CV 09-8536-JVS(MLGx) | | |

| Title | **In re Stec Inc. Securities Litigation** |
|---|---|

In the SAC, Plaintiffs assert causes of action for violations of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78a et seq., and the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77a et seq. The Exchange Act claims are asserted against STEC and the Officer Defendants. Specifically, the claims for violations of section 10(b) and Rule 10b-5 are asserted against STEC and the Officer Defendants; the claim for violation of section 20(a) is asserted against the Officer Defendants; and the claim for violation of section 20A is asserted against Manouch Moshayedi and Mark Moshayedi. The Securities Act claims are asserted against STEC, the Officer Defendants, Rajat Bahri,[1] and the Underwriter Defendants.[2]

Plaintiffs filed the SAC on February 22, 2011, bringing causes of action against Defendants and the Underwriter Defendants. Defendants and the Underwriter Defendants moved to dismiss the SAC. (Defs.' MTD, Docket No. 184; Underwriter Defs.' MTD, Docket No. 182.) On June 17, 2011, the Court dismissed the Underwriter Defendants from this action. The Court also dismissed Plaintiffs' Securities Act claims without prejudice, finding that Plaintiffs lacked standing to bring the Securities Act claims because no named Plaintiff purchased stock "traceable to" the Offering. (Order re MTD SAC 21-22.) The Court denied Defendants' Motion to Dismiss Plaintiffs' Exchange Act claims. (Id.)

Plaintiffs seek certification of the following class:

All persons and entities that, between June 16, 2009 and February 23, 2010, inclusive (the "Class Period"), purchased or otherwise acquired the publicly traded common stock of STEC, Inc., and were damaged thereby (the "Class"). Excluded from the Class are the Defendants; the members of the immediate families of the Individual Defendants; the subsidiaries and affiliates of Defendants' any person who is an

---

[1] Mr. Bahri is no longer a party to this action because the Securities Claims have been dismissed. (Order re MTD SAC, Docket No. 200.) Further, Plaintiffs have not sought to certify a class against Mr. Bahri. (Pls.' Mot. Br. 1.)

[2] The "Underwriter Defendants" are Barclays Capital Inc., Deutchse Bank Securities Inc., JP Morgan Securities Inc., and Oppenheimer & Co., Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   **SACV 09-01304-JVS (MLGx)**          Date   March 7, 2012
consolidated with SACV 09-1306-JVS(MLGX; SACV 09-1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx): and CV 09-8536-JVS(MLGx)

Title   **In re Stec Inc. Securities Litigation**

officer, director, partner or controlling person of STEC or any other Defendant; any entity in which any Defendant has a controlling interest; and the legal representative, heirs, successors and assigns of any such excluded person or entity.

(Proposed Order Granting Pls.' Mot. for Class Cert., Docket No. 218-5.)

II.   Legal Standard

A motion for class certification involves a two-part analysis.  First, Plaintiffs must demonstrate that the proposed class satisfies the requirements of Rule 23(a): (1) the members of the proposed class must be so numerous that joinder of all claims would be impracticable; (2) there must be questions of law and fact common to the class; (3) the claims or defenses of the representative parties must be typical of the claims or defenses of absent class members; and (4) the representative parties must fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

Second, a plaintiff must meet the requirement for at least one of the three subsections in Rule 23(b).  Plaintiffs asserts that the putative class meets the requirements for Rule 23(b)(3), which provides that a class may be maintained where common questions of law and fact predominate over questions affecting individual members and where a class action is superior to other means to adjudicate the controversy.

Plaintiffs bear the burden of demonstrating that Rules 23(a) and (b) are satisfied.   See Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1186 (9th Cir. 2001), amended by 273 F.3d 1266 (9th Cir. 2001).  The Court must rigorously analyze whether the prerequisites of Rule 23 are met.  Gen. Tel. Co. v. Falcon, 457 U.S. 147, 161 (1982).  While the Court's analysis must be rigorous, Rule 23 confers to the district court "broad discretion to determine whether a class should be certified, and to revisit that certification throughout the legal proceedings before the court."  Armstrong v. Davis, 275 F.3d 849, 872 n. 28 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 09-01304-JVS (MLGx)** | Date | March 7, 2012 |
| | consolidated with SACV 09-1306-JVS(MLGX; SACV 09-1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx): and CV 09-8536-JVS(MLGx) | | |

| | |
|---|---|
| Title | **In re Stec Inc. Securities Litigation** |

The district court need only form a "reasonable judgment" on each certification requirement "[b]ecause the early resolution of the class certification question requires some degree of speculation."  Gable v. Land Rover N. Am., Inc., 2011 U.S. Dist. LEXIS 90774, at *9 (C.D. Cal. July 2011) (quoting In re Citric Acid Antitrust Litigation, 1996 U.S. Dist. LEXIS 16409 at * 2 (N.D. Cal. Oct. 1996)); see also Blackie v. Barrack, 524 F.2d 891, 901 n.17 (9th Cir. 1975).  The court must take the substantive allegations of the complaint as true, "thus necessarily making the class order speculative in the sense that the plaintiff may be altogether unable to prove his allegations."  Gable, 2011 U.S. Dist. LEXIS 90774, *9.  Moreover, the court cannot inquire into the merits of a suit to determine whether it may be maintained as a class action.  Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177 (1974).

III.    Discussion

        Plaintiffs assert that the Class should be certified pursuant to Rule 23(a) and Rule 23(b)(3).  The Court considers each requirement in turn.

