# Labaton Sucharow

James W. Johnson
Partner
212 907 0859 direct
212 883 7059 fax
jjohnson@labaton.com

March 20, 2012

Honorable Marc L. Goldman
United States Magistrate Judge
United States District Court
  for the Central District of California
Santa Ana Courthouse
411 West Fourth Street
Santa Ana, CA  92701

Re:    In re STEC, Inc. Securities Litigation, No. 09-CV-1304 (C.D. Cal.)
       **Per the Court's instructions, response to this letter is due on Friday, March 23, 2012**

Dear Judge Goldman:

  We represent Plaintiffs in the above-entitled action and submit this letter concerning a discovery dispute related to Defendant STEC, Inc.'s First Set Of Interrogatories To Lead Plaintiff (the "Interrogatories").

  STEC served the Interrogatories on January 24, 2012 and the responses were due on February 24, 2012.  During the status conference held on February 10, 2012, Plaintiffs' counsel requested that the responses to these contention interrogatories be deferred until after the close of fact discovery.  *See* Transcript Of Status Conference Before The Honorable Marc L. Goldman held on February 10, 2012 (the "Transcript") at 34-35, a copy of which is attached as Appendix A.

  After brief oral argument on the issue, the Court stated as follows:

> THE COURT:  Okay.  Let's move past this.
>
> Well, I'll take a look at those contention interrogatories.  I mean, you're entitled to them at some point.  You're entitled to that information.  They're entitled to know the information that they're providing you.  So, let me see if I can figure that out.  Why don't you lodge them with me.
>
> MR. GIBBS:  And I – and we'll do that, your Honor, and maybe we'll have a further discussion; maybe we won't.

Transcript at 38.

**Labaton Sucharow**

Honorable Marc L. Goldman
March 20, 2012
Page 2

> The colloquy with the Court continued:
>
> MR. GIBBS: So, you know, we're happy to discuss it further with your Honor. We're not expecting a definitive response at the end of February, but we do think a preliminary good faith response based on what they know now is not unreasonable given that I have to file a motion for summary judgment on May 7th.
>
> * * *
>
> THE COURT: I'll take a look at them and then we'll have a phone conference on it; sooner rather than later.
>
> * * *
>
> Yeah, just lodge them with me so I – so I can take a look at them and – yeah, we may – we may have to compromise on this one, give you a little more time, but give enough time so that defendant can work on summary judgment.

Transcript at 39-40.

Lead Plaintiff reasonably understood from this exchange that the responses to the Interrogatories were not due on February 24, 2012, that defendants would lodge the contention Interrogatories with the Court and that the parties would meet and confer in an attempt to resolve the issue prior to Court resolution.

Counsel for defendants has not lodged the Interrogatories with the Court to date. A copy of the Interrogatories is attached as Appendix B.

On February 24, 2012, the parties held a telephonic meet and confer during which defendants proposed to stagger the responses to the contention interrogatories, with responses to certain Interrogatories due sooner and the responses to other Interrogatories due at a later date. Counsel for Lead Plaintiff requested a short time to consider the proposal and the parties agreed to speak again the following morning. Counsel for Defendants also stated that they would extend the deadline for the responses for an additional week, which counsel for Lead Plaintiff believed was superfluous given the Court's directives during the February 10th status conference.

A few hours after that meet and confer, Judge Selna issued a tentative ruling denying plaintiffs' motion for class certification and staying the action for 60 days in order to permit Lead Plaintiff to find a representative plaintiff to pursue claims under Section 11 of the Securities Act of

**Labaton Sucharow**

Honorable Marc L. Goldman
March 20, 2012
Page 3

1933. In light of this tentative ruling, counsel for defendants requested via email that the parties cancel the meet and confer scheduled for the following morning, and speak "on Monday, if necessary, in light of the class certification ruling . . . ."

During the hearing on February 27, 2012, Judge Selna, *inter alia*, stayed all dates in the action except for fact depositions and scheduled a status conference for May 8, 2012. The Court subsequently issued an Order that incorporated these rulings. Docket No. 279.

On March 8, 2012, counsel for Lead Plaintiffs requested a meet and confer with defendants concerning the contention Interrogatories in order to discuss when responses should be served since: (1) Judge Selna vacated the summary judgment motion schedule; and (2) defendants had not lodged the Interrogatories with the Court. Counsel for defendants has taken the position that the responses are overdue and the objections are waived.

We request a telephonic hearing with the Court to discuss this issue. Defendants position has no support in the February 10th status conference before this Court. Their position also is not reasonable given Judge Selna's Order. Defendants' stated purpose for the Interrogatory responses was to assist them in framing the issues for summary judgment. Since Judge Selna has vacated the summary judgment schedule and will not enter a new schedule until May 8th at the earliest, defendants' stated need for immediate responses is no longer valid.

Lead Plaintiff respectfully requests that responses to the Interrogatories be deferred until either: (a) three weeks after the close of fact discovery; or (b) a date to be determined by the court following the May 8th status conference before Judge Selna.

Respectfully submitted,

James W. Johnson

cc: Patrick E. Gibbs, Esq.
    Michele D. Johnson, Esq.