# Labaton Sucharow

James W. Johnson
Partner
212 907 0859 direct
212 883 7059 fax
jjohnson@labaton.com

March 28, 2012

Honorable Marc L. Goldman
United States Magistrate Judge
United States District Court
  for the Central District of California
Santa Ana Courthouse
411 West Fourth Street
Santa Ana, CA  92701

Re:   **In re STEC, Inc. Securities Litigation, No. 09-CV-1304 (C.D. Cal.)**
      **Potential discovery dispute with underwriters of STEC, Inc. securities**

Dear Judge Goldman:

      We represent Plaintiffs in the above-entitled action and submit this letter to advise the Court of a likely discovery dispute with the underwriters of Defendant STEC, Inc. in connection with STEC, Inc.'s Secondary Stock Offering on August 11, 2009.

      As the Court is aware, on March 7, 2012, Judge Selna issued an Order (the "Order") denying Plaintiffs' Motion for Class Certification on the sole ground that there was no representative plaintiff for claims brought under Section 11 of the Securities Act of 1933 (the "Section 11 claims").  The Section 11 claims arise out of STEC, Inc.'s Secondary Stock Offering (the "Offering") on August 11, 2009, in which two officer defendants, Mark and Manouch Moshayedi, sold more than 50% of their STEC stock and thereby received approximately $267 million.  In his Order, Judge Selna stayed the action for 60 days to permit Plaintiffs to find a representative plaintiff to pursue claims under Section 11.  Pursuant to the Order, Plaintiffs must file a status report with the Court by May 1, 2012 and must hold a status conference on May 8, 2012.

      Following the Court's ruling, Plaintiffs issued subpoenas from the Central District of California to the four underwriters of the Offering in order to obtain the identity and addresses of each and every person who purchased securities of STEC, Inc. in the Offering.  Specifically, Plaintiffs issued subpoenas to Barclays Capital Inc., Deutsche Bank Securities Inc., J.P. Morgan Securities Inc. and Oppenheimer & Co., Inc. (collectively, the "Underwriters").  Last week, counsel for the Underwriters produced responsive documents that were limited to the names of the purchasers only.  We agreed to initially obtain the names of purchasers while reserving our right to request the purchasers' addresses if necessary.



**Labaton Sucharow**

Honorable Marc L. Goldman
March 28, 2012
Page 2

      Plaintiffs had anticipated that the majority of the purchasers would be institutional investors and therefore, we believed that we would be able to obtain the addresses of the institutional investors through public sources. However, the documents reveal that the vast majority of the purchasers are individual investors. Plaintiffs wish to contact these individuals by letter in order to determine if any of the individuals wish to serve as a representative plaintiff.

      On March 26, 2012, we held a telephonic meet and confer with the counsel for the Underwriters to discuss these issues; however, counsel for the Underwriters requested one week to investigate issues related to disclosure of purchasers.

      With respect to these issues, Plaintiffs note that, under the Federal Rules of Civil Procedure, discovery is very broad. Towards this end, Rule 26(b) of the Federal Rules of Civil Procedure is "liberally interpreted to permit wide-ranging discovery of all information reasonably calculated to lead to discovery of admissible evidence; but the discoverable information need not be admissible at trial." *EEOC v. Ian Schrager Hotels, Inc.*, No. CV 99–0987GAFRCX, 2000 WL 307470, at *3 (C.D. Cal. March 8, 2000). *See also Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005) (holding that "[l]itigants may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party").

      Plaintiffs' right to communicate with putative class members is well settled under federal law. The U.S. Supreme Court has "established a rule of deference to class counsel in Rule 23 class actions to permit communications with potential class members for the purpose of notification and gathering information, even prior to class certification." *Tomassi v. City of Los Angeles*, No. CV 08-1851 DSF, 2008 WL 4722393, at *3 (C.D. Cal. Oct. 24, 2008) (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101-102 (1981)). Indeed, the "need for disclosure of names and addresses of potential class members to enable a representative plaintiff to prosecute his case is well-established." *Tomassi*, 2008 WL 4722393, at *4 (granting plaintiffs' motion to compel the production of the putative class members' names and contact information prior to class certification). *See also* Manual for Complex Litigation, Fourth, § 31.5 ("If a subclass should be formed and no representative of that subclass is a party, the court may direct notice to the unrepresented class members, to afford them time to have a representative intervene.") (citing Fed. R. Civ. P. 23(d)(2)).

      Numerous California federal courts have allowed for the disclosure of contact information of putative class members. *See, e.g., Putnam v. Eli Lilly and Co.*, 508 F. Supp. 2d 812, 813-15 (C.D. Cal. 2007) (ordering the pre-certification production of the names and contact information of putative class members and finding that the relevancy of potential plaintiffs' contact information outweighed their privacy interests); *Murphy v. Target Corp.*, No. 09cv1436–AJB (WMc), 2011 WL 2413439, at *4-5 (S.D. Cal. June 14, 2011) (compelling a defendant corporation to produce the names, addresses and telephone numbers of putative class members and noting that "[i]n the class action context, parties commonly disclose names, addresses, and telephone numbers because such disclosure does not involve revelation of personal secrets, intimate activities, or similar personal information"); *Babbitt v.*

**Labaton Sucharow**

Honorable Marc L. Goldman
March 28, 2012
Page 3

*Albertson's Inc.*, No. C–92–1883 SBA (PJH), 1992 WL 605652, at *6 (N.D.Cal. Nov. 30, 1992) (holding that at pre-certification stage of proposed class action, defendant corporation must disclose the names, addresses, telephone numbers and social security numbers of current and past employees).

Additionally, courts have routinely held that financial institutions must disclose their customers' nonpublic personal information in order to comply with subpoenas and discovery motions. *See e.g., Davis v. Chase Bank U.S.A., N.A.*, No. CV 06-04804 DDP (PJWX), 2010 WL 1531410, at *4 (C.D. Cal. Apr. 14, 2010) (affirming order directing defendant bank to produce discovery relating to the names, addresses, telephone numbers, email addresses, and billing records for putative class members before class certification, and noting that the presence of a stipulated protective order weighs in favor of disclosure); *Cash Today of Texas, Inc. v. Greenberg*, No. Civ.A. 02-MC-77-GMS, 2002 WL 31414138, *at 4 (D. Del. Oct. 23, 2002) (rejecting defendant bank's argument that a subpoena should be quashed because it required the disclosure of nonpublic personal information to nonaffiliated third parties and denying defendant's motion to quash subpoena).

Plaintiffs also note that the Stipulation for a Protective Order [ECF 224] and Judge Goldman's Order regarding the same, filed December 12, 2011 [ECF 225], provides adequate protection for the information that the Underwriters must produce in response to Plaintiffs' subpoena. The Stipulated Protective Order provides that parties may designate discovery materials as "Confidential" or "Highly Confidential," and that these materials shall be used solely for purposes of the litigation. Documents designated as "Highly Confidential Information" include those that contain ***nonpublic personal information***, personnel information and business information involving any trade secret or other confidential research, development, or commercial information. ECF 224 at ¶ 4. We would not object if the Underwriters designated the addresses of individual investors as highly confidential information.

In order to comply with the directive of the Court, Lead Plaintiff respectfully requests that this Court grant its request for the addresses of the individual investors who purchased securities of STEC, Inc.

Respectfully submitted,

*/s/ James W. Johnson /mc*

James W. Johnson

cc: Sandra Zuniga Nierenberg, Esq.