UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 09-01304-JVS (MLGx) | Date | June 19, 2012 |
|---|---|---|---|
| | consolidated with SACV 09-1306-JVS(MLGX; SACV 09-1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx): and CV 09-8536-JVS(MLGx) | | |

| Title | In re Stec Inc. Securities Litigation |
|---|---|

Present: The Honorable  James V. Selna

| Karla Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS)   Order Granting Class Certification

Lead Plaintiff, the State of New Jersey, Department of Treasury, Division of Investment ("Lead Plaintiff") and International Brotherhood of Electrical Workers, Local 103 ("Local 103") (collectively, "Plaintiffs"), on behalf of themselves and others similarly situated, move for class certification and appointment of lead counsel, pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(3), and 23(g).  (Pls.' Mot. Br., Docket No. 218; Supp. Memorandum of Law in Support of Class Cert. ("Pl.'s Supp. Br."), Docket No. 307.)  The Court previously denied Plaintiffs' motion for class certification on March 3, 2012 for lack of an adequate class representative with standing to bring Plaintiffs' Securities Act claim.  (Docket No. 279.)  The Court held a status conference on May 15, 2012 during which Lead Plaintiff explained that it had been unable to find a putative class member with standing to assert the Securities Act claim, despite its diligent efforts to do so.  Lead Plaintiff was instructed to file supplemental briefing by May 25, 2012, documenting its efforts to find an adequate Securities Act representative.  (Docket No. 300.)  Defendants Manouch Moshayedi, Mark Moshayedi, Raymond Cook, and STEC, Inc. (collectively, "Defendants") were instructed to file a response by June 1, 2012, if they chose to respond.  (Docket No. 300.)  Lead Plaintiff timely filed supplemental briefing.  (Pl.'s Supp. Br.)  Defendants timely filed a notice of intent to rely on prior briefing.  (Docket No. 308.)  For the following reasons, the Court certifies the proposed Class for Plaintiffs' Exchange Act claim.

I.   Background

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01304-JVS (MLGx) consolidated with SACV 09-1306-JVS(MLGX; SACV 09-1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx): and CV 09-8536-JVS(MLGx) | Date | June 19, 2012 |
|---|---|---|---|
| Title | In re Stec Inc. Securities Litigation | | |

Plaintiffs bring this putative securities class action against Defendants on behalf of themselves and other investors who purchased or otherwise acquired STEC common stock between June 16, 2009 and February 23, 2010, inclusive (the "Class Period"). (Second Am. Compl. ("SAC") ¶¶ 2, 22-24, Docket No. 178.) Plaintiffs allege that Defendants violated federal securities laws in connection with false statements and omissions that dramatically inflated STEC's stock price and ultimately caused the stock price to collapse when the truth of the misstatements and omissions was disclosed.

Plaintiffs' initial motion for class certification was denied because it did not name a putative class representative who had standing to assert Plaintiffs' claim under the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77a et seq. (See Docket No. 279.) To have standing to assert the Securities Act claim, a plaintiff must have purchased or otherwise acquired stock traceable to STEC, Inc.'s secondary stock offering, which took place on August 11, 2009 (the "Offering"). (SAC ¶ 12.) Further, to have standing, the plaintiff must have held that stock until at least November 4, 2009, when Defendants made the first partial corrective disclosure regarding the misrepresentations that artificially inflated the STEC, Inc. stock price. (Id. ¶ 232.)

