FILED

2012 NOV -1 PM 3:33

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY_____

**KESSLER TOPAZ
MELTZER & CHECK, LLP**
Ramzi Abadou (222567)
rabadou@ktmc.com
Erik D. Peterson (257098)
epeterson@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Fax: (415) 400-3001

-and-

Eric L. Zagar (250519)
ezagar@ktmc.com
Robin Winchester
rwinchester@ktmc.com
J. Daniel Albert
dalbert@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Fax: (267) 948-2512

*Counsel for Class Member Mark Berry*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| IN RE STEC, INC. SECURITIES LITIGATION | SACV09-1304-JVS (MLGx)<br><br>**CLASS MEMBER MARK BERRY'S OPPOSITION AND OBJECTION TO CLASS REPRESENTATIVES' PURPORTED UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: November 9, 2012<br>Time: 10:00 a.m.<br>Judge: Hon. James V. Selna<br>Courtroom: 10C |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................. 1

II. ARGUMENT ......................................................................................................... 5

    A. Standard for Preliminary Settlement Approval ........................................ 5

    B. The Settlement Should Not Be Preliminarily Approved Because the Stipulation of Settlement Is Deficient on its Face ........................................................................................................... 5

    C. The Settlement Should Not Be Preliminarily Approved Because the Notice Is Deficient .................................................................... 7

III. CONCLUSION ..................................................................................................... 9

CLASS MEMBER MARK BERRY'S OPPOSITION AND OBJECTION TO CLASS REPRESENTATIVES' PURPORTED UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. SACV09-1304-JVS (MLGX)

-i-

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998)......................................................................... 7

*Harris v. Vector Mktg. Corp.*,
   No. C-08-5198 EMC, 2011 U.S. Dist. LEXIS 48878 (N.D. Cal. Apr. 29,
   2011) .............................................................................................................. 5, 7

*Ohayon v. Hertz Corp.*,
   No. 5:11-cv-01662 EJD, 2012 U.S. Dist. LEXIS 148991 (N.D. Cal. Oct.
   16, 2012) ......................................................................................................... 8

*Principe v. Ukropina (In re Pacific Enters. Sec. Litig.)*,
   47 F.3d 373 (9th Cir. 1994)............................................................................. 7

## I. INTRODUCTION

Class member Mark Berry ("Mr. Berry")[1] hereby submits this opposition and objection to the State of New Jersey, Department of Treasury, Division of Investment ("New Jersey"), International Brotherhood of Electrical Workers, Local 103 ("Local 103"), the Norfolk County Retirement System ("Norfolk") and Mark Ripperda's ("Ripperda" and together with New Jersey, Local 103 and Norfolk, the "Class Representatives") Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Preliminary Approval Motion") filed in the above-captioned action (the "Action"). Mr. Berry opposes and objects to preliminary approval of the proposed settlement (the "Settlement") because the Stipulation of Agreement and Settlement (the "Stipulation") may be construed to release Mr. Berry's claims in a parallel action in the Superior Court of the State of California, County of Orange ("Orange County Superior Court"),[2] and may act to prohibit Mr. Berry from pursuing meritorious derivative claims on behalf of STEC against certain of its executive officers and directors for breaching their fiduciary duties to the Company.[3] Mr. Berry opposes and objects at the preliminary approval phase because the Stipulation is obviously deficient on its face and, in light of said deficiency, the proposed Notice of Pendency of Class Action and Proposed Settlement and Motion for Attorneys' Fees and Expenses (the "Notice"), which the Class Representatives seek this Court to approve, is also deficient and should be corrected before being disseminated to the proposed class of STEC shareholders (the "Class").

---

[1] Mr. Berry purchased STEC, Inc. ("STEC" or the "Company") common stock during the proposed class period from June 16, 2009 to February 23, 2010. *See* Affidavit of Eric Zagar in Support of Opposition and Objection to Unopposed Motion for Preliminary Approval of Class Action Settlement ("Zagar Aff."), ¶2.
[2] *See Berry v. STEC, Inc.*, Case No. 2012-00552385 (Cal. Super. Ct.) filed on March 9, 2012.
[3] Mr. Berry has made his concerns known to counsel for STEC, but has received no response despite multiple attempts to engage counsel in communications. *See* Zagar Aff., ¶¶3-4 and Exhibits A and B.

