1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

- - -

THE HONORABLE JAMES V. SELNA, JUDGE PRESIDING

IN RE STEC, INC., SECURITIES
LITIGATION

SACV-09-1304-JVS
SACV-09-1306-JVS
SACV-09-1315-JVS
SACV-09-1320-JVS
SACV-09-1460-JVS
CV-09-8536-JVS

_____

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Santa Ana, California

November 9, 2012

SHARON A. SEFFENS, RPR
United States Courthouse
411 West 4th Street, Suite 1-1053
Santa Ana, CA  92701
(714) 543-0870

SHARON SEFFENS, U.S. DISTRICT COURT REPORTER

2

```
 1 │ APPEARANCES OF COUNSEL:

 2 │ For the Plaintiffs:

 3 │ THOMAS A. DUBBS
   │ JAMES W. JOHNSON
 4 │ LABATON SUCHAROW LLP
   │ 140 Broadway
 5 │ New York, NY  10005
   │ (212) 907-0700
 6 │

 7 │ BRUCE D. GREENBERG
   │ LITE DEPALMA GREENBERG, LLC
 8 │ Two Gateway Center, 12th Floor
   │ Newark, NJ  07102
 9 │ (973) 623-3000

10 │ ROBERT S. GREEN
   │ GREEN & NOBLIN, P.C.
11 │ 700 Larkspur Landing Circle, Suite 275
   │ Larkspur, CA  94939
12 │ (415) 477-6700

13 │ THOMAS BIENERT, JR.
   │ BIENERT, MILLER & KATZMAN
14 │ 903 Calle Amanecer, Suite 350
   │ San Clemente, CA  92673
15 │ (949) 369-3700

16 │ For the STEC Defendants:

17 │ PATRICK E. GIBBS
   │ LATHAM & WATKINS LLP
18 │ 140 Scott Drive
   │ Menlo Park, CA  94025
19 │ (650) 328-4600

20 │ For the INTERVENOR WEST VIRGINIA LABORERS' TRUST FUND:

21 │ BENJAMIN GALDSTON
   │ BLAIR A. NICHOLAS
22 │ NIKI L. MENDOZA
   │ BERNSTEIN LITOWITZ BERGER & GROSSMAN LLP
23 │ 12481 High Bluff Drive, Suite 300
   │ San Diego, CA  92130-3582
24 │ (858) 793-0070

25 │
```

SHARON SEFFENS, U.S. DISTRICT COURT REPORTER

3

1   SANTA ANA, CALIFORNIA; FRIDAY, NOVEMBER 9, 2012; 10:00 A.M.

2             THE CLERK:  Item No. 1, SACV-09-01304-JVS, In Re

3   Stec, Inc., Securities Litigation and all consolidated

4   actions.

5             Counsel, please state your appearances for the

6   record.

7             MR. DUBBS:  Good morning, Your Honor.  Thomas

8   Dubbs for lead plaintiff New Jersey and the class.

9             MR. JOHNSON:  Good morning, Your Honor.  James

10  Johnson also for New Jersey and the class.

11            MR. GREENBERG:  Good morning, Your Honor.  Bruce

12  Greenberg on behalf of New Jersey and the class.

13            MR. GREEN:  Good morning, Your Honor.  Robert

14  Green for Mark Ripperda and the Section 11 plaintiffs.

15            MR. BIENERT:  Good morning, Your Honor.  Tom

16  Bienert for plaintiff Mark Ripperda.

17            MR. GIBBS:  Good morning, Your Honor.  Patrick

18  Gibbs for the defendants.

19            MR. GALDSTON:  Good morning, Your Honor.  Benjamin

20  Galdston on behalf of the West Virginia Laborers.

21            MR. NICHOLAS:  Good morning, Your Honor.  Blair

22  Nicholas on behalf of the West Virginia Laborers.

23            THE COURT:  Good morning.

24            Let me provide you with a few additional thoughts

25  before I hear you.  My concern about the transaction and the

1   causation not being reflected in the current pleading with

2   respect to Mr. Ripperda's loss I think could be easily

3   cured.  I am prepared to grant leave to file an Amended

4   Complaint.  I am prepared to not require an answer unless

5   the defendants want to file an answer, just let the current

6   answer stand, and all material allegations deemed denied.

