Christopher Kim (Bar No. 082080)
christopher.kim@limruger.com
Lisa J. Yang (Bar No. 208971)
lisa.yang@limruger.com
LIM, RUGER & KIM, LLP
1055 West Seventh Street, Suite 2800
Los Angeles, California 90017-2554
Telephone: (213) 955-9500
Facsimile: (213) 955-9511

Thomas A. Dubbs (*Pro Hac Vice*)
tdubbs@labaton.com
James W. Johnson (*Pro Hac Vice*)
jjohnson@labaton.com
Richard T. Joffe (*Pro Hac Vice*)
rjoffe@labaton.com
LABATON SUCHAROW LLP
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

Allyn Z. Lite (*Pro Hac Vice*)
alite@litedepalma.com
Bruce D. Greenberg (*Pro Hac Vice*)
bgreenberg@litedepalma.com
LITE DePALMA GREENBERG, LLC
Two Gateway Center, 12th Floor
Newark, New Jersey 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858

*Attorneys for Lead Plaintiff, the State of New Jersey, Department of Treasury, Division of Investment, Plaintiff International Brotherhood of Electrical Workers, Local 103 and Norfolk County Retirement System and Lead Counsel for the Class*

Thomas Bienert, Jr.
tbienert@bmkattorneys.com
BIENERT, MILLER & KATZMAN
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
Telephone: (949) 369-3700
Facsimile: (949) 369-3701

Robert S. Green
rsg@classcounsel.com
GREEN & NOBLIN, P.C.
700 Larkspur Landing Circle, Suite 275
Larkspur, CA 94939
Telephone: (415) 477-6700
Facsimile: (415) 477-6710

*Attorneys for Plaintiff Mark Ripperda*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE STEC, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | No. SACV 09-01304-JVS (MLGx)<br><br>**PRELIMINARY APPROVAL ORDER PROVIDING FOR NOTICE AND HEARING IN CONNECTION WITH PROPOSED CLASS ACTION SETTLEMENT**<br><br>Judge: Hon. James V. Selna |

WHEREAS, on October 5, 2012, the State of New Jersey, Department of Treasury, Division of Investment ("Lead Plaintiff"), and plaintiffs International Brotherhood of Electrical Workers, Local 103 ("Local 103") and The Norfolk County Retirement System (together, "Plaintiffs") and plaintiff Mark Ripperda (collectively, "Class Representatives") on behalf of themselves and the Class, and STEC, Inc. ("STEC"), Manouch Moshayedi, Mark Moshayedi, and Raymond Cook (the "Individual Defendants", and together with STEC, "Defendants") entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-titled litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the claims alleged in the Third Amended Consolidated Complaint ("Complaint") against Defendants on the merits and with prejudice (the "Settlement"); and the Court having read and considered the Stipulation and the accompanying exhibits; and the Parties to the Stipulation having consented to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of February, 2013 that:

1. The Court has reviewed the Stipulation and preliminarily finds the Settlement set forth therein to be fair, reasonable and adequate, subject to further consideration at the Settlement Hearing described below. This Order incorporates by reference the definitions in the Stipulation, and all capitalized terms used in this Order that are not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. On June 19, 2012, the Court certified a class for the claims under the Securities Exchange Act of 1934 ("Exchange Act") of all persons and entities, that between June 16, 2009 and February 23, 2010, inclusive (the "Class Period"), purchased or otherwise acquired the publicly traded common stock of STEC, Inc., and were damaged thereby (the "Class"), and appointed Lead Plaintiff and Local


103 class representatives. The Court also appointed Co-Lead Counsel and Liaison Counsel as joint lead counsel for the Class pursuant to Rule 23(g).

3. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court also hereby preliminarily certifies, for the purposes of the Settlement only, the Class for the purposes of the Class Representatives' claims under the Securities Act on behalf of all persons or entities, that, during the Class Period, purchased or otherwise acquired the publicly traded common stock of STEC and were damaged thereby. Excluded from the Class are: Defendants; the members of the immediate families of the Individual Defendants; the subsidiaries and affiliates of Defendants; any person who is an officer, director, partner or controlling person of STEC or any other Defendant; any entity in which any Defendant has a controlling interest; and the legal representatives, heirs, successors and assigns of any such excluded person or entity. Also excluded from the Class are any Class Members who properly exclude themselves by filing a valid and timely request for exclusion in accordance with the requirements set forth in the Notice.

4. The Court preliminarily finds and concludes that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied for the Class defined herein for Class Representatives' Securities Act claims and for the purposes of the Settlement only, in that:

    (a) the members of the Class are so numerous that joinder of all Class Members is impracticable;

    (b) there are questions of law and fact common to the Class Members;

    (c) the claims of Class Representatives are typical of the Class's claims;

      (d)    Class Representatives and their Counsel have fairly and adequately represented and protected the interests of the Class;

      (e)    the questions of law and fact common to Class Members predominate over any individual questions; and

      (f)    a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Class Members are too small to justify the expense of individual actions; and it does not appear that there is any interest among Class Members in individually controlling the litigation of their claims.

5.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Mark Ripperda is preliminarily certified as a Class Representative for the Class.

6.    A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on May 20, 2013, at 1:30 p.m., in Courtroom 10C for the following purposes:

      (a)    to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

      (b)    to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether the release by the Class of the Released Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

      (c)    to determine, for Class Representatives' claims under the Securities Act, and for purposes of Settlement only, whether the Class should be finally certified; and whether Mark Ripperda should be finally certified as a Class Representative for the Class;

    (d) to determine whether the proposed Plan of Allocation for the Net Settlement Fund is fair and reasonable and should be approved by the Court;

    (e) to consider Co-Lead Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses (which may include an application for an award to Class Representatives for reimbursement of their reasonable costs and expenses directly related to their representations of the Class); and

    (f) to rule upon such other matters as the Court may deem appropriate.

  7. The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses. The Court may also adjourn the Settlement Hearing or modify any of the dates herein without further notice to members of the Class.

  8. The Court approves the form, substance and requirements of the Notice of Pendency of Class Action and Proposed Settlement and Motion for Attorneys' Fees and Expenses (the "Notice") and the Proof of Claim and Release form ("Proof of Claim"), substantially in the forms annexed hereto as Exhibits 1 and 2, respectively.

  9. The Court approves the retention of The Garden City Group, Inc. as the Claims Administrator. The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first-class mail, postage prepaid, on or before ten (10) calendar days after the date of entry of this Order ("Notice Date"), to all Class Members who can be identified with reasonable effort. STEC, to the extent it has not already done so, shall provide, or cause to be provided, to Co-Lead Counsel or the Claims Administrator, at no cost to Class Representatives, Co-Lead Counsel, the Class or the Claims

1  Administrator, lists obtained from STEC's stock transfer agent of the names and
2  addresses of STEC's registered shareholders during the Class Period within seven
3  (7) calendar days of entry of this Order.
4      10.    The Claims Administrator shall use reasonable efforts to give notice
5  to nominee purchasers such as brokerage firms and other persons or entities who
6  purchased the publicly traded common stock of STEC during the Class Period.
7  Such nominee purchasers are directed, within seven (7) calendar days of their
8  receipt of the Notice, to either: (i) provide the Claims Administrator with lists of
9  the names and last known addresses of the beneficial owners, and the Claims
10 Administrator is ordered to send the Notice and Proof of Claim promptly to such
11 identified beneficial owners by first-class mail, or (ii) request additional copies of
12 the Notice and Proof of Claim, and within seven (7) calendar days of receipt of
13 such copies send them by first-class mail directly to the beneficial owners.
14 Nominee purchasers who elect to send the Notice and Proof of Claim to their
15 beneficial owners shall also send a statement to the Claims Administrator
16 confirming that the mailing was made as directed. Additional copies of the Notice
17 shall be made available to any record holder requesting such for the purpose of
18 distribution to beneficial owners, and such record holders shall be reimbursed from
19 the Settlement Fund, after receipt by the Claims Administrator of proper
20 documentation, for their reasonable expenses actually incurred in sending the
21 Notices and Proofs of Claim to beneficial owners.
22     11.    The Claims Administrator shall also post the Notice and Proof of
23 Claim on its website. Co-Lead Counsel shall, at or before the Settlement Hearing,
24 file with the Court proof of mailing and posting of the Notice and Proof of Claim.
25     12.    The Court approves the form of the Summary Notice of Pendency of
26 Class Action and Proposed Settlement and Motion for Attorneys' Fees and
27 Expenses (the "Summary Notice") substantially in the form annexed hereto as
28 Exhibit 3, and directs that Co-Lead Counsel cause the Summary Notice to be

