David N. Lake, Esq., State Bar No. 180775
**LAW OFFICES OF DAVID N. LAKE,**
  **A Professional Corporation**
16130 Ventura Boulevard, Suite 650
Encino, California 91436
Telephone: (818) 788-5100
Facsimile: (818) 788-5199
david@lakelawpc.com

Attorneys for Plaintiff
Ganesh K. Meda

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE STEC, INC. SECURITIES LITIGATION**<br><br>This Document Relates to:<br>    All Actions. | **Lead Case No.**<br>**SACV 09-01304-JVS (MLGx)**<br><br>**Judge: Hon. James V. Selna**<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR AN AWARD OF ATTORNEYS' FEES AND THE REIMBURSEMENT OF EXPENSES**<br><br><br>**Date:    May 20, 2013**<br>**Time:    1:30 p.m.**<br>**Place:    Courtroom 10C** |

1    Ganesh K. Meda ("Meda"), through his attorneys, respectfully submits this

2    Reply Memorandum in support of an award of attorneys' fees to his counsel.

3

4    **I.    INTRODUCTION AND ARGUMENT**

5    In "Lead Plaintiff's Response to Non Plaintiffs' Counsel's Request for

6    Attorneys' Fees" dated April 22, 2013, Lead Plaintiff suggests that upon a finding

7    that Meda's counsel benefitted the Class, they be confined to an award of only

8    $20,076, despite having incurred a lodestar of $77,025.  This calculation is based on

9    the 0.27 "negative lodestar" for which Lead Counsel has applied in its fee

10   application.

11   Meda does not believe the 0.27 figure is relevant to the work performed by

12   his counsel, who should be paid at least their full lodestar of $77,025 (plus expenses

13   of $760).  Meda is unaware of any authority tying the fee award to a non-lead

14   attorney who provides a benefit to a Class to the positive or negative multiplier

15   applied for by Lead Counsel.  In cases involving non-lead counsel who provide

16   substantial benefits, such as Meda's counsel here, awards have been based on the

17   benefits conferred by *that* counsel, and not with reference to the benefit achieved by

18   Lead Counsel.  *See e.g., Dewey v. Volkswagen of Am.,* 2012 U.S. Dist. LEXIS

19   177844, at *63 (D.N.J. Dec. 14, 2012) ("the Court concludes that a percentage-of-

20   recovery analysis applies here to assess the objectors' fee request. This approach

21   requires the Court to assign a value that the objectors have added to the settlement to

22   determine whether the amount sought constitutes an appropriate percentage of

23   recovery); *In re Puerto Rican Cabotage Antitrust Litig.,* 815 F. Supp. 2d 448, 474

24   (D.P.R. 2011) ("the Objectors are entitled to a fee of 10% of the $3,050,000 they

25   have helped recover for the benefit of the Class.").  *See also, Milliron v. T-Mobile*

26   *United States*, 423 Fed. Appx. 131, 135 (3d Cir. 2011) (where counsel in separate

27   case benefitted a subset of the class, the District Court "appropriately exercised its

28   ///

1  discretion to award them a fee based on the percentage of class members who

2  presumably benefitted from their work.").

3      The efforts of Meda's counsel more than doubled the size of the pre-existing

4  Class.  No other counsel pointed out the serious Article III standing issues and the

5  statutory compliance issues that would have harmed the Class had they been

6  allowed to persist without correction. Meda's efforts, and his alone, achieved this

7  correction.   Without this work, millions of dollars may well have gone completely

8  unrecovered (no precise calculation can be made until the claims process is

9  concluded).  Given the unique contribution Meda and his counsel have made, the

10  awards he seeks (which is a fraction of 1% of the total settlement fund) is eminently

11  reasonable, and should be granted.[1]

12  ///

13  ///

14

15

16

17

18

19

20

21

22

23

24

25

26  [1]  A reduction might be appropriate is the settlement at bar were a poor one.  However, Lead

27  Counsel has shown that the settlement is an excellent one, with the sum obtained far above the
    range ordinarily achieved in class actions of this nature. See Lead Counsel's memorandum in

28  support of settlement (Doc. # 383) at pp. 10-12.

## II.     CONCLUSION

For the reasons stated above, as well as in the moving papers, Moving Counsel respectfully request that their application be granted.

DATED: May 6. 2013                          LAW OFFICES OF DAVID N. LAKE

                                            By:  /S/_____
                                               DAVID N. LAKE
                                               Attorneys for Movant Ganesh K.
                                               Meda

                                            Laurence Paskowitz
                                            **PASKOWITZ LAW FIRM P.C.**
                                            208 East 51st Street  Suite 380
                                            New York, NY 10022
                                            212-685-0969 (Tel.)
                                            212-685-2306 (Fax)
                                            Classattorney@aol.com

                                            Roy L. Jacobs
                                            ROY JACOBS & ASSOCIATES
                                            317 Madison Avenue  21st Floor
                                            New York, NY 10017
                                            212-867-1156
                                            212-504-8343 (Fax)
                                            rjacobs@jacobsclasslaw.com
                                            *Attorneys for Movants*