Christopher Kim (Bar No. 082080)
christopher.kim@limruger.com
Lisa J. Yang (Bar No. 208971)
lisa.yang@limruger.com
LIM, RUGER & KIM, LLP
1055 West Seventh Street, Suite 2800
Los Angeles, California 90017-2554
Telephone: (213) 955-9500
Facsimile: (213) 955-9511

Thomas A. Dubbs (*Pro Hac Vice*)
tdubbs@labaton.com
James W. Johnson (*Pro Hac Vice*)          Allyn Z. Lite (*Pro Hac Vice*)
jjohnson@labaton.com                       alite@litedepalma.com
Richard T. Joffe (*Pro Hac Vice*)          Bruce D. Greenberg (*Pro Hac Vice*)
rjoffe@labaton.com                         bgreenberg@litedepalma.com
LABATON SUCHAROW LLP                       LITE DePALMA GREENBERG, LLC
140 Broadway                               Two Gateway Center, 12th Floor
New York, New York 10005                   Newark, New Jersey 07102
Telephone: (212) 907-0700                  Telephone: (973) 623-3000
Facsimile: (212) 818-0477                  Facsimile: (973) 623-0858

*Attorneys for Lead Plaintiff, the State of New Jersey, Department of Treasury, Division of Investment, Plaintiffs International Brotherhood of Electrical Workers, Local 103 and Norfolk County Retirement System and Lead Counsel for the Class*

Thomas Bienert, Jr.                        Robert S. Green
tbienert@bmkattorneys.com                  rsg@classcounsel.com
BIENERT, MILLER & KATZMAN                  GREEN & NOBLIN, P.C.
903 Calle Amanecer, Suite 350              700 Larkspur Landing Circle, Suite 275
San Clemente, CA 92673                     Larkspur, CA 94939
Telephone: (949) 369-3700                  Telephone: (415) 477-6700
Facsimile: (949) 369-3701                  Facsimile: (415) 477-6710

*Attorneys for Plaintiff Mark V. Ripperda*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| IN RE STEC, INC. SECURITIES LITIGATION | ) No. SACV 09-01304-JVS (MLGx) |
| | ) |
| | ) **REPLY MEMORANDUM IN** |
| This Document Relates To: | ) **FURTHER SUPPORT OF CLASS** |
| | ) **REPRESENTATIVES' MOTION FOR** |
| ALL ACTIONS | ) **FINAL APPROVAL OF SETTLEMENT** |
| | ) **AND PLAINTIFFS' COUNSEL'S** |
| | ) **MOTION FOR AN AWARD OF** |
| | ) **ATTORNEYS' FEES AND EXPENSES** |
| | ) |
| | ) Hearing Date: May 20, 2013 |
| | ) Time:        1:30 p.m. |
| | ) Judge:       Honorable James V. Selna |
| | ) Courtroom:   10C |
| | ) |

# <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES .........................................................................................ii

PRELIMINARY STATEMENT ............................................................................1

ARGUMENT.........................................................................................................3

    I.    THE REACTION OF THE CLASS STRONGLY SUPPORTS APPROVAL OF THE SETTLEMENT AND THE PLAN OF ALLOCATION ........................................................................................3

    II.   THE OBJECTION TO THE PLAN OF ALLOCATION HAS BEEN RESOLVED .............................................................................4

    III.  THE REACTION OF THE CLASS SUPPORTS APPROVAL OF PLAINTIFFS' COUNSEL'S REQUEST FOR ATTORNEYS' FEES AND PAYMENT OF EXPENSES .................6

CONCLUSION......................................................................................................6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Atlas v. Accredited Home Lenders Holding Co.*,
   No. 07-CV-00488-H (CAB),
   2009 WL 3698393 (S.D. Cal. Nov. 4, 2009) ...................................................3, 4

*In re Heritage Bond Litig.*,
   No. 02-ML-1475 DT, 2005 WL 1594403 (C.D. Cal. June 10, 2005) ...............6

