UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | **SACV 09-01304-JVS (MLGx)**<br>consolidated with SACV 09-1306-JVS(MLGX; SACV 09-1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx): and CV 09-8536-JVS(MLGx) | Date | May 23, 2013 |

| | |
|---|---|
| Title | **In re Stec Inc. Securities Litigation** |

Present: The Honorable    James V. Selna

| Karla Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    (IN CHAMBERS) Order re
-Plaintiffs International Brotherhood of Electrical Workers, Local 103, Norfolk County Retirement System, State of New Jersey, Department of Treasurey, Division of Investment's Motion for Attorney Fees (fld 4-8-13)
-Plaintiff Ganesh K. Meda's Motion for Attorney Fees (fld 4-8-13)
-Plaintiff West Virginia Laborers Trust Fund's Motion for Attorney Fees for Bernstein Litowitz Berger & Grosmann at former lead counsel (Fld 4-8-13)
-Plaintiffs Keith A. Ovitt & Arman Rashtchi's Motion for Attorney Fees (fld 4-8-13)
-Plaintiff Arman Rashtchi's Motion for Attorney Fees and Reimbursement of Expenses for Ikahn Swick & Foti as former Lead Counsel (fld 4-8-13)


Before the Court are five motions for attorneys' fees and expenses filed in connection with the proposed class action settlement ("Settlement") in this action.  Co-Lead Counsel and Plaintiffs' Counsel[1] (collectively, "Plaintiffs' Counsel") for Plaintiffs State of New Jersey, Department of Treasury, Division of Investment ("New Jersey" or "Lead Plaintiff"), International Brotherhood of Electrical Workers, Local 103 ("Local 103"), and the Norfolk County Retirement System, (together with Lead Plaintiff, "Plaintiffs") and Plaintiff Mark Ripperda submit their application for fees and recovery of Class Representatives' lost wages.  (Pls.' Counsel Mot., Docket No. 384.)  Former Co-Lead Counsel Kahn, Swick & Foti LLC ("KS&F") submit their application.  (KS&F

---

[1]  The law firms include (1) Co-Lead Counsel Labaton Sucharow LLP and Lite DePalma Greenberg, LLC; (2) Liaison Counsel Lim, Ruger & Kim, LLP; (3) Green & Noblin, P.C. and Bienert, Miller & Katzman for Plaintiff and Securities Act Class Representative Mark Ripperda; and (4) Berman DeValerio, local counsel for Lead Plaintiff in a discovery dispute with nonparty EMC Corporation. (Pls.' Counsel's Mot. Br. 2, Docket No. 385.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   **SACV 09-01304-JVS (MLGx)**   Date   May 23, 2013
consolidated with SACV 09-1306-JVS(MLGX; SACV 09-
1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-
1460-JVS(MLGx): and CV 09-8536-JVS(MLGx)

Title   **In re Stec Inc. Securities Litigation**

Mot., Docket No. 388.)  Bernstein Litowitz Berger & Grossman LLP ("BLBG"), former
Co-Lead Counsel and counsel for West Virginia Laborers' Trust Fund ("West Virginia
Laborers"), submits its application.  (BLBG Mot., Docket No. 376.)  The Paskowitz Law
Firm, Roy Jacobs & Associates, and the Law Offices of David A. Lake, as counsel for
Ganesh K. Meda ("Meda's Counsel"), submit their application.  (Meda Mot., Docket No.
373.)  Doyle Lowther LLP ("Doyle Lowther"), local counsel for former Co-Lead Counsel
KS&F, submits its application.  (Doyle Mot., Docket No. 379.)  Plaintiffs' Counsel
submitted a response to the fee applications submitted by BLBG, Meda's Counsel, and
Doyle Lowther.  (Pls.' Counsel Response, Docket No. 391.)  All counsel except KS&F
filed reply briefs.  (Pls.' Counsel Reply, Docket No. 395; Meda Reply, Docket No. 392;
BLBG Reply, Docket No. 394; Doyle Reply, Docket No. 393.)  For the foregoing
reasons, the Court GRANTS in part and DENIES in part the motions for attorneys' fees,
as set forth in this order.

I.        <u>Procedural</u> <u>History</u> <u>and</u> <u>Counsel's</u> <u>Involvement</u>

     A.     **Appointments of Lead Plaintiff and Lead Counsel**

        On January 21, 2010, the Court consolidated various securities cases brought by
investors against Defendants STEC, Manouch Moshayedi, Mark Moshayedi, and
Raymond Cook (collectively, "Defendants").  (Docket No. 54.)  On February 8, 2010, the
Court appointed Arman Rashtchi ("Rashtchi") and Keith Ovitt ("Ovitt") as Co-Lead
Plaintiffs and KS&F and BLBG as Co-Lead Counsel.[2]  (Docket No. 61.)

        On March 26, 2010, the Court decided to reopen the lead plaintiff appointment
process after consolidating <u>Meda</u> v. <u>STEC, Inc.</u>, SACV 10-248 with the original actions,
because the claims asserted in <u>Meda</u> expanded the class period substantially.  (Docket
No. 71, at 1.)  Rashtchi and Ovitt filed their Consolidated Complaint on April 9, 2010.
(Docket No. 84.)  On May 12, 2010, Defendants moved to dismiss the Consolidated
Complaint, which Rashtchi and Ovitt opposed.  (Docket Nos. 89 & 92.)  The hearing for

---

        [2]  Initially, KS&F represented Rashtchi and BLBG represented Ovitt in separate motions for
appointment of lead plaintiff.  (<u>See</u> Docket Nos. 18 & 20.)  However, the parties later conferred and
joined together for appointment as co-lead plaintiffs and co-lead counsel.  (Docket Nos. 50 & 51.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 09-01304-JVS (MLGx)** | Date | May 23, 2013 |
| | consolidated with SACV 09-1306-JVS(MLGX; SACV 09-1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx): and CV 09-8536-JVS(MLGx) | | |

| | |
|---|---|
| Title | **In re Stec Inc. Securities Litigation** |

the Motion to Dismiss was stayed pending the applications for appointment of lead counsel and lead plaintiffs. (Docket No. 115.)