        **A.    Rule 23(a)**

        The Court considers the basic certification requirements under Rule 23(a). Defendants do not explicitly contest that Plaintiffs have met the numerosity, commonality, or typicality requirements of Rule 23(a).  Rather, Defendants argue that Plaintiffs fail to meet the adequacy requirement because they have not presented a class representative who has standing to bring Plaintiffs' Securities Act claims.

            1.    Numerosity

        Rule 23(a)(1) requires that the class be so numerous as to make joinder of all class members "impracticable."  Defendants do not seem to contest this issue. There is no fixed number of class members that compels or precludes class certification, and "the exact size of the class need not be known so long as general knowledge and common sense indicate that it is large."  Perez-Funez v. Dist. Dir.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 09-01304-JVS (MLGx)** | Date | March 7, 2012 |
| | consolidated with SACV 09-1306-JVS(MLGX; SACV 09-1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx): and CV 09-8536-JVS(MLGx) | | |

| | |
|---|---|
| Title | **In re Stec Inc. Securities Litigation** |

I.N.S., 611 F. Supp. 990, 995 (C.D. Cal. 1984) (internal quotations omitted).  In this case, the SAC alleges that "[a]s of November 2, 2010, [STEC] had nearly 51 million shares of common stock outstanding" (SAC ¶ 27), that the stock was traded on NASDAQ throughout the Class Period (id.), and that there are "hundreds or thousands" of Class members (id. ¶ 277).  Given the large number of putative Class members, the Court finds that joinder would be impracticable.

Accordingly, the numerosity requirement is satisfied.

2.    Commonality

Rule 23(a)(2) requires that questions of law or fact be common to the class. "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class."  Hanlon v. Chrysler Corp., 140 F.3d 1011, 1019 (9th Cir. 1998).  A common question "must be of such a nature that it is capable of classwide resolution – which means that the determination of its truth or falsity will resolve an issue that is central to the validity of each of the claims in one stroke."  Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551 (2011).

Here, the commonality requirement is satisfied because this action involves a common core of salient facts as well as common questions of fact and law.  The common questions include (1) whether Defendants' acts and omissions violated federal securities laws; (2) whether Defendants' SEC filings, press releases, and other public statements made to the investing public during the Class Period contained material misstatements or omissions; and (3) whether the Class members have sustained damages as a result of Defendants' conduct, and if so, the proper measure of damages.  Underlying each of these questions is a common nucleus of operative facts pertaining to Defendants' alleged misrepresentations and omissions that caused Class members to purchase STEC's securities at inflated prices.  That the claims can be largely resolved by analyzing Defendants' conduct rather than looking to the individual Class members' conduct militates in favor of finding commonality.  Galvan v. KDI Distrib., Inc., 2011 WL 5116585, *6 (C.D. Cal. Oct. 25, 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 09-01304-JVS (MLGx)** | Date | March 7, 2012 |
|---|---|---|---|
| | consolidated with SACV 09-1306-JVS(MLGX; SACV 09-1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx): and CV 09-8536-JVS(MLGx) | | |

| Title | **In re Stec Inc. Securities Litigation** |
|---|---|

Accordingly, the commonality requirement is satisfied.

      3.   <u>Typicality</u>

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Under the "permissive standards" of this Rule, "representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." <u>Hanlon</u>, 150 F.3d at 1020.

In this case, the typicality requirement is met because New Jersey, like the putative Class members, alleges that it purchased shares of STEC common stock during the Class Period and that it was damaged by Defendants' public misrepresentations and omissions related to the value of that stock. (SAC ¶ 17.) Additionally, the typicality requirement is satisfied for Local 103 as a representative Plaintiff for those Class members with claims under Section 20A of the Exchange Act. (SAC ¶¶ 298-303.) Both Local 103 and putative Class members allegedly purchased STEC common stock at or about the time that Defendants Manouch and Mark Moshayedi sold STEC common stock at inflated prices. (<u>Id.</u> ¶ 299.) Thus, Local 103's claims are typical of the putative Class member's claims.

      4.   <u>Adequacy</u>

Rule 23(a)(4) requires that the representative party "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "This requirement is grounded in constitutional due process concerns: 'absent class members must be afforded adequate representation before entry of a judgment which binds them.'" <u>Evans</u> v. <u>IAC/Interactive Corp.</u>, 244 F.R.D. 568, 578 (C.D. Cal. 2007) (quoting <u>Hanlon</u>, 150 F.3d at 1020). Representation is adequate if (1) the named plaintiffs and their counsel are able to prosecute the action vigorously and (2) the named plaintiffs do not have conflicting interests with the unnamed class members. <u>Lerwill</u> v. <u>Inflight Motion Pictures, Inc.</u>, 582 F.2d 507, 512 (9th Cir. 1978). The named plaintiffs and their counsel must have "the zeal and competence" necessary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    **SACV 09-01304-JVS (MLGx)**                    Date    March 7, 2012
           consolidated with SACV 09-1306-JVS(MLGX; SACV 09-
           1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV
           09-1460-JVS(MLGx): and CV 09-8536-JVS(MLGx)

Title      **In re Stec Inc. Securities Litigation**

to prosecute the action.  <u>Fendler</u> v. <u>Westgate-California Corp.</u>, 527 F.2d 1168,
1170 (9th Cir. 1975).