II. Legal Standard

A motion for class certification involves a two-part analysis. First, Plaintiffs must demonstrate that the proposed class satisfies the requirements of Rule 23(a): (1) the members of the proposed class must be so numerous that joinder of all claims would be impracticable; (2) there must be questions of law and fact common to the class; (3) the claims or defenses of the representative parties must be typical of the claims or defenses of absent class members; and (4) the representative parties must fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

Second, a plaintiff must meet the requirement for at least one of the three subsections in Rule 23(b). Plaintiffs asserts that the putative class meets the requirements for Rule 23(b)(3), which provides that a class may be maintained where common questions of law and fact predominate over questions affecting individual members and where a class action is superior to other means to adjudicate the controversy.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01304-JVS (MLGx) consolidated with SACV 09-1306-JVS(MLGX); SACV 09-1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx): and CV 09-8536-JVS(MLGx) | Date | June 19, 2012 |
|---|---|---|---|
| Title | **In re Stec Inc. Securities Litigation** | | |

Plaintiffs bear the burden of demonstrating that Rules 23(a) and (b) are satisfied. See Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1186 (9th Cir. 2001), amended by 273 F.3d 1266 (9th Cir. 2001). The Court must rigorously analyze whether the prerequisites of Rule 23 are met. Gen. Tel. Co. v. Falcon, 457 U.S. 147, 161 (1982). While the Court's analysis must be rigorous, Rule 23 confers to the district court "broad discretion to determine whether a class should be certified, and to revisit that certification throughout the legal proceedings before the court." Armstrong v. Davis, 275 F.3d 849, 872 n. 28 (9th Cir. 2001).

The district court need only form a "reasonable judgment" on each certification requirement "[b]ecause the early resolution of the class certification question requires some degree of speculation." Gable v. Land Rover N. Am., Inc., 2011 U.S. Dist. LEXIS 90774, *9 (C.D. Cal. July 2011) (quoting In re Citric Acid Antitrust Litigation, 1996 U.S. Dist. LEXIS 16409 at * 2 (N.D. Cal. Oct. 1996)); see also Blackie v. Barrack, 524 F.2d 891, 901 n.17 (9th Cir. 1975). The court must take the substantive allegations of the complaint as true, "thus necessarily making the class order speculative in the sense that the plaintiff may be altogether unable to prove his allegations." Gable, 2011 U.S. Dist. LEXIS 90774, at *9. Moreover, the court cannot inquire into the merits of a suit to determine whether it may be maintained as a class action. Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177 (1974).

III. Discussion

The Court first addresses Lead Plaintiff's efforts to find a class representative with standing to assert the Securities Act claim. Then, the Court determines whether the proposed class should be certified notwithstanding the absence of an adequate Securities Act representative.

### A. Lead Plaintiff's Efforts to Find Securities Act Representative

Lead Plaintiff set forth the measures it took to find an adequate Securities Act representative in its supplemental briefing. (Pl.'s Supp. Br.; Declaration of James W. Johnson ("Johnson Decl."), Docket No. 307-1.) The Court is satisfied that Lead Plaintiff diligently and exhaustively searched for said representative.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01304-JVS (MLGx) consolidated with SACV 09-1306-JVS(MLGX; SACV 09-1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx): and CV 09-8536-JVS(MLGx) | Date | June 19, 2012 |
|---|---|---|---|
| Title | In re Stec Inc. Securities Litigation | | |

  Following the class certification hearing on February 27, 2012, Lead Plaintiff issued a document subpoena to the four underwriters of STEC's Offering to obtain the contact information of all persons and entities who purchased on the Offering. (Johnson Decl. ¶ 2.) The underwriters produced all relevant contact information by mid-April, 2012. (Id. ¶ 5.) There were 464 purchasers on the Offering, of which 212 were individuals and 252 were business entities. (Id. ¶ 6.) Lead Plaintiff's firm sent letters to the individual and entity purchasers to solicit an adequate representative. (Id. ¶¶ 7, 8, Exs. A, B.) One of the 252 business entities was the Jeffries Group, Inc. ("Jeffries"), a broker that purchased STEC common stock on the Offering for a limited partnership client. (Id. ¶ 9.) In response to the letter from Lead Plaintiff's counsel, Jeffries produced the contact information for 665 clients who purchased STEC common stock during the Class Period, but not necessarily on the Offering. (Id.) Lead Plaintiff's counsel sent letters to those clients as well. (Id.) Lead Plaintiff also placed advertisements in *Investor's Business Daily,* (Id. ¶¶ 11, 12, Ex. D), and *The Wall Street Journal, Eastern Edition*, (Id. ¶ 13, Ex. G), to solicit a Securities Act representative.