CLASS MEMBER MARK BERRY'S OPPOSITION AND OBJECTION TO CLASS REPRESENTATIVES' PURPORTED UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 1 -
CASE NO. SACV09-1304-JVS (MLGX)

## I. BACKGROUND

Beginning on November 6, 2009, a number of STEC shareholders initiated securities fraud class actions concerning material misrepresentations and omissions made by the Company and certain of its executive officers in 2009 relating to prospective purchases of STEC's ZeusIOPS computer flash drive. The shareholders alleged, *inter alia*, that the misrepresentations and omissions had the effect of doubling the price of STEC common stock in mid-2009, and that alleged corrective disclosures, on November 3, 2009 and February 23, 2010, respectively, negatively affected the Company's stock price. In addition, it was alleged that certain of the Company's executives, including Manouch Moshayedi and Mark Moshayedi, took advantage of the Company's artificially inflated trading price to sell off more than 50% of their stake in the Company prior to the corrective disclosures.

On January 21, 2010, the Court consolidated these related cases into the Action. On September 11, 2012, the parties to the Action executed a Memorandum of Understanding concerning a proposed settlement of the litigation. On October 5, 2012, the Class Representatives filed the Preliminary Approval Motion, which attached the Stipulation.

In January and February 2010, certain STEC shareholders filed shareholder derivative actions in this Court on behalf of STEC against certain of its directors and executive officers in connection with the alleged insider selling scheme noted in the Action, which were consolidated on April 6, 2010 into *In re STEC, Inc. Derivative Litigation*, Master File No. CV 10-00667-JVS (MLGx) (C.D. Cal.). Likewise, between November 2009 and February 2010, certain STEC shareholders filed similar shareholder derivative actions in the Orange County Superior Court, which were consolidated on February 25, 2010 into *In re STEC, Inc. Shareholder Derivative Litigation*, No. 30-2009-00320001-CU-SL-CXC (Orange County Super. Ct.).[4] Both

---

[4] These two derivative actions are referred to herein as the "Derivative Actions."

Derivative Actions rely on a theory of demand futility, as the shareholders did not make demands upon STEC's Board of Directors (the "Board") to take action against the alleged wrongdoers. Both Derivative Actions are currently stayed pending the outcome of the Action.

On January 29, 2010, Mr. Berry demanded that STEC's Board commence an action seeking appropriate relief on behalf of the Company against certain of its current and former officers and directors, whom Mr. Berry alleged breached their fiduciary duties by using their knowledge of material nonpublic information regarding STEC to sell over $303 million of STEC stock (the "2010 Demand"). On December 17, 2010, the Company informed Mr. Berry that the purportedly independent members of the Board had refused "to pursue the claims alleged in the [2010] Demand against any of the individuals mentioned in the [2010] Demand."

Following this Court's partial denial of defendants' motion to dismiss the Action, on July 13, 2011, Mr. Berry demanded that the Board immediately: (i) investigate certain additional allegations included in the Action and take action against certain of the Company's officers and directors to remedy their misconduct in connection therewith; (ii) reconsider the Board's refusal of the 2010 Demand; (iii) take action to recover for the benefit of the Company the proceeds of the illegal insider sales alleged in the 2010 Demand; and (iv) correct the deficiencies in the Company's internal controls that allowed the misconduct to occur (the "2011 Demand"). However, on December 7, 2011, the Company again informed Mr. Berry that the allegedly independent members of the Board had refused to "pursue the claims alleged in the [2011] Demand against the individuals mentioned in the [2011] Demand."