7            That's not my real concern.  My concern is I don't

8   think I have a sufficient record with respect to the

9   settlement as it affects the 33 Act claimants.  I don't

10  think I have a sufficient record with regard to the

11  qualifications of counsel, the legitimacy of the 25 percent

12  premium for the 33 Act claimants, and generally I just don't

13  have an understanding of how that aspect of the settlement

14  negotiations played out to give me comfort that it is in

15  fact fair to the 33 Act plaintiffs.

16           I acknowledge that there is a substantial amount

17  of money on the table, and I think that further

18  concentration on the typicality and adequacy of

19  representation of the 33 Act plaintiffs can probably be

20  cured, but I[m just not satisfied with the present record.

21           MR. DUBBS:  Your Honor, Thomas Dubbs.  We have

22  read the tentative, and I have just heard your remarks.  The

23  simple answer is we think the pleading issues can be cured

24  in a relatively straightforward simple way.  We also think

25  that the other questions that the Court has raised, which

1    would more often be the focus of a final approval hearing,

2    but it's perfectly appropriate to look at it now, which we

3    are prepared to do.  We think we can put before the Court

4    and would like the opportunity to put before the Court a

5    more fulsome record that responds in detail to all the

6    concerns which Your Honor just raised now orally, as well as

7    the items that were put in the tentative.  We would like the

8    opportunity to do that.  We think we can do that, and we

9    would propose to have that package to the Court in three or

10   four weeks.

11            THE COURT:  That's perfectly acceptable.  There is

12   a serious settlement proposal on the table.  I simply want

13   to make sure that it gets vetted properly so that I can

14   discharge my duties vis-a-vis the class members and

15   specifically the 33 Act class members.

16            MR. DUBBS:  Let's be clear.  We have absolutely no

17   problem with doing that.  That is the Court's role in these

18   circumstances, and it's our job to satisfy the Court.  We

19   feel confident we can do that.  At the very least, we want

20   to make the best try that we can.

21            THE COURT:  Well, if I didn't have an optimistic

22   view, I wouldn't be encouraging you to engage in this

23   effort.  I think there are answers to the questions that I

24   posed and that they are likely to be quite satisfactory

25   answers.  The question is whether those answers are

6

1   currently in the record.

2           MR. DUBBS:  We agree, Your Honor.  We think that

3   they are answerable, and we think the record can be

4   supplemented to Your Honor's satisfaction, and we will

5   endeavor to do that.

6           THE COURT:  What kind of a timetable do you

7   propose?

8           MR. DUBBS:  I think in three to four weeks we can

9   get the whole thing to Your Honor.  12/7 is a date that

10  is -- not to jinx it on Pearl Harbor Day, but --

11          THE COURT:  That's fine.  Any supplemental filing

12  by December 7.  I think it would be nice to get this

13  accomplished this year.  If you can get it in on the 7th, I

14  propose to hold a hearing on the 17th.

15          MR. DUBBS:  Very good.

16          THE COURT:  I will put it over to the new year if

17  you want me to, but --

18          MR. DUBBS:  No.  We would just as soon keep the

19  thing moving.

20          THE COURT:  That would be my preference as well.

21          MR. DUBBS:  Very well.  We will do that, Your

22  Honor.

23          MR. GALDSTON:  Your Honor, on behalf of West

24  Virginia Laborers, Vincent, and the receiver, we certainly

25  disagree that the issues with adequacy or typicality can be

1   resolved -- we would like a sufficient opportunity to

2   respond to any submission that is proffered by the

3   plaintiffs.

4          THE COURT:  I would still like to do this this

5   year, but I think the West Virginia plaintiffs ought to have

6   an adequate opportunity to respond to the showing.  Can you

7   shorten the time?  Can you get it done before the 7th?