published in *Investor's Business Daily* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date. Co-Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

13. The form and content of the notice program described herein, and the methods set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), Section 27(a)(7) of the Securities Act, 15 U.S.C. § 77z-1(a)(7), as amended by the PSLRA, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

14. In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a) A properly executed Proof of Claim, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated in the Notice, postmarked no later than 120 calendar days after the Notice Date. Such deadline may be further extended by Court order or by Co-Lead Counsel in their discretion. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice. Any Class Member who does not timely submit a Proof

1  of Claim within the time provided for shall be barred from sharing in the
2  distribution of the Net Settlement Fund, unless otherwise ordered by the Court.
3        (b)    The Proof of Claim submitted by each Class Member must
4  satisfy the following conditions, unless otherwise ordered by the Court: (i) it must
5  be properly completed, signed and submitted in a timely manner in accordance
6  with the provisions of the preceding subparagraph; (ii) it must be accompanied by
7  adequate supporting documentation for the transactions reported therein, in the
8  form of broker confirmation slips, broker account statements, an authorized
9  statement from the broker containing the transactional information found in a
10 broker confirmation slip, or such other documentation as is deemed adequate by
11 Co-Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a
12 representative capacity, a certification of her, his or its current authority to act on
13 behalf of the Class Member must be included in the Proof of Claim; and (iv) the
14 Proof of Claim must be complete and contain no material deletions or
15 modifications of any of the printed matter contained therein and must be signed
16 under penalty of perjury.
17       (c)    As part of the Proof of Claim, each Class Member shall submit
18 to the jurisdiction of the Court with respect to the claim submitted.
19     15.    Class Members shall be bound by all orders, determinations and
20 judgments in this Action, whether favorable or unfavorable, unless such Persons
21 request exclusion from the Class in a timely and proper manner, as hereinafter
22 provided. A Class Member wishing to make such an exclusion request shall mail
23 the request in written form by first-class mail to the address designated in the
24 Notice for such exclusions, such that it is received no later than twenty-eight (28)
25 calendar days prior to the Settlement Hearing. Such request for exclusion must
26 state the name, address and telephone number of the person seeking exclusion, that
27 the sender requests "exclusion from the Class in *In re STEC, Inc. Securities*
28 *Litigation*, Case No. SACV-09-01304-JVS (MLGx) (C.D. Cal.)" and must be

[PROPOSED] PRELIM. APPROVAL ORDER
NO. SACV 09-01304-JVS (MLGX)

8

signed by such person.  Such Persons requesting exclusion are also directed to state: the date(s), price(s), and number(s) of shares of all purchases, acquisitions and sales of publicly traded STEC common stock during the Class Period.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

16.  Class Members requesting exclusion from the Class shall not be eligible to receive any payment from the Net Settlement Fund as described in the Stipulation and Notice.