*In re Immune Response Sec. Litig.*,
   497 F. Supp. 2d 1166 (S.D. Cal. 2007) ..................................................................6

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
   221 F.R.D. 523 (C.D. Cal. 2004) ..........................................................................3

*In re Nuvelo, Inc. Sec. Litig.*,
   No. C 07-04056 CRB, 2011 WL 2650592 (N.D. Cal. July 6, 2011).................6

*In re Omnivision Tech., Inc.*,
   559 F. Supp. 2d 1036 (N.D. Cal. 2008) ...........................................................3, 6

*In re TD Ameritrade Account Holder Litig.*,
   No. 07-2852 SBA, 2011 WL 4079226 (N.D. Cal. Sept. 13, 2011) ....................4

REPLY MEM. IN SUPPORT OF MOTION FOR FINAL APPROVAL OF SETTLEMENT
AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
No. SACV 09-01304-JVS (MLGx)

ii

1    Lead Plaintiff State of New Jersey, Department of Treasury, Division of

2    Investment ("New Jersey" or "Lead Plaintiff"), representative plaintiffs

3    International Brotherhood of Electrical Workers, Local 103 ("Local 103") and

4    Norfolk County Retirement System ("Norfolk County") (together with Lead

5    Plaintiff, "Plaintiffs") and plaintiff Dr. Mark V. Ripperda (collectively, with

6    Plaintiffs, the "Class Representatives"), respectfully submit this reply

7    memorandum in further support of Class Representatives' Motion for Final

8    Approval of Proposed Class Action Settlement, Plan of Allocation, and Class

9    Certification (ECF No. 382) and Plaintiffs' Counsel's Motion for an Award of

10   Attorneys' Fees and Payment of Expenses (ECF No. 384).[1]

11                        **PRELIMINARY STATEMENT**

12   Class Representatives and Co-Lead Counsel are pleased to advise the Court

13   of the overwhelmingly positive reaction of the Class to the proposed Settlement.

14   There are *no* objections to the proposed Settlement and *only one* objection to the

15   proposed Plan of Allocation, which as set forth below, has been resolved and the

16   objection is moot.  There are *no* objections to Plaintiffs' Counsel's request for an

17   award of attorneys' fees and payment of litigation expenses.[2]  There are also no

18   objections to Class Representatives' request for reimbursement of their expenses.

19   Additionally, although notice packets - consisting of the Notice and Proof of

20   Claim or Notice- have been mailed to 126,879 potential Class Members or their

21   nominees, there have been *only two* timely and valid requests for exclusion.  *See*

22

23   ────────────

24   [1]   All capitalized terms used herein are defined in the Declaration of Thomas
      A. Dubbs in Support of Class Representatives' Motion for Final Approval of
25   Proposed Class Action Settlement ("Dubbs Declaration" or "Dubbs Decl.") (ECF
      No. 386) and are consistent with the terms of the Stipulation and Agreement of
      Settlement ("Stipulation") (ECF No. 328-1).
26   [2]   The law firm of Bernstein Litowitz Berger & Grossman LLP ("BLBG")
      filed a motion for an award of attorneys' fees and reimbursement of litigation
27   expenses (ECF No. 376).  There has been one objection to BLBG's motion.  *See*
      Ex. A annexed to the accompanying Declaration of James W. Johnson ("Johnson
28   Declaration" or "Johnson Decl.").

Supplemental Affidavit of Jose C. Fraga Regarding (A) Mailing of Notice and Proof of Claim; (B) Requests for Exclusion; and (C) Objections ¶¶ 2, 4 ("Supplemental Affidavit") submitted as Exhibit B to the Johnson Declaration. These results are a clear testament to the fairness, adequacy, and reasonableness of the proposed Settlement, the proposed Plan of Allocation, and Plaintiffs' Counsel's attorneys' fee and expense request.