On July 14, 2010, after considering the submitted applications, the Court appointed New Jersey as Lead Plaintiff and Labaton Sucharow LLP and Lite DePalma Greenberg, LLC, as Co-Lead Counsel, and Lim, Ruger & Kim LLP as Liaison Counsel. (Docket No. 123, at 8.) Lead Plaintiff elected to file a new Consolidated Amended Complaint, which it filed on August 13, 2010. (Docket No. 131.) Rashtchi and Ovitt subsequently filed a Motion for Certification of Interlocutory Appeal of the Court's March 26 and July 14, 2010 decisions, which the Court denied. (Docket Nos. 126 & 135.) They then petitioned for a writ of mandamus vacating those orders, which was denied by the Ninth Circuit. (Docket No. 144.)

**B.      Class Certification and Preliminary Approval**

On January 10, 2011, the Court dismissed Plaintiffs' Consolidated Amended Complaint after briefing from both parties. (Docket No. 175.) Plaintiffs filed their Second Amended Complaint ("SAC") on February 22, 2011. On June 17, 2011, the Court dismissed Plaintiffs' Securities Act claims without prejudice, finding that Plaintiffs lacked standing to bring the Securities Act claims because no named Plaintiff purchased stock "traceable to" STEC's secondary offering of stock. (Docket No. 200.) The Court declined to dismiss Plaintiffs' Exchange Act claims. (Id.)

On November 21, 2011, Plaintiffs moved to certify the class. (Docket No. 218.) BLBG, on behalf of West Virginia Laborers, moved to intervene regarding the motion to certify. (Docket No. 231.) The Court denied the class certification motion on the ground that Plaintiffs still did not have standing to bring claims under the Securities Act, so no class for the Exchange Act claims could be certified either. (Docket No. 279.) BLBG's motion to intervene was denied as moot. (Id.) On June 19, 2012, after Plaintiffs were unable to discover an adequate Securities Act representative after a diligent and exhaustive search, the Court certified the Class for Plaintiffs' Exchange Act claim only. (Docket 314.)

On October 5, 2012, Plaintiffs filed its initial Motion for Preliminary Approval of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 09-01304-JVS (MLGx)** | Date | May 23, 2013 |
| | consolidated with SACV 09-1306-JVS(MLGX; SACV 09-1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx): and CV 09-8536-JVS(MLGx) | | |

| | |
|---|---|
| Title | **In re Stec Inc. Securities Litigation** |

Class Action Settlement, and moved to certify the Securities Act claims for purposes of the Settlement and to appoint Mark Ripperda ("Ripperda") as Class Representative. (Docket No. 326.) BLBG opposed preliminary approval. (Docket No. 333.) The Court denied preliminary approval because it could not certify a class for the Securities Act claims due to a lack of showing of typicality and adequacy of representation. (Docket No. 346, at 9–14.) The Court found that Ripperda lacked standing because his individual Securities Act claim was not alleged in the SAC, nor did Plaintiffs show that he and his counsel vigorously prosecuted the Securities Act claims. (Id.) On December 14, 2012 Plaintiffs filed a Third Amended Complaint ("TAC") asserting Ripperda's claim. (Docket No. 356.) Plaintiffs concurrently filed a Renewed Motion for Preliminary Approval of Class Settlement addressing the Court's concerns. (Docket No. 352.) BLBG again opposed preliminary approval. (Docket No. 358.) On February 11, 2013, the Court preliminarily approved the Settlement and certified the Class for the Securities Act claims. (Docket No. 361.) The deadline for motions for attorneys' fees and costs was April 8, 2013. (Docket No. 365.)

## II.        Fees Requested

The present motions are filed in conjunction with Plaintiffs' Motion for Final Approval of Proposed Class Action Settlement. (Docket No. 382.) The proposed Settlement Fund is $35,750,000.00, to be allocated to claimants after the deduction of Court-awarded attorneys' fees and expenses and settlement administration costs. (Notice of Pendency of Class Action and Proposed Settlement ("Notice") 2, Docket No. 386-2-A.) The Notice informed potential Class Members that Plaintiffs' Counsel and KS&F would ask for fees not to exceed 16.75 percent of the Settlement Fund. (Id. at 7–8.) It also informed Class Members that BLBG would request a fee not to exceed $2,600,000.00, which would represent approximately 7.27 percent of the Settlement Fund. (Id. at 8.) The deadline for submitting exclusion requests and objections was April 22, 2013. (Notice 7, 9.) One objection to fee requests was submitted, contesting BLBG's motion for award of attorneys' fees. (Declaration of James W. Johnson Ex. A ("BLBG Objection"), Docket No. 396-1.)

The following counsel submit requests for fees and expenses: (1) Plaintiffs' Counsel for Lead Plaintiff, Plaintiffs, and Ripperda; (2) KS&F as former Co-Lead

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   **SACV 09-01304-JVS (MLGx)**       Date    May 23, 2013
consolidated with SACV 09-1306-JVS(MLGX; SACV 09-
1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-
1460-JVS(MLGx): and CV 09-8536-JVS(MLGx)

Title    **In re Stec Inc. Securities Litigation**

Counsel for former Lead Plaintiffs Rashtchi and Ovitt; (3) BLBG as former Co-Lead
Counsel for former Lead Plaintiffs Rashtchi and Ovitt, and as counsel for West Virginia
Laborers; (4) counsel for Meda, whose case was consolidated with the original actions;
and (5) Doyle Lowther, local counsel for former Co-Lead Counsel KS&F.

The chart below outlines the fees and expenses requested by counsel, along with
the corresponding percentage of the Settlement Fund and lodestar multiplier:

| Counsel | Fee Amount | Approximate Percentage of Settlement Fund | Lodestar Multiplier | Litigation Expenses |
|---|---|---|---|---|
| Plaintiffs' Counsel | $5,745,025.00[3] | 16.07 percent | 0.27 | $1,925,895.67 |
| KS&F | $210,950.19 | 0.6 percent | 0.27 | $20,000 |
| BLBG | $2,152,742.50 | 6.02 percent | 1.0 | $72,346.85 |
| Meda's Counsel | $107,250.00 | 0.3 percent | 1.39 | $760.00 |
| Doyle Lowther | $26,618.75 | 0.07 percent | 1.0 | $130.81 |

The total amount of fees requested represents approximately 23.06 percent of the
Settlement Fund.  The Court discusses the requests set forth in each motion.