       Proposed class representatives have a conflict of interest with the absent
putative class members if they do not have standing to or refuse to assert certain
claims that may be available and advantageous to the absent putative class
members.[3]  <u>See Lierboe</u> v. <u>State Farm. Mut. Auto Ins. Co.</u>, 350 F.3d 1018, 1022-23
(9th Cir. 2003) (finding that class representatives must have standing to bring all
claims held by the putative class to which they belong and which they purport to
represent); <u>W. States Wholesale</u> v. <u>Synthetic Indus.</u>, 206 F.R.D. 271, 277 (C.D.
Cal. 2002) (holding that a class representative is inadequate if he abandons
particular remedies to the detriment of the class); <u>Drimmer</u> v. <u>WD-40 Co.</u>, 2007
U.S. Dist. LEXIS 62582, *7-8 (S.D. Cal. Aug. 24, 2007) (finding class
representative inadequate because he abandoned particular remedies to the
detriment of the putative class members, and class members would be precluded by
the doctrine of res judicata from asserting those claims in the future); <u>Kruger</u> v.
<u>Wyeth, Inc.</u>, 2008 U.S. Dist. LEXIS 12236, *11 (S.D. Cal. Feb. 19, 2008) (finding
class representative inadequate because the class was open to those who had
suffered personal injuries, but the class representative did not pursue personal
injuries damages claims, thus prejudicing the class).  For example, a class
representative from a state that did not recognize stigma damages sought
certification of a nationwide class action against an insurance company, but
defined the class to exclude any claims for stigma damages.  <u>Fosmire</u> v.
<u>Progressive Max Ins. Co.</u>, 2011 U.S. Dist. LEXIS 117366, *26-27 (W.D. Wash
Oct. 11, 2011).  By attempting to claim split, the class representative created a
conflict of interest between herself and the putative class members from states that
recognized stigma damages.  Given this conflict of interest and the fact that
putative class members would be precluded by the doctrine of res judicata from

---

       [3] Some courts articulate this issue as a "typicality" problem under Rule 23(a)(3), <u>see e.g.</u>, <u>Franze</u>
<u>v. Equitable Assurance</u>, 296 F.3d 1250 (11th Cir. 2002) (reasoning that "[w]ithout individual standing to
raise a legal claim, a named representative does not have requisite typicality to raise the same claim on
behalf of the class"); however, many courts in the Ninth Circuit address a class representative's standing
as an "adequacy" issue, and thus this Court analyzes the issue under Rule 23(a)(4).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 09-01304-JVS (MLGx)**<br>consolidated with SACV 09-1306-JVS(MLGX; SACV 09-1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx): and CV 09-8536-JVS(MLGx) | Date | March 7, 2012 |

| | |
|---|---|
| Title | **In re Stec Inc. Securities Litigation** |

pursuing stigma damages in another lawsuit, the class representative was found to be inadequate.  Id.; see also Sanchez v. Wal Mart Stores, Inc., 2009 U.S. Dist. LEXIS 48428, *10 (E.D. Cal. May 28, 2009) (finding that a "strategic claim-splitting decision" created a conflict of interest between the class representative and the putative class).  Accordingly, the court must "consider carefully the requirement of fair and adequate protection in view of the serious consequences of res judicata in class actions."  Gibson v. Supercargoes & Checkers of Int'l Longshoremen's & Warehousemen's Union, 543 F.2d 1259, 1265 n. 8 (9th Cir. 1976); accord In re Teflon Prods. Liab. Litig., 254 F.R.D. 354, 368 (S.D. Iowa 2008) (concluding that representative was inadequate because "any possibility that a subsequent court could determine that [unasserted] claims . . . were barred by res judicata prevents the named plaintiffs' interests from being fully aligned with those of the class").

        In this case, the proposed Class Representatives are inadequate because they seek to certify a Class that includes individuals who may have claims under the Securities Act, but the Class Representatives do not have standing to bring those claims.  Plaintiffs argue that the Class Representatives' lack of standing to bring Securities Act claims does not create an impermissible class conflict because the PSLRA does not require that the lead plaintiffs have standing to assert all class claims.  (Pls.' Reply in Support of Class Cert. 4-5, Docket No. 256, citing In re Global Crossing, Ltd. Sec. Litig., 313 F. Supp. 2d 189, 204 (S.D.N.Y. 2003).)  However, in In re Global Crossing, the court did not abandon the requirement that a class representative have standing to bring claims on behalf of the class; rather, the court found that "[i]n conducting the lawsuit on behalf of all class members . . . Lead Plaintiffs have a responsibility to identify and include named plaintiffs who have standing to represent the various potential subclasses of plaintiff [sic] who may be determined, at the class certification stage, to have distinct interests or claims."  Id. at 205 (emphasis supplied).  Thus, while the individual "lead plaintiff" in a securities action under the PSLRA need not have standing to bring all claims asserted in a class action complaint, at the class certification stage, the lead plaintiff must identify and include named plaintiffs who have standing to bring all the claims asserted.  Id.; accord In re Country Fin. Corp. Sec. Litig., 588 F. Supp. 2d 1132, 1157 (C.D. Cal. 2008) (finding that PSLRA does not require lead plaintiff to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   **SACV 09-01304-JVS (MLGx)**                    Date    March 7, 2012
consolidated with SACV 09-1306-JVS(MLGX; SACV 09-
1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV
09-1460-JVS(MLGx): and CV 09-8536-JVS(MLGx)