  To date, Lead Plaintiff's counsel has received telephone calls or emails from 23 investors as a result of the mailings and advertisements. (Id. ¶ 15.) Of these 23 investors, 20 purchased on the Offering but sold their stock prior to November 3, 2009, the date of the first partial disclosure. (Id. ¶ 16.) Accordingly, those 20 investors do not have standing to assert the Securities Act claim. The remaining three investors did not purchase on the Offering. (Id. ¶ 17.) Additionally, Lead Plaintiff's counsel conferred with more than ten firms for assistance in identifying a Securities Act representative, but no firm has been able to refer a representative. (Id. ¶ 18.)

  The Court finds that the efforts documented in the supplemental briefing are sufficient to show that Lead Plaintiff has reasonably exhausted all avenues for discovering an adequate Securities Act representative.

  **B. Class Certification: Rule 23 Analysis**

  In light of Plaintiffs' inability to identify an adequate class representative to assert the Securities Act claim, the Court must determine whether it should certify the proposed Class with respect to the Exchange Act claim only. Plaintiffs argue that the proposed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01304-JVS (MLGx) consolidated with SACV 09-1306-JVS(MLGX; SACV 09-1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx): and CV 09-8536-JVS(MLGx) | Date | June 19, 2012 |
|---|---|---|---|

| Title | **In re Stec Inc. Securities Litigation** |
|---|---|

Class should be certified under Rule 23(a) and Rule 23(b)(3).

     For the reasons discussed in the order denying class certification, Plaintiffs have satisfied the Rule 23(a) requirements of numerosity, commonality, and typicality. (Docket No. 279.) Likewise, Plaintiffs have established the Rule 23(b)(3) predominance and superiority requirements for the reasons discussed in the previous order. (Id.) Accordingly, the Court need only address the adequacy prong of Rule 23(a).

     Proposed class representatives are inadequate due to a conflict of interest with absent putative class members if the representatives do not have standing to or refuse to assert certain claims that may be available and advantageous to the absent putative class members. See Lierboe v. State Farm. Mut. Auto Ins. Co., 350 F.3d 1018, 1022-23 (9th Cir. 2003) (finding that class representatives must have standing to bring all claims held by the putative class to which they belong and which they purport to represent); W. States Wholesale v. Synthetic Indus., 206 F.R.D. 271, 277 (C.D. Cal. 2002) (holding that a class representative is inadequate if he abandons particular remedies to the detriment of the class); Drimmer v. WD-40 Co., 2007 U.S. Dist. LEXIS 62582, *7-8 (S.D. Cal. Aug. 24, 2007) (finding class representative inadequate because he abandoned particular remedies to the detriment of the putative class members, and class members would be precluded by the doctrine of res judicata from asserting those claims in the future). In this case, the proposed Class representatives (Lead Plaintiff and Local 103) seek to represent a Class that includes individuals who may have a claim under the Securities Act, but the Class representatives do not standing to bring that claim. In the previous order, the Court reasoned that it could not certify a class only on the Exchange Act claim because it would "impermissibly jeopardize the recovery of putative class members with claims under both" the Securities Act and the Exchange Act. (Docket No. 279.) However, after Lead Plaintiff's diligent, yet fruitless, search for a Securities Act representative, it appears that the res judicata concerns regarding that claim are largely theoretical.