On or about February 7, 2012, Mr. Berry served a letter upon STEC in which he demanded the right to inspect and make copies of certain books and records of the Company (the "Books and Records Demand") to determine "whether the Board

conducted a reasonable investigation and acted in good faith in connection with its refusals of the 2010 and 2011 Demands." After the Company failed to respond to the Books and Records Demand for over a month, on March 9, 2012, Mr. Berry filed his Verified Petition for Writ of Mandate ("Petition") in the *Berry* Action, seeking, *inter alia*, an order compelling STEC to permit Mr. Berry to inspect and make copies and extracts of the books and records identified in the Books and Records Demand.

On May 15, 2012, STEC filed a demurrer to the Petition. Following a hearing on STEC's demurrer on June 27, 2012, the Orange County Superior Court issued a minute order overruling the demurrer. Thereafter, counsel for STEC and Berry met and conferred and STEC agreed to produce documents responsive to the Books and Records Demand, which related to the Board's investigation of Mr. Berry's 2010 and 2011 Demands. STEC also agreed to produce privilege and redaction logs, and further, in a stipulation filed with the Orange County Superior Court, the parties agreed that the *Berry* Action would be stayed, but that "the [Orange County Superior] Court will retain jurisdiction over the Action for purposes of hearing any disputes that may arise over any information that is redacted or withheld by [STEC] on the grounds of privilege or work product protection." On September 25, 2012, STEC produced more than 1.5 million pages of documents and 1,338 pages of privilege and redaction logs to Mr. Berry. A status conference in the *Berry* Action is scheduled for January 11, 2013.

Upon review of the Preliminary Approval Motion and Stipulation, on October 8, 2012, counsel for Mr. Berry sent a letter to counsel for STEC to express Mr. Berry's concern regarding the proposed settlement of the Action (the "October 8 Letter"). Zagar Aff., ¶3 & Exh. A. Specifically, Mr. Berry noted his concern that the Stipulation as drafted could be read to release his claims in the *Berry* Action as well as any potential derivative claims that Mr. Berry could assert in connection with

the Board's rejection of the 2010 and 2011 Demands. Mr. Berry asked that counsel for STEC clarify whether the Stipulation purports to release his claims or any potential derivative claims in connection with the Demands. After counsel for the Company failed to respond to the October 8 Letter, Mr. Berry's counsel sent a follow-up letter on October 24, 2012, informing STEC's counsel that Mr. Berry would be forced to object to the Settlement unless STEC's counsel responded to the October 8 Letter no later than the close of business on Monday October 29, 2012. Zagar Aff., ¶4 & Exh. B. As of the date of this filing, STEC's counsel has yet to respond.

## II. ARGUMENT

### A. Standard for Preliminary Settlement Approval

"At the preliminary approval stage, the Court may grant preliminary approval of a settlement and direct notice to the class if the settlement: (1) appears to be the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiencies; (3) does not improperly grant preferential treatment to class representatives or segments of the class; and (4) falls within the range of possible approval." *Harris v. Vector Mktg. Corp.*, No. C-08-5198 EMC, 2011 U.S. Dist. LEXIS 48878, at *23 (N.D. Cal. Apr. 29, 2011) (citations omitted).

### B. The Settlement Should Not Be Preliminarily Approved Because the Stipulation of Settlement Is Deficient on its Face

The Court should deny preliminary approval of the Settlement because (i) the Stipulation is obviously deficient, as it could be construed to release claims that the Class Representatives are not authorized to release, and (ii) it grants preferential treatment to the representative plaintiffs in the two pending Derivative Actions by carving out those actions from the release of claims, while potentially releasing any other derivative claims based on the transactions and occurrences that serve as the basis for the claims in the Action.