8   Otherwise, if I give them a week or two from the date of

9   your submission to put in their views, we are off into the

10  new year.  That's the not the end of the world, but --

11         MR. DUBBS:  Why don't we confer with counsel for

12  West Virginia.  I appreciate the point.  We will try to

13  truncate the time, and hopefully they will be cooperative

14  and try to compress their time so we can get it done as soon

15  as possible.

16         THE COURT:  I think it's appropriate that they

17  address the Court.

18         Could I ask you then within a week to meet and

19  confer and put in a briefing schedule leading to a hearing

20  that you are all satisfied with?  It sounds like this is

21  going to go into the new year.  I am prepared to address it

22  promptly in the new year if that's the amount of time you

23  need to make the record.

24         MR. DUBBS:  I'm hopefully optimistic that we can

25  do something this year, but we shall see.

8

1                MR. GALDSTON:  I'm happy to meet and confer with

2     counsel and work out a schedule, but there are some concerns

3     that I would like to highlight for the Court if I may be

4     heard today.

5                THE COURT:  Briefly.

6                MR. GALDSTON:  Your Honor, we are just completely

7     bewildered and puzzled about why it is that lead counsel in

8     this case who only represents the certified Exchange Act

9     claims made absolutely no attempt over the last two years to

10    amend or assert the Securities Act claims that were

11    dismissed from this case and really have made no effort to

12    prosecute those claims in any way.  We could add those

13    securities claims back --

14               THE COURT:  Is that entirely accurate?

15               MR. GALDSTON:  That is, Your Honor.

16               THE COURT:  Didn't the current plaintiffs move for

17    certification of both the Section 11 and the 10(b) claim,

18    the 33 and the 34 Act claim?

19               MR. GALDSTON:  They moved to certify a claim that

20    would encompass those claims, but they didn't have a

21    plaintiff with standing.

22               THE COURT:  But they did assert a 33 Act claim,

23    did they not?

24               MR. GALDSTON:  Well, Your Honor --

25               THE COURT:  Did they or did they not assert the 33

SHARON SEFFENS, U.S. DISTRICT COURT REPORTER

9

```
 1  Act claim?
 2          MR. GALDSTON:  They did not proffer a claim --
 3          THE COURT:  Did they or did they not in their
 4  pleadings assert a 33 Act claim?
 5          MR. GALDSTON:  In the class certification motion,
 6  Your Honor, they asserted --
 7          THE COURT:  Sir, answer the question posed.  In
 8  the Complaint and in the amended pleadings, did the current
 9  plaintiffs assert or not assert a 33 Act claim?
10          MR. GALDSTON:  That is correct.
11          THE COURT:  So you misspoke when you said they
12  never asserted a 33 Act claim?
13          MR. GALDSTON:  Your Honor, I may have misspoke.
14  Excuse me.  What I meant to say is they have not amended the
15  Complaint after dismissal of their plaintiff that did not
16  have standing to assert those claims.  They did not amend to
17  bring in a plaintiff with standing.
18          THE COURT:  Sir, if you are going to be helpful to
19  this Court, it would benefit both you and me to have you
20  understand the procedural steps that have gone forward in
21  this court.  It would be helpful for you to understand the
22  record as it establishes the efforst made by the current
23  lead plaintiff to find a 33 Act plaintiff, and it would be
24  helpful to understand what the Court's rationale was for
25  certifying only a 34 Act class.  All those things would be
```

1  quite helpful.

2          MR. GALDSTON:  That's correct.  When Your Honor

3  certified the Exchange Act claim, you provided counsel with

4  an opportunity -- or least noted that there would be an

5  opportunity to revisit a class certification order if the

6  plaintiff was able to find a Securities Act plaintiff with

7  standing, and they were unable to do that.  So what they

8  have done here now is modify the theory of their case to

9  conform to the individual plaintiff that they found to suit

10  their needs.  This is nothing more than an arranged marriage

11  of convenience.