17.  The Court will consider any Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or reimbursement of expenses only if such Class Member has served by hand or by mail his, her or its written objection and supporting papers such that they are received on or before twenty-eight (28) calendar days before the Settlement Hearing, upon Co-Lead Counsel: Thomas A. Dubbs and James W. Johnson, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005; Allyn Z. Lite and Bruce D. Greenberg, Lite DePalma Greenberg, LLC, Two Gateway Center, 12th Floor, Newark, NJ 07102; and Defendants' Counsel, Patrick E. Gibbs and Matthew Rawlinson, Latham & Watkins LLP, 140 Scott Drive, Menlo Park, CA 94025, and has filed said objections and supporting papers with the Clerk of the Court, United States District Court for the Central District of California, Ronald Reagan Federal Building and U.S. Courthouse, 411 West Fourth Street, Santa Ana, CA 92701.  Any Class Member who does not make his, her or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.  Attendance at

1  the hearing is not necessary; however, persons wishing to be heard orally in
2  opposition to the approval of the Settlement, the Plan of Allocation, and/or the
3  application for an award of attorneys' fees and other expenses are required to
4  indicate in their written objection their intention to appear at the hearing.  Persons
5  who intend to object to the Settlement, the Plan of Allocation, and/or the
6  application for an award of attorneys' fees and expenses and desire to present
7  evidence at the Settlement Hearing must include in their written objections the
8  identity of any witnesses they may call to testify and submit the exhibits they
9  intend to introduce into evidence at the Settlement Hearing.  Class Members do not
10 need to appear at the hearing or take any other action to indicate their approval.

11      18.    Pending final determination of whether the Settlement should be
12 approved, Class Representatives, all Class Members, and each of them, and anyone
13 who acts or purports to act on their behalf, shall not institute, commence or
14 prosecute any action which asserts Released Claims against the Released
15 Defendant Parties.

16      19.    As provided in the Stipulation, prior to the Effective Date, Co-Lead
17 Counsel may pay the Claims Administrator a portion of the reasonable fees and
18 costs associated with giving notice to the Class and the review of claims and
19 administration of the Settlement out of the Settlement Fund without further
20 approval from Defendants and without further order of the Court.

21      20.    All papers in support of the Settlement, Plan of Allocation, and any
22 request for an award of attorneys' fees and expenses on behalf of Co-Lead
23 Counsel, counsel for plaintiff Mark Ripperda and/or counsel for former Lead
24 Plaintiffs Rashtchi and Ovitt shall be filed with the Court and served on or before
25 forty-two (42) calendar days prior to the date set herein for the Settlement Hearing.
26 Opposition papers, if any, shall be filed with the Court and served on or before
27 twenty-eight (28) calendar days prior to the date set herein for the Settlement
28

1  Hearing. If reply papers are necessary, they are to be filed with the Court and
2  served no later than fourteen (14) calendar days prior to the Settlement Hearing.
3      21. The passage of the Settlement Fund to the Escrow Account in
4  accordance with the terms and obligations of the Stipulation is approved. No
5  person who is not a Class Member or Co-Lead Counsel shall have any right to any
6  portion of, or to any distribution of, the Net Settlement Fund unless otherwise
7  ordered by the Court or otherwise provided in the Stipulation.
8      22. All funds held in escrow shall be deemed and considered to be in
9  *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court
10 until such time as such funds shall be disbursed pursuant to the Stipulation and/or
11 further order of the Court.
12     23. If the Settlement fails to become effective as defined in the Stipulation
13 or is terminated, then, in any such event, the Stipulation, including any
14 amendment(s) thereof, except as expressly provided in the Stipulation, and this
15 Preliminary Approval Order shall be null and void, of no further force or effect,
16 and without prejudice to any Party, and may not be introduced as evidence or used
17 in any actions or proceedings by any person or entity against or to the prejudice of
18 the Parties, and the Parties shall be deemed to have reverted to their respective
19 litigation positions in the Action immediately prior to September 11, 2012.
20     24. The Court retains exclusive jurisdiction over the Action to consider all
21 further matters arising out of or connected with the Settlement.

Dated: March 05, 2013

_____
Honorable James V. Selna
UNITED STATES DISTRICT JUDGE