As set forth in the previously filed Affidavit of Jose C. Fraga Regarding (A) Mailing of the Notice and Proof of Claim; (B) Publication of the Summary Notice; and (C) Requests for Exclusion Received to Date ("Mailing Affidavit") (ECF No. 386-2), the Court-appointed Claims Administrator in this matter, The Garden City Group, Inc. ("GCG"), provided notice of the proposed Settlement in accordance with the Court's Preliminary Approval Order.  As of May 1, 2013 a total of 126,879 Notices were mailed to potential Class Members and nominees.  *See* Supplemental Affidavit ¶ 2.  In addition, also in accordance with the Court's Preliminary Approval Order, the Summary Notice was published in *Investor's Business Daily* and transmitted over the *PR Newswire* on March 8, 2013.  *See* Mailing Affidavit ¶ 7.

The Notice set out, among other things, the essential terms of the Settlement and informed Class Members of their right to seek exclusion from the Class or to object to any aspect of the Settlement.  *See* ECF No. 386-2.  As stated in the Notice and directed by the Court in the Preliminary Approval Order, any objections to the Settlement, the Plan of Allocation, or applications for an award of attorneys' fees and payment of litigation expenses, or exclusion requests were required to be received or postmarked on or before April 22, 2013.  That deadline has now passed.

REPLY MEM. IN SUPPORT OF MOTION FOR FINAL APPROVAL OF SETTLEMENT
AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
NO. SACV 09-01304-JVS (MLGx)

2

# ARGUMENT

## I. THE REACTION OF THE CLASS STRONGLY SUPPORTS APPROVAL OF THE SETTLEMENT AND THE PLAN OF ALLOCATION

Class Representatives respectfully submit that their opening papers in support of the motion for final approval of the proposed Settlement and the proposed Plan of Allocation amply demonstrate that the motion should be granted. Now that the time for objecting or requesting exclusion from the Class has passed, the reaction of the Class also strongly supports approval.

The reaction of a class to a settlement is a significant factor in assessing its fairness and adequacy. Indeed, "the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *In re Omnivision Tech., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008); *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004). Here, *not a single* Class Member has objected to the Settlement. The complete absence of objections to a settlement "speaks volumes with respect to the overwhelming[ly] degree of support for the Proposed Settlement among the Class Members. That unanimous, positive reaction to the Proposed Settlement is compelling evidence that the Proposed Settlement is fair, just, reasonable and adequate." *Nat'l Rural Telecomms. Coop.*, 221 F.R.D. at 529. *See also Omnivision*, 559 F. Supp. at 1043 (class "nearly silent" where three potential class members objected and noting "[b]y any standard, the lack of objection of the Class Members favors approval of the Settlement").

In addition, there has been *only one* objection (described below) to the proposed Plan of Allocation, which has been resolved. As set forth in Class Representatives' opening papers, just like the standard for approval of the Settlement as a whole, the Plan of Allocation must be fair, reasonable, and adequate. *See Atlas v. Accredited Home Lenders Holding Co.*, No. 07-CV-00488-

REPLY MEM. IN SUPPORT OF MOTION FOR FINAL APPROVAL OF SETTLEMENT
AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
NO. SACV 09-01304-JVS (MLGX)

3

1   H (CAB), 2009 WL 3698393, at *4 (S.D. Cal. Nov. 4, 2009) ("The adequacy of a

2   plan of allocation is governed by the same standards of review applicable to the

3   settlement as a whole-the plan must be fair, reasonable, and adequate.").  Here, Co-

4   Lead Counsel has expressed its belief that the Plan of Allocation, which was

5   prepared with the assistance of a consulting damages expert, is fair and reasonable.

6   *See* ECF No. 386 ¶ 280.  This reaction provides additional strong support for the

7   approval of the Plan of Allocation.  *See Atlas*, 2009 WL 3698393, at *4 (noting the

8   "predominantly positive response" to the plan of allocation where only two

9   objections to it were submitted).