**III.       Legal Standard**

The Court may award reasonable attorneys' fees and costs in certified class actions
where they are authorized by law or by the parties' agreement.  Fed. R. Civ. P. 23(h).
Even when parties have agreed to a fee award, courts have an independent obligation to

---

[3] Since Plaintiffs' Counsel only provided the requested fee in terms of percentage of the
Settlement Fund, the Court calculated the fee amount accordingly.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 09-01304-JVS (MLGx)** | Date | May 23, 2013 |
| | consolidated with SACV 09-1306-JVS(MLGX; SACV 09-1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx): and CV 09-8536-JVS(MLGx) | | |

| | |
|---|---|
| Title | **In re Stec Inc. Securities Litigation** |

ensure that the award, like the settlement itself, is reasonable.  In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 941 (9th Cir. 2011).  The guiding principle is that attorneys' fees "be reasonable under the circumstances."  Florida v. Dunne, 915 F.2d 542, 545 (9th Cir. 1990).

When a settlement creates a common fund for the benefit of the entire class, as it does in this case, the Court has discretion to evaluate the reasonableness of the award under the percentage-of-recovery ("POR") method or the lodestar calculation method.  Id. at 942.  "Because the benefit to the class is easily quantified in common-fund settlements, we have allowed courts to award attorneys a percentage of the common fund in lieu of the often more time-consuming task of calculating the lodestar."  Id.  However, courts routinely cross-check the POR calculation with the lodestar method.  See Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1050 (9th Cir. 2002).  The primary, if not singular, purpose of the cross-check is to ensure counsel is not overcompensated.  See, e.g., In re Bluetooth, 654 F.3d at 944–45 (explaining how a cross-check guards against unreasonably high fee awards).

The benchmark POR for attorneys' fees in a common fund settlement is 25 percent of the total settlement fund.  In re Bluetooth, 654 F.3d at 942; see Boeing Co. v. Van Gemert, 444 U.S. 472, 478–80 (1980).  The percentage can be adjusted from the benchmark after taking into account several factors, such as the results achieved, the risk involved in undertaking the litigation, the generation of benefits beyond the cash settlement fund, the market rate for services, the contingent nature of the fee, the financial burden to counsel, the skill required, the quality of the work, and the awards in similar cases.  Vizcaino, 290 F.3d at 1048; Six Mexican Workers v. Arizona Citrus Growers, 904 F.2d 1301, 1311 (9th Cir. 1990).

The lodestar method requires the Court to multiply the "number of hours reasonably expended by a reasonable hourly rate."  Hanlon v. Chrysler Corp., 150 F.3d 1011, 1029 (9th Cir. 1998).  That figure, the lodestar, may then be "adjusted upward or downward to account for several factors including the quality of the representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment.  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   **SACV 09-01304-JVS (MLGx)**   Date   May 23, 2013
consolidated with SACV 09-1306-JVS(MLGX; SACV 09-1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx): and CV 09-8536-JVS(MLGx)

Title   **In re Stec Inc. Securities Litigation**

"Reasonableness is the goal, and mechanical or formulaic application of either method, where it yields an unreasonable result, can be an abuse of discretion."  In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig., 109 F.3d 602, 607 (9th Cir. 1997).

**IV.        Plaintiffs' Counsel's Motion**

**A.        Attorneys' Fees**

Plaintiffs' Counsel requests attorneys' fees of 16.07 percent of the Settlement Fund and litigation expenses in the amount of $1,925,895.67.  It asserts that the cumulative hours expended by Plaintiffs' Counsel was 41,050.50 hours and the resulting lodestar for services performed amounts to $20,995,456.00.  (Declaration of Thomas A. Dubbs ("Dubbs. Decl.") ¶ 290; Exs. 3–8.)  Thus, the requested fee represents a "negative"[4] multiplier of 0.27 of counsel's lodestar.  (Id. ¶ 290.)

The Court finds that the fee request is reasonable in light of the circumstances of this case and the significant Settlement produced as a result of the efforts of Plaintiffs' Counsel.  The amount requested is well under the 25 percent benchmark used in the Ninth Circuit.  See In re Bluetooth, 654 F.3d at 942.  Moreover, given the negative multiplier of 0.27, the fee award is a significant reduction of the calculated lodestar.  Accordingly, the Court grants Plaintiffs' Counsel's fee request for 16.07 percent of the Settlement Fund, which amounts to $5,745,025.00.

**B.        Litigation Expenses**

The Notice advised that Plaintiffs' Counsel would seek expenses not to exceed $2,200,000.00.  (Notice 8.)  Plaintiffs' Counsel requests payment of expenses in the amount of $1,925,895.67.  (Dubbs Decl. ¶ 293; Exs. 4–8.)  A substantial portion of this request—$1,098,475.00—relates to work performed by Co-Lead Counsel's experts. (Pls.' Counsel Mot. Br. 17; Dubbs Decl. ¶¶ 117–27; 132–35.)  Other fees incurred include travel fees, mediation expenses, document hosting, photocopying costs, and

_____

[4]  The multiplier is negative in the sense that it results in a fee that is less than the lodestar.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 09-01304-JVS (MLGx)** | Date | May 23, 2013 |
|---|---|---|---|
| | consolidated with SACV 09-1306-JVS(MLGX; SACV 09-1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx): and CV 09-8536-JVS(MLGx) | | |

| Title | **In re Stec Inc. Securities Litigation** |
|---|---|

research costs.  (See Pls.' Counsel Mot. Br. 19–21.)  The Court has reviewed the itemized schedules of expenses and finds that the expenses incurred were reasonable. Accordingly, the Court awards Plaintiffs' Counsel expenses in the amount of $1,925.895.67.

## C.   Class Representative Awards

Plaintiffs' Counsel also requests recovery of $31,657.53 in lost wages related to Lead Plaintiff's participation in this action, and $2,750.64 in lost wages related to Plaintiff Local 103's participation in this action.  (Pls.' Counsel Mot. Br. 21; Declaration of Brian F. McDonough ("McDonough Decl.") ¶ 19, Docket No. 386-1; Declaration of Michael Patrick Donovan ("Donovan Decl.") ¶ 6, Docket No. 386-9.)  The Notice advised that "Pursuant to the PSLRA, Class Representatives may ask the Court for payment fo their reasonable costs and expenses, including lost wages, directly related to their representation of the Class" (Notice 8), but "[t]he requests in total will not exceed $150,000" (Notice 3).

The Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(4), limits a class representative's recovery to an amount "equal, on a per share basis, to the portion of the final judgment or settlement awarded to all other members of the class," but "[n]othing in this paragraph shall be construed to limit the award of reasonable costs and expenses (including lost wages) directly relating to the representation of the class to any representative party serving on behalf of a class."