Title   **In re Stec Inc. Securities Litigation**

have standing to assert all claims of class <u>so</u> <u>long</u> <u>as</u> they "identify and include named plaintiffs who have standing" (quoting <u>In</u> <u>re</u> <u>Global</u> <u>Crossing</u>, 313 F. Supp. 2d at 205)).  Because neither New Jersey nor Local 103 have standing to bring Securities Claims, and because they have not identified named plaintiffs who have standing to bring these claims, they cannot adequately represent the interests of the Class.[4]

Though Plaintiffs maintain that they can assert the Securities Claims on behalf of a proposed Class, they also argue that a class representative is not required to "assert every claim that class members might bring based on the relevant facts."  (Pls.' Reply Br. in Support of Class Cert. 4, citing <u>In</u> <u>re</u> <u>Universal</u> <u>Fund</u> <u>Tel.</u> <u>Billing</u> <u>Prac.</u> <u>Litig.</u>, 219 F.R.D. 661, 670 (D. Kan. 2004).)  However, in <u>In</u> <u>re</u> <u>Universal</u>, the class representative was adequate despite his failure to assert a fraud claim because the fraud claim "probably was not certifiable," the class representative pursued all other damages claims, and it was clear that the class representative was not pursuing "relatively insignificant claims while jeopardizing the ability of the class members to pursue far more substantial, meaningful claims." 219 F.R.D. at 669-670.  The <u>In</u> <u>re</u> <u>Universal</u> court contrasted the case at bar with those cases "where the class representative had left aside the far stronger claims for monetary damages and sought to have the weaker claims certified, for dubious strategic purposes."  <u>Id.</u> at 669.

---

[4] Plaintiffs also cite a securities case in which a named plaintiff who had standing to bring Section 11 claims but not Section 12(a)(2) claims was found to be an adequate representative for class members asserting either Securities Act claim; however, in that case, at least one named plaintiff also had standing to assert the Section 12(a)(2) claims.  <u>In re WorldCom, Inc. Sec. Litig.</u>, 219 F.R.D. 267, 283 (S.D.N.Y. 2003).  Thus, collectively, the named plaintiffs had standing to assert the claims of the class.  <u>Id.</u>  Furthermore, <u>In re WorldCom</u> is distinguishable from this case in that both claims in that case were Securities Act claims, and thus the burden of proof was lower for both claims than it would be for an Exchange Act claim.  In other words, the court did not allow plaintiffs to bootstrap a claim carrying a lesser burden of proof from a showing that plaintiffs had standing for a claim with a higher burden of proof, as Plaintiffs have asked the Court to do in this case.  Finally, to the extent <u>In re WorldCom</u> suggests that named plaintiffs can be adequate representatives regardless of their standing to assert the class claims, that language is dicta and the Court is unaware of any controlling case law adopting such a rule.  <u>Id.</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 09-01304-JVS (MLGx)** | Date | March 7, 2012 |
|---|---|---|---|
| | consolidated with SACV 09-1306-JVS(MLGX; SACV 09-1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx): and CV 09-8536-JVS(MLGx) | | |

| Title | **In re Stec Inc. Securities Litigation** |
|---|---|

Unlike the weaker claim that the lead plaintiff declined to pursue in In re Universal, here, the Securities Act claim is the "stronger claim" for Plaintiffs because it carries a lower burden of proof.  Specifically, for the claims under Section 10(b) of the Exchange Act and Rule 10b-5, Plaintiffs must prove scienter, reliance, and loss causation.  (Order re MTD SAC 8 (citing In re Daou Sys., Inc., 411 F.3d 1006, 1014 (9th Cir. 2005)).)  In contrast, to prevail on a Section 11 or Section 12(a)(2) claim under the Securities Act, a plaintiff need only prove a material misrepresentation of fact in a registration statement or prospectus.  15 U.S.C. § 77k(a); Rubke v. Capitol Bancorp, Ltd., 551 F.3d 1156, 1161 (9th Cir. 2009).  Therefore, in any given case, a plaintiff's claims under the Securities Act could succeed, even if the Exchange Act claims fail.  See Herman & MacLean v. Huddleston, 459 U.S. 375, 382 (1983) ("A § 10(b) plaintiff carries a heavier burden than a § 11 plaintiff.").  Thus, to certify a class only on the Exchange Act claims because the Class Representative lacks standing to bring Securities Act claims would impermissibly jeopardize the recovery of putative class members with claims under both Acts.

In the Motion to Intervene, West Virginia proposes a solution to the potential prejudice of the Class going forward without an adequate representative for the Securities Act claims: explicitly carve out those claims from the Class definition.  West Virginia seeks a modification of the proposed Class to exclude the Securities Act claims arising from the August 2009 Offering that were dismissed by the Court on June 17, 2011.  West Virginia asserts that the Class definition as it stands will prejudice West Virginia's own Securities Act claims against Defendants, which they are pursuing in California state court.  (Mot. to Intervene 10.)  Under West Virginia's plan, the Class members who had both Securities Act and Exchange Act claims would continue to pursue their Exchange Act claims in this Court and, presumably, would have the option of pursuing their Securities Act claims in the West Virginia action or another putative class action.  West Virginia's proposal, however, is foreclosed by the doctrine of claim preclusion, which "precludes relitigation of claims that were raised or should have been raised in earlier litigation."  San Remo Hotel v. San Francisco, 364 F.3d 1088, 1094 (9th Cir. 2004).  "Where the same foundation of facts serve as a predicate for each proceeding, differences in legal theory and consequent remedy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   **SACV 09-01304-JVS (MLGx)**                    Date    March 7, 2012
consolidated with SACV 09-1306-JVS(MLGX; SACV 09-
1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV
09-1460-JVS(MLGx): and CV 09-8536-JVS(MLGx)