     While the Court acknowledges that certification of an Exchange Act only Class could hypothetically preclude a class member from subsequently asserting a Securities Act claim, three considerations attenuate this concern. First, a thorough survey of the putative class has not produced a single class member with standing to bring a Securities Act claim. Thus, the Court can fairly assume that few, if any, class members will run the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01304-JVS (MLGx) consolidated with SACV 09-1306-JVS(MLGX; SACV 09-1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx): and CV 09-8536-JVS(MLGx) | Date | June 19, 2012 |
|---|---|---|---|
| Title | **In re Stec Inc. Securities Litigation** | | |

risk of claim preclusion. Second, to the extent that Class notification reveals the identity of a class member with standing to assert a Securities Act claim, the Court may re-examine the certification issue. See Galvan v. KDI Distrib., 2011 U.S. Dist. LEXIS 127602, *16, n. 5 (C.D. Cal. Oct. 25, 2011) (finding that the court always has the opportunity to revisit the certification issue). Third, if a putative class member has standing to assert a Securities Act claim and declines to represent the Class, that class member may opt out of the Class and pursue both claims individually.

Furthermore, the Court finds that certifying an Exchange Act only Class is preferable to the alternative of certifying no class at all. Indeed, a class action is the superior method for adjudicating an Exchange Act claim. See Epstein v. MCA, Inc., 50 F.3d 644, 668 (9th Cir. 1995) (reasoning in a securities action that "it is difficult to imagine a case where class certification would be more appropriate . . .[w]ithout it, thousands of identical complaints by former [] shareholders would have to be filed–the very result the class action mechanism was designed to avoid"). Defendants argue that the preclusive effect of a decision only on the Exchange Act claim could jeopardize Class members' rights to assert their stronger claim: the Securities Act claim. However, Defendants' concern for the preservation of Plaintiffs' rights is not well taken in light of the absence of a Securities Act representative; here, Plaintiffs' interest are not served by a wholesale dismantling of the proposed Class. Cf. Kennedy v. Jackson Nat'l Life Ins. Co., No. 07-0371 CW, 2010 U.S. Dist. LEXIS 63604, at *14-15 (N.D. Cal. June 23, 2010) ("Defendant cannot claim that Plaintiff is inadequate because she declines to assert a theory that could unravel the putative class."). Furthermore, Rule 23 does not preclude the Court from weighing the pros and cons of certifying a particular class. See id.; Davis, 275 F.3d at n. 28 (9th Cir. 2001) (finding that district courts have "broad discretion to determine whether a class should be certified").

In sum, the Court certifies the proposed Class for purposes of asserting the Exchange Act claim. The Court finds that Lead Plaintiff and Local 103 are adequate Class representatives. Having reviewed the papers submitted, the Court also finds it appropriate to appoint Labaton Sucharow LLP, Lite Depalma Greenberg, LLC, and Lim Ruger & Kim, LLP as joint lead counsel for the Class, pursuant to Rule 23(g).

IV. Conclusion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 09-01304-JVS (MLGx)** consolidated with SACV 09-1306-JVS(MLGX); SACV 09-1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx): and CV 09-8536-JVS(MLGx) | Date | June 19, 2012 |
| Title | **In re Stec Inc. Securities Litigation** | | |

For the foregoing reasons, the Court certifies the following Class with respect to the Exchange Act claim:

> All persons and entities that, between June 16, 2009 and February 23, 2010, inclusive (the "Class Period"), purchased or otherwise acquired the publicly traded common stock of STEC, Inc., and were damaged thereby (the "Class"). Excluded from the Class are the Defendants; the members of the immediate families of the Individual Defendants; the subsidiaries and affiliates of Defendants' any person who is an officer, director, partner or controlling person of STEC or any other Defendant; any entity in which any Defendant has a controlling interest; and the legal representative, heirs, successors and assigns of any such excluded person or entity.

(Proposed Order Granting Pls.' Mot. for Class Cert., Docket No. 218-5.) Should Plaintiffs discover an adequate Securities Act representative upon Class notification, the Court may revisit the class certification issue. The lead plaintiffs' counsel is hereby certified as counsel for the class.

IT IS SO ORDERED.

| | 0 | : | 20 |
|---|---|---|---|
| Initials of Preparer: | kjt | | |