Specifically, in the Stipulation, the Class Representatives have agreed to release STEC, Manouch Moshayedi, Mark Moyashedi, and Raymond Cook from "any and all claims, rights, causes of action, duties, obligations . . . whether arising under federal, state, common or administrative law . . . that Class Representatives or any other Class Member . . . could have asserted in the Action or any other action or forum, that arise out of, relate to, or are in connection with the claims, allegations, transactions, facts, events, acts, disclosures, statements, representations or omissions or failures to act involved, set forth, or referred to in the complaints filed in the Action, and that relate to the purchase of publicly traded common stock of STEC during the Class Period."[5] See Stipulation, ¶1(i), (p), (cc), (ee) & ¶4. The Stipulation continues: "Released Claims include the claims in *West Virginia Laborers' Trust Fund v. STEC, Inc.*, No. 30-2011-00489022-CU-SL-CXC (Orange County Super. Ct.), but do not include: (i) claims to enforce the Settlement; (ii) any governmental or regulatory agency's claims in any criminal or civil action against any of the Released Defendants Parties; (iii) *In re STEC, Inc. Derivative Litigation*, Master File No. CV 10-00667-JVS(MLGx) (C.D. Cal.); and (iv) *In re STEC, Inc. Shareholder Derivative Litigation*, No. 30-2009-00320001-CU-SL-CXC (Orange County Super. Ct.)." *Id.*, ¶1(cc).

Noticeably absent from the "carved-out" claims and actions is the *Berry* Action, which arises from the facts set forth in the Action, and which imposes upon STEC certain continuing duties and obligations in connection with Mr. Berry's books and records demand. Specifically, STEC has agreed in the *Berry* Action that the Orange County Superior Court has continuing jurisdiction to hear any disputes that may arise over withheld or redacted information produced in response to Mr.

---

[5] Class Member "means all Persons that, between June 16, 2009 and February 23, 2010, inclusive, purchased or otherwise acquired the publicly traded common stock of STEC and were damaged thereby." Stipulation, ¶1(e). Mr. Berry is a member of the Class.

CLASS MEMBER MARK BERRY'S OPPOSITION AND OBJECTION TO CLASS REPRESENTATIVES' PURPORTED UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. SACV09-1304-JVS (MLGX)

- 6 -

Berry's Books and Records Demand. Upon completion of the review of the extensive privilege and redaction logs and the substantial production of documents in the *Berry* Action, Mr. Berry may seek to compel additional document production responsive to the Books and Records Demand. To the extent that the Stipulation releases STEC from the claims in the *Berry* Action and STEC's potential obligation to produce additional documents, which Class Representatives do not have the authority to release, the Stipulation is obviously deficient and the Court must deny preliminary approval of the Settlement.

Moreover, Class Representatives also may have improperly released potential derivative claims in the Settlement, as the implication of the Stipulation's carve-out language is that only derivative claims contained within the Derivative Actions are preserved from the broad releases granted by Class Representatives. The Class Representatives do not have standing to release derivative claims, as they did not bring these claims, and they are conflicted by their representation of the Class. *See, e.g., Principe v. Ukropina (In re Pacific Enters. Sec. Litig.)*, 47 F.3d 373, 378 (9th Cir. 1994). Additionally, by carving out from the release only the derivative claims brought by the plaintiffs in the Derivative Actions the Stipulation grants preferential treatment to those plaintiffs, as other Class Members, including Mr. Berry, may be precluded from bringing meritorious derivative claims, especially on a different demand theory. Accordingly, the Court should deny the Preliminary Approval Motion.

### C. The Settlement Should Not Be Preliminarily Approved Because the Notice Is Deficient

"Adequate notice is critical to court approval of a class settlement under Rule 23(e)." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1025 (9th Cir. 1998). Preliminary approval is the time that the Court makes a decision as to the adequacy of notice, and whether it should be disseminated to the Class. *See, e.g., Harris*, 2011 U.S. Dist.

LEXIS 48878, at *23. "The notice must explain in easily understood language the nature of the action, definition of the class, **class claims**, issues and defenses, ability to appear through individual counsel, procedure to request exclusion, and the **binding nature of a class judgment**." *Ohayon v. Hertz Corp.*, No. 5:11-cv-01662 EJD, 2012 U.S. Dist. LEXIS 148991, at *12-13 (N.D. Cal. Oct. 16, 2012) (citing Fed. R. Civ. Proc. 23(c)(2)(b)) (emphasis added).