12          We don't understand why it is that they are

13  persistently attempting to settle claims that are currently

14  being litigated but are represented by an institutional

15  plaintiff with standing with experienced counsel, the exact

16  type of class representative that Congress envisioned in the

17  PSLRA in a federal action, a live action, that is being

18  litigated just down the street from here.  We just don't

19  understand why they insist on attempting to settle these

20  claims without the consent or participation of West Virginia

21  Laborers.

22          Now, it's worth noting that West Virginia Laborers

23  has not asserted these claims in the state court action.

24  They likely would have expired under the limitations period

25  because, as I pointed out, they had abandoned and not

1    amended to add a plaintiff with standing to maintain those

2    claims.

3          Now to try to now wrestle the Securities Act

4    claims away from West Virginia Laborers in state court by

5    putting forth a token individual plaintiff here who has had

6    virtually no involvement in the settlement process and

7    apparently was only marginally involved in the allocation

8    negotiations as between the Securities Act and the Exchange

9    Act claims is really improper and prejudicial to West

10   Virginia Laborers.

11         THE COURT:  Sir, to the extent you have

12   substantive comments on the proposed settlement, you will

13   have an opportunity to respond to the supplemental showing

14   of the current plaintiffs before me.

15         MR. GALDSTON:  We will reserve our rights and our

16   arguments with respect to the adequacy of settlement and

17   with respect to the process by which it was derived.

18   However, I would like to raise a few other concerns as to

19   adequacy.

20         THE COURT:  Sir, I will address your concerns as

21   to adequacy to the extent you made them in your papers to

22   date, and with respect to whether there is any response, I

23   will consider your substantive arguments with regard to

24   adequacy at that time.

25         MR. GALDSTON:  Okay.  We submitted a surrereply,

12

```
 1   which was not accepted by the Court.  There are a few points

 2   that I wish to make for the record.

 3            THE COURT:  Sir, you can make them in your

 4   response to the supplemental showing.

 5            MR. GALDSTON:  Thank you, Your Honor.  We will

 6   reserve and make our arguments in the supplemental

 7   submission.

 8            THE COURT:  Very good.  You have a due process

 9   right to make your position before this Court, and you will

10   have an opportunity to do that.

11            MR. GALDSTON:  Thank you, Your Honor.

12            THE COURT:  What would have happened if you had

13   filed your 33 Act claim in federal court?

14            MR. GALDSTON:  I'm sorry?

15            THE COURT:  Instead of making the choice to go to

16   state court and you filed it in federal court, what would

17   have happened?

18            MR. GALDSTON:  Well, I imagine that the parties

19   would have sought to consolidate it with this action.

20            THE COURT:  But you made the decision to file in

21   state court, correct?

22            MR. GALDSTON:  That's correct.  Our client made

23   the decision to file in state court.  It's worth noting

24   again that Your Honor dismissed the disclosure that the

25   plaintiffs are now trying to sneak back into this case.
```

13

```
 1   That's a disclosure that we alleged and supported in the

 2   state court action.

 3               THE COURT:  Thank you.

 4               MR. GALDSTON:  Thank you, Your Honor.

 5               THE COURT:  Mr. Gibbs.

 6               MR. GIBBS:  Your Honor, I have nothing to add

 7   other than to note that the defendants certainly agree with

 8   an amended pleading.  We would appreciate the opportunity to

 9   forego an answer as long as all material allegations are

10   being denied, and we're happy to work with whatever schedule

11   the respective plaintiffs' lawyers are able to work out.

12               THE COURT:  Why don't you join with -- along with

13   a stipulation that provides for a date for filing the

14   amended pleading the option to answer or not answer as to

15   all material allegations being denied, and a briefing and

16   hearing schedule on further consideration for approval of

17   the settlement.

18               MR. GIBBS:  We're happy to do that.

19               MR. DUBBS:  Very well, Your Honor.

20               THE COURT:  Anything further?

21               Thank you very much.

22               (Whereupon, the proceedings were concluded.)

23                         *     *     *

24

25
```

14

CERTIFICATE

I hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Date:  November 10, 2012

/S/ Sharon A. Seffens 11/10/12
_____
SHARON A. SEFFENS, U.S. COURT REPORTER

SHARON SEFFENS, U.S. DISTRICT COURT REPORTER