10          Similarly, the fact that *only two* valid and timely requests for exclusion have

11   been received (*see* Supplemental Affidavit ¶ 4), further supports the fairness,

12   reasonableness, and adequacy of the Settlement.  *See*, *e.g*., *In re TD Ameritrade*

13   *Account Holder Litig*., No. 07-2852 SBA, 2011 WL 4079226, at *7 (N.D. Cal.

14   Sept. 13, 2011) ("Given the relatively small number of objections and opt-outs, the

15   Court finds that the reaction of the class to the settlement is positive, which favors

16   approving the Settlement.").

17   **II.   THE OBJECTION TO THE PLAN OF ALLOCATION**
         **HAS BEEN RESOLVED**

18

19          Jordan Grayson, Managing Partner of Outpoint Capital Management

20   ("Outpoint"), filed an objection to the Plan of Allocation.  ECF No. 390.  In sum,

21   Outpoint sold 7,000 shares of STEC stock after the close of trading and after

22   issuance of the final corrective disclosure on February 23, 2010 – the last day of

23   the Class Period.  However, the sale price received by Outpoint for its after hours

24   trade on February 23rd of $9.7409 is consistent with the range of the trading prices

25   of STEC stock on February 24, 2010 of $9.47 to $10.53.

26          Under the Plan of Allocation, claimants such as Outpoint who purchased

27   STEC stock between November 4, 2009 and February 23, 2010 and sold prior to

28   February 24, 2010, have a Recognized Loss of zero.  *See* ECF No. 386-2 at 19

(Notice).  This allocation in the Plan of Allocation was designed to encompass claimants who sold *prior to* the close of trading on February 23, 2010, but not claimants who sold after the close of trading on February 23 and after the issuance of the final corrective disclosure.

Under the facts and circumstances set forth by Outpoint, Lead Plaintiff, its damages expert who developed the Plan of Allocation and the Claims Administrator all believe that it is equitable to treat claimants who sold STEC common stock on: (a) November 3, 2009 after the close of trading and after the issuance of the partial corrective disclosure as having sold on November 4, 2009; and (b) February 23, 2010 after the close of trading and after the issuance of the final corrective disclosure as having sold on February 24, 2010.  *See* Johnson Decl. ¶ 3.  Under this interpretation, Outpoint and similarly-situated claimants will have a Recognized Loss and will be eligible to receive a distribution from the Settlement Fund.

The Plan of Allocation, with the approval of the Court, will be amended[3] as follows:

> STEC common stock sold on November 3, 2009 after the close of trading and after the issuance of the partial corrective disclosure will be treated for purposes of the Plan of Allocation as having been sold on November 4, 2009.

> STEC common stock sold on February 23, 2010 after the close of trading and after issuance of the final corrective disclosure will be treated for purposes of the Plan of Allocation as having been sold on February 24, 2010.

A [Proposed] Amended Order Approving Plan of Allocation is submitted herewith.

---

[3] As set forth in the Notice, the Plan of Allocation may be modified without additional notice to the Class.  The modification will be posted on the websites of the Claims Administrator and Co-Lead Counsel.  *See* ECF No. 386-2 at 16 (Heading No. 25).

**III.   THE REACTION OF THE CLASS SUPPORTS APPROVAL OF PLAINTIFFS' COUNSEL'S REQUEST FOR ATTORNEYS' FEES AND PAYMENT OF EXPENSES**

Not one Class Member has objected to Plaintiffs' Counsel's motion for an award of attorneys' fees and expenses.  The fact that there have been no objections is strong evidence that the requested fee is fair and reasonable.  *See, e.g.*, *In re Nuvelo, Inc. Sec. Litig.*, No. C 07-04056 CRB, 2011 WL 2650592, at *3 (N.D. Cal. July 6, 2011) (only one member objected to the fee and expense award which the court considered a "strong, positive response from the class"); *Omnivision*, 559 F. Supp. 2d at 1048 ("None of the objectors raised any concern about the amount of the fee.  This factor . . . also supports the requested award of 28% of the Settlement Fund."); *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007) ("the lack of objection from any Class Member supports the attorneys' fees award"); *In re Heritage Bond Litig.*, No. 02-ML-1475 DT, 2005 WL 1594403, at *16 (C.D. Cal. June 10, 2005) ("the lack of significant objections to the requested fees justified an award of one-third of the Settlement Fund").  There have also been no objections to Plaintiffs' Counsel's request for payment of its expenses.  *See In re Nuvelo*, 2011 WL 2650592, at *3.  Additionally, there have been no objections to Class Representatives' request for reimbursement of their expenses.