Lead Plaintiff's representatives spent approximately 242.2 hours litigating against Defendants.  (McDonough Decl. ¶ 19.)  Among other things, Lead Plaintiff communicated extensively with Co-Lead Counsel; reviewed and drafted pleadings and briefs; participated in discovery matters and expert selection; consulted with Co-Lead Counsel about settlement and mediation; and reviewed and approved the proposed Settlement.  (Id. ¶ 5.)  Local 103 expended approximately 51.5 hours litigating the claims against Defendants.  (Donovan Decl. ¶ 6.)

The Court finds that these requests are reasonable in light of the substantial time and effort devoted by Lead Plaintiff and Local 103 on behalf of the Class.  Accordingly,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    **SACV 09-01304-JVS (MLGx)**                    Date    May 23, 2013
consolidated with SACV 09-1306-JVS(MLGX; SACV 09-
1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-
1460-JVS(MLGx): and CV 09-8536-JVS(MLGx)

Title    **In re Stec Inc. Securities Litigation**

the Court awards $31,657.53 to Lead Plaintiff and $2,750.64 to Local 103.

# V.        KS&F's Motion

KS&F, as former Co-Lead Counsel, requests attorneys' fees in the amount of $210,950.19, approximately 0.6 percent of the Settlement Fund.  The proposed award constitutes a negative multiplier of 0.27 of its total lodestar calculation.[5]  (KS&F Mot. Br. 1, Docket No. 388-1; Declaration of Kim E. Miller ("Miller Decl.") ¶ 48, Docket No. 388-2.)  KS&F was appointed by the Court to serve as Co-Lead Counsel with BLBG for former Co-Lead Plaintiffs Rashtchi and Ovitt from February 8, 2010 until July 14, 2010. (Miller Decl. ¶ 2.)

In the Court's July 14, 2010 Order, the Court appointed Plaintiff New Jersey as Lead Plaintif, replacing Rashtchi and Ovitt and counsel KS&F and BLBG.  (Docket No. 123.)  In the order, the Court noted that "Rashtchi & Ovitt have obviously expended significant resources drafting a consolidated complaint and responding to STEC's motion to dismiss" and "[a]t the appropriate time, Rashtchi & Ovitt may apply for reimbursement of their attorneys' fees and costs incurred as lead plaintiffs."  (Id. at 7 & n.7.)

In accordance with the Court's ruling, KS&F now seeks fees for work relating to its filing of an initial Complaint and the filing of a Consolidated Complaint.  (Miller Decl. ¶¶ 21–39.)  It also requests fees for work relating to its opposition to the STEC Defendants' Motion to Dismiss (id. ¶¶ 40–44), and for its Second Motion for Appointment of Lead Plaintiff and Motion for Interlocutory Appeal of the Court's March 26 and July 14, 2010 decisions (id. ¶¶ 45–47.)

The Court finds that the request for attorneys' fees is reasonable given the amount of work completed by KS&F as former Co-Lead Counsel and in light of the low negative multiplier applied to the lodestar calculation.  Accordingly, the Court awards KS&F attorneys' fees in the amount of $210,950.19.

---

[5]  KS&F agreed with Plaintiffs' Counsel to seek the same 0.27 multiplier.  (Miller Decl. ¶ 49.) KS&F also agreed that it would not subject the Class to any additional fees beyond the 16.75 percent cap requested by Plaintiffs' Counsel, as set forth in the Notice.  (Notice 2, 8.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    **SACV 09-01304-JVS (MLGx)**              Date    May 23, 2013
consolidated with SACV 09-1306-JVS(MLGX; SACV 09-
1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-
1460-JVS(MLGx): and CV 09-8536-JVS(MLGx)

Title    **In re Stec Inc. Securities Litigation**

Additionally, KS&F requests litigation expenses in the amount of $20,000, which include expert fees, research fees, copying costs, and travel expenses.[6] (Id. ¶ 54.) The Court also finds that the expenses requested are reasonable, and grants KS&F's request for expenses in the amount of $20,000.

## VI.    BLBG's Motion

### A.    Attorneys' Fees

BLBG served as former Co-Lead Counsel for Raschti and Ovitt, and as counsel for West Virginia Laborers in the Orange County Superior Court action, West Virginia Laborers' Trust Fund v. STEC, Inc., No. 30-2011-00489022-cv-SL-CXC (the "State Court Action"). BLBG now requests fees in the amount of $2,152,742.50, approximately 6.02 percent of the Settlement Fund. (Declaration of Blair A. Nicholas ("Nicholas Decl.") ¶ 3, Docket No. 376-1.) The proposed award represents "the amount of its lodestar actually incurred," therefore constituting a multiplier of 1.0. (BLBG Mot. Br. 4, Docket No. 376.)

Plaintiffs' Counsel objects to BLBG's request on several grounds, arguing that BLBG should not receive any fee (1) for work related to the State Court Action; (2) for West Virginia Laborers' unsuccessful attempt to intervene in this action regarding certification of a litigation class; or (3) for West Virginia Laborers' objections to preliminary approval of the Settlement. (Pls.' Counsel Response 2.) Plaintiffs' Counsel, however, does not object to an award of fees to BLBG for work as former Co-Lead Counsel in this action as long as it is subject to the same negative multiplier of 0.27. (Id.) Morever, the Court received one objection to BLBG's application for fees from Thomas Dougherty, which states that "Co-Lead Counsel's 16.75% fee request covers discovery activities that concern both the Exchange Act and Securities Act claims. The facts concerning defendant conduct are the same. BLBG's application is duplicative in that regard because Co-Lead Counsel's work addressed those facts. I object to that application." (BLBG Objection.)

---

[6] KS&F asserts that it incurred expenses of $20,076.67, but per its agreement with Plaintiffs' Counsel and as set forth in the Notice, it only seeks reimbursement of $20,000. (See Notice 8.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   **SACV 09-01304-JVS (MLGx)**          Date   May 23, 2013
consolidated with SACV 09-1306-JVS(MLGX; SACV 09-
1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-
1460-JVS(MLGx): and CV 09-8536-JVS(MLGx)

Title   **In re Stec Inc. Securities Litigation**

        As a preliminary matter, the Court agrees to an award of fees for BLBG's work as former Co-Lead Counsel for this case for the same reasons it awards fees to KS&F for its work representing Rastchi and Ovitt.  This includes work done in relation to the filing of Ovitt's initial Motion for Appointment of Counsel and Lead Plaintiff (Docket No. 20) and the Consolidated Complaint, responding to Defendants' Motion to Dismiss, and filing its Second Motion for Appointment of Lead Plaintiff and related Motion for Interlocutory Appeal.[7]  (Nicholas Decl. ¶¶ 5–13.)