Title    **In re Stec Inc. Securities Litigation**

do not create a separate cause of action." Robi v. Five Platters, Inc., 838 F.2d 318, 321 (9th Cir. 1987). Likewise, the doctrine of res judicata[5] is "not avoided by alleging new conduct or pleading new legal theories." Waldron v. Wash. Mut., 1999 U.S. Dist. LEXIS 11941, * 6 (N.D. Cal. July 29, 1999) (italics in original).

In this case, the Securities Act claims and the Exchange Act claims share the "same foundation of facts." Robi, 838 F.2d at 321. Both the Securities Act and Exchange Act claims are predicated on Defendants' allegedly false misstatements or omissions that created an inflated impression of STEC's revenue growth and of conditions seeming to ensure short- and long-term continuation of that growth. (SAC ¶¶ 8, 15, 16.) Moreover, this Court has jurisdiction to hear both the Securities Act and Exchange Act claims. Because claim preclusion prohibits Plaintiffs from subsequently pursuing legal theories for relief that could have been raised in the original litigation, the Court cannot hear Plaintiffs' Exchange Act claims and defer Plaintiffs' Securities Act claims to the state court action.[6] Robi, 838 F.2d at 321; Waldron, 1999 U.S. Dist. LEXIS 11941, *6. In other words, a Class member is precluded from asserting Exchange Act claims in this Court and subsequently pursuing Securities Act claims in the West Virginia state action because that Class member could have raised the Securities Act claim in this Court. Moreover, the Class members could not consolidate the Securities Act and

---

[5] Some courts use "res judicata" to encompass both issue preclusion and claim preclusion, but for clarity, the Court uses "res judicata" only in the context of claim preclusion. Feminist Women's Health Center v. Codispoti, 63 F.3d 863, 866 (9th Cir. 1995) (using "res judicata" to refer only to claim preclusion and noting a case in which "res judicata" referred to both issue and claim preclusion).

[6] During the hearing, there was some question as to whether issue or claim preclusion foreclosed West Virginia's proposal. The Court finds that the relevant doctrine is claim preclusion, which "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determine in the prior proceeding." Robi, 838 F.2d at 322 (quoting State Bd. of Equalization v. Sup. Ct., 39 Cal. 3d 633, 642, 703 P.2d 1131, 1136 (Cal. 1985)). Issue preclusion, on the other hand, "prevents relitigation of all 'issues of fact or law that were actually litigated and necessarily decided' in a prior proceeding." Id. (quoting Segal v. Am. Tel. & Tel. Co., 606 F.2d 842, 845 (9th Cir. 1979)). While West Virginia's proposal could implicate issue preclusion at a later point in time, the Court need not address this possibility because the proposal to claim split is foreclosed by claim preclusion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   **SACV 09-01304-JVS (MLGx)**            Date   March 7, 2012
consolidated with SACV 09-1306-JVS(MLGX; SACV 09-
1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV
09-1460-JVS(MLGx): and CV 09-8536-JVS(MLGx)

Title      **In re Stec Inc. Securities Litigation**

Exchange Act claims in the state court proceeding because state courts do not have jurisdiction to adjudicate claims under the Exchange Act. 15 U.S.C. § 78aa; Matsushita Elec. Indus. Co. v. Epstein, 516 U.S. 367, 370 (1996).

Plaintiffs correctly point out that "[a]n exception to the general rule of claim preclusion exists where the plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy or form of relief in the first action because of limitations on the subject matter jurisdiction of the courts." Feminist Women's Health Center, 63 F.3d at 869 (internal quotations omitted). For example, "a state judgment will not have preclusive effect on a cause of action within the exclusive jurisdiction of the federal courts." Id. (quoting Marrese v. Am. Academy of Orthopaedic Surgeons, 470 U.S. 373, 382 (1985)). Accordingly, if the West Virginia state action proceeded on the Securities Act claims before this federal action, the state judgment would not have a preclusive effect on the Exchange Act claims in this Court because the state court does not have jurisdiction to hear the Exchange Act claims. However, this action has progressed significantly further than the state court action. According to the state court docket, the court was scheduled to hear Defendants' demurrer and motion to stay pending the result in this case on February 16, 2012. (Decl. of Thomas G. Hoffman ("Hoffman Decl."), Ex. G, Docket No. 250.) Further, West Virginia has not yet moved for class certification in the state court action. (Hoffman Decl. ¶ 8.) It would prejudice Class members and cause undue delay to bifurcate the Securities Act and Exchange Act claims and require Class members to join the inchoate state action on the former, then instruct them to return to federal court on the latter. Given the early phase of the state court litigation, if the Court were to carve out the Securities Act claims from the proposed Class definition, there would be a significant risk that Class members with standing to assert both Securities Act and Exchange Act claims may be left with no venue in which to assert their Securities Act claims.