Here the Notice is inadequate because it informs Class Members of the Stipulation's impermissible release language, thereby suggesting that Class Members will be bound by the Stipulation's release. The release language is also ambiguous as to how potential derivative claims brought on behalf of the Company in connection with the same facts will be treated, as the Stipulation only explicitly carves out the existing Derivative Actions and is silent with respect to any potential other derivative claims or actions asserted based on the same facts. Specifically, the Notice states that: "The Settlement resolves claims that Defendants misled investors about STEC's revenue growth and inflated the price of STEC's stock . . . and releases Defendants from liability." Notice, pp. 2-3. The Notice follows this with a footnote, which states: "The Settlement does not release claims in: (i) *In re STEC, Inc. Derivative Litigation*, Master File No. CV 10-00667-JVS(MLGx) (C.D. Cal.); and (ii) *In re STEC, Inc. Shareholder Derivative Litigation*, No. 30-2009-00320001-CU-SL-CXC (Orange County Super. Ct.). Notice, p. 3 fn. 2. The Notice later merely parrots the definition of Released Claims in the Stipulation, which, as discussed above, is improper and ambiguous. Notice, p. 14-16.

The Notice provides the same ambiguity as the Stipulation with respect to the release of the claims in the *Berry* Action and any derivative claims that are not explicitly brought in the Derivative Actions. Accordingly, the Notice is deficient and should not be approved by the Court.

## III. CONCLUSION

For all the foregoing reasons, the Court should deny the Preliminary Approval Motion unless and until the deficiencies in the Stipulation and Notice are corrected.

Dated: November 1, 2012

KESSLER TOPAZ
MELTZER & CHECK, LLP

Ramzi Abadou (222567)
Erik D. Peterson (257098)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Fax: (415) 400-3001

KESSLER TOPAZ
MELTZER & CHECK, LLP
Eric L. Zagar (250519)
Robin Winchester
J. Daniel Albert
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Fax: (267) 948-2512

*Attorneys for Class Member Mark Berry*

## PROOF OF SERVICE

I, Doug Tewksbury, declare as follows:

I am a resident of the Commonwealth of Pennsylvania. I am employed in Radnor, Commonwealth of Pennsylvania, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is 280 King of Prussia Road, Radnor, PA 19087. On November 1, 2012, I served the following document(s):

**CLASS MEMBER MARK BERRY'S OPPOSITION AND OBJECTION TO CLASS REPRESENTATIVES' PURPORTED UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

XX  By placing such a copy enclosed in a sealed envelope, postage thereon fully prepaid, in the United States Postal Service for collection and mailing this day in accordance with ordinary business practices at Kessler Topaz Meltzer & Check, LLP.

By personal service I caused such envelope(s) to be delivered by hand on November 1, 2012 to the offices of the addressee(s) listed below.

By consigning such a copy to a messenger for guaranteed hand delivery on November 1, 2012.

By consigning such copy to a facsimile operator at fax number (610) 667-7706 for transmittal on this date to the addressee(s) listed below.

By electronic transmission. I caused a true and correct copy of the aforementioned document to be transmitted to each of the parties at the electronic notification address last given by said party on any document which he or she has filed in this action and served upon this office.

I served the above document(s) on the following persons:

Patrick E. Gibbs
Matthew Rawlinson
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, California 94025

Thomas A. Dubbs
James W. Johnson
Richard T. Joffe
Thomas G. Hoffman, Jr.
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005

Robert S. Green
GREEN & NOBLIN, P.C.
700 Larkspur Landing Circle
Suite 275
Larkspur, CA  94939

Allyn Z. Lite
Bruce D. Greenberg
Katrina Carroll
LITE DEPALMA GREENBERG, LLC
Two Gateway Center, 12th Floor
Newark, NJ 07102

| | |
|---|---|
| Thomas Bienert, Jr.<br>BEINERT, MILLER & KATZMAN<br>903 Calle Amanecer<br>Suite 350<br>San Clemente, CA 92673 | Christopher Kim<br>Lisa J. Yang<br>LIM, RUGER & KIM, LLP<br>1055 West Seventh Street, Suite 2800<br>Los Angeles, California 90017-2554 |

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed at Radnor, PA, on November 1, 2012.

*/s/ Doug Tewksbury*
Doug Tewksbury