## CONCLUSION

For the reasons set forth herein and in Class Representatives' and Plaintiffs' Counsel's initial memoranda of points and authorities and declarations in support, Class Representatives and Plaintiffs' Counsel respectfully request that this Court grant final approval to the proposed Settlement; approve the Plan of Allocation of the Net Settlement Fund; grant final class certification of the claims under the Securities Act, for settlement purposes; grant final certification of Mark Ripperda as a Class Representative for the Class; approve Plaintiffs' Counsel's request for attorneys' fees and payment of litigation expenses (including those incurred by Class Representatives); and enter the proposed Orders submitted herewith.

1 | Dated:  May 6, 2013

Respectfully submitted,

2

LABATON SUCHAROW LLP

3

4 | /s/ Thomas A. Dubbs
Thomas A. Dubbs (*Pro Hac Vice*)
5 | *tdubbs@labaton.com*
James W. Johnson (*Pro Hac Vice*)
6 | *jjohnson@labaton.com*
Richard T. Joffe (*Pro Hac Vice*)
7 | *rjoffe@labaton.com*
Thomas G. Hoffman, Jr. (*Pro Hac Vice*)
8 | *thoffman@labaton.com*
140 Broadway
9 | New York, NY 10005
Telephone: (212) 907-0700
10 | Facsimile: (212) 818-0477

11

-and-

12

LITE DEPALMA GREENBERG,  LLC

13

14 | /s/ Allyn Z. Lite
Allyn Z. Lite (*Pro Hac Vice*)
15 | *alite@litedepalma.com*
Bruce D. Greenberg (*Pro Hac Vice*)
16 | *bgreenberg@litedepalma.com*
Katrina Carroll (*Pro Hac Vice*)
17 | *kcarroll@litedepalma.com*
Two Gateway Center, 12th Floor
18 | Newark, NJ 07102
Telephone: (973) 623-3000
19 | Facsimile: (973) 623-0858

20

21 | *Attorneys for Lead Plaintiff, Plaintiffs and Co-Lead Counsel for the Class*

22 | Christopher Kim (Bar No. 082080)
*christopher.kim@limruger.com*
23 | Lisa J. Yang (Bar No. 208971)
*lisa.yang@limruger.com*
24 | LIM, RUGER & KIM, LLP
1055 West Seventh Street, Suite 2800
25 | Los Angeles, CA 90017
Telephone: (213) 955-9500
26 | Facsimile: (213) 955-9511

27

28 | *Attorneys for Lead Plaintiff, Plaintiffs and Liaison Counsel for the Class*

REPLY MEM. IN SUPPORT OF MOTION FOR FINAL APPROVAL OF SETTLEMENT
AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
NO. SACV 09-01304-JVS (MLGx)

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GREEN & NOBLIN, P.C.

*/s/ Robert S. Green*
Robert S. Green
*rsg@classcounsel.com*
700 Larkspur Landing Circle
Suite 275
Larkspur, CA 94939
Telephone: (415) 477-6700
Facsimile: (415) 477-6710

BIENERT, MILLER & KATZMAN
Thomas Bienert, Jr.
*tbienert@bmkattonreys.com*
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
Telephone: (949) 369-3700
Facsimile: (949) 369-3701

*Attorneys for Mark Ripperda*

REPLY MEM. IN SUPPORT OF MOTION FOR FINAL APPROVAL OF SETTLEMENT
AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
NO. SACV 09-01304-JVS (MLGX)

8