        However, Plaintiffs' Counsel requests that the Court apply the same negative multiplier of 0.27 to BLBG's lodestar calculation for its work as former Co-Lead Counsel.  Plaintiffs' Counsel "believes that the most appropriate way to determine the fee for each Non Plaintiffs' Counsel's work in this case, including BLBG's work as former co-lead counsel, is by applying a multiplier to each of their lodestars that is no greater than the 0.27 lodestar requested by Plaintiffs' Counsel."  (Pls.' Counsel Response 13–14 (footnote omitted); see also id. at 17–19.)  However, Plaintiffs' Counsel's fee request is the product of its negotiation with Lead Plaintiff, including the fee agreement between Lead Plaintiff and Plaintiffs' Counsel made at the outset of the litigation.  (McDonough Decl. ¶¶ 13–18; Pls.' Counsel Mot. Br. 16 n.12.)  It would not be fair to impose the same fee limitations on BLBG, which was not a party to that fee agreement.  (See BLBG Mot. Br. 7.)  Accordingly, the Court awards fees to BLBG for its work done as former Co-Lead Counsel in the amount of the actual lodestar incurred.

        The Court next discusses each of Plaintiffs' Counsel's objections.[8]

_____

        [7] Plaintiffs' Counsel objects to BLBG's recovery for fees related to the Second Motion for Appointment of Lead Counsel, Motion for Interlocutory Appeal, and petition for writ of mandamus vacating the same orders.  (Pls.' Counsel Response 20.).  It argues that unsuccessful efforts to have one's clients appointed as lead counsel are usually not compensable.  (Id.)  However, it did not object to KS&F's request for fees relating to the two motions.  (See Miller Decl. ¶ 45–47.)  Accordingly, the Court finds it appropriate to grant BLBG those fees as well.  However, it declines to award fees for work related to the petition for writ of mandamus.

        [8] To the extent that BLBG argues its request is reasonable because the total amount requested by counsel is less than the 25 percent benchmark, this argument has little merit.  (See BLBG Mot. Br. 1, 5, 18; BLBG Reply Br. 4.)  Above all, the Court must consider the reasonableness of a fee request under the circumstances.  See In re Coordinated, 109 F.3d at 607; Dunne, 915 F.2d at 545.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 09-01304-JVS (MLGx)** | Date | May 23, 2013 |
|---|---|---|---|
| | consolidated with SACV 09-1306-JVS(MLGX; SACV 09-1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx): and CV 09-8536-JVS(MLGx) | | |

| Title | **In re Stec Inc. Securities Litigation** |
|---|---|

 1.     State Court Action

Plaintiffs' Counsel argues that in general, no fee should be awarded for work in a separate case, which was not waged by Class Counsel, and not waged on behalf of the entire Class. (Pls.' Counsel Response 3–4.) Alternatively, it argues that the filing of the State Court Action was not intended to benefit the Class and did not benefit the Class. (Id. at 4.)

Plaintiffs' Counsel cites Class Plaintiffs v. Jaffe & Schlesinger, P.A., 19 F.3d 1306 (9th Cir. 1994), to support its argument that no fee should be awarded.  In Class Plaintiffs, counsel applied for fees out of a settlement fund created in a federal class action lawsuit.  19 F.3d at 1308.  The requested fees were for work done in a parallel state court litigation, which was resolved by the federal action.  Counsel argued that their efforts in the state proceedings conferred benefits on the class.  Id. at 1308–09.  The Ninth Circuit affirmed the district court's denial of the fee application, which held that although counsel's efforts may have benefited the class action plaintiffs, the state court action was not sufficiently related to the federal class action.  The district court explained that

> the state court proceeding was an independent, somewhat parallel action in a different forum.  It was not undertaken by MDL Counsel.  It was not waged on behalf of the entire Class, and the entire Class would not have shared all potentially attainable benefits.  The two actions were distinct and detached. Thus, while the cases may have been "related," the relationship was attenuated.

Id. at 1308 (citing lower court's decision in In re Wash. Pub. Power Supply Sys. Sec. Litig. (WPPSS II), 779 F. Supp. 1063, 1225 (D. Ariz. 1990)).  In affirming the district court's conclusion, the court held that "[w]e know of no authority which mandates an award of fees to attorneys not formally representing the class, whose activities in representing others incidentally benefit the class."  Id. at 1309.

However, Class Plaintiffs did not hold that no fee awards should be awarded to attorneys not representing the class, but merely held that such an award was not mandated, and the circumstances in that case did not warrant a fee award.  The court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 09-01304-JVS (MLGx)** | Date | May 23, 2013 |
| | consolidated with SACV 09-1306-JVS(MLGX; SACV 09-1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx): and CV 09-8536-JVS(MLGx) | | |

| | |
|---|---|
| Title | **In re Stec Inc. Securities Litigation** |

also noted that "[i]t is well established that an award of attorneys' fees from a common fund depends on whether the attorneys' specific services benefited the fund—whether they tended to create, increase, protect or preserve the fund." Id. at 1308 (internal quotation marks and citation omitted); see also WPPSS II, 779 F. Supp. at 1224 ("Historically, district courts have awarded fees to counsel in class action litigation even where counsel were not appointed by the court to lead class counsel roles"). Other courts have applied a similar "benefit conferred" standard in considering fee allocation agreements, or whether objectors to settlements are entitled to fees. See, e.g., In re FPI/Agretech Sec. Litig., 105 F.3d 469, 473 (9th Cir. 1997) ("[A] court may reject a fee allocation agreement where it finds that the agreement rewards an attorney in disproportion to the benefits that attorney conferred upon the class—even if the allocation in fact has no impact on the class."); Vizcaino, 290 F.3d at 1051–52 (considering whether objectors substantially enhanced the benefits to the class under the settlement). Thus, the proper inquiry is whether BLBG's work in the State Court Action served to benefit the Settlement Fund or the Class.[9]

BLBG believes it "performed valuable work that benefited the Class" through its work in the State Court Action. (BLBG Mot. Br. 2.) Plaintiffs' Counsel contends that BLBG has not identified any benefit conferred on the Class as a result of the existence of the State Court Action. (Pls.' Counsel Response 4.)