For these reasons, Class members with standing to assert both Securities Act and Exchange Act claims must be represented by a named Plaintiff with standing to assert both of these causes of action. Pursuit of only the Exchange Act claims would deny Class members the benefit of the lesser burden of proof required by the Securities Act claims, thereby jeopardizing Class members' chances of relief and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 09-01304-JVS (MLGx)** | Date | March 7, 2012 |
| | consolidated with SACV 09-1306-JVS(MLGX; SACV 09-1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx): and CV 09-8536-JVS(MLGx) | | |

| | |
|---|---|
| Title | **In re Stec Inc. Securities Litigation** |

causing an impermissible conflict between the Class representatives and the putative Class members.[7]

In sum, the Class representatives fail to satisfy the Rule 23(a)(4) requirements.  Accordingly, the Class cannot be certified.  However, as discussed below, this is not an insolvable problem.

**B.      Rule 23(b)**

Plaintiffs argue that this action is certifiable under Rule 23(b)(3). "Subdivision (b)(3) encompasses those cases in which a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results."  Kamm v. Cal. City Dev. Co., 509 F.2d 205, 211 (9th Cir. 1975) (quoting Committee notes).  A class may be certified under this subdivision where common questions of law and fact predominate over questions affecting individual members, and where a class action is superior to other means to adjudicate the controversy.  Fed. R. Civ. Proc. 23(b)(3).

1.      Predominance

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation."  Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 623 (1997) (citation omitted).  The Court must rest its examination on the legal or factual questions of the individual class members. Hanlon v. Chrysler Corp., 150 F.3d 1011, 1022 (9th Cir. 1998). "To determine whether common issues predominate, this Court must first examine the substantive issues raised by Plaintiffs and second inquire into the proof relevant to each issue." Jimenez v. Domino's Pizza, Inc., 238 F.R.D. 241, 251 (C.D. Cal. 2006) (citation

---

[7] Plaintiffs' position cannot be insulated on the theory that Lead Counsel is entitled to determine the strategy which best serves the Class.  (Reply Br. 5.)  There is a potential breach of duty to the Class where Counsel fails to pursue an element of damages or more favorable theory with a more favorable evidentiary burden.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | **SACV 09-01304-JVS (MLGx)**<br>consolidated with SACV 09-1306-JVS(MLGX; SACV 09-1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx): and CV 09-8536-JVS(MLGx) | Date | March 7, 2012 |
| Title | **In re Stec Inc. Securities Litigation** | | |

omitted).  "Predominance is a test readily met in certain cases alleging . . . securities fraud."  Amchem Prods., Inc., 521 U.S. at 625; see, e.g., Epstein v. MCA, Inc., 50 F.3d 644, 668 (9th Cir. 1995), rev'd on other grounds, Matsushita Elec. Indus. Co., Ltd.v. Epstein, 516 U.S. 367 (1996) (finding that a securities fraud action fit the "requirements of both 23(a) and Rule 23(b)(3) like a glove").

_____Common issues of fact and law predominate in this matter because the questions of Defendants' liability are the same for each of the putative Class members.  Akin to Epstein, in which the predominance requirement was satisfied because "the claims of every tendering shareholder turn[ed] on identical facts and law–regardless of the identity or circumstances of the particular shareholder," here, predominance is satisfied because the claims of the putative class members turn on identical facts and law and do not necessitate any individualized inquiry into particular Class members.  Epstein, 50 F.3d at 668.  Furthermore, there is no individual issue of reliance because, as discussed infra section III.C, the fraud-on-the-market presumption applies class wide throughout the Class period.  Thus, the Court need not inquire into the individual Class members' reliance on Defendants' alleged misstatements.  Accordingly, common issues of fact and law predominate over individualized inquiries in this matter.

### 2.    Superiority

Finally, the Court considers whether a class action would be superior to individual suits.  Amchem, 521 U.S. at 615. "A class action is the superior method for managing litigation if no realistic alternative exists."  Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1234-35 (9th Cir. 1996). To determine the superiority of a class action, the Court considers: (1) the class members' interests in individually prosecuting separate actions; (2) the extent and nature of any litigation concerning the controversy that has already been brought by class members; (3) the desirability of concentrating the litigation in the particular forum; and (4) the likely difficulties in managing a class action.  Fed. R. Civ. P. 23(b)(3)(a)-(d).  Class actions "have proved useful where a large number of purchasers or holders of securities claim to have been defrauded by a common course of dealing on the part of defendants . . . the ultimate effectiveness of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 09-01304-JVS (MLGx)**<br>consolidated with SACV 09-1306-JVS(MLGX; SACV 09-1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx): and CV 09-8536-JVS(MLGx) | Date | March 7, 2012 |

| | |
|---|---|
| Title | **In re Stec Inc. Securities Litigation** |

federal remedies in this area may depend in large measure on the applicability of the class action device." Harris v. Palm Springs Alpine Estates, Inc., 329 F.2d 909, 913 (9th Cir. 1964) (internal quotations and citations omitted).

Regarding the first factor, there is no indication that the putative Class members have an interest in individually prosecuting separate actions. In fact, a class action might incentivize some putative Class members to pursue recovery when they would not have done so individually. See Epstein, 50 F.3d at 668 (reasoning in a securities action that "it is difficult to imagine a case where class certification would be more appropriate . . .[w]ithout it, thousands of identical complaints by former [] shareholders would have to be filed–the very result the class action mechanism was designed to avoid"). Furthermore, because common issues predominate, presentation of evidence in one consolidated action will reduce duplicative litigation and promote judicial economy.