First, BLBG argues that it preserved the Securities Act claims by filing the State Court Action. (BLBG Mot. Br. 3.) It argues that because this Court dismissed without prejudice the Securities Act claims for lack of standing, BLBG filed a complaint for Securities Act claims on behalf of West Virginia Laborers to ensure that the claims would not be barred by the statute of limitations. (Id. at 9.) Second, it argues that it engaged in informal discovery in the State Court Action, such as receiving documents from Defendants that had been produced in this action, as well as deposition transcripts. (Id. at 10.)

---

[9] This is the same standard for considering BLBG's request for fees for West Virginia Laborers' motion to intervene and its objections to preliminary approval, as well as in considering other non-lead counsel's requests for fee awards.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 09-01304-JVS (MLGx)** | Date | May 23, 2013 |
| | consolidated with SACV 09-1306-JVS(MLGX; SACV 09-1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx): and CV 09-8536-JVS(MLGx) | | |

| | |
|---|---|
| Title | **In re Stec Inc. Securities Litigation** |

In response, Plaintiffs' Counsel argues that BLBG cannot support its assertion that the Securities Act claims would have been barred if not for the State Court Action. (Pls.' Counsel Response 5.)  This is because (1) Defendants never challenged the untimeliness of the Securities Act claims asserted in the Third Consolidated Amended Complaint ("TAC"); (2) BLBG has never established that West Virginia Laborers' own claims are timely; and (3) the claims in the TAC are timely because they relate back to the Consolidated Amended Class Action Complaint ("CAC").  (Id.)  Moreover, the Class did not benefit from BLBG's "informal discovery," and the discovery that BLBG received had already been obtained by Plaintiffs' Counsel.  (Id. at 7.)

The Court finds that awarding fees for BLBG's work relating to the State Court Action is unreasonable because the State Court Action did not serve to benefit the Settlement or Class Members.  It finds BLBG's arguments about "preservation" unconvincing.  As Plaintiffs' Counsel points out, nothing in the record supports the assertion that filing a State Court Action was necessary to ensure the timeliness of the Securities Act claims.  BLBG argues that Defendants never challenged timeliness of the TAC only because the amendment was necessary for the Settlement—therefore, the fact that Defendant never challenged the amendment should not be given weight. (BLBG Reply Br. 9.)  It asks the Court to conclude that filing the State Court Action added value to the Settlement because Defendants would not have settled unless the Securities Act claims were included in the settlement.  (BLBG Mot. Br. 3.)  However, BLBG's conclusion is merely speculative.  Since timeliness was not an issue in this action, the Court cannot conclude that BLBG's efforts conferred a benefit upon the Class.[10]  Therefore, BLBG has not met its burden to show that it is entitled to fees based on its preservation argument.  Cf. In re Heritage Bond Litig., 2005 WL 1594403, at *25 (C.D. Cal. June 25, 2005) (finding that even when counsel's filing of a state court action did preserve the statute of limitations for claims against various defendants, its efforts were not sufficient to merit compensation).

Moreover, though BLBG argues that informal discovery efforts "were necessary to litigate the Securities Act claims and evaluate the sufficiency of the settlement"

---

[10]  Moreover, Plaintiffs' Counsel offered theories that could have avoided a time bar without regard to the existence of the State Court Action.  (See Pls.' Counsel Response 5.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | |
|---|---|---|
| Case No. | **SACV 09-01304-JVS (MLGx)** | Date   May 23, 2013 |
| | consolidated with SACV 09-1306-JVS(MLGX; SACV 09-1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx): and CV 09-8536-JVS(MLGx) | |

| | |
|---|---|
| Title | **In re Stec Inc. Securities Litigation** |

(BLBG Reply Br. 12 n.9), it has not shown how this discovery was beneficial to litigation of <u>this</u> case, nor has it proved that such discovery was not merely duplicative of the comprehensive discovery performed by Plaintiffs' Counsel.  Lastly, the Court notes that the State Court Action, like the state court action in <u>Class</u> <u>Plaintiffs</u>, was filed as an independent, nonrepresentative action that did not represent the interests of the entire Class.  <u>See</u> <u>Class</u> <u>Plaintiffs</u>, 19 F.3d at 1309.  BLBG has not shown why it is entitled to payment out of the Settlement Fund for its work in a separate action in a different forum.

Accordingly, the Court declines to grant fees for BLBG's work done in relation to the State Court Action.

2.     Motion to Intervene

BLBG also argues that it benefited the class through West Virginia Laborers' motion to intervene, which it filed when Plaintiffs' Counsel moved to certify a class that included claims under both the Exchange Act and Securities Act.  (BLBG Mot. Br. 11.)  The Court denied the motion for class certification on the grounds that no named plaintiff had standing to represent the Securities Act claims.  (Docket No. 279, at 9–10.)  However, Plaintiffs' Counsel argues that West Virginia Laborers' motion did not benefit the class because it was denied as moot, and the Court's denial was substantially based on arguments made by Defendants.  (Pls.' Counsel Response 8.)

The Court agrees that West Virginia Laborers' motion to intervene did not serve to benefit the Class or the Settlement, nor did it "protect" the Securities Act claims.  In fact, the Court actually rejected West Virginia Laborers' proposal to modify the Class definition.  (<u>See</u> Docket No. 279, at 12–13.)  Its plan was to have Class Members pursue their Exchange Act claims in this Court and their Securities Act claims in the State Court Action or other putative class action.  (Docket No. 231, at 10.)  However, a Class Member would be precluded from doing this because (1) the Securities Act and Exchange Act claims share the same foundation of facts; and (2) the Court has jurisdiction over both types of claims.  (Docket No. 279, at 13.)  Thus, because a Class Member could have raised the Securities Act claim in this Court, it would be precluded from subsequently pursuing that claim in the State Court Action.  (<u>Id.</u>)  Moreover, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 09-01304-JVS (MLGx)**<br>consolidated with SACV 09-1306-JVS(MLGX; SACV 09-1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx): and CV 09-8536-JVS(MLGx) | Date | May 23, 2013 |

| | |
|---|---|
| Title | **In re Stec Inc. Securities Litigation** |

Court found that Class Members cannot consolidate the Securities Act and Exchange Act claims in the State Court Action because state courts do not have jurisdiction to adjudicate claims under the Exchange Act. (Id. at 13–14.) Therefore, BLBG's work done in relation to the motion to intervene did not confer any benefit upon the Class.