Regarding the second factor, the Court is aware of one other action concerning the controversy in this case: the state securities claim this Court remanded to the Orange County Superior Court. (West Virginia Laborers Trust Fund v. Moshayedi et al., 8:11-cv-1171-JVS-MLG, Docket No. 26.) The claims in that case are more limited in scope in that the putative class seeks to pursue Securities Act claims, but not Exchange Act claims. (West Virginia Laborers' Trust Fund v. STEC, Inc. et al., No 30-2011-00489022-CU-SL-CXC (Orange Cnty. Sup. Ct.).) The Court is also aware of two derivative suits arising from the same underlying facts; however, both actions have been stayed, and the derivative action in this Court has been stayed pending the result of this matter. (Building Trades United Pension Trust Fund v. Manouch Moshayedi (In re STEC, Inc. Derivative Litigation), CV10-00667-JVS (MLGx), Docket No. 52 (stayed on Jan. 1, 2012); In re STEC, Inc., Shareholder Derivative Litigation, No. 30-2009-00320001-CU-SL-CXC (action stayed Apr. 2, 2010).) These actions do not undercut the superiority of class certification in this action.

Regarding the third factor, the Court finds that it is desirable to consolidate this nationwide class action in this Court given the Court's familiarity with the claims and the fact that STEC is a California corporation that maintains its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 09-01304-JVS (MLGx)** | Date | March 7, 2012 |
|---|---|---|---|
| | consolidated with SACV 09-1306-JVS(MLGX; SACV 09-1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx): and CV 09-8536-JVS(MLGx) | | |

| Title | **In re Stec Inc. Securities Litigation** |
|---|---|

principal executive offices within this District.  (Compl. ¶ 10, Docket No. 1.)

Finally, with respect to the fourth factor, a class action in this matter would not be unmanageable because, as discussed above, the issues will not require extensive individualized inquiries.  While the determination of damages will necessitate some individualized inquiries, this alone does not render the class action unmanageable or inferior to individual actions.  Blackie v. Barrack, 524 F.2d 891, 905 (9th Cir. 1975) ("The amount of damages is invariably an individual question and does not defeat class treatment.")

In sum, the Court finds that class treatment would be superior to individual litigation for each putative Class member.  Accordingly, the predominance and superiority factors are satisfied, and the Class is certifiable under Rule 23(b)(3).

### C.      The Proposed Class Period

The parties dispute the appropriate Class period.  Defendants argue that the relevant truth of Defendants' alleged fraud with respect to the EMC Agreement was revealed by the November 3, 2009 corrective disclosure, and so the presumption of reliance under the fraud-on-the-market theory cannot apply after that date.  (Defs.' Opp. to Class Cert. 16-18.)  Plaintiffs assert that Defendants' argument improperly concerns the merits of the claims, and further, that the full truth regarding the alleged fraud with respect to the EMC Agreement was not revealed until the February 23, 2010 corrective disclosure.  (Pls.' Reply Br. in Support of Class Cert. 12-19.)  The Court finds that the date on which the alleged misrepresentations were fully disclosed is a merits issue improper to consider at the class certification stage.

The fraud-on-the-market presumption is "the principle that a market price of a security traded in an efficient market reflects all public information and therefore that a buyer of the security is presumed to have relied on the truthfulness of that information in purchasing the security."  Conn. Ret. Plans. & Trust Funds, 660 F.3d at 1172.  To invoke the fraud-on-the-market presumption, Plaintiffs must show at the certification stage (1) that the security in question was traded in an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 09-01304-JVS (MLGx)** | Date | March 7, 2012 |
|---|---|---|---|
| | consolidated with SACV 09-1306-JVS(MLGX; SACV 09-1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx): and CV 09-8536-JVS(MLGx) | | |

| Title | **In re Stec Inc. Securities Litigation** |
|---|---|

efficient market and (2) that the alleged misrepresentations were public.  Id.  The
Plaintiff need only allege "with sufficient plausibility to withstand a 12(b)(6)
motion" that the misrepresentations were material.  Id. at 1177.  Proof of
materiality is "a merits issue that abides the trial or motion for summary
judgment."  Id. at 1172.

　　Plaintiffs have satisfied the requirements to invoke the fraud-on-the-market
presumption.  First, Defendants do not contest that STEC stock was traded in an
efficient market or that the alleged misrepresentations were public.  Second,
Plaintiffs have sufficiently pled that Defendants' alleged misrepresentations were
material, (Order re MTD SAC 10–13 (concluding that "Plaintiffs have adequately
alleged that Defendants materially misrepresented facts with respect to the EMC
Agreement")),[8] and Plaintiffs have corroborated their claims with expert testimony
regarding the relationship between STEC's alleged misstatement and the security
price changes over the course of the Class period, (Decl. of John D. Finnerty
("Finnerty Decl.") 27-32, Docket No. 220).  Accordingly, Plaintiffs can avail
themselves of the fraud-on-the-market presumption.