      3.    Objections to Preliminary Approval

     Lastly, BLBG argues that it continued to "zealously protect" the Securities Act claims throughout the settlement approval process by ensuring that (1) the claims were represented by a proper class representative; and (2) Securities Act claimants would receive an actual premium for these more valuable claims. (BLBG Mot. Br. 12.) First, it argues that West Virginia Laborers' opposition to Lead Plaintiff's initial motion for preliminary approval "brought certain important issues to the Court's attention," including the failure to satisfy the typicality and adequacy requirements needed to certify the Securities Act claims. (Id.) The Court ultimately denied the motion for preliminary approval on those grounds and cited West Virginia Laborers' opposition in its ruling. (Docket No. 346, at 9–14.) Second, it argues that West Virginia Laborers' second opposition to the renewed motion for preliminary approval, which the Court granted, helped to ensure that Securities Act claimants received an actual 25 percent premium for its claims. (BLBG Mot. Br. 12.) It argues that "the Court acknowledged the ambiguity revealed by [BLBG] as to whether the purported premium in the plan of allocation applied before or after the out-of-pocket loss is applied, and adopted the interpretation of the plan that ensures that the premium is actual, rather than illusory." (Id. at 13.)

     Plaintiffs' Counsel argues that West Virginia Laborers' objections to the preliminary approval motions did not substantially benefit the Class. First, it argues that West Virginia Laborers' initial opposition did not improve the terms of the Settlement, increase the fund, or substantially benefit the class members. (Pls.' Counsel Response 11–12.) Because the Court ultimately granted preliminary approval after Plaintiffs' Counsel provided more detail about the proposed class representative and filed the TAC to include the class representative's Securities Act claims, it argues that BLBG cannot assert that it improved the Settlement. (Id. at 9–10, 11–12.) The Court's approval came "without any change having occurred in the terms of the

16

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 09-01304-JVS (MLGx)** | Date | May 23, 2013 |
| | consolidated with SACV 09-1306-JVS(MLGX; SACV 09-1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx): and CV 09-8536-JVS(MLGx) | | |

| | |
|---|---|
| Title | **In re Stec Inc. Securities Litigation** |

Settlement." (Id. at 12.)  Second, West Virginia Laborers' second opposition did not ensure that the Securities Act claims would receive a 25 percent premium; instead, in its order granting preliminary approval, the Court rejected West Virginia Laborers' assertion that the premium was ambiguous.  (Id. at 10–11.)

Objectors' whose objections result in an increase to the common fund may claim entitlement to fees on the same equitable principles as class counsel.  Vizcaino, 290 F.3d at 1051–52.  "Conversely, objectors who do not increase the fund or otherwise substantially benefit the class members are not entitled to fees, even if they bring about minor procedural changes in the settlement agreement."  Rodriguez v. Disner, 688 F.3d 645, 658 (9th Cir. 2012) (citing Vizcaino, 290 F.3d at 1051) (internal quotation marks omitted).

As to West Virginia Laborers' first opposition to the initial preliminary approval motion, the Court finds it appropriate to award fees for its actual lodestar incurred in relation to the filing.  West Virginia Laborers' opposition pointed out class certification deficiencies recognized by the Court (Docket No. 346, at 12), which benefited the Settlement because Plaintiffs' Counsel subsequently corrected the inadequacies and were able to certify the Securities Act claims for purposes of the Settlement (Docket No. 361.)  Even though the terms of the Settlement were not actually increased or changed as a result of BLBG's work, its efforts encouraged proper class certification and arguably helped the Settlement meet preliminary approval.  Accordingly, BLBG should receive fees for work in relation to West Virginia Laborers' first opposition.[11]

However, the Court does not award fees for West Virginia Laborers' second opposition.  Contrary to its assertion, BLBG's purported efforts to ensure an "actual" premium for the Securities Act claims were not "acknowledged" by the Court in its order granting preliminary approval of the Settlement.  As Plaintiffs' Counsel points out, the Court rejected West Virginia Laborers' argument that the proposed settlement nullified the 25 percent premium, and instead found that the plan of allocation applied

---

[11]  However, the Court does not award fees for West Virginia Laborers' filing of two denied ex parte applications for (1) extension of briefing schedule; and (2) for leave to file a Surreply to the initial preliminary approval motion.  (See Docket Nos. 330, 332, 336 & 337.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 09-01304-JVS (MLGx)** | Date | May 23, 2013 |
| | consolidated with SACV 09-1306-JVS(MLGX; SACV 09-1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx): and CV 09-8536-JVS(MLGx) | | |

| | |
|---|---|
| Title | **In re Stec Inc. Securities Litigation** |

the premium appropriately.  (Docket No. 361, at 6–7.)  Accordingly, the Court denies fees for West Virginia Laborers' second opposition to preliminary approval because its arguments conferred no unique benefit to the Class or produced an improvement in the Settlement.  See Rodriguez, 688 F.3d at 659.

In sum, the Court awards fees to BLBG for (1) the lodestar amount for its work as former Co-Lead Counsel for Rashtchi and Ovitt from the filing of the initial Motion for Appointment (Docket No. 20) to the Motion for Interlocutory Appeal (Docket Nos. 126 & 130); and (2) the lodestar amount incurred for its filing of West Virginia Laborers' first opposition to Plaintiffs' initial motion for preliminary approval (Docket No. 333).  Although BLBG has submitted detailed time sheets (Docket No. 377), the Court finds it more appropriate for BLBG to propose a calculation of its fee award in accordance with this ruling.  At least in the first instance, BLBG is in a better position to parse and identify line entries for each category for which the Court awards recovery.  Within 15 days, BLBG shall submit a proposed order and attached time sheets reflecting its work as set forth above.

### B.    Litigation Expenses

BLBG requests litigation expenses in the amount of $72,346.85.  (Nicholas Decl. ¶¶ 3, 49.)  This includes expert fees, research fees, copying costs, and travel costs.  (Id. ¶¶ 49–57.)  Plaintiffs' Counsel similarly objects to expenses incurred in the State Court Action, or relating to its motion to intervene or objection to preliminary approval of the Settlement.  (Pls.' Counsel Response 3.)

For reasons set forth above, the Court limits BLBG's request for fees to actual expenses incurred (1) while it served as former Co-Lead Counsel; and (2) while filing the first opposition to preliminary approval.  Again, BLBG shall submit a proposed calculation of these litigation expenses within 15 days.

## VII.      Meda's Counsel's Motion

Meda's Counsel represented Meda in the Meda action, which was consolidated with the original actions.  It now requests fees in the amount of $107,250.00,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 09-01304-JVS (MLGx)** | Date | May 23, 2013 |
| | consolidated with SACV 09-1306-JVS(MLGX; SACV 09-1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx): and CV 09-8536-JVS(MLGx) | | |

| | |
|---|---|
| Title | **In re Stec Inc. Securities Litigation** |

approximately 0.3 percent of the Settlement Fund.  The proposed award constitutes a multiplier of approximately 1.39 of its actual lodestar of $77,025.00.  (Meda Mot. Br. 4, Docket No. 374; Declaration of Laurence D. Paskowitz ("Paskowitz Decl.") ¶ 4, Docket No. 375.)  Plaintiffs' Counsel does not object to an award of fees, but requests that any fees be capped at the same negative lodestar received by Plaintiffs' Counsel, 0.27.  (Pls.' Counsel Response 20.)

Again, the Court considers whether the efforts of Meda's Counsel, as non-lead counsel, benefited the Class Members.  See Class Plaintiffs, 19 F.3d at 1308. Meda's Counsel requests fees "for the important legal benefits their efforts bestowed upon" the Class.  (Meda Mot. Br. 2.)  It argues that Meda's Counsel presented new claims that had not been previously advanced, expanded the Class Period to include the period between November 4, 2009 through February 23, 2010, and assured that the Class was presented by a proper lead plaintiff.  (Id. at 2–3.)

The Court finds that Meda's Counsel conferred a substantial benefit upon Class Members by asserting securities claims for purchasers during the period from November 4, 2009 to February 23, 2010, which significantly expanded the Class Period by almost doubling it.  (See Docket No. 71.)  After the Court consolidated the cases to include the expanded time period, it reopened the lead plaintiff appointment process.  (Id.)  Meda's Counsel continued efforts to ensure that a proper lead plaintiff was appointed to represent purchasers for the post-November 4, 2009 period.  It filed a Motion to Intervene for appointment as lead plaintiff (Docket No. 94) and ultimately supported the appointment of New Jersey as Lead Plaintiff (Docket No. 103).  Thus, it is appropriate to award fees for work related to these efforts, which substantially increased the amount of shareholders able to participate in the Settlement.

Next, the Court considers the appropriate lodestar multiplier.  Again, the Court does not follow Plaintiffs' Counsel's recommendation that any fees for other counsel should be capped at 0.27 of the lodestar amount.  Meda's Counsel asserts that adjusting its lodestar upward with a multiplier of 1.39 is appropriate given that its work was wholly contingent, and as a reward for having done work which went above and beyond what might be usually expected of non-lead counsel.  (Meda Mot. Br. 8, 10.) In light of the circumstances, the Court finds that it is appropriate to apply a 1.0

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    **SACV 09-01304-JVS (MLGx)**            Date    May 23, 2013
consolidated with SACV 09-1306-JVS(MLGX; SACV 09-
1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-
1460-JVS(MLGx): and CV 09-8536-JVS(MLGx)

Title    **In re Stec Inc. Securities Litigation**

multiplier and award Meda's Counsel the actual lodestar amount incurred. Accordingly, the Court awards fees in the amount of $77,025.00.

Moreover, Meda's Counsel requests litigation expenses in the amount of $760.00, which includes the filing fee, the PSLRA required notice, and electronic legal research charges. (Paskowitz Decl. ¶ 4.) The Court finds that this request is reasonable under the circumstances and awards expenses in the amount of $760.00.

## VIII.    Doyle Lowther's Motion

Doyle Lowther requests fees in the amount of $26,618.75, approximately 0.07 percent of the Settlement Fund. The proposed award represents its lodestar amount, therefore constituting a multiplier of 1.0. (Doyle Mot. Br. 4, Docket No. 380; Declaration of John Lowther ("Lowther Decl.") ¶ 5 & Ex. A, Docket No. 381.) Again, Plaintiffs' Counsel does not object to an award of fees, but requests that any fee be capped at the same negative lodestar of 0.27. (Pls.' Counsel Response 21.)

Doyle Lowther served as local counsel for former Co-Lead Counsel KS&F until the appointment of Lead Counsel. (Lowther Decl. ¶ 2.) The firm undertook ministerial tasks, including generally assisting with the coordinating, filing, drafting, and editing of documents and materials filed with the Court. (Id. ¶ 3.) The Court finds that the requested fees are reasonable given the work performed by Doyle Lowther on behalf of KS&F. Again, the Court does not find it appropriate to apply the 0.27 multiplier as requested by Plaintiffs' Counsel. Accordingly, the Court awards fees in the amount of $26,618.75.

Additionally, Doyle Lowther requests expenses in the amount of $130.81. (Lowther Decl. ¶ 7 & Ex. B.) The Court finds that the request is reasonable and awards expenses in the amount of $130.81.

## IX.    Conclusion

For the foregoing reasons, the Court:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 09-01304-JVS (MLGx)** | Date | May 23, 2013 |
|---|---|---|---|

consolidated with SACV 09-1306-JVS(MLGX; SACV 09-1315-JVS(MLGx); SACV 09-1320-JVS(MLGx); SACV 09-1460-JVS(MLGx): and CV 09-8536-JVS(MLGx)

| Title | **In re Stec Inc. Securities Litigation** |
|---|---|

(1) GRANTS Plaintiffs' Counsel's Motion for Attorneys' Fees and Expenses and Recovery of Class Representatives' Lost Wages;

(2) GRANTS KS&F's Motion for Attorneys' Fees and Expenses;

(3) GRANTS in part and DENIES in part BLBG's Motion for Attorneys' Fees and Expenses, as set forth in this Order;

(4) GRANTS in part and DENIES in part Meda's Counsel's Motion for Attorneys' Fees and Expenses, as set forth in this Order; and

(5) GRANTS in part and DENIES in part Doyle Lowther's Motion for Attorneys' Fees and Expenses, as set forth in this Order.

The parties shall submit proposed orders in accordance with the Court's ruling within 15 days.

IT IS SO ORDERED.

|  | 0 | : | 00 |
|---|---|---|---|
| Initials of Preparer: | kjt | | |