　　Defendants do not contest the applicability of the fraud-on-the-market
presumption; rather, they invoke the truth-on-the-market defense, claiming that the

---

　　[8] Defendants argue that the Court's previous Order found that the pleading requirement was
satisfied only with respect to statements suggesting that EMC would continue purchasing at a similar
volume as the initial order.  (Defs.' Opp. to Class Cert. 17-18.)  This is an overly narrow reading of the
Court's Order.  Indeed, the Court found that some statements only indirectly related to the EMC
Agreement contributed to the false impression that the EMC deal would be recurrent: "In light of
STEC's statements regarding accelerated adoption of and continued growth of sales of ZeusIOPS to
OEMs, its statement that the EMC Agreement specifically was announced as part of this growth, and the
recent ramping of sales of ZeusIOPS to EMC, the Court is unwilling to conclude as a matter of law that
a reasonable investor would not have interpreted Defendants' statement to mean that the EMC
Agreement was an ordinary course contract representing the increased level of EMC's demand for
ZeusIOPS."  (Order re MTD SAC 12.)  Because the representations regarding STEC's sales to other
OEMS was relevant to the Court's determination that Defendant's statements satisfied the pleading
requirement for a Section 10(b) violation, the misrepresentations regarding the sales to other OEMS also
satisfy the 12(b)(6) pleading requirement for materiality at the certification stage.  See Conn. Ret. Plans
& Trust Funds, 660 F.3d at 1177.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   **SACV 09-01304-JVS (MLGx)**          Date   March 7, 2012
consolidated with SACV 09-1306-JVS(MLGX; SACV 09-
1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV
09-1460-JVS(MLGx): and CV 09-8536-JVS(MLGx)

Title   **In re Stec Inc. Securities Litigation**

November 3, 2009 disclosure was a full corrective disclosure and that no
reasonable investor could have believed, after that date, that the EMC Agreement
was an "ordinary course" contract.  (Defs.' Opp. to Class Cert. 17.)  The truth-on-
the-market defense requires a showing that the market "was already aware of the
truth behind the defendant's supposed falsehoods and thus those falsehoods did not
affect the market price."  Conn. Ret. Plans & Trust Funds, 660 F.3d at 1173-74.
Defendants reason that the presumption of reliance should cease after the
November 3, 2009 disclosure because the truth behind Defendants' alleged
falsehoods was revealed, and thus the supposed falsehoods did not affect the
market price after that date.  (Defs.' Opp. to Class Cert. 17-18.)  Defendants'
argument is belied by the twenty-three percent decline in STEC's stock price after
the February 23, 2010 disclosure that STEC did not anticipate any meaningful
production orders from EMC during the first half of 2010.  (SAC ¶ 252.)
Ostensibly, had the fraud on the market regarding the EMC Agreement been
corrected by the November 3, 2009 disclosure, the February 23, 2010 disclosure
would not have incited a comparable plummet in the stock price as the November
3, 2009 disclosure.  Moreover, the Court cannot properly consider Defendants'
truth-on-the-market defense at the class certification stage because this defense is a
"method of refuting an alleged misrepresentation's *materiality*," and "a plaintiff
need not prove materiality at the class certification stage to invoke the
presumption."  Conn. Ret. Plans & Trust Funds, 660 F.3d at 1177 (italics in the
original).  Accordingly, the Court declines to consider the truth-on-the-market
defense at this stage.

In sum, the Court cannot conclude as a matter of law that the Class period
should be constrained by the November 3, 2009 disclosure date.  Because  STEC's
stock was traded on an efficient market, the alleged misrepresentations were
public, and the Plaintiffs have plead the materiality of the alleged misstatements
with sufficient plausibility to withstand a 12(b)(6) motion, the fraud-on-the-market
presumption applies for the entirety of the proposed Class period.

IV.   Conclusion

For the foregoing reasons, the Motion for Class Certification is DENIED.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   **SACV 09-01304-JVS (MLGx)**                    Date   March 7, 2012
consolidated with SACV 09-1306-JVS(MLGX; SACV 09-
1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV
09-1460-JVS(MLGx): and CV 09-8536-JVS(MLGx)

Title   **In re Stec Inc. Securities Litigation**

The Court stays this action for 60 days for all purposes except discovery[9] to permit Plaintiffs' counsel to make a motion to amend the Second Amended Complaint adding a new class representative who has standing to bring the Securities Act claims.  That is, Plaintiffs must add a class representative who acquired STEC's common stock in or traceable to STEC's Offering.

　　　The Motion to Intervene is DENIED as moot in light of the denial of the Motion for Class Certification.  For the foregoing reasons, a modification of the Class definition will not cure the Rule 23(a)(4) deficiency.  Moreover, given the Court's denial of the Motion for Class Certification, West Virginia's interests are no longer implicated.  To the extent that Plaintiffs replead with an adequate representative, West Virginia's interests will not be prejudiced.  Accordingly, West Virginia's intervention is unnecessary.  See Fed. R. Civ. P. 24(a) (Court must permit intervention where necessary to protect "an interest relating to the property or transaction that is the subject of the action," and "disposing of the action may as a practical matter impair or impeded the movant's ability to protect its interest.").

　　　The Court will hold a status conference on May 8, 2012 at 8:00 a.m.  One week prior to this status conference, Plaintiffs and Defendants shall submit a joint report discussing their progress with regard to discovering an adequate class representative.

　　　IT IS SO ORDERED.

| 0 | : | 00 |

Initials of Preparer:        ag for kjt

_____

[9] As discussed at the hearing, discovery need not be stayed because many of the same misrepresentations underlie both the Securities Act and Exchange Act claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 09-01304-JVS (MLGx)** | Date | March 7, 2012 |
|---|---|---|---|
| | consolidated with SACV 09-1306-JVS(MLGX; SACV 09-1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx): and CV 09-8536-JVS(MLGx) | | |

| Title | **In re Stec Inc. Securities Litigation** |